MARC J. WINTHROP - State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER - State Bar No. 166316
ghollander@winthropcouchot.com
KAVITA GUPTA - State Bar No. 138505
kgupta@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel
for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ENIVEL, INC., a Hawaii corporation,<br><br>  Debtor and<br>  Debtor-in-Possession. | Case No. 8:10-bk-12735 RK<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ROBERT Y. LEE AND MARC J. WINTHROP IN SUPPORT THEREOF**<br><br>[11 U.S.C. § 105; Fed. R. Bankr. P. 1015; Local Bankr. Rule 9075; Local General Order 02-02 for the United States Bankruptcy Court Central District of California]<br><br>[Identical Motions Filed in Related Cases]<br><br>[No Hearing Requested] |

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF ROBERT Y. LEE AND MARC J. WINTHROP IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 4, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Frank Cadigan     frank.cadigan@usdoj.gov
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop     pj@winthropcouchot.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2010 | PJ Marksbury | /s/ Marksbury |
|---|---|---|
| Date | Type Name | Signature |

-13-

MAINDOCS-#140987-v1-Enivel_Joint_Admin_Motion.DOC_Motion

**TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES-IN-INTEREST:**

Enivel, Inc., a Hawaii corporation ("Enivel"), the debtor and debtor-in-possession herein, hereby moves ("Motion") the Court, on an emergency basis, for an order authorizing the joint administration of its Chapter 11 estate with the related Chapter 11 estates of Cleaners Club Acquisition Sub, Inc., a California corporation ("Club Sub"), Steam Press Holdings, Inc., a Hawaii corporation ("Steam Press"), U.S. Dry Cleaning Services Corporation, a Delaware corporation, dba U.S. Dry Cleaning Corporation ("USDC"), USDC Fresno, Inc., a California corporation ("Fresno"), USDC Fresno 2, Inc., a California corporation ("Fresno 2"), USDC Portsmouth, Inc., a California corporation ("Portsmouth"), and USDC Tuchman Indiana, Inc., a California corporation ("Tuchman"). For a list of case numbers for each case, see Exhibit "2." Enivel, Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth, and Tuchman are hereinafter, collectively, referred to as the "Debtors."

A notice, substantially similar to that attached as Exhibit "1" to the Declaration of Marc J. Winthrop ("Winthrop Declaration"), will be sent to all creditors and will be filed in each of the Debtors' cases. Once jointly administered, the Debtors propose to file pleadings only in the **Enivel** case court file. In all other court files for the related cases, creditors and parties-in-interest will be directed to the Enivel case file to locate all pleadings filed subsequently to the date on which the Court enters an order authorizing the joint administration of these eight cases.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Robert Y. Lee ("Lee Declaration") and the Winthrop Declaration appended hereto, and all pleadings, papers and records on file with the Court, and such other evidence, oral or documentary, as may be presented to the Court on the within Motion.

*Due to the urgent nature of the relief requested herein, Enivel is not able to conform to the normal motion practice and requests that this Motion be granted, without notice or a hearing, in accordance with General Order 02-02 approved by the United States Bankruptcy Court for the Central District of California and Local Bankruptcy Rule 9075.*

# LIST OF JOINTLY ADMINISTERED DEBTORS AND DEBTORS-IN-POSSESSION

1. Enivel, Inc., a Hawaii corporation ("Enivel"), Chapter 11 Case No. 8:10-bk-12735 RK;

2. Cleaners Club Acquisition Sub, Inc., a California corporation ("Club Sub"), Chapter 11 case No. 8:10-bk-12742 RK;

3. Stream Press Holdings, Inc., a California corporation ("SteamPress"), Chapter 11 Case No. 8:10-bk-12740 RK;

4. U.S. Dry Cleaning Services Corporation, a Delaware corporation ("USDC"), a Delaware corporation, dba U.S. Dry Cleaning Corporation, Chapter 11 case No. 8:10-bk-12748 RK;

5. USDC Fresno, Inc., a California corporation ("Fresno"), Chapter 11 case No. 8:10-bk-12745 RK;

6. USDC Fresno 2, Inc., a California corporation ("Fresno 2"), Chapter 11 case No. 8:10-bk-12746 RK;

7. USDC Portsmouth, Inc., a California corporation ("Portsmouth"), Chapter 11 case No. 8:10-bk-12743 RK; and

8. USDC Tuchman Indiana, Inc., a California corporation ("Tuchman"), Chapter 11 case No. 8:10-bk-12736 RK.

1 | **WHEREFORE**, Enivel prays that the Court immediately enter an order without a hearing authorizing joint administration of the Debtors' Chapter 11 cases, and for such other and further relief as the Court deems just and proper.

DATED: March 4, 2010

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: _____/s/ Garrick A. Hollander_____
    Marc J. Winthrop
    Garrick A. Hollander
    Kavita Gupta
[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

1 | official caption and case numbers as shown on this notice and should indicate that the cases are
2 | jointly administered. The Debtors' estates have not been substantively consolidated.

3

4 | DATED: March ___, 2010         **WINTHROP COUCHOT**
                                   **PROFESSIONAL CORPORATION**
5

6 |                                By:_____
                                        Marc J. Winthrop
7                                       Garrick A. Hollander
                                        Kavita Gupta
8                                  [Proposed] General Insolvency Counsel for
                                   Debtors and Debtor-in-possession
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit __1__

Page __15__

-3-

MAINDOCS-#141076-v1-Enivel_JtAdmin_Exhibit1(Notice).DOC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## GENERAL BACKGROUND OF THE DEBTORS

USDC, through its wholly owned subsidiaries[1] acquired in connection with its strategy to "rollup" the highly fragmented dry cleaning industry, has become the largest owner and operator of dry cleaning stores in the country. The Debtors currently employ approximately 600 employees and own and operate 78 dry cleaning stores generating in excess of $25 million in annual revenues. USDC, a publicly-traded Delaware corporation (UDRY.PK), is headquartered in Newport Beach, California.

The Debtors' business model is based on acquiring market dominant dry cleaning chains, improving efficiencies, refranchising and converting their stores into full service garment care retail stores. The Debtors' operational efficiencies are based, in large part, upon their development and implementation of an environmentally green centralized processing "hub and spoke" model, where the hub is the sole dry cleaning plant for a geographically convenient group of stores. This model enables the Debtors to produce a superior and more efficient cleaning process for all stores. The hub and spoke model removes the actual processing of garments from the retail stores, which allows the stores to focus entirely on customer service and building revenue. Once the Debtors have improved the operational efficiencies, they intend to refranchise the stores, which will convert the currently company owned stores into franchised stores. This franchising opportunity offers franchisees the benefit of a turn key operation with an already existing strong reputation in the community and a verifiable history of profits. Also critical to the Debtors' business strategy, will be an expansion of the product and service offering to customers to include full garment care such as repair and tailoring.

---

[1] USDC is the parent company of the following jointly administered debtors: Tuchman, which owns and operates 25 stores in Indianapolis; Portsmouth, which owns and operates 10 stores in Virginia; Fresno, which owns and operates 10 stores in Fresno, California and 2 in Arizona; Fresno 2, Inc., which owns and operates 7 stores in Fresno, California; Club Sub, which owns and operates 7 stores in the Inland Empire in California; and Steam Press, which is the parent company of Enivel, which owns and operates 16 stores in Hawaii. USDC is also the parent company of the following non-debtor entities: US Dry Cleaning Franchise Corporation, which has no assets or operations and is intended to serve as the franchisor for the Debtors' operations once they begin to refranchise their stores; and USDCC CVR Merger Sub, LLC, which used to own and operate stores in Palm Springs, but no longer has any assets or operations.

**TO ALL KNOWN CREDITORS AND PARTIES IN INTEREST:**

**NOTICE IS HEREBY GIVEN** that on March 4, 2010, the United States Bankruptcy Court for the Central District of California, the Honorable Robert Kwan presiding, ordered the joint administration of the following Chapter 11 cases:

1. Enivel, Inc., a Hawaii corporation ("Enivel"), Chapter 11 Case No. 8:10-bk-12735 RK;

2. Cleaners Club Acquisition Sub, Inc., a California corporation ("Club Sub"), Chapter 11 case No. 8:10-bk-12742 RK;

3. Stream Press Holdings, Inc., a California corporation ("SteamPress"), Chapter 11 Case No. 8:10-bk-12740 RK;

4. U.S. Dry Cleaning Services Corporation, a Delaware corporation ("USDC"), a Delaware corporation, dba U.S. Dry Cleaning Corporation, Chapter 11 case No. 8:10-bk-12748 RK;

5. USDC Fresno, Inc., a California corporation ("Fresno"), Chapter 11 case No. 8:10-bk-12745 RK;

6. USDC Fresno 2, Inc., a California corporation ("Fresno 2"), Chapter 11 case No. 8:10-bk-12746 RK;

7. USDC Portsmouth, Inc., a California corporation ("Portsmouth"), Chapter 11 case No. 8:10-bk-12743 RK; and

8. USDC Tuchman Indiana, Inc., a California corporation ("Tuchman"), Chapter 11 case No. 8:10-bk-12736 RK.

Enivel, Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth and Tuchman are collectively, referred to as the "Debtors." Joint Administration of the Debtors' cases includes: (1) the use of a single case docket (In re Enivel, Inc., Case No. 8:10-bk-12735 RK) for pleadings and orders; and (2) the scheduling of hearings.

Pursuant to the Court's order, the official case caption of the Debtors' Chapter 11 cases is the caption used in this notice. All papers filed in the jointly administered cases should use the

Exhibit __1__

Page __14__

-2-

## II.

## THE NEED FOR EMERGENCY RELIEF

By this Motion, Enivel is seeking to have its estate jointly administered with the bankruptcy estates of Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth and Tuchman. Enivel is <u>not</u> seeking substantive consolidation of the cases. Joint administration of these cases will allow the Debtors' creditors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, disclosure statements, and other papers that would otherwise be filed in the separate cases. Moreover, joint administration will potentially save the estates tens of thousands of dollars in administrative fees and costs as well as save the Court numerous man-hours in setting and hearing matters and in reviewing eight (8) separate sets of virtually identical pleadings.

The factual basis for granting the relief requested herein is clear. Furthermore, procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075. Enivel respectfully submits that, on the facts of this case, emergency relief is both necessary and appropriate and will benefit substantially the Debtors' estates. Accordingly, Enivel respectfully requests that the Court grant this Motion, on an emergency basis, without notice or hearing.

## III.

## THE COURT HAS THE AUTHORITY TO ORDER

## JOINT ADMINISTRATION OF CASES

Enivel requests an order authorizing joint administration of its case with the Club Sub's, Steam Press', USDC's, Fresno's, Fresno 2's, Portsmouth's, and Tuchman's bankruptcy cases. Rule 1015 of the Federal Rules of Bankruptcy Procedure provides for the joint administration of related bankruptcy cases. Rule 1015 provides, in pertinent part as follows:

> (b) CASES INVOLVING TWO OR MORE RELATED DEBTORS. **If … two or more petitions are pending in the same court by** or against … (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) **a debtor and an affiliate, the court may order a joint administration of the estates. …**

| | |
|---|---|
| 1 | MARC J. WINTHROP – State Bar No. 63218 |
| | mwinthrop@winthropcouchot.com |
| 2 | GARRICK A. HOLLANDER – State Bar No. 166316 |
| | ghollander@winthropcouchot.com |
| 3 | KAVITA GUPTA – State Bar No. 138505 |
| | kgupta@winthropcouchot.com |
| 4 | **WINTHROP COUCHOT** |
| | **PROFESSIONAL CORPORATION** |
| 5 | 660 Newport Center Drive, Suite 400 |
| | Newport Beach, CA 92660 |
| 6 | Telephone: (949) 720-4100 |
| | Facsimile:  (949) 720-4111 |
| 7 | |
| | [Proposed] General Insolvency Counsel |
| 8 | for Debtors and Debtors-in-Possession |

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | | |
|---|---|---|
| 13 | In re: | Case No. 8:10-bk-12735 RK |
| 14 | ☐ ENIVEL, INC., a Hawaii corporation | Jointly Administered with Case Nos. |
| 15 | ☐ CLEANERS CLUB ACQUISITION SUB, INC., a California corporation | 8:10-bk-12742 RK; 8:10-bk-12740 RK; 8:10-bk-12748 RK; 8:10-bk-12745 RK; |
| 16 | ☐ STEAM PRESS HOLDINGS, INC., a Hawaii corporation | 8:10-bk-12746 RK; 8:10-bk-12736 RK; 8:10-bk-12743 RK |
| 17 | ☐ U.S. DRY CLEANING SERVICES CORPORATION, a Delaware | |
| 18 | corporation, dba U.S. DRY CLEANING CORPORATION | Chapter 11 Proceedings |
| 19 | ☐ USDC FRESNO, INC., a California corporation | **NOTICE TO CREDITORS AND PARTIES-IN-INTEREST OF JOINT ADMINISTRATION CASES** |
| 20 | ☐ USDC FRESNO 2, INC., a California corporation | |
| 21 | ☐ USDC PORTSMOUTH, INC., a California corporation | [No Hearing Requested] |
| 22 | ☐ USDC TUCHMAN INDIANA, INC., a California corporation | |
| 23 | | |
| 24 | | |
| 25 | Debtors and Debtors in Possession. | |

Exhibit  1
Page  13

MAINDOCS-#141076-v1-Enivel_JtAdmin_Exhibit1(Notice).DOCNotice

Fed.R.Bankr.P. 1015(b).[2]

As set forth in <u>Collier on Bankruptcy</u>, an order authorizing joint administration contemplates the following relief:

> (1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
> (2) the combining of notices to creditors and parties in interest;
> (3) the scheduling of hearings;
> (4) financial reporting by the Debtors;
> (5) the joint and several liability of the estates for administrative expenses; and
> (6) the joint handling of other administrative matters.

*See* <u>Collier on Bankruptcy</u>, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted in <u>Collier on Bankruptcy 15th Ed. Rev.</u> (2001).

The Debtors' cases present the classic situation for joint administration. Enivel anticipates that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately. The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. Joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases. Moreover, through joint administration of the Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for numerous duplicative pleadings in the Debtors' cases.

Finally, Enivel proposes that the Debtors' estates be jointly liable for administrative expenses. This would include professional fees such that all fees and expenses be charged to the main case and only one joint fee application need be filed by any professional.

---

[2] "The term 'affiliate' is defined in section 101 of the Bankruptcy Code, and includes parents and subsidiaries of a debtor, as well as certain entities that operate or are operated by a debtor." 11 U.S.C. §101(2); <u>Collier on Bankruptcy</u>, ¶ 1015.03 (15th ed. rev. 1998).

-6-

1 | Debtors' cases. A list of case numbers for each case is attached hereto as Exhibit "2."

2 |     I declare under penalty of perjury under the laws of the State of California and the United

3 | States of America that the foregoing is true and correct to the best of my knowledge.

4 |     Executed this 4th day of March 2010, in Newport Beach, California.

                    /s/ Marc J. Winthrop
                    Marc J. Winthrop

# IV.

# CONCLUSION

Based upon the foregoing, Enivel prays that the Court enter its order authorizing joint administration of the Debtors' estates, including: (i) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders; (ii) the combining of notices to creditors and parties in interest; (iii) the scheduling of hearings; (iv) financial reporting by the Debtors; (v) the joint and several liability of the estates for administrative expenses; and (vi) the joint handling of other administrative matters.

DATED: March 4, 2010           **WINTHROP COUCHOT**
                                        **PROFESSIONAL CORPORATION**

By:       /s/ Garrick A. Hollander
      Marc J. Winthrop
      Garrick A. Hollander
      Kavita Gupta
[Proposed] General Insolvency Counsel for Debtor and Debtor-in-Possession

-7-

## DECLARATION OF MARC J. WINTHROP

I, Marc J. Winthrop, declare and state:

1. I am a shareholder of Winthrop Couchot Professional Corporation, proposed insolvency counsel to Enivel,[5] Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth, and Tuchman, the debtors and debtors-in-possession (collectively, the "Debtors"). The following facts are within my own knowledge and, if called upon to testify to such facts, I could and would competently testify thereto.

2. On March 4, 2010, the Debtors filed petitions under Chapter 11 of the United States Bankruptcy Code.

3. I believe that the Debtors' cases present the classic situation for joint administration. The Debtors anticipate that numerous similar, if not identical, applications, hearings and orders will be involved in these cases. Joint administration will avoid wasting resources, which would result though duplication of effort if the cases involving the Debtors were to proceed separately.

4. I believe the Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be forced to review and separately respond to substantially similar motions, disclosure statements, and other papers that would otherwise be filed in separate cases. Moreover, joint administration would permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases.

5. A notice substantially similar to that attached hereto as Exhibit "1" and incorporated herein by this reference will be sent to all creditors and will be filed in each of the

//

---

[5] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

-11-

# DECLARATION OF ROBERT Y. LEE

I, Robert Y. Lee, hereby declare and state as follows:

1. I am the President of Enivel, Inc., a Hawaii corporation ("Enivel"),[3] and have been responsible for overseeing the day-to-day financial operations and financial performance of Enivel, as well as Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth and Tuchman (collectively, the "Debtors"). Consequently, I am involved in supervising all aspects of the Debtors' financial affairs.

2. The facts stated herein are within my personal knowledge, and if called upon to testify to such facts I could and would testify competently thereto.

3. USDC, through its wholly owned subsidiaries[4] acquired in connection with its strategy to "rollup" the highly fragmented dry cleaning industry, has become the largest owner and operator of dry cleaning stores in the country. The Debtors currently employ approximately 600 employees and own and operate 78 dry cleaning stores generating in excess of $25 million in annual revenues. USDC, a publicly-traded Delaware corporation (UDRY.PK), is headquartered in Newport Beach, California.

4. The Debtors' business model is based on acquiring market dominant dry cleaning chains, improving efficiencies, refranchising and converting their stores into full service garment care retail stores. The Debtors' operational efficiencies are based, in large part, upon their development and implementation of an environmentally green centralized processing "hub and spoke" model, where the hub is the sole dry cleaning plant for a geographically convenient group of stores. This model enables the Debtors to produce a superior and more efficient cleaning process for all stores. The hub and spoke model removes the actual processing of garments from

---

[3] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

[4] USDC is the parent company of the following jointly administered debtors: Tuchman, which owns and operates 25 stores in Indianapolis; Portsmouth, which owns and operates 10 stores in Virginia; Fresno, which owns and operates 10 stores in Fresno, California and 2 in Arizona; Fresno 2, Inc., which owns and operates 7 stores in Fresno, California; Club Sub, which owns and operates 7 stores in the Inland Empire in California; and Steam Press, which is the parent company of Enivel, which owns and operates 16 stores in Hawaii. USDC is also the parent company of the following non-debtor entities: US Dry Cleaning Franchise Corporation, which has no assets or operations and is intended to serve as the franchisor for the Debtors' operations once they begin to refranchise their stores; and USDCC CVR Merger Sub, LLC, which used to own and operate stores in Palm Springs, but no longer has any assets or operations.

1      10.    Joint administration of these cases will allow the Debtors' creditors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, disclosure statements, and other papers that would otherwise be filed in the separate cases. Moreover, joint administration will potentially save the estates tens of thousands of dollars in administrative fees and costs as well as save the Court numerous man-hours in setting and hearing matters and in reviewing eight (8) separate sets of virtually identical pleadings. Emergency relief is both necessary and appropriate and will benefit substantially the Debtors' estates.

      I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct to the best of my knowledge.

      Executed this ___ day of March 2010, in Newport Beach, California.

_____
Robert Y. Lee

1 the retail stores, which allows the stores to focus entirely on customer service and building
2 revenue. Once the Debtors have improved the operational efficiencies, they intend to refranchise
3 the stores, which will convert the currently company owned stores into franchised stores. This
4 franchising opportunity offers franchisees the benefit of a turn key operation with an already
5 existing strong reputation in the community and a verifiable history of profits. Also critical to the
6 Debtors' business strategy, will be an expansion of the product and service offering to customers
7 to include full garment care such as repair and tailoring.

8     5. Based upon my experience with the Debtors and their operations and my
9 familiarity with the facts and circumstances of their cases, I believe that joint administration of the
10 Debtors' estates will prevent both the imposition of unnecessary costs on the bankruptcy estates
11 and duplicate proceedings before the court.

12     6. The legal and financial affairs of the Debtors are related because of their affiliated
13 relationship. Joint administration will reflect the business reality of the relationships described
14 above and will avoid costly, duplicate proceedings.

15     7. I anticipate that numerous similar, if not identical, applications, motions and orders
16 will be involved in the Debtors' cases. Joint administration will avoid wasting resources that
17 would result through duplication of effort if the cases involving the Debtors were to proceed
18 separately. The Debtors' creditors stand to benefit from the increased efficiency of administration
19 anticipated through joint administration because they will not be required to review and separately
20 respond to substantially similar motions, disclosure statements, and other pleadings that would
21 otherwise be filed in separate cases. Joint administration will permit the Debtors to respond more
22 efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs,
23 mailing costs and other costs of administering the cases.

24     8. Finally, Enivel proposes that the Debtors' estates be jointly liable for
25 administrative expenses. This would include professional fees such that all fees and expenses be
26 charged to the main case and only one joint fee application need be filed by any professional.

27     9. I am aware of no conflict of interest or prejudice to creditors that will result from
28 joint administration of the Debtors' estates.