MARC J. WINTHROP - State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER - State Bar No. 166316
ghollander@winthropcouchot.com
KAVITA GUPTA - State Bar No. 138505
kgupta@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste. 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel
for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No. 8:10-bk-12735 RK |
| ENIVEL, INC., a Hawaii corporation, | Chapter 11 Proceeding |
| Debtor and Debtor-in-Possession. | **AMENDED DECLARATION OF ROBERT Y. LEE IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES** |

## DECLARATION OF ROBERT Y. LEE

I, Robert Y. Lee, hereby declare and state as follows:

1. I am the President of Enivel, Inc., a Hawaii corporation ("Enivel"),[3] and have been responsible for overseeing the day-to-day financial operations and financial performance of Enivel, as well as Club Sub, Steam Press, USDC, Fresno, Fresno 2, Portsmouth and Tuchman (collectively, the "Debtors"). Consequently, I am involved in supervising all aspects of the Debtors' financial affairs.

2. The facts stated herein are within my personal knowledge, and if called upon to testify to such facts I could and would testify competently thereto.

3. USDC, through its wholly owned subsidiaries[4] acquired in connection with its strategy to "rollup" the highly fragmented dry cleaning industry, has become the largest owner and operator of dry cleaning stores in the country. The Debtors currently employ approximately 600 employees and own and operate 78 dry cleaning stores generating in excess of $25 million in annual revenues. USDC, a publicly-traded Delaware corporation (UDRY.PK), is headquartered in Newport Beach, California.

4. The Debtors' business model is based on acquiring market dominant dry cleaning chains, improving efficiencies, refranchising and converting their stores into full service garment care retail stores. The Debtors' operational efficiencies are based, in large part, upon their development and implementation of an environmentally green centralized processing "hub and spoke" model, where the hub is the sole dry cleaning plant for a geographically convenient group of stores. This model enables the Debtors to produce a superior and more efficient cleaning process for all stores. The hub and spoke model removes the actual processing of garments from

---

[3] Capitalized terms not defined herein shall have the meaning set forth in the Motion.

[4] USDC is the parent company of the following jointly administered debtors: Tuchman, which owns and operates 25 stores in Indianapolis; Portsmouth, which owns and operates 10 stores in Virginia; Fresno, which owns and operates 10 stores in Fresno, California and 2 in Arizona; Fresno 2, Inc., which owns and operates 7 stores in Fresno, California; Club Sub, which owns and operates 7 stores in the Inland Empire in California; and Steam Press, which is the parent company of Enivel, which owns and operates 16 stores in Hawaii. USDC is also the parent company of the following non-debtor entities: US Dry Cleaning Franchise Corporation, which has no assets or operations and is intended to serve as the franchisor for the Debtors' operations once they begin to refranchise their stores; and USDCC CVR Merger Sub, LLC, which used to own and operate stores in Palm Springs, but no longer has any assets or operations.

the retail stores, which allows the stores to focus entirely on customer service and building revenue. Once the Debtors have improved the operational efficiencies, they intend to refranchise the stores, which will convert the currently company owned stores into franchised stores. This franchising opportunity offers franchisees the benefit of a turn key operation with an already existing strong reputation in the community and a verifiable history of profits. Also critical to the Debtors' business strategy, will be an expansion of the product and service offering to customers to include full garment care such as repair and tailoring.

5. Based upon my experience with the Debtors and their operations and my familiarity with the facts and circumstances of their cases, I believe that joint administration of the Debtors' estates will prevent both the imposition of unnecessary costs on the bankruptcy estates and duplicate proceedings before the court.

6. The legal and financial affairs of the Debtors are related because of their affiliated relationship. Joint administration will reflect the business reality of the relationships described above and will avoid costly, duplicate proceedings.

7. I anticipate that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately. The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. Joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases.

8. Finally, Enivel proposes that the Debtors' estates be jointly liable for administrative expenses. This would include professional fees such that all fees and expenses be charged to the main case and only one joint fee application need be filed by any professional.

9. I am aware of no conflict of interest or prejudice to creditors that will result from joint administration of the Debtors' estates.

10. Joint administration of these cases will allow the Debtors' creditors to benefit from increased efficiency because they will not be required to review and separately respond to similar motions, disclosure statements, and other papers that would otherwise be filed in the separate cases. Moreover, joint administration will potentially save the estates tens of thousands of dollars in administrative fees and costs as well as save the Court numerous man-hours in setting and hearing matters and in reviewing eight (8) separate sets of virtually identical pleadings. Emergency relief is both necessary and appropriate and will benefit substantially the Debtors' estates.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 2 day of March 2010, in Newport Beach, California.

_____
Robert Y. Lee

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive., 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **AMENDED DECLARATION OF ROBERT Y. LEE IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 5, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Frank Cadigan    frank.cadigan@usdoj.gov
- Garrick A Hollander    sconnor@winthropcouchot.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    pj@winthropcouchot.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 5, 2010 | Susan Connor | |
|---|---|---|
| Date | Type Name | Signature |

M:\MAINDOCS-#141773-v1-EnivelAmendedDecJointAdminMotion.DOC  Motion