SIMON ARON (SBN 108183)
SUSAN K. SEFLIN (SBN 213865)
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard
Ninth Floor
Los Angeles, California 90064-1565
Telephone: (310) 478-4100
Fax: (310) 479-1422

Proposed Attorneys for Chapter 11 Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>☒ ENIVEL, INC., a Hawaii corporation<br>☒ CLEANERS CLUB ACQUISITION SUB, INC., a California corporation<br>☒ STEAM PRESS HOLDINGS, INC., a Hawaii corporation<br>☒ U.S. DRY CLEANING SERVICES CORPORATION, a Delaware corporation, dba U.S. DRY CLEANING CORPORATION<br>☒ USDC FRESNO, INC., a California corporation<br>☒ USDC FRESNO 2, INC., a California corporation<br>☒ USDC PORTSMOUTH, INC., a California corporation<br>☒ USDC TUCHMAN INDIANA, INC., a California corporation<br><br>Debtors. | Case No. 8:10-bk-12735-RK<br><br>Jointly Administered with Case Nos.<br>8:10-bk-12742-RK; 8:10-bk-12740-RK;<br>8:10-bk-12748-RK; 8:10-bk-12745-RK;<br>8:10-bk-12746-RK; 8:10-bk-12736-RK &<br>8:10-bk-12743-RK<br><br>Chapter 11<br><br>**DEBTORS' EMERGENCY MOTION FOR CONTINUANCE OF THE FOLLOWING HEARINGS CURRENTLY SET FOR JULY 27, 2010:**<br>(1) Calendar Item #2.00 ~ Evidentiary Hearing on Motion for Order (1) Authorizing Rejection of Certain Executory Contracts; and (2) Compelling Turnover of Property of the Estate from Custodian [Docket #12];<br>(2) Calendar Item #3.00 ~ Hearing on Debtors' Emergency Motion for Order: (1) Authorizing Use of Cash Collateral and Granting Replacement Lien; and (2) Setting Final Hearing on Motion [Docket # 9];<br>(3) Calendar Item # 4.00 ~ Hearing on Amended Motion for Order Authorizing Debtors to Enter into Inter-Debtor Financing Agreement [Docket #142]; and<br>(4) Calendar Item # 5.00 ~ Hearing on U.S. Trustee's Motion to Appoint a Chapter 11 Trustee [Docket # 252].<br><br>**Hearing:**<br>Date: July 27, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom "5D" - Hon. Robert N. Kwan<br>       411 West Fourth St., Santa Ana, CA |

Pursuant to Local Bankruptcy Rule 9075-1, Sections 105, 363, 364, and 1104 of 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Enivel, Inc., Cleaners Club Acquisition Sub, Inc., Steam Press Holdings, Inc., U.S. Dry Cleaning Services Corporation *dba* U. S. Dry Cleaning Corporation, USDC Fresno, Inc., USDC Fresno 2, Inc., USDC Portsmouth, Inc., and USDC Tuchman Indiana, Inc., the jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors"), hereby file their emergency motion (the "Emergency Motion") to continue the hearings for all matters set forth on the first page of this Emergency Motion (the "Hearings"). By this Emergency Motion, the Debtors respectfully represent as follows:

1. The Debtors were informed at 4:25 p.m. on the afternoon of July 19, 2010 that their current bankruptcy counsel, Winthrop Couchot Professional Corporation ("Winthrop Couchot"), was filing a motion to withdraw as counsel, which it filed minutes thereafter (the "Withdraw Motion")[Docket # 251]. Rather surprisingly, not only did Winthrop Couchot fail to give the Debtors any advance notice of its intent to withdraw, it also refused the Debtors' request to wait a short time so that the Debtors could locate, interview and retain new counsel.

2. Less than an hour after Winthrop Couchot filed the Withdraw Motion, the Office of the United States Trustee (the "OUST") filed its *Motion to Appoint a Chapter 11 Trustee in All Eight Cases* (the "Trustee Motion")[Docket #252] concurrently with an application for the Trustee Motion to be heard on shortened notice. This application was granted, and the hearing on the Trustee Motion was set for July 27, 2010 at 8:30 a.m. The Trustee Motion included, as an exhibit, a file stamped copy of the Withdraw Motion.

3. Inexplicably and unbeknownst to the Debtors, Winthrop Couchot and the OUST were apparently communicating with each other about their respective motions. In other words, the OUST knew about Winthrop Couchot's withdrawal before the Debtors.

4. The Debtor's President and Chief Executive Officer, Robert Y. Lee, was out of the office from Tuesday, July 20, 2010, until Friday morning attending meetings related to, among other things, obtaining exit financing for the Debtors. While Mr. Lee was out of town (in Seattle, Washington and Madison, Wisconsin), members of the Debtors' board of directors

attempted to vet various firms to replace Winthrop Couchot. Friday, July 23, 2010, was the first day Mr. Lee was available to interview potential new counsel, and he spent all day doing so. The Debtors' proposed bankruptcy counsel, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR"), was informed Friday night that the Debtors wanted to engage them for these cases. WRSSR then had to perform conflict checks and related issues, and sent a Substitution of Attorney to Winthrop Couchot on Sunday, July 25, 2010.

5. When WRSSR was first informed by the Debtors that it would likely be engaged by the Debtors, WRSSR contacted the OUST and requested that the OUST agree to continue the Trustee Motion. The OUST refused WRSSR's request in the afternoon of Friday, July 23, 2010.

6. Because WRSSR has only very recently been retained by the Debtors, the Debtors and WRSSR request that the Court continue the Hearings for at least three weeks so that WRSSR has time to review and digest all relevant information, and in order to prepare a complete and proper response to the Trustee Motion.

7. The Trustee Motion requests that this Court appoint a chapter 11 trustee in the Debtors' cases – an extraordinary remedy that, absent exigent circumstances, should be done on regular notice. *See, e.g., In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (Bankr. W.D.N.Y. 1986)("The flexibility written into Bankruptcy Rule 9006 to reduce the time for notice should be sparingly invoked and may be invoked only for cause shown."). *See also, In re Adelphia Communications Corp.*, 336 B.R. 610, 635-636 (Bankr. S.D.N.Y. 2006)(recognizing that motions with "potentially highly prejudicial consequences" – including a motion to appoint a chapter 11 trustee – that were brought on shortened notice "could not be heard that way, consistent with the complexity of the factual and legal issues, their potential impact on the Debtors' reorganization, and fairness"). In fact, some Courts have held that a motion to appoint a chapter 11 trustee requires an evidentiary hearing, which clearly cannot occur on the limited notice given by the OUST. *In re Microwave Products of America, Inc.*, 102 B.R. 666, 670-671 (Bankr. W.D. Tenn. 1989); *In re Casco Bay Lines, Inc.*, 17 B.R. 946 (BAP 1st Cir.1982).

8. Here, there are no allegations of fraud, and the majority of the bases set forth by the OUST in the Trustee Motion occurred within the first two months of this case and have since

been rectified. Additionally, current management has already done the following to improve the Debtors' business post-petition: (i) negotiated significant rent reductions with all landlords of above-market leases; (ii) closed six of the Debtors' seven unprofitable stores, and the seventh store will be closed by the end of August; (iii) terminated the Debtors' CFO in May 2010; (iv) negotiated and obtained immediate debtor-in-possession financing in an amount of $225,000 and are in the process of negotiating a line of credit of up to $1 million (which motion will be filed shortly); and (v) are negotiating a transaction to obtain approximately $10 million in exit financing. The Debtors have over 600 employees, and are committed to reorganizing these cases for the benefit of their creditors and employees. With the $225,000 in post-petition financing from their current senior secured lender that will be immediately available, the Debtors will have more than sufficient cash flow to allow them to operate their businesses.[1]

9. In sum, the Debtors do not believe that "exigent" circumstances exist to warrant a hearing on the Trustee Motion on shortened time – or less than 7 days prior to the date the Trustee Motion was filed. The Debtors respectfully submit that the potential prejudice to the Debtors' and their estates is so great that equity requires a continuance of the hearing on the Trustee Motion. The Debtors respectfully request that the Court continue the remainder of the Hearings so that their new proposed counsel can review the appropriate pleadings, prepare responses / supplemental pleadings where necessary and adequately represent the Debtors.

**WHEREFORE**, the Debtors respectfully request that the Court:

1. grant the Debtors' Emergency Motion in its entirety;

2. continue the Hearings for at least an additional three week period or, in the alternative, for whatever amount of time the Court feels is appropriate under the circumstances; and

---

[1] If the Debtors' former bankruptcy counsel had sought, and most likely obtained, approval of a cash management system that included intercompany financing at the beginning of these cases, the Debtors would not have any cash flow problems whatsoever. It is only the Debtors inability to run their business and use their collective revenue as they did pre-petition that has caused any potential cash flow problem. However, in order to ensure that the Debtors' have a comfortable cash cushion, the Debtors have negotiated this $225,000 in debtor in possession financing.

4

3. grant such other, further, or different relief as the Court deems just and proper under the circumstances of this case.

Dated: July 26, 2010                    Enivel, Inc. et al.

By: _____
Simon Aron
Susan K. Seflin
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
Proposed Attorneys for Chapter 11 Debtors and
Debtors in Possession

| In re:<br>Enivel, Inc. et al.,   Debtors. | CHAPTER 11<br><br>CASE NUMBER 8:10-bk-12735-RK and related jointly administered entities |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1565

A true and correct copy of the foregoing document described **DEBTORS' EMERGENCY MOTION FOR CONTINUANCE OF THE FOLLOWING HEARINGS CURRENTLY SET FOR JULY 27, 2010** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 26, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Martin J Brill        mjb@lnbrb.com
- Frank Cadigan        frank.cadigan@usdoj.gov
- Christopher Celentino   ccelentino@duanemorris.com
- Susan S Davis        sdavis@coxcastle.com
- Denise Diaz          Denise.Diaz@rmsna.com
- Don Fisher           dfisher@ptwww.com
- Roger F Friedman     rfriedman@rutan.com
- Matthew Grimshaw     mgrimshaw@rutan.com
- Heather U Guerena    huguerena@duanemorris.com
- Kavita Gupta         kgupta@winthropcouchot.com
- Victor B Harris      vhlaw@prodigy.net
- Justin D Harris      jdh@mmwlawfirm.com, clr@mmwlawfirm.com
- Garrick A Hollander  sconnor@winthropcouchot.com
- Mark S Horoupian     mhoroupian@sulmeyerlaw.com
- Steven B Lever       sblever@leverlaw.com
- David W. Meadows     david@davidwmeadowslaw.com
- Dawn A Messick       dmessick@duanemorris.com
- Dennis D Miller      dmiller@steinlubin.com
- Kevin M Newman       knewman@menterlaw.com
- Christine M Pajak    cpajak@stutman.com
- Penelope Parmes      pparmes@rutan.com
- Martha E Romero      Romero@mromerolawfirm.com
- Wayne R Terry        wterry@hemar-rousso.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop      mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.
n/a

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                            **F 9013-3.1**

| In re:<br>Enivel, Inc. et al.,<br><br>Debtors. | CHAPTER 11<br><br>CASE NUMBER 8:10-bk-12735-RK and related jointly administered entities |
|---|---|

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>July 26, 2010</u> I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan
U.S. Bankruptcy Court
Central District of California
411 W. Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 26, 2010 | Susan Seflin | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**