1    SIMON ARON (SBN 108183)
     SUSAN K. SEFLIN (SBN 213865)
2    WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
     11400 West Olympic Boulevard
3    Ninth Floor
     Los Angeles, California 90064-1565
4    Telephone: (310) 478-4100
     Fax: (310) 479-1422
5

6    Attorneys for Chapter 11 Debtors in Possession and Plan Proponent

7              UNITED STATES BANKRUPTCY COURT

8              CENTRAL DISTRICT OF CALIFORNIA

                     SANTA ANA DIVISION
9

10   In re                              ) Case No. 8:10-bk-12735-RK
                                        )
11   Enivel, Inc., *et al.*,[1]         ) (Jointly Administered)
                                        )
                                        ) (This Pleading Affects All Debtors)
12                                      )
                                        ) Chapter 11
                    Debtors.            )
13                                      ) **DEBTORS' FIRST AMENDED DISCLOSURE**
                                        ) **STATEMENT DESCRIBING FIRST AMENDED**
14                                      ) **JOINT AND CONSOLIDATED CHAPTER 11 PLAN**
                                        ) **OF REORGANIZATION DATED APRIL 22, 2011,**
15                                      ) **AS MODIFIED**
                                        )
16                                      ) **Plan Objection Deadline: 5:00 p.m. PST on May 12, 2011**
                                        ) **Ballot Deadline:  5:00 p.m. PST on May 12, 2011**
17                                      )
                                        )
18                                      )      **Plan Confirmation Hearing:**
                                        )
19                                      ) Date:    May 26, 2011
                                        ) Time:    9:00 a.m.
20                                      ) Place:   Courtroom "5D"
                                        )          411 W. Fourth Street
21                                      )          Santa Ana, California 92701
                                        )
22   _____)

23

24

25

26

27
28

---

[1] The Debtors, together with their bankruptcy case numbers are: (i) Enivel, Inc., 8:10-bk-12735-RK; (ii) Cleaners Club Acquisition Sub, Inc., 8:10-bk-12742-RK, (iii) Steam Press Holdings, Inc., 8:10-bk-12740-RK, (iv) U.S. Dry Cleaning Services Corporation *dba* U.S. Dry Cleaning Corporation, 8:10-bk-12748-RK; (v) USDC Fresno, Inc., 8:10-bk-12745-RK; (vi) USDC Fresno 2, Inc., 8:10-bk-12746-RK; (vii) USDC Portsmouth, Inc., 8:10-bk-12743-RK; and (viii) USDC Tuchman Indiana, Inc., 8:10-bk-12736-RK.

# TABLE OF CONTENTS

**PAGE NO.**

**I.    INTRODUCTION**…………………………………………………………………... 2

    **A.    Purpose of this Disclosure Statement**…………………………………… 6

    **B.    Deadlines for Voting and Objecting; Date of Plan
Confirmation Hearing**……………………………………………………… 7

        **1.    Time and Place of the Plan Confirmation Hearing**……………. 7

        **2.    Deadline for Voting For or Against the Plan**………………….. 7

        **3.    Deadline for Objecting to the Confirmation of the Plan**………. 7

    **C.    Identity of Persons to Contact for More Information
Regarding the Plan**……………………………………………………….. 8

    **D.    Disclaimer**………………………………………………………………… 8

    **E.    SEC Review**………………………………………………………………. 9

    **F.    Forward-Looking Statements**…………………………………………… 9

**II.    DEFINITIONS, RULES OF CONSTRUCTION, AND EXHIBITS**…………. 10

    **A.    Definitions**……………………………………………………………….. 10

        **1.1    Administrative Claim**……………………………………... 11

        **1.2    Administrative Claim Bar Date**…………………………... 11

        **1.3    Allowed Administrative Claim**…………………………... 11

        **1.4    Allowed Claim**…………………………………………….. 11

        **1.5    Allowed Priority Claim**…………………………………... 11

        **1.6    Allowed Priority Tax Claim**……………………………... 11

        **1.7    Allowed Professional Fees**……………………………….. 11

        **1.8    Allowed Secured Claim**…………………………………... 11

        **1.9    Allowed General Unsecured Claim**……………………… 12

        **1.10    Ballot**……………………………………………………… 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**1.11    Bankruptcy Code**………………………………………**12**

**1.12    Bankruptcy Court**………………………………………...**12**

**1.13    Bankruptcy Rules**………………………………………**12**

**1.14    Bar Date**………………………………………………...**12**

**1.15    Business Day**……………………………………………**12**

**1.16    Cases**……………………………………………………**12**

**1.17    Cash**……………………………………………………..**12**

**1.18    Claim**……………………………………………………**12**

**1.19    Claimant**………………………………………………...**13**

**1.20    Claim Chart**……………………………………………**13**

**1.21    Claims Objection Deadline**……………………………**13**

**1.22    Class**……………………………………………………**13**

**1.23    Committee**………………………………………………**13**

**1.24    Confirmation**…………………………………………...**13**

**1.25    Confirmation Date**……………………………………..**13**

**1.26    Confirmation Hearing**…………………………………**13**

**1.27    Confirmation Order**…………………………………...**13**

**1.28    Creditor**………………………………………………...**13**

**1.29    D&O Insurance Policy**………………………………...**13**

**1.30    Debtors**…………………………………………………**14**

**1.31    DIP Loan**………………………………………………**14**

**1.32    DIP Order**……………………………………………....**14**

**1.33    Disclosure Statement**………………………………….**14**

**1.34    Disclosure Statement Order**………………………….**14**

1.35   Discounted Stock Price…………………………………15

1.36   Disputed Claim……………………………………………15

1.37   Distribution………………………………………………...15

1.38   Effective Date……………………………………………...15

1.39   Equity Security……………………………………………15

1.40   Equity Security Holders………………………………..15

1.41   Equity Security Holders Chart………………………..15

1.42   Estates……………………………………………….......16

1.43   Estate Claim………………………………………………16

1.44   Exit Financing……………………………………………16

1.45   General Unsecured Claim……………………………..16

1.46   Interest……………………………………………………16

1.47   New Common Stock……………………………………..16

1.48   New Secured Debt……………………………………….16

1.49   New Equity………………………………………………..16

1.50   New Equity Securities………………………………….17

1.51   OUST………………………………………………………17

1.52   Petition Date……………………………………………...17

1.53   Plan………………………………………………………..17

1.54   Post-Confirmation Status Report……………………17

1.55   Post-Effective Date Notice Parties…………………...17

1.56   Priority Claim…………………………………………...17

1.57   Priority Tax Claim……………………………………...17

1.58   Professional Fee Applications………………………17

1.59   Professionals…………………………………………...17

iii

**1.60**    **Provident**…………………………………......17

**1.61**    **Record Date**…………………………………....17

**1.62**    **Reorganized Debtor**……………………………...18

**1.63**    **Reserve Account**……………………………......18

**1.64**    **Schedules**……………………………………..18

**1.65**    **Secured Claim**………………………………..18

**1.66**    **Setal Entities**…………………………………..18

**1.67**    **Subsequent Public Offering**……………………..18

**1.68**    **Substantive Consolidation Motion**…………………18

**1.69**    **Substantive Consolidation Order**…………………..18

**1.70**    **Subsidiary Debtors**…………………………....18

**1.71**    **Unsecured Claim**……………………………..18

**1.72**    **USDC or USDCC**……………………………..18

**B.**    **Exhibits**…………………………………………19

**II.**    **BACKGROUND**…………………………………………19

**A.**    **Description and History of the Debtors' Business and**
         **a Summary of the Circumstances that Led to the Filing**
         **of the Debtors' Chapter 11 Cases**………………………19

         **1.**    **General Background**…………………………..........19

         **2.**    **The Debtors' Secured Creditors as of the Petition Date**....20

         **3.**    **The Debtors' Disputed Secured Creditors**……………....22

         **4.**    **Events Precipitating the Filing of**
                **these Bankruptcy Cases**………………………......25

**B.**    **Debtors' Current Management and Board of Directors**…………26
**C.**    **Significant Events During the Bankruptcy**………………………26

         **1.**    **The Fresno Debtors**…………………………......26

iv

2.    The Cash Collateral…………………………………………27

3.    Appointment of Creditors' Committee………………........27

4.    Debtor-In-Possession Financing………………………..........28

5.    Employment of Professionals…………………………........28

6.    The Motion to Withdraw as Bankruptcy Counsel
by Debtors' Former Bankruptcy Counsel, the
Resignation of the Debtors' Former Chief
Restructuring Officer and the Motion to Appoint
a Chapter 11 Trustee Filed by the OUST……………......29

7.    Assumption of Non-Residential Real Property Leases.....31

8.    Exit Financing and Subsequent Public Offering……......32

9.    Motion to Substantively Consolidate All of the
Debtors' Cases Upon Plan Confirmation………………..32

IV.    CLASSIFICATION AND TREATMENT OF CLAIMS AND
INTERESTS UNDER THE PLAN…………………………………33

A.    What Creditors and Interest Holders Will Receive
Under the Plan……………………………………………..33

B.    Unclassified Claims………………………………………34

1.    Administrative Expenses…………………………34

C.    Classified Claims and Interest…………………………….46

1.    Class of Secured Claims…………………………..46

2.    Classes of Priority Unsecured Claims……………57

3.    Class of General Unsecured Claims………………57

4.    Class of Interest Holders…………………………59

D.    Means of Effectuating the Plan and Implementation
of the Plan…………………………………………………60

1.    Funding the Plan………………………………….60

2.    Release of Liens…………………………………...61

3.    Composition of the Reorganized Debtor and
Post-Confirmation Management...............................61

4.    Disbursing Agent.................................................62

5.    Objections to Claims............................................62

6.    Payment Upon Resolution of Disputed Claims............63

7.    Investigation and Prosecution of Claims and
Causes of Action Including Avoidance Actions.............64

8.    Payment of Professional Fees and Expenses
Incurred Post Effective Date...............................64

E.    Other Provisions of the Plan..........................................65

1.    Executory Contracts and Unexpired Leases...............65

a.    Assumptions.............................................65

b.    Rejections...............................................65

c.    Cures.....................................................66

2.    Changes in Rates Subject to Regulatory
Commission Approval........................................66

3.    Retention of Jurisdiction.....................................66

4.    Dissolution of Committee.....................................68

5.    Risk Factors....................................................68

F.    Amendment to Charter Documents of Debtors and
Other Matters.......................................................69

1.    Cancellation of Outstanding Securities of USDC..........69

2.    Amendments to Articles of Incorporation
and Other Actions.............................................69

3.    Take Required Action.........................................70

G.    Exemption from Registration Under Section 1145 of the
Bankruptcy Code.....................................................70

H.    Closing of Register for Existing Common Stock.............71

vi

I.    Miscellaneous Issues Regarding Plan Distribution................71

    1.    No Fractional Distributions or Shares Issued.............71

    2.    De Minimus Cash Distributions..............................71

    3.    Name and Address of Holder of Claim of Interest........72

    4.    Unclaimed Property.........................................72

V.    IRS CIRCULAR 230 NOTICE...........................................72

VI.    TAX CONSEQUENCES OF THE PLAN..................................73

VII.    CONFIRMATION REQUIREMENTS AND PROCEDURES.........73

A.    Who May Vote or Object..........................................73

B.    Who May Vote to Accept/Reject the Plan..........................74

C.    What Is an Allowed Claim/Interest................................74

D.    What Is an Impaired Claim/Interest...............................74

E.    Who is Not Entitled to Vote......................................75

F.    Who Can Vote in More Than One Class............................75

G.    Votes Necessary to Confirm the Plan.............................75

H.    Votes Necessary for a Class to Accept the Plan.................76

I.    Treatment of Non-accepting Classes.............................76

J.    Liquidation Analysis...........................................76

K.    Feasibility....................................................79

VIII.    EFFECT OF CONFIRMATION OF THE PLAN.........................80

A.    Discharge......................................................80

B.    Continuing Stay/Injunction.....................................81

C.    Revesting the Property in the Reorganized Debtor...............82

D.    Modification of the Plan.......................................82

     E.     **Post-Confirmation Status Reports**……………………………83

     F.     **Post-Confirmation Conversion/Dismissal**……………………..83

     G.     **Final Decree**…………………………………………………83

**IX.**     **REQUEST FOR FINDING OF FAIR AND EQUITABLE
TREATMENT OF IMPAIRED CLASSES**…………………………84

**DECLARATION OF ROBERT Y. LEE**………………………………………..85

# TABLE OF AUTHORITIES

## CASES                                                                PAGE NO.

*In re Barakat*
  99 F. 3d 1520 (9th Cir. 1996)……………………………………………………74

## STATUTES                                                             PAGE NO.

Bankruptcy Rule:

  1007………………………………………………………………………........18
  1009………………………………………………………………………........18
  3020(e)……………….….…………………………………………….......2, 15
  9006(a)…………………………………………………………………......12

Delaware General Corporation Law:

  Section 303……………………………………………………………70

Internal Revenue Service:

  Circular 230……………………………………………………………72

Securities Exchange Act of 1934:

  Registration Requirements…………………………………………..70
  Section 21(e)………………………………………………………….....9

Securities Act of 1933:

  Section 4(1)…………………………………………………………….71
  Section 27(a)………………………………………………………….9

United States Bankruptcy Code:

  11 U.S.C. § 101, et seq……….……………………………………...............2, 12
  11 U.S.C. § 101(16)…………………………………………….....................15
  11 U.S.C. § 327……………………………………………………….17
  11 U.S.C. § 328(a)………………………………………………….36
  11 U.S.C. § 330(a)………………………………………………….11
  11 U.S.C. § 331……………………………………………………….11
  11 U.S.C. § 502(c)………………………………………………….63
  11 U.S.C. § 502(g)………………………………………………….16
  11 U.S.C. § 503(b)………………………………………………….11
  11 U.S.C. § 506(a)………………………………………………….18
  11 U.S.C. § 507(a)………………………………………………….17
  11 U.S.C. § 507(a)(1)………………………………………………19, 75
  11 U.S.C. § 507(a)(2)………………………………………....11, 75

11 U.S.C. § 507(a)(4)……………………………………………………………75
11 U.S.C. § 507(a)(8)………………………………………………………......17, 37, 38, 75
11 U.S.C. § 521……………………………………………………………………18
11 U.S.C. § 553……………………………………………………………………18
11 U.S.C. § 1103…………………………………………………………………...17
11 U.S.C. § 1107…………………………………………………………………...19
11 U.S.C. § 1108…………………………………………………………………...19
11 U.S.C. § 1112(b)………………………………………………………………..83
11 U.S.C. § 1123(a)(5)(I)…………………………………………………………..70
11 U.S.C. § 1123(a)(6)……………………………………………………………..70
11 U.S.C. § 1127…………………………………………………………………...68
11 U.S.C. § 1129(a)(8)…………………………………………………….75, 76, 84
11 U.S.C. § 1129(b)…………………………………………………………..76, 84
11 U.S.C. § 1141…………………………………………………………………...80
11 U.S.C. § 1141(d)(1)(A)…………………………………………………………80
11 U.S.C. § 1141(d)(1)(A)(i)………………………………………………………80
11 U.S.C. § 1141(d)(1)(A)(ii)……………………………………………………...80
11 U.S.C. § 1141(d)(1)(A)(iii)…………………………………………………….80
11 U.S.C. § 1145……………………………………………………………...70, 71
11 U.S.C. § 1145(b)………………………………………………………………..71
28 U.S.C. § 1930………………………………………………………………...11
28 U.S.C. § 1930(a)(6)……………………………………………………….19, 83

# I.    INTRODUCTION

Enivel, Inc. ("Enivel"), Cleaners Club Acquisition Sub, Inc. ("CCI"), Steam Press

Holdings, Inc. ("Steam Press"), U.S. Dry Cleaning Services Corporation *dba* U. S. Dry Cleaning

Corporation ("USDC"), USDC Fresno, Inc. ("Fresno 1"), USDC Fresno 2, Inc. ("Fresno 2"),

USDC Portsmouth, Inc. ("Portsmouth"), and USDC Tuchman Indiana, Inc. ("Tuchman") are

debtors (each a "Debtor" and collectively, the "Debtors") in eight jointly administered Chapter

11 bankruptcy cases.[2]    On March 4, 2010, the Debtors commenced their bankruptcy cases by

filing Voluntary Petitions under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §

101 *et seq.* (the "Bankruptcy Code").   This document is the Debtors' First Amended Disclosure

Statement (as may be further amended or modified, the "Disclosure Statement") which describes

the Debtors' First Amended Joint and Consolidated Chapter 11 Plan of Reorganization Dated

April 22, 2011, as Modified (as may be further amended or modified, the "Plan").[3]   The Debtors

are the parties proposing the Plan sent to you in the same envelope as this document.

The effective date (the "Effective Date") of the Plan will be the first business day after

the Confirmation Date, provided the Bankruptcy Court has waived the provisions of Bankruptcy

Rule 3020(e) and no stay of the Confirmation Order is in effect.[4]   The Debtors following the

Effective Date shall be referred to as the "Reorganized Debtor."

The Plan described in this Disclosure Statement provides for the Debtors' emergence

from their Chapter 11 Cases[5] as one consolidated entity under USDC,[6] which the Debtors

---

[2] Unless expressly stated otherwise, any reference herein to the "docket" shall refer to the docket of Enivel, Inc., Bankr. Case No. 8:10-bk-12735-RK, as all eight cases are jointly administered under "Enivel, Inc."

[3] Concurrently with the filing of this Disclosure Statement, the Debtors have filed a motion seeking approval of non-material modifications (the "Modification Motion") to the Plan and Disclosure Statement.   The First Amended Disclosure Statement was approved pursuant to Court order (the "Disclosure Statement Order") entered on March 18, 2011 [Docket No. 596].   While the Debtors believe that the Plan and Disclosure Statement do not contain any "material" modifications, the Debtors filed the Modification Motion in an abundance of caution.

[4] If the Bankruptcy Court does not waive the provisions of Bankruptcy Rule 3020(e), then the Effective Date will be the first business day which is at least fifteen (15) days following the date of entry of the Confirmation Order, assuming there has been no appeal from and order staying the effectiveness of the Confirmation Order. If there has been an order entered staying the effectiveness of the Plan Confirmation Order, the Effective Date shall be the first business day after the stay is no longer in effect with respect to the Confirmation Order.

[5] Any capitalized term not yet defined will be defined in Article II of this Disclosure Statement.

[6] A hearing was held on January 27, 2011 on the Debtors' *Motion for Substantive Consolidation of All Debtors*, which motion was approved pursuant to Bankruptcy Court order entered on April 21, 2011.

anticipate will occur in June 2011.  Under the Plan, the Debtors will satisfy their debt and other Claims as set forth in Article IV below, provide a recovery for Equity Security Holders, and implement a recapitalization with approximately $20 million of new capital. The Plan described below has been designed to position the Reorganized Debtor to succeed.

Currently, USDC is a public company and the parent company of the remaining Subsidiary Debtors.  After Confirmation of the Plan, the Reorganized Debtor will remain a public company.  The Reorganized Debtor will own and operate the dry cleaning stores which are currently owned collectively by the Debtors.  The Reorganized Debtor will also acquire additional dry cleaning stores after Confirmation.  It is anticipated that there will be eighty-five (85) dry cleaning stores and four (4) processing plants existing on or about the Effective Date. The Reorganized Debtor will continue its strategy to: (a) acquire market-dominant dry cleaning chains; (b) add retail services and revenue lines to upgrade its stores into full service garment care centers; (c) improve margins and operations through converting the stores to its hub-and-spoke model; (d) create a national brand; and (e) refranchise the stores under the national brand. In furtherance of this strategy, the Reorganized Debtor will pursue the Subsequent Public Offering.

There are three primary groups of Creditor Claims in these Cases consisting of: (i) Priority Tax Claims; (ii) the Claims of the Debtors' pre-petition Secured Creditors (Creditors who hold the Debtors' property as collateral for their Claims); and (iii) the Claims of the Debtors' non-priority General Unsecured Creditors.  Equity Security Interests include USDC's preferred and common stockholders.

The following is a summary of the Plan:

1.    <u>Recapitalization:</u>  The Plan provides for a recapitalization as follows: (a) $15 million of New Equity to be raised by the Debtors through a private offering of the Reorganized Debtor's New Common Stock; and (b) $5 million to $8 million of presently available New Secured Debt through a conventional loan and/or line of credit which will have a first priority lien against substantially all of the Reorganized Debtor's assets.  Confirmation of the Plan is contingent upon at least $20 million of new capital being obtained by the Reorganized Debtor as

of the date of the Confirmation Hearing.  This $20 million will be used to, among other things, fund the Plan and provide the Reorganized Debtor with sufficient working capital to implement its growth strategy.  Exhibit "I" to this Disclosure Statement describes the terms of the Exit Financing in more detail.  The Debtors are in the process of finalizing the terms of the New Secured Debt and will file a declaration in support of Confirmation prior to the Confirmation Hearing setting forth the terms of the New Secured Debt.  Additionally, it is the intention of the Reorganized Debtor to effect a Subsequent Public Offering within one year of the Effective Date.  The Plan contemplates, as set forth more fully in Article IV.C below, that General Unsecured Creditors will receive New Common Stock issued in connection with such Subsequent Public Offering as well as $1 million in Cash to be distributed on a pro rata basis.

Pursuant to the terms of Provident's engagement, after securing the New Equity and after the Effective Date, Provident is engaged on a "firm commitment" basis for a Subsequent Public Offering of the Reorganized Debtor's securities, subject to the conditions contained in its engagement letter, a copy of which is attached hereto as Exhibit "F."  There can be no assurance that the Reorganized Debtor will be able to effect a Subsequent Public Offering.  Factors that will impact the Reorganized Debtor's ability to effect a Subsequent Public Offering include but are not limited to the ability of the Reorganized Debtor to obtain audits of prior year financial statements, the ability of the Reorganized Debtor to get current in its filings with the Securities and Exchange Commission and the existence of favorable market conditions.  While the Debtors have an engagement letter with Provident to effect a Subsequent Public Offering, there is no legally binding obligation to effect such an offering and therefore no assurance can be given that such Subsequent Public Offering will be consummated.  *See also*, Article III.A.9 of the Disclosure Statement for disclosures related to the Subsequent Public Offering.

2.    <u>Secured Claims:</u> The pre-petition senior Secured Claims of the Setal Entities will be satisfied as follows: (i) a $5 million Cash payment on the Effective Date; (ii) issuance of a $4.1 million secured convertible note that is subordinated to the New Secured Debt; (iii) 262,500 shares of New Common Stock on the Effective Date; and (iv) conversion of approximately $8.3 million of pre-petition secured debt into New Common Stock at the Discounted Stock Price in

4

connection with the Subsequent Public Offering or, if no Subsequent Public Offering is effected within one year after the Effective Date of the Plan, then the conversion of approximately $8.3 million of secured debt into New Common Stock at the rate of one (1) share for each $7.50 of secured debt.  Other senior Secured Creditors will be: (a) paid in Cash on the Effective Date; (b) paid over time pursuant to agreement with the Debtors; or (c) paid with a partial Cash payment upon the Effective Date and a subordinated secured convertible note.

3.    Unsecured Claims:    General Unsecured Creditors, holding an estimated $10 million in Unsecured Claims, will receive on a pro rata basis: (a) $1 million in Cash on the Effective Date; and (b) the balance of approximately $9 million will be converted into New Common Stock at the Discounted Stock Price in connection with the Subsequent Public Offering or, if no Subsequent Public Offering is effected within 12 months after the Effective Date of the Plan, then the conversion of approximately $9.0 million of unsecured debt into New Common Stock of the Reorganized Debtor at the rate of one (1) share for each $15.00 of unsecured debt. Alternatively, instead of receiving the forgoing treatment, General Unsecured Creditors may elect to pursue any claims they believe they may have against the D&O Insurance Policy.  In addition, General Unsecured Creditors holding Claims of $1,000 or less, and those Creditors who elect to reduce their Claims to $1,000, shall receive twenty percent (20%) of their Allowed Claims in Cash, and no stock.

4.    Priority Tax Claims:    Holders of Priority Tax Claims, estimated to be approximately $750,000, will be paid in equal quarterly payments with interest over an approximate four year period (except for certain small Priority Tax Claims that will be paid in Cash on the Effective Date).

5.    Equity Security Holders:  Holders of Convertible Preferred Stock shall be deemed to have fully converted into the Debtors' common stock on the Effective Date at the rate of 110% of the applicable conversion rate.    Holders of common stock, including the post-conversion Preferred Stock shall receive one share of New Common Stock for every 40 shares of stock held on the Record Date and surrendered to the transfer agent.

**A.    Purpose of this Disclosure Statement.**

This Disclosure Statement summarizes what is in the Plan, and tells you certain information relating to the Plan and the process the Bankruptcy Court follows in determining whether or not to confirm the Plan.

**READ THIS DISCLOSURE STATEMENT CAREFULLY IF YOU WANT TO KNOW ABOUT:**

**(1)    WHO CAN VOTE OR OBJECT,**

**(2)    WHAT THE TREATMENT OF YOUR CLAIM IS (i.e., what your Claim will receive if the Plan is confirmed) AND HOW THIS TREATMENT COMPARES TO WHAT YOUR CLAIM WOULD RECEIVE IN LIQUIDATION,**

**(3)    THE HISTORY OF THE DEBTORS AND SIGNIFICANT EVENTS DURING THEIR BANKRUPTCY CASES,**

**(4)    WHAT THINGS THE COURT WILL LOOK AT TO DECIDE WHETHER OR NOT TO CONFIRM THE PLAN,**

**(5)    WHAT IS THE EFFECT OF CONFIRMATION, AND**

**(6)    WHETHER THE PLAN IS FEASIBLE.**

This Disclosure Statement cannot tell you everything about your rights. Debtors' counsel cannot tell you about your rights or offer any advice. You should consider consulting your own lawyer to obtain more specific advice on how the Plan will affect you and what is the best course of action for you.  This Disclosure Statement may not be relied on for any purpose other than to determine whether to vote to accept or reject the Plan.

Be sure to read the Plan as well as this Disclosure Statement.   If there are any inconsistencies between the Plan and this Disclosure Statement, the Plan provisions will govern.

The Bankruptcy Code requires a Disclosure Statement to contain "adequate information" concerning the Plan.   The Bankruptcy Court has approved this document as an adequate Disclosure Statement, containing enough information to enable parties affected by the Plan to make an informed judgment about the Plan.   Any party can now solicit votes for or against the Plan.

6

**B.      Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing.**

THE BANKRUPTCY COURT HAS NOT YET CONFIRMED THE PLAN DESCRIBED IN THIS DISCLOSURE STATEMENT.  IN OTHER WORDS, THE TERMS OF THE PLAN ARE NOT YET BINDING ON ANYONE.  HOWEVER, IF THE BANKRUPTCY COURT LATER CONFIRMS THE PLAN, THEN THE PLAN WILL BE BINDING ON ALL CREDITORS AND INTEREST HOLDERS IN THESE CASES.

**1.      Time and Place of the Plan Confirmation Hearing**

The hearing where the Bankruptcy Court will determine whether or not to confirm the Plan (the "Confirmation Hearing") will take place on <u>May 26, 2011, at 9:00 a.m.,</u> before the Honorable Richard N. Kwan, United States Bankruptcy Judge for the Central District of California, in Courtroom "5D" of the United States Bankruptcy Court, Central District of California, Santa Ana Division, located at 411 West Fourth Street in Santa Ana, California.

**2.      Deadline for Voting For or Against the Plan**

If you are entitled to vote, it is in your best interest to timely vote on the enclosed Ballot and return the Ballot to Susan K. Seflin, Esq., Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582.

<u>Your ballot must be received by 5:00 p.m., PST, on May 12, 2011</u> or it will not be counted.

**3.      Deadline for Objecting to the Confirmation of the Plan**

Objections to the Confirmation of the Plan must, <u>by 5:00 p.m., PST, on May 12, 2011</u>, be filed with the Bankruptcy Court and served upon the following:

<u>**Debtors (Service Must Be By Overnight, U.S. Mail or Messenger)**</u>
U.S. Dry Cleaning Corporation
Attn: Robert Y. Lee
4040 MacArthur Blvd., Suite 305
Newport Beach, CA 92660

<u>**Counsel for the Debtors**</u>
Simon Aron
Susan K. Seflin
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 West Olympic Blvd., Ninth Floor
Los Angeles, CA 90064
Fax: (310) 479-1422
Email: saron@wrslawyers.com, sseflin@wrslawyers.com

7

**Office of the United States Trustee**
Frank M. Cadigan
Assistant U.S. Trustee
Office of the U.S. Trustee, Region 16
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000
Email: frank.cadigan@usdoj.gov

**Counsel for Official Committee of Unsecured Creditors**
Kathryn M.S. Catherwood
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Email: KMCatherwood@duanemorris.com

**Counsel for Setal Entities**
Penelope Parmes
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
Email: pparmes@rutan.com

**C.      Identity of Persons to Contact for More Information Regarding the Plan.**

Any interested party desiring further information about the Plan should contact Susan K. Seflin, Esq. of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582, Phone: (310) 478-4100, Email: sseflin@wrslawyers.com.

**D.      Disclaimer.**

The financial data relied upon in formulating the Plan is based on the Debtors' books and records which, unless otherwise indicated, are unaudited.  Except as otherwise expressly stated, the information contained in this Disclosure Statement is provided by the Debtors.  The Debtors represent that everything stated in this Disclosure Statement is true to the Debtors' best knowledge.  The Bankruptcy Court has not yet determined whether or not the Plan is confirmable and makes no representation as to whether or not you should support or oppose the Plan.

The contents of the Disclosure Statement should not be construed as legal, business or tax advice from the Debtors or their counsel.

**THIS DISCLOSURE STATEMENT IS NOT INTENDED TO REPLACE A CAREFUL AND DETAILED REVIEW OF THE PLAN BY EACH HOLDER OF A**

8

**CLAIM OR INTEREST.  THIS DISCLOSURE STATEMENT IS INTENDED TO AID AND SUPPLEMENT SUCH REVIEW. THIS DISCLOSURE STATEMENT IS QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE PLAN.  THE PLAN IS THE OPERATIVE CONTROLLING LEGAL DOCUMENT.  AS SUCH, IF THERE IS ANY INCONSISTENCY BETWEEN THE TERMS AND PROVISIONS OF THIS DISCLOSURE STATEMENT AND THE PLAN, THEN THE TERMS AND PROVISIONS OF THE PLAN SHALL CONTROL.  NEITHER THE PLAN, NOR THE DISCLOSURE STATEMENT, SHOULD BE CONSTRUED AS LEGAL, BUSINESS OR TAX ADVICE FROM THE DEBTORS OR THEIR COUNSEL.**

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP COMMENCED REPRESENTATION AS GENERAL BANKRUPTCY COUNSEL TO THE DEBTORS ON JULY 23, 2010 AND HAS RELIED UPON INFORMATION DEVELOPED SINCE THEN IN CONNECTION WITH THE PREPARATION OF THIS DISCLOSURE STATEMENT.**

**E.      SEC Review.**

This Disclosure Statement has not been approved or disapproved by the SEC, nor has the SEC passed upon the accuracy or adequacy of the statements contained herein.

**F.      Forward-Looking Statements.**

This Disclosure Statement includes forward-looking statements within the meaning of Section 27(a) of the Securities Act of 1933 and Section 21(e) of the Exchange Act of 1934. These forward-looking statements are identified by terms and phrases such as "anticipate," "believe," "intend," "estimate," "expect," "continue," "should," "could," "may," "plan," "project," "predict," "will" and similar expressions and include references to assumptions and relate to our future prospects, developments and business strategies.

Factors that could cause the actual results of the Reorganized Debtor to differ materially from those expressed or implied in such forward-looking statements include, but are not limited to:

- The ability of the Debtors to complete a financial restructuring;

9

- The ability to have the Bankruptcy Court approve motions and/or grant relief required to sustain operations during these Cases;

- The uncertainties of the Chapter 11 restructuring process including, but not limited to, the potential adverse impact on the Debtors' operations, management, employees and the response of their customers;

- The Debtors' estimate of the cost to object to Claims and Interests, and the result of the Debtors' objections to Claims and Interests;

- The ability to confirm and consummate the Plan;

- The ability to be compliant with debt covenants or obtain necessary waivers and amendments;

- General economic conditions;

- Changes in technology, market demand and customer requirements;

- The enactment of more stringent environmental laws and regulations; and

- The ability to recover the Debtors' deferred tax assets.

These statements are based on the Debtors' estimates and assumptions and on currently available information.  The forward-looking statements include information concerning possible or assumed future results of operations, and actual results may differ significantly from the results discussed.  Forward-looking information is intended to reflect opinions as of the date of this Disclosure Statement.  The Debtors undertake no duty to update any forward-looking statements to conform the statements to actual results or changes in operations.

## II.    DEFINITIONS, RULES OF CONSTRUCTION, AND EXHIBITS

### A.    Definitions.

For the purposes of this Disclosure Statement, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in this Article II.  Any term used in this Disclosure Statement that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to such term in the Bankruptcy Code or the Bankruptcy Rules, in that order or priority.  Throughout this Disclosure Statement, the use of the masculine, feminine, neuter, plural or

singular shall be understood to include each of the others as the context may reasonably dictate. As used in this Disclosure Statement, the following definitions shall apply:

1.1    **Administrative Claim**.  A Claim for costs and expenses of administration allowed under Section 503(b) of the Bankruptcy Code and referred to in Section 507(a)(2) of the Bankruptcy Code, including, without limitation:  (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of the Debtor (such as wages, salaries or commissions for services); (b) compensation for legal, financial advisory, accounting and other services and reimbursement of expenses awarded or allowed under Sections 330(a) or 331 of the Bankruptcy Code; and (c) all fees and charges assessed against the estate under 28 U.S.C. § 1930.

1.2    **Administrative Claim Bar Date.**    The date which is thirty (30) days after the Effective Date.

1.3    **Allowed Administrative Claim.**  An Administrative Claim which is an Allowed Claim.

1.4    **Allowed Claim.**  A Claim against the Debtors as to which no objection has been filed, or if an objection has been filed, has either been overruled or otherwise resolved by the allowance of such Claim by the Bankruptcy Court, if the Claim was: (1) scheduled in the list of creditors prepared and filed with the Bankruptcy Court by the Debtors and not listed as disputed, contingent or unliquidated as to amount; or (2) the subject of a timely filed proof of claim; or (3) which has been allowed by order of the Bankruptcy Court.

1.5    **Allowed Priority Claim**.  A Priority Claim which is an Allowed Claim.

1.6    **Allowed Priority Tax Claim**.  A Priority Tax Claim which is an Allowed Claim.

1.7    **Allowed Professional Fees**.  The amount of fees and costs incurred by Professionals engaged by the Debtors or the Committee in connection with the Cases which are (1) timely requested by application filed on or prior to the Administrative Claims Bar Date; and (2) which are allowed by order of the Bankruptcy Court.

1.8    **Allowed Secured Claim**.  A Secured Claim which is an Allowed Claim.

11

1.9    **Allowed General Unsecured Claim**.  A General Unsecured Claim which is an Allowed Claim.

1.10    **Ballot**.  The form of ballot or ballots that will be distributed with this Disclosure Statement to holders of Claims and Equity Security Interests entitled to vote under the Plan in connection with the solicitation of acceptances of the Plan.

1.11    **Bankruptcy Code**.  Title 11 of The United States Code (11 U.S.C. §§ 101 *et seq.*), as now in effect or hereafter amended.  All citations in this Disclosure Statement or in the Plan to section numbers are to the Bankruptcy Code unless otherwise expressly indicated.

1.12    **Bankruptcy Court**.  The United States Bankruptcy Court for the Central District of California, Santa Ana Division, or such successor court or tribunal as may hereafter be confirmed or created by lawful authority with power to confirm reorganization plans under Chapter 11, Title 11 of the United States Code, and all other applicable statutes, rules and regulations governing the Cases.

1.13    **Bankruptcy Rules**.  Federal Rules of Bankruptcy Procedure, as now in effect or hereafter amended.

1.14    **Bar Date.**  August 13, 2010 for non-governmental creditors and August 31, 2010 for governmental units.

1.15    **Business Day**.  Any day, other than a Saturday, Sunday or legal holiday as defined in Bankruptcy Rule 9006(a).

1.16    **Cases**.  These Chapter 11 bankruptcy cases filed by the Debtors.

1.17    **Cash**.  Currency, checks, negotiable instruments and wire transfers of immediately available funds.

1.18    **Claim**.  Any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or, a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right is an equitable remedy or is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, against the Debtors.

12

1.19 **Claimant**. A person or entity asserting a Claim.

1.20 **Claim Chart**: Exhibit "E" to the Disclosure Statement which lists all Claims scheduled by the Debtors and/or filed against a Debtor or Debtors.

1.21 **Claims Objection Deadline.** One hundred twenty (120) days following the Effective Date, which date may be extended by the Bankruptcy Court upon motion of any party in interest for cause.

1.22 **Class.** A category of Claims which are substantially similar to each other and into which Allowed Claims are grouped and classified pursuant to the Plan, unless a member of the Class has agreed to a subordinated treatment. The Classes provided for in the Plan are summarized in Article IV of this Disclosure Statement and Article III of the Plan.

1.23 **Committee**. The Joint Official Committee of Unsecured Creditors appointed in these Cases.

1.24 **Confirmation**. The entry of the Confirmation Order on the docket of the Bankruptcy Court.

1.25 **Confirmation Date**. The date upon which the Bankruptcy Court enters the Confirmation Order.

1.26 **Confirmation Hearing.** The hearing or hearings held by the Bankruptcy Court to consider and rule upon the request for approval of the Plan.

1.27 **Confirmation Order**. The order entered by the Bankruptcy Court confirming the Plan.

1.28 **Creditor**. A person or entity asserting a Claim; also, a Claimant.

1.29 **D&O Insurance Policy**. Directors' and Officers' and Corporate Liability Insurance Policy No. 1867056 (the "D&O Insurance Policy") issued by Carolina Casualty Insurance Company to USDC and all endorsements and renewals thereof. The D&O Insurance Policy is a "claims made" policy with a $3 million policy limit. The D&O Insurance Policy is a "burning limits" policy, in that the aggregate amount of coverage is reduced by costs of defense as well as any claims paid.

1.30  **Debtors**.  Collectively, the eight Chapter 11 debtors in possession listed below:

- Enivel, Inc. ~ Bankr. Case No. 8:10-bk-12735-RK
- Cleaners Club Acquisition Sub, Inc. ~ Bankr. Case No. 8:10-bk-12742-RK
- Steam Press Holdings, Inc. ~ Bankr. Case No. 8:10-bk-12740-RK
- U.S. Dry Cleaning Services Corporation dba U.S. Dry Cleaning Corporation ~ Bankr. Case No. 8:10-bk-12748-RK
- USDC Fresno, Inc. ~ Bankr. Case No. 8:10-bk-12745-RK
- USDC Fresno 2, Inc. ~ Bankr. Case No. 8:10-bk-12746-RK
- USDC Portsmouth, Inc. ~ Bankr. Case No. 8:10-bk-12743-RK
- USDC Tuchman Indiana, Inc. ~ Bankr. Case No. 8:10-bk-12736-RK

1.31  **DIP Loan**.  The post-petition line of credit financing of up to $1 million extended by the Setal Entities to the Debtors and approved by the Bankruptcy Court by the DIP Order.

1.32  **DIP Order.**  The *Final Order Authorizing Post-Petition Financing on a Secured Basis* entered by the Bankruptcy Court on November 12, 2010, as Docket No. 466 in the Case.

1.33  **Disclosure Statement**.  This First Amended Disclosure Dated April 22, 2011 as Modified (as may be further amended or modified) prepared by the Debtors as required by § 1125 of the Bankruptcy Code describing the Plan.

1.34  **Disclosure Statement Order.**  The *Order (I) Approving Adequacy Of Debtors' First Amended Disclosure Statement (As May Be Amended Or Modified); (Ii) Approving Solicitation Procedures, Manner Of Notice And Vote Tabulation Procedures; (Iii) Establishing Voting Record Date And Deadline For Receipt Of Ballots; And (Iv) Fixing Date, Time And Place For Confirmation Hearing And Deadline To File Objections To Confirmation* entered by the Bankruptcy Court on March 18, 2011, as Docket No. 596 in this Case.

1.35    **Discounted Stock Price**.  The price for New Common Stock equal to a discount of 20% of the price of the New Common Stock to be issued pursuant to the Subsequent Public Offering.

1.36    **Disputed Claim**.  Disputed Claims include: (i) a Claim which has been scheduled as disputed, contingent or unliquidated where a Proof of Claim has not been filed thereafter; (ii) a Claim as to which an objection has been timely filed with the Bankruptcy Court, and which objection has not been withdrawn on or before any date fixed for filing such objections by the Plan or by order of the Bankruptcy Court and has not been overruled or denied by a final order; and (iii) any Claim listed as a Disputed Claim on the Claim Chart.

1.37    **Distribution**.  Any distribution by the Reorganized Debtor to any Class, Claimant or Creditor.

1.38    **Effective Date.**    The first Business Day after the Confirmation Date, provided the Court has waived the provisions of Bankruptcy Rule 3020(e) and no stay of the Confirmation Order is in effect.  If the Bankruptcy Court does not waive the provisions of Bankruptcy Rule 3020(e), then the Effective Date will be the first business day which is at least fifteen (15) days following the date of entry of the Confirmation Order, assuming there has been no appeal from and order staying the effectiveness of the Confirmation Order.  If there has been an order entered staying the effectiveness of the Plan Confirmation Order, the Effective Date shall be the first business day after the stay is no longer in effect with respect to the Confirmation Order.

1.39    **Equity Security**.  An "equity security" as defined in § 101(16) of the Bankruptcy Code, including any and all shares of stock, warrants, options, or similar security.

1.40    **Equity Security Holders:**  A holder of an Interest or Equity Security. Attached hereto as Exhibit "G" is a list of all of the Debtors' Equity Security Holders as of the Petition Date.

1.41    **Equity Security Holders Chart:**  Exhibit "G" to this Disclosure Statement which lists all of Debtors' Preferred and Common Shareholders of record as of the Petition Date.

15

1.42    **Estates**.    The estates created for the Debtors in the Cases pursuant to Section 541 of the Bankruptcy Code.

1.43    **Estate Claim**.  A Claim belonging to any Estate.

1.44    **Exit Financing**.  Financing in the sum of approximately $20 to $23 million consisting of the following: (a) New Equity in the amount of $15 million to be raised by the Debtors and Provident through a private offering of the Reorganized Debtor's New Equity Securities; and (b) New Secured Debt in the amount of a $5 million to $8 million conventional loan and/or line of credit.

1.45    **General Unsecured Claim**.   A Claim against the Debtors that is not secured by a charge against, or an interest in, any of the Debtors' assets, including an Allowed Claim arising under § 502(g) of the Bankruptcy Code, but that is not an Administrative Claim, a Priority Claim, or a Priority Tax Claim.

1.46    **Interest**.  When "Interest" is used in the context of holding an equity security of any Debtor (and not used to denote (i) the compensation paid for the use of money for a specified time and usually denoted as a percentage rate of interest on a principal sum of money, or (ii)a security interest in property), then "Interest" shall mean an interest or share in a Debtor of the type described in the definition of  "Equity Security" herein.

1.47    **New Common Stock.**  The common stock of the Reorganized Debtor issued after the Effective Date.

1.48    **New Secured Debt:** The new conventional loan and/or line of credit with $5 million to $8 million available on or about the Effective Date obtained in connection with the Exit Financing, which will be senior secured debt with first priority liens on substantially all of the Reorganized Debtor's assets, except as provided in the Plan.

1.49    **New Equity:**  Up to $15 million raised by the Debtors and Provident in connection with the Exit Financing.  On the Effective Date or shortly thereafter, for every $15 of investment, the holders of the New Equity will receive: (a) one (1) share of New Common Stock; and (b) one (1) warrant to purchase New Common Stock on the Effective Date.

16

1.50    **New Equity Securities:** Any equity securities issued in connection with the Exit Financing.

1.51    **OUST:** Office of the United States Trustee

1.52    **Petition Date**.  March 4, 2010, the date on which the Debtors filed their voluntary Chapter 11 petitions commencing these Cases.

1.53    **Plan.**  The First Amended Joint and Consolidated Plan of Reorganization Dated April 22, 2011 as Modified (as may be further amended or modified) proposed by the Debtors.

1.54    **Post-Confirmation Status Report**.  The status report to be filed by the Reorganized Debtor within 120 days of the Confirmation Date, and each 120 days thereafter, or as otherwise ordered by the Court.

1.55    **Post-Effective Date Notice Parties**.  Any parties who have requested special notice post-Effective Date.

1.56    **Priority Claim**.  A Claim entitled to priority under § 507(a) of the Bankruptcy Code, other than a Priority Tax Claim pursuant to 11 U.S.C. § 507(a)(8).

1.57    **Priority Tax Claim**.  A Claim entitled to priority under § 507(a)(8) of the Bankruptcy Code.

1.58    **Professional Fee Applications**.  Applications filed pursuant to 11 U.S.C. §§ 330, 331, or 503(b)(4) for allowance of Administrative Claims relating to the compensation and reimbursement of expenses of Professionals employed pursuant to an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code for services performed and expenses incurred prior to the Effective Date.

1.59    **Professionals**.  The professionals, including attorneys, accountants, financial advisors and other professional persons retained by either the Debtors, the Estates, or the Committee in connection with the Cases.

1.60    **Provident**. INTL Provident Group, the Debtors' investment banker employed by order of the Bankruptcy Court effective as of November 9, 2010.

1.61    **Record Date**. February 9, 2011.

1.62    **Reorganized Debtor.**    The consolidated Debtors following the occurrence of the Effective Date of the Plan.

1.63    **Reserve Account**.    An account created pending the resolution of a Disputed Claim, containing a sufficient amount to satisfy such Disputed Claim in a manner consistent with that Claim's treatment under the Plan should it ultimately become an Allowed Claim.

1.64    **Schedules**. The Schedules of Assets and Liabilities filed by each Debtor in accordance with 11 U.S.C. § 521 and Bankruptcy Rule 1007, as the same may be amended from time to time in accordance with Bankruptcy Rule 1009 prior to the Effective Date.

1.65    **Secured Claim**.    A Claim that is secured by a lien against any assets of the Estate to the extent of the value of any interest in such assets of the Estate securing such Claim, or to the extent of the amount of such Claim subject to setoff in accordance with § 553 of the Bankruptcy Code, in either case determined pursuant to 11 U.S.C. § 506(a).

1.66    **Setal Entities**. The Debtors' senior secured lenders consisting of: Setal 1, LLC; Setal 2, LLC; Setal 3, LLC; Setal 4, LLC; Setal 5, LLC; Setal 6, LLC; and the Taylor Family Trust dated March 3, 1994 as amended in its entirety November 18, 1999.

1.67    **Subsequent Public Offering**.    The public offering of the Reorganized Debtor's securities pursuant to an S-1 Registration Statement to be as soon after the Effective Date as feasible.

1.68    **Substantive Consolidation Motion**.    The motion to substantively consolidate all eight Debtors under USDC effective on the date the Confirmation Order is entered.    The Substantive Consolidation Motion was approved pursuant to Bankruptcy Court Order entered on April 21, 2011.

1.69    **Substantive Consolidation Order**.    The *Order Approving Motion For Substantive Consolidation Of All Debtors* entered by the Bankruptcy Court on April 21, 2011.

1.70    **Subsidiary Debtors**.    All of the Debtors except USDC.

1.71    **Unsecured Claim**. Any Claim that is not secured by a lien on, security interest in, or charge against property of any Estate.

1.72    **USDC or USDCC.**  U.S. Dry Cleaning Services Corporation, a Delaware corporation, dba U.S. Dry Cleaning Corporation, one of the Debtors herein.  Also, pursuant to the Substantive Consolidation Order and upon entry of the Confirmation Order, the Debtors will be substantively consolidated under and into USDC and will be referred to thereafter as the "Reorganized Debtor."

**B.      Exhibits.**

All Exhibits to this Disclosure Statement are incorporated into and are part of this Disclosure Statement as if set forth in full herein.

## III.    BACKGROUND

**A.      Description and History of the Debtors' Business and a Summary of the Circumstances that Led to the Filing of the Debtors' Chapter 11 Cases.**

**1.      General Background.**

The Debtors commenced their bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 4, 2010.  The Debtors continue to operate their business and manage their financial affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.      On March 5, 2010, an order approving the joint administration of these Cases was entered by the Bankruptcy Court.

USDC, through its wholly owned subsidiaries[7] acquired in connection with its strategy to "rollup" the highly fragmented dry cleaning industry, has become one of the largest owners and operators of dry cleaning stores in the country.  The Debtors currently employ approximately 600 employees and own and operate seventy-one (71) dry cleaning stores and three (3) processing plants generating approximately $25 million in annual revenues.  USDC is a publicly

---

[7]USDC is the parent company of the following jointly administered debtors: Tuchman, which owns and operates 25 stores in Indianapolis; Portsmouth, which owns and operates 11 stores in Virginia; Fresno 1, which owns and operates 9 stores in Fresno, California and 2 in Arizona; Fresno 2, which owns and operates 5 stores in Fresno, California; CCI, which owns and operates 5 stores in the Inland Empire in California; and Steam Press, which is the parent company of Enivel, which owns and operates 14 stores in Hawaii.  USDC is also the parent company of the following non-debtor entities: US Dry Cleaning Franchise Corporation, which has no assets or operations and is intended to serve as the franchisor for the Debtors' operations once they begin to refranchise their stores; and USDCC CVR Merger Sub, LLC, which used to own and operate stores in Palm Springs, but no longer has any assets or operations.

19

traded Delaware corporation (Pink Sheets Electronic Quotation Service: UDRYQ), and is headquartered in Newport Beach, California. The Debtors operate in four principal markets – California, Hawaii, Indiana and Virginia. The Debtors' revenue is derived primarily from retail dry cleaning services, with an additional laundry business focused on hospitality in Hawaii. At all relevant times pre-petition, the Debtors operated as a single business entity.

The Debtors' business model is based on acquiring regulatory compliant, market dominant dry cleaning chains, improving efficiencies, and in the future, converting their stores into full service garment care retail stores and refranchising them. The Debtors' operational efficiencies are based, in large part, upon their development and implementation of an environmentally green centralized processing "hub and spoke" model, where the hub is the dry cleaning plant serving a cluster of stores. This model enables the Debtors to produce a superior and more efficient cleaning process for all stores. The hub and spoke model removes the actual processing of garments from the retail stores, which allows the stores to focus entirely on customer service and building revenue. Once the Debtors have improved the operational efficiencies, they intend to refranchise the stores, which will convert the current company owned stores into independently-owned franchises. This franchising opportunity offers franchisees the benefit of a turnkey operation with an existing presence in their markets and a proven track record. Also critical to the Debtors' business strategy will be an expansion of the products and services offered to customers to include full garment care such as handbag and shoe repair, alterations and tailoring, etc.

**2.      The Debtors' Secured Creditors as of the Petition Date.**

As of the Petition Date, the Setal Entities[8] were the Debtors' primary secured lender, with valid pre-petition liens against substantially all of the Debtors and their assets. The principal balance of the Setal Entities' secured debt as of the Petition Date (without late charges, penalties, attorney's fees and other charges) was approximately $13.77 million and the Setal Entities allege

---

[8] The Setal Entities consist of the following entities: Setal 1, LLC; Setal 2, LLC; Setal 3, LLC; Setal 4, LLC; Setal 5, LLC; Setal 6, LLC; and the Taylor Family Trust dated March 3, 1994 as amended in its entirety November 18, 1999.

that the balance owing as of December 31, 2010 including penalties, attorneys fees and other charges is in excess of $20 million.  The Setal Entities made or acquired the following nine loans (excluding the DIP Loan) to the Debtors:

> a. <u>Setal 1, LLC</u>:  Loan dated January 12, 2008 in the principal amount of $1.2 million, as modified and amended;

> b. <u>Setal 1, LLC</u>: Loan dated February 12, 2008 in the principal amount of $1.5 million, as modified and amended;

> c. <u>Setal 2, LLC</u>:  Loan dated December 31, 2005 in the principal amount of $1,041,616, as modified and amended;

> d. <u>Setal 3, LLC</u>: Loan dated May 28, 2008 in the principal amount of $2.5 million, as modified and amended;

> e. <u>Setal 4, LLC</u>: Loan dated June 26, 2008 in the principal amount of $2.0 million, as modified and amended;

> f. <u>Setal 5, LLC</u>: Loan dated June 26, 2008 in the principal amount of $1.5 million, as modified and amended;

> g. <u>Setal 6, LLC</u>: Loan dated May 15, 2009 in the principal amount of $2.0 million, as modified and amended;

> h. <u>Taylor Family Trust</u>: Loan dated March 20, 2009 in the principal amount of $975,000, as modified and amended; and

> i. <u>Taylor Family Trust</u>: Loan dated January 5, 2010 in the principal amount of $545,000, as modified and amended (the "2010 TFT Loan").[9]

During the period of February 14, 2008 through October 30, 2008, Setal 1, LLC, Setal 2, LLC, Setal 3, LLC, Setal 4, LLC, Setal 5, LLC and the Taylor Family Trust filed UCC Financing Statements against USDC, CCI, Enivel, Steam Press, Fresno, Fresno 2, Portsmouth and

---

[9] Martin Brill, a member of the Debtors' Board of Directors, owns a 36.7% interest in the 2010 TFT Loan, which loan is managed and partially owned by the Taylor Family Trust.  In accordance with the assignment pursuant to which he acquired his interest, Mr. Brill agreed to be bound by the terms of the note and authorized Lester E. Taylor, Jr., trustee of the Taylor Family Trust, to take any and all actions necessary for the collection, amendment and enforcement of the note.

Tuchman.    Setal 6, LLC filed additional UCC Financing Statements against Portsmouth and Tuchman on June 3, 2009.    On or about January 5, 2010, the Taylor Family Trust filed UCC Financing Statements against Tuchman and Portsmouth.

There are also Creditors holding Secured Claims based on equipment or automobile loans, and Creditors holding Secured Claims (see below).

### 3.    The Debtors' Disputed Secured Creditors.

On or about August 30, 2007, USDC, Fresno 1 and Fresno 2 (collectively, the "Fresno Debtors") entered into a securities transaction (the "Fresno Agreement") with Team Equipment, Inc. ("Team"), Bell Hop Cleaners of California, Inc. ("Bell Hop"), Team Enterprises, LLC ("Team Enterprises"), and Fabricare Services, Inc. ("Fabricare") whereby Fresno 1 and Fresno 2 acquired seventeen (17) dry cleaning stores in and around Fresno, California and two (2) dry cleaning stores in Arizona (collectively, the "Fresno Stores")    Team, Bell Hop, Team Enterprises and Fabricare are collectively referred to hereinafter as the Fresno Parties.

Under the terms of the Fresno Agreement, Team, Team Enterprises, Fabricare and Bell Hop received approximately $1.5 million in Cash, Team received approximately 2 million shares of common stock in USDC, Team received a certain 10% Senior Secured Convertible Note in the amount of $1,328,876 issued by USDC (the "Team Note"), and Bell Hop received a certain 10% Senior Secured Convertible Note in the amount of $306,664 issued by USDC (the "Bell Hop Note" and, together with the Team Note, the "Fresno Notes") in connection with the acquisition of the Fresno Stores.

The Fresno Notes were guaranteed by Steam Press, CCI, Fresno 1 and Fresno 2 (the "Guarantor Debtors").    USDC obligations under the Notes were secured by that certain Security Agreement entered into as of February 14, 2008 (the "Security Agreement") by the Guarantor Debtors.

The Fresno Notes were issued as part of a private placement of securities by the Debtors arising from the purchase and sale of securities to the Fresno Parties.    Mercer Capital, Ltd. ("Mercer") was the collateral agent for the Notes and other notes issued as part of this private placement (collectively, the "Mercer Notes").    As the collateral agent, Mercer was charged with

the duty of, among other things, filing UCC financing statements on behalf of, among others, Team, Bell Hop and Tom Jones.

Concurrently with the acquisition of the Fresno Stores in 2008, Fresno 1 and Tom Jones entered into that certain Employment Agreement (the "Employment Agreement") whereby Fresno 1 employed Tom Jones in the position of District President of the Fresno Business. Beginning on or about February 15, 2008, the Fresno Debtors and Tom Jones began operating under the terms of the Employment Agreement.  In or about April, 2009, Team and Bell Hop declared a default of the terms of the Fresno Notes.

In or about April 2009, the Fresno Parties learned that Mercer had failed to perfect the security interests by filing UCC financing statements with the California Secretary of State.  On April 14, 2009, after the date on which all of the Setal Entities' UCC Financing Statements were filed for the same Debtors, Team and Bell Hop filed UCC Financing Statements against USDC, Steam Press, CCI, Fresno, Fresno 2 and USDCC CVR Merger Sub, LLC   In an effort to resolve the alleged default under the Fresno Notes, USDC, Fresno 1 and Fresno 2 entered into that certain Master Agreement dated December 7, 2009 (the "Master Agreement") with Gamet Enterprises, Inc. ("Gamet"), Bell Hop and Team.

The Master Agreement provided under Section 3, "Confirmation of Collateral and Notes" as follows: "Borrower parties (USDCC, Fresno 1 and Fresno 2) consent to Manager [Gamet Enterprises] acting in such dual role and waive any conflict arising as a result of Manager [Gamet Enterprises] acting in such dual role, provided that nothing contained in this Section 3 shall constitute consent to Manager acting in breach of the express provisions of the Management Agreement so long as the Management Agreement (defined hereinafter) is in force and effect and Borrower Parties are in compliance therewith."  Among other things, the Master Agreement provided for a reaffirmation of the Fresno Notes and provided Bell Hop and Team with certain remedies in the event of the Debtors' default under the Fresno Notes.

Concurrently with the Master Agreement, the parties executed an agreement entitled "Management and Operating Agreement" ("Management Agreement"). The parties to the Management Agreement included USDC and the Fresno Debtors, on the one hand, and Gamet,

on the other hand.  Gamet is the managing agent for Team and Bell Hop, and is owned and controlled by Tom Jones.  The Management Agreement dictated the manner and methods in which Gamet would manage the Fresno Stores owned by the Fresno Debtors.

Pre-petition and based upon, among other things, the Debtors' alleged breach of the Fresno Notes, Team, Gamet and Bell Hop commenced a state court action (the "State Court Action") against certain of the Debtors, which was styled Team Equipment, Inc., Gamet Enterprises, LLC and Bell Hop Cleaners Of California, Inc. v. U.S. Dry Cleaning Services Corporation, a Delaware Corporation, dba U.S. Dry Cleaning Corporation, et al., Case No. 10 CE CG 00557.  The State Court Action was commenced on February 16, 2010 in the Superior Court of California (Fresno County).  Post-petition, the State Court Action was removed to the United States Bankruptcy Court for the Eastern District of California (Fresno Division) (the "Fresno Court") pursuant to Bankruptcy Court Order entered on July 23, 2010, and then venue was transferred from the Fresno Court to the United States Bankruptcy Court for the Central District of California (Santa Ana Division) pursuant to Bankruptcy Court Order entered on September 21, 2010 (the "Fresno Bankruptcy Action"). The Fresno Bankruptcy Action is now pending as an adversary proceeding in these Cases.  In connection with the Fresno Bankruptcy Action, Gamet, Team and Bell Hop have asserted claims that they allege may be covered by the D&O Insurance Policy.

Prior to the commencement of the Cases, Gamet was in control of the Fresno Debtors. Post-petition, Gamet refused to turn over control of the Fresno Debtors to the Debtors. Consequently, on September 29, 2010, the Debtors filed a complaint against, among others, the Fresno Parties, Gamet and Tom Jones for, among other things, turnover of property of the estate, violation of the automatic stay, avoidance of alleged liens as insider preferences and fraudulent transfers, subordination of Claims and Interests, etc.  This adversary is proceeding in the Bankruptcy Court, Adversary No. 8:10-ap-01459-RK (the "Gamet Adversary").  While the Fresno Parties, Gamet and Tom Jones have filed Secured Claims (collectively, the "Gamet Claims") in the Debtors' bankruptcy Cases, the Debtors dispute the validity of the alleged liens and the amount of the Gamet Claims.  In October of 2010, Gamet turned over management and

24

control of the Fresno Debtors to the Debtors.  Currently, the Fresno Bankruptcy Action and the Gamet Adversary are both pending adversary proceedings in these Cases, and involve substantially the same parties.

### 4.    Events Precipitating the Filing of these Bankruptcy Cases.

USDC was founded in 2005 to consolidate the highly fragmented dry cleaning industry. This rollup strategy requires significant capital for acquisitions, capital expenditures and working capital.  The Debtors grew rapidly from 2007 to 2009, tripling their revenue and meeting store cash flow projections, and growing from 200 to 600 employees.  In order to obtain additional financing to continue to implement their business strategy and finance their growth, in 2007, the Debtors' parent company went public.  The Debtors' business model, operations and success were dependent upon the Debtors' ability to access and obtain financing from the capital markets.  Unfortunately, significant and critical debt and equity financing that was expected became unavailable in light of the negative impact upon and freezing of the capital markets caused by the economic turmoil, which occurred in September 2008.  Consequently, the Debtors were forced to halt their growth and internally finance the assimilation of the acquisitions completed in 2008 through their own working capital.  The internal working capital alone, however, was not sufficient to retire the debt due between December 2009 and March 2010. Making matters worse, the Debtors were denied access and control over their 19 store operation in Fresno, California and Arizona by Gamet, which was managing these stores for the Debtors. This further negatively impacted the Debtors' cash flow and ability to meet their obligations.

Based on the foregoing, the Debtors were late in paying rent to many of their landlords, resulting in receipt of many notices to pay rent or quit.  In addition, all of the Debtors' debt became due between December 2009 and March 2010.

Beginning in the fourth quarter of 2008, in an effort to address their financial difficulties and prior to the commencement of their bankruptcy Cases, the Debtors took the following steps to reduce overhead: (1) eliminated all investor relations activity, resulting in annual savings of approximately $480,000; (2) eliminated regulatory and accounting reporting, resulting in annual savings of approximately $600,000; (3) reduced levels of senior management and staff to

25

minimal levels, resulting in annual savings of approximately $1,240,000; and (4) eliminated assimilation consultants, resulting in annual savings of approximately $700,000.  In addition, the Debtors significantly improved their debt structure by converting $7 million of debt into equity.  As a further improvement to cash flow, the Debtors' senior management deferred a portion of their compensation.

The Debtors continued to attempt to secure long-term capital to replace their short-term debt.  While the Debtors' actions were (and are) instrumental in their efforts to reorganize, they were not sufficient to resolve the Debtors' financial problems.  Consequently, in order to preserve their stores and overall business operations, the Debtors commenced these Cases on the Petition Date.

**B.    Debtors' Current Management and Board of Directors.**

Robert Y. Lee is the Debtors' President and Chief Executive Officer.  Mr. Lee manages and oversees the Debtors and their business operations.  Charles T. Moffitt is the Debtors' Chief Restructuring Officer, and is charged with the duties of a Chief Financial Officer pursuant to that certain *Stipulation To Appoint Charles T. Moffitt As Debtors' Chief Restructuring Officer* (the "Moffitt Stipulation"), which was approved pursuant to Bankruptcy Court order entered on August 27, 2010.

The Debtors' board members currently consist of: Robert Y. Lee, Martin J. Brill, Michael Drace and Timothy Rand.  Please see Exhibit "H" to the Disclosure Statement for a brief description of the background of the Reorganized Debtors' proposed board members.  Exhibit "H" also includes information on the Reorganized Debtors' proposed post-Confirmation management, which is described more thoroughly below in Article IV.D.3.

**C.    Significant Events During the Bankruptcy.**

The following is a list of significant events which have occurred during these cases:

**1.    The Fresno Debtors.**

As referenced in Section III.A.3 above, the Debtors' efforts during the early stage of these Cases focused on, among other things, attempting to remove Gamet as manager of the Fresno Debtors.  The Debtors believed at the time, and still believe, that under Gamet's control,

unauthorized expenditures were made from the Fresno Debtors. The Debtors' filed an

emergency motion to, among other things, terminate the Master Agreement, the Management

Agreement and the Employment Agreement with Tom Jones. The Bankruptcy Court determined

that Gamet could remain in control and possession of the Fresno Debtors, and it was not until

October 2010 that Gamet turned over control and possession of the Fresno Debtors to the

Debtors. Gamet and its related entities and/or affiliates have filed over twenty-five proofs of

claim and interest in these Cases including numerous duplicate claims. In the Gamet Adversary,

the Debtors have also objected to these proofs of claims and interests.

### 2.    Cash Collateral.

The Debtors' efforts during the early part of these Cases also focused on obtaining use of

cash collateral as that was a critical element to the continuation of the Debtors' business

operations. Gamet, Team and Bell Hop (collectively, the "Gamet Parties") vigorously objected

to the Debtors' use of the Fresno Debtors' cash collateral. The Committee also objected to the

Debtors' use of cash collateral. After good faith negotiations, the Setal Entities, the Gamet

Parties, and the Committee agreed upon a form of order for interim use of cash collateral.

Currently, the Debtors' use of cash collateral is authorized on an interim basis through and

including June 26, 2011.

### 3.    Appointment of Creditors' Committee.

The United States Trustee appointed the following seven (7) members to the Joint

Official Committee of Unsecured Creditors on March 17, 2010:

· Baker Commodities, Inc.

· Spot Business Systems

· United Fabricare Supply, Inc.

· Fairfax Sixplex, LLC

· Mercer Capital

· R.E. Monks Construction Company

· Michael & Elizabeth Eggiman

27

On April 13, 2010, the United States Trustee filed a second amended notice of appointment of the Committee, which replaced R.E. Monks Construction Company with Joan Kushner. In or about December 2010, Ms. Kushner withdrew from the Committee, and there are currently six (6) members of the Committee.

### 4.    Debtor-In-Possession Financing.

Pursuant to Bankruptcy Court order entered on November 12, 2010, the Debtors obtained a post-petition line of credit of up to $1 million extended by the Setal Entities to the Debtors. As of April 19, 2011, the Debtors owe $738,171.58 on the line of credit.

### 5.    Employment of Professionals.

The Debtors have employed the following professionals during these Cases:

a.    Winthrop Couchot, P.C. ("Winthrop Couchot") as their bankruptcy counsel effective as of the Petition Date pursuant to Bankruptcy Court order entered on April 30, 2010. Winthrop's employment was terminated effective as of July 26, 2010 pursuant to Bankruptcy Court order entered on August 26, 2010.

b.    Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("WRSSR") as their substitute bankruptcy counsel effective as of July 23, 2010, which employment was approved pursuant to Bankruptcy Court order entered on November 12, 2010.

c.    Brian Weiss as their Chief Restructuring Officer pursuant to Bankruptcy Court order entered on July 23, 2010 with Mr. Weiss' resignation deemed effective as of August 4, 2010 pursuant to Bankruptcy Court order entered on August 11, 2010.

d.    C.T. Moffitt & Company as their substitute financial advisor and Charles T. Moffitt as their substitute Chief Restructuring Officer effective as of July 27, 2010, which employment was approved pursuant to Bankruptcy Court order entered on August 27, 2010.

e.    National Securities Corporation ("National") as their investment banker effective as of May 10, 2010 pursuant to Bankruptcy Court order entered on August 26, 2010. National's employment was terminated effective as of November 9, 2010.

28

f.     INTL Provident Group (previously defined as "Provident") as the Debtors' substitute investment banker effective as of November 9, 2010 and pursuant to Court order entered on January 11, 2011.

g.     Fulbright & Jaworski L.L.P. as the Debtors' special securities and corporate counsel effective as of September 14, 2010 pursuant to Bankruptcy Court order entered on November 10, 2010.

The Committee has employed the following professionals during these Cases:

a.     Duane Morris LLP as their bankruptcy counsel effective as of March 24, 2010 pursuant to Bankruptcy Court order entered on June 2, 2010.

**6.     The Motion to Withdraw as Bankruptcy Counsel by Debtors' Former Bankruptcy Counsel, the Resignation of the Debtors' Former Chief Restructuring Officer and the Motion to Appoint a Chapter 11 Trustee Filed by the OUST.**

The Debtors were informed on the afternoon of July 19, 2010 that their then-current bankruptcy counsel, Winthrop Couchot, was filing a motion to withdraw as counsel (the "Withdraw Motion")[Docket # 251]. The same day the Withdraw Motion was filed, the Office of the United States Trustee (the "OUST") filed its *Motion to Appoint a Chapter 11 Trustee in All Eight Cases* (the "Trustee Motion")[Docket #252] concurrently with an application for the Trustee Motion to be heard on shortened notice. This application was granted, and the hearing on the Trustee Motion was set for July 27, 2010 at 8:30 a.m. The Trustee Motion included, as an exhibit, a file stamped copy of the Withdraw Motion.

The Debtor's President and Chief Executive Officer, Robert Y. Lee, was out of the state from Tuesday, July 20, 2010, until Friday, July 23, 2010, attending meetings related to, among other things, obtaining exit financing for the Debtors. While Mr. Lee was out of town, members of the Debtors' board of directors attempted to vet various firms to replace Winthrop Couchot. Friday, July 23, 2010, was the first day Mr. Lee was available to interview potential new counsel, and he spent all day doing so. The Debtors' then-proposed, substitute bankruptcy counsel, WRSSR, was informed that night that the Debtors wanted to engage them for these Cases. WRSSR then had to perform conflict checks and related issues, and sent a Substitution of

Attorney to Winthrop Couchot on Sunday, July 25, 2010. On July 26, 2010, the Debtors' then-current Chief Restructuring Officer (or "CRO"), Brian Weiss ("Weiss"), submitted his resignation to the Debtors. The Debtors immediately began interviewing potential CROs, and retained Charles T. Moffitt as their CRO effective as of July 27, 2010.

The Trustee Motion alleged, among other things, that the Debtors and their management repeatedly failed to follow the Bankruptcy Code, Bankruptcy Rules and/or Local Bankruptcy Rules. The Trustee Motion did not make any fraud allegations. The Debtors' disputed the OUST's allegations.

After the Withdraw Motion was granted, Winthrop Couchot asserted an Administrative Claim in excess of $420,000 against the Debtors' estates. Subsequently, the Debtors and Winthrop Couchot reached an agreement pursuant to which Winthrop Couchot receives an Administrative Claim of $200,000 to be satisfied as follows: (i) Winthrop Couchot shall apply the $94,000 in its trust account to its Administrative Claim; (ii) Winthrop Couchot shall be paid $56,000 by the Reorganized Debtor within fifteen (15) calendar days of the Effective Date; and (iii) within fifteen (15) calendar days after the Subsequent Public Offering, Winthrop Couchot shall be paid $50,000 by the Reorganized Debtor from the proceeds of the Subsequent Public Offering. The Debtors sought approval of this agreement pursuant to their *Motion Pursuant To Bankruptcy Rule 9019 For Entry Of An Order Approving A Settlement By And Between The Debtors And Winthrop Couchot Professional Corporation* (the "WC Motion") which was filed on February 1, 2011 [Docket No. 562]. As set forth in more detail in the WC Motion, Winthrop Couchot waived approximately $220,000 of its alleged Administrative Claim, and the parties entered into mutual releases. The WC Motion was approved pursuant to Court order entered on April 5, 2011 [Docket No. 605].

In the midst of retaining new counsel and a new CRO, the first hearing on the Trustee Motion was held on July 27, 2010. Subsequent, evidentiary hearings were held on the following dates: (i) July 29, 2010; (ii) August 2, 2010; (iii) August 5, 2010; and (iv) August 27, 2010. A continued evidentiary hearing was scheduled for September 13, 2010. However, on September 10, 2010, the Debtors, the OUST, the Committee and the Setal Entities entered into that certain

"Stipulation to Continue the Evidentiary Hearings on the United States Trustee's Motion to Appoint a Chapter 11 Trustee in All Eight Cases" (the "OUST Stipulation") [Docket No. 361]. Pursuant to the OUST Stipulation, the OUST agreed to continue the evidentiary hearing on the Trustee Motion provided the Debtors, among other things, filed updated declarations on the status of the Exit Financing.  Based upon declarations filed by the Debtors, the hearing on the Trustee Motion has been continued three times as of the date this Disclosure Statement was filed, with the next scheduled for the same date and time as the Confirmation Hearing.

## 7.    Assumption of Non-Residential Real Property Leases.

On or about September 9, 2010, the Debtors' filed their *Motion Pursuant To Section 365(A) Of The Bankruptcy Code And Bankruptcy Rules 6004 And 6006 For Entry Of An Order Authorizing The Assumption Or Rejection Of Certain Non-Residential Real Property Leases And For Various Related Relief* (the "First Lease Motion") pursuant to which approximately forty-one (41) non-residential real property leases were assumed.  On or about December 14, 2010, the Debtors' filed their *Second Motion Pursuant To 11 U.S.C. §§ 365(A) And 365(D)(4)(B)(Ii) And Bankruptcy Rules 6004 And 6006 For Entry Of An Order (1) Authorizing The Assumption Of Certain Non-Residential Real Property Leases; (2) Extending The Deadline To Assume Or Reject Certain Non-Residential Real Property Leases; And (3) Granting Related Relief* (the "Second Lease Motion").  Pursuant to the Second Lease Motion, the Debtors assumed an additional three (3) leases and extended the deadline to assume or reject the non-residential real property leases for twenty-six (26) locations.  On or about April 8, 2011, the Debtors filed their *Third Motion Pursuant To 11 U.S.C. §§ 365(A) And 365(D)(4)(B)(Ii) And Bankruptcy Rules 6004 And 6006 For Entry Of An Order (1) Authorizing The Assumption Of Certain Non-Residential Real Property Leases; (2) Extending The Deadline To Assume Or Reject Certain Non-Residential Real Property Leases; And (3) Granting Related Relief* (the "Third Lease Motion").  The hearing on the Third Lease Motion is scheduled for April 29, 2011 at 1:30 p.m. Pursuant to the Third Lease Motion, the Debtors are seeking to assume twelve (12) leases and extend the deadline to assume or reject the non-residential real property leases for fourteen (14) leases.  *See,* Article IV.E of the Disclosure Statement for detail regarding the treatment of the

fourteen (14) unexpired non-residential real property leases which will not have been assumed prior to the Confirmation Hearing.

**8.    Exit Financing and Subsequent Public Offering.**

The Plan will be funded by new financing in the total sum of approximately $20 million to $23 million as follows: (a) $15 million of New Equity to be raised by the Debtors through a private offering of the Reorganized Debtor's New Equity Securities; and (b) $5 million to $8 million of New Debt through a conventional loan and/or line of credit which will be secured by senior liens against substantially all of the Reorganized Debtor's assets.

Pursuant to the terms of Provident's engagement, after securing the New Equity and after the Effective Date, Provident will engage with the Reorganized Debtor towards a Subsequent Public Offering on a "firm commitment" basis, subject to the conditions contained in its engagement letter, a copy of which is attached hereto as Exhibit "F." Under the Plan and as set forth more fully in Article IV.C below, Creditors will receive New Common Stock issued in connection with the Subsequent Public Offering.

It is the intention of the Reorganized Debtor to effect such Subsequent Public Offering within one year after the Effective Date. There can be no assurance that the Reorganized Debtor will be able to effect a Subsequent Public Offering. Factors that will impact the Reorganized Debtor's ability to effect a Subsequent Public Offering include but are not limited to the ability of the Reorganized Debtor to obtain audits of prior year financial statements, the ability of the Reorganized Debtor to get current in its filings with the Securities and Exchange Commission and the existence of favorable market conditions. While the Debtors have an engagement letter with Provident to effect a Subsequent Public Offering, there is no legally binding obligation to effect such an offering and therefore no assurance can be given that such Subsequent Public Offering will be consummated.

**9.    Motion to Substantively Consolidate All of the Debtors' Cases Upon Plan Confirmation.**

On January 6, 2011, the Debtors filed their motion to substantively consolidate their eight Cases upon entry of the Confirmation Order. The Substantive Consolidation Motion was

32

approved pursuant to Bankruptcy Court Order entered on April 21, 2011 [Docket No. 621] (the "Substantive Consolidation Order").  Pre-petition, the Debtors operated as one consolidated entity, no creditors will be harmed by the substantive consolidation and the Debtors' ability to successfully raise exit financing is dependent upon the substantive consolidation of the Cases. As set forth in the Substantive Consolidation Order, the Debtors will be substantively consolidated upon entry of the Confirmation Order under USDC, and the following will take effect:

a.    All intercompany Claims by, between and among the consolidated Debtors shall be extinguished.

b.    All assets and liabilities of each of the Subsidiary Debtors will be deemed to be the assets and liabilities of USDC.

c.    Any obligation of a consolidated Debtor and all guarantees thereof by one (1) or more of the other consolidated Debtors shall be deemed to be one (1) obligation of USDC.

d.    The stock of the Subsidiary Debtors shall be deemed cancelled.

e.    Each Claim or Interest filed against any Subsidiary Debtor shall be deemed to be filed only against USDC and shall be deemed to be a single Claim or Interest against and/or a single obligation of USDC.

f.    Each Claim scheduled by more than one consolidated Debtor shall be deemed to be scheduled only by USDC and shall be deemed to be a single Claim and/or obligation of USDC.

g.    All Claims based upon guarantees of collection, payment or performance made by the consolidated Debtors as to the obligations of another consolidated Debtor shall be released and of no further force and effect.

## IV.    CLASSIFICATION AND TREATMENT OF CLAIMS
## AND INTERESTS UNDER THE PLAN

### A.    What Creditors and Interest Holders Will Receive Under the Plan

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various Classes according to their right to priority.  The Plan states whether each Class of Claims or

Interests is impaired or unimpaired.  The Plan provides the treatment each Class will receive.

**B.    Unclassified Claims**

Certain types of Claims are not placed into voting Classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Debtors have <u>not</u> placed the following Claims in a Class.

**1.    Administrative Expenses**

Administrative expenses are Claims for costs or expenses of administering the Debtors' Chapter 11 Cases which are allowed under Bankruptcy Code Section 507(a)(1).  Allowed Administrative Claims representing post-Petition Date liabilities incurred by the Debtors in the ordinary course of their business shall be paid in full in accordance with the terms and conditions of the particular transaction giving rise to such liabilities and any agreements relating thereto. The Bankruptcy Code requires that all Administrative Claims be paid on the Effective Date unless a particular Claimant agrees to a different treatment.  While the Debtors' Chapter 11 Cases remain open, the Reorganized Debtor will continue to (i) file with the United States Trustee monthly operating reports; and (ii) timely pay fees incurred pursuant to 28 U.S.C. § 1930(a)(6).

The following chart lists all of the Debtors' § 507(a)(1) administrative claims and their treatment under the Plan.

| NAME | AMOUNT OWED[10] | TREATMENT |
|------|------|------|
| Clerk's Office Fees | $0 (Estimate) | Paid in full on the Effective Date by the Reorganized Debtor |
| Office of the U.S. Trustee Fees | $0 (Estimate) | Paid in full on the Effective Date by the Reorganized Debtor |

---

[10] The amounts set forth in this chart are estimates of the administrative claim amount that the Debtors believe each Administrative Claimant will be entitled to on the Effective Date.  The amounts set forth in this chart are subject to change.  The Debtors believe that some of the Professional Fees will either be reduced by objection thereto or by voluntary reduction, or that Professionals will take one –half of their fees in New Common Stock at the Discounted Stock Price.  The Debtors reserve their right to object to each of these Administrative Claims.

34

| NAME | AMOUNT OWED[10] | TREATMENT |
|---|---|---|
| Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, bankruptcy counsel to the Debtors | Approximately $450,000 in addition to the post-petition retainer and monthly fee payments paid by the Debtors | Paid in full by the Reorganized Debtor on the later of the Effective Date and the date the Court enters an order allowing such fees and expenses. |
| INTL Provident Group, the Debtors' investment banker | Approximately $1 million pursuant to the Exit Financing and Provident's employment agreement | Paid in full on the later of (i) the Effective Date, or (ii) the closing of the Exit Financing. |
| C.T. Moffitt & Company and Charles T. Moffitt, the Debtors' financial advisors and Chief Restructuring Officer | Approximately $215,000 | Paid in full by the Reorganized Debtor on the later of the Effective Date and the date the Court enters an order allowing such fees and expenses. |
| Fulbright & Jaworski, LLP, the Debtors' special corporate and securities counsel. | Approximately $100,000 | Paid in full by the Reorganized Debtor on the later of the Effective Date and the date the Court enters an order allowing such fees and expenses. |
| Duane Morris LLP, counsel to the Committee | Approximately $500,000 | Paid in full by the Reorganized Debtor on the later of the Effective Date and the date the Court enters an order allowing such fees and expenses. |
| Winthrop Couchot, LLP ("Winthrop Couchot"), the Debtors' former bankruptcy counsel | $106,000 (of which $56,000 is due within fifteen (15) days of the Effective Date) | As described in more detail in Article III.C.6 above, the Debtors and Winthrop Couchot entered into a settlement pursuant to which Winthrop Couchot obtained a $200,000 Administrative Claim.  Of that Administrative Claim, $106,000 remains owing as of the date this Disclosure Statement was filed. Pursuant to the order approving the WC Motion, the $106,000 Administrative Claim shall be paid as follows: (i) Winthrop Couchot shall be paid $56,000 by the Reorganized Debtor within fifteen (15) calendar days of the Effective Date; and (ii) within fifteen (15) calendar days after the Subsequent Public Offering, Winthrop Couchot shall be paid $50,000 by the Reorganized Debtor from the proceeds of the Subsequent Public Offering. |

| Name | Amount Owed[10] | Treatment |
|---|---|---|
| Brian Weiss, former Chief Restructuring Officer | $24,000 | The Debtors and Mr. Weiss reached an agreement pursuant to which Mr. Weiss received a $24,000 Administrative Claim against these Estates. This agreement was approved pursuant to Court order entered on April 8, 2011 [Docket No. 612]. Pursuant to this agreement, the Claim is to be paid in seven (7) equal installments. To the extent it has not been paid in full by Confirmation, the remaining balance will be paid as soon as practicable on or after the Effective Date. |
| Setal Entities | $775,000 | Payment in full by the Reorganized Debtor on the Effective Date or as soon as practicable thereafter. This amount is subject to change as it based on the $1 million DIP Loan. As of April 19, 2011, the outstanding balance on the DIP Loan is $739,000. |
| Administrative Claims Related to Leases Rejected Post-Petition | $15,000 | Payment in full by the Reorganized Debtor on the Effective Date or as soon as practicable thereafter. |
| **TOTAL** | $3 million est. (see Footnote 10) | Paid in the manner described above |

Court Approval of Fees Required:

The Bankruptcy Court must approve all Professional fees and expenses listed in this chart before they may be paid. For all Professional fees and expenses except fees owing to the Clerk of the Court and fees owing to the Office of the United States Trustee (the "OUST"), the Professional in question must file and serve a properly noticed fee application and the Court must rule on the application, unless payment of such fees and expenses has previously been approved by this Court pursuant to 11 U.S.C. § 328(a). Only the amount of fees and expenses allowed by the Court will be required to be paid under the Plan. The Administrative Claim amounts set forth above for Professional fees and expenses simply represent the Debtors' best estimate as to the amount of Allowed Administrative Claims for Professional fees and expenses in these Cases, making the assumption that the Debtors make all of the post-petition Professional fee monthly payments that the Debtors are authorized to make pursuant to the Court approved

budget and related orders.  The actual Administrative Claims for Professional fees and expenses may be higher or lower.  By voting to accept the Plan, Creditors are <u>not</u> acknowledging the validity of, or consenting to the amount of, any of these Administrative Claims for Professional fees and expenses, and Creditors are <u>not</u> waiving any of their rights to object to the allowance of any of these Administrative Claims for Professional fees and expenses.  Also, the Professionals employed in these Cases may, prior to the Effective Date, seek Court approval of interim fees and expenses incurred in excess of the post-petition Professional fee monthly payments received by such Professionals.  To the extent any such interim fees and expenses are allowed by the Bankruptcy Court and paid by the Debtors prior to the Effective Date, that will reduce the amount of Professional fees and expenses to be paid by the Reorganized Debtor.

**The last day to file Chapter 11 Administrative Claims (except for ordinary post-petition operating obligations and Professional fees and expenses) is thirty (30) days after the Effective Date.**  Administrative expenses will be paid on the later of the Effective Date or 14 days after the entry of a non-appealable order allowing the Administrative expense, unless the administrative Claimant has consented otherwise in writing.  Post-petition trade Claims incurred by the Debtors in the ordinary course of their business shall be paid according to ordinary trade terms in the absence of an express agreement to the contrary.

As indicated above, the Debtors estimate that they will need to pay approximately $3 million of Administrative Claims on the earlier of the Effective Date and the date the Bankruptcy Court enters an order allowing such fees and expenses.  The figures set forth above are just estimates of what the Debtors anticipate will be the ultimate allowed amount of such Administrative Claims in these Cases.  The actual Administrative Claims could be higher or lower depending upon a number of factors to be resolved in these Cases.  Moreover, the Debtors reserve the right to review and, if appropriate, object to any requests for allowance of administrative expense Claims, including fee applications of all Professionals.

### 2.    Priority Tax Claims

Priority Tax Claims include certain unsecured income, employment and other taxes described by Section 507(a)(8) of the Bankruptcy Code not secured by a lien in the Debtors'

assets.  The Bankruptcy Code requires that each holder of such a Section 507(a)(8) Priority Tax claim receive the present value of such Claim in deferred Cash payments (i) of a total value, as of the Effective Date, equal to the allowed amount of such Claim, (ii) over a period ending not later than five (5) years from the Petition Date, and (iii) in a manner not less favorable than the most favored nonpriority unsecured Claim provided for under the Plan.

While the Debtors propose to pay the majority of Priority Tax Claims over a period ending not later than five (5) years from the Petition Date, the Debtors reserve the right to pay any Allowed Priority Tax Claim in full either upon the Effective Date or at the time of the Subsequent Public Offering.  To the extent the Debtors propose to pay a Priority Tax Claim upon the Effective Date, the Debtors are proposing to pay such Claim as soon as practicable after the Effective Date.

The Debtors believe that there are approximately $749,000 of Section 507(a)(8) Priority Tax Claims as set forth more fully in the chart below.

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| City of Chesapeake, Treasurer ("CCT")<br><br>Mailing Address:<br><br>City of Chesapeake, Treasurer<br>P.O. Box 16495<br>Chesapeake, VA 2338-6495<br><br>Type of Tax = Bus. Lic. Tax, Bus. Prop. Tax<br><br>Proof of Claim: No. 46-1<br><br>Claim Filed Against: Portsmouth | $248.22 | CCT filed a Proof of Claim in the amount of an $8,253.36 Secured Claim and a $248.22 General Unsecured Claim. CCT's alleged Secured Claim is for personal property tax.  CCT is not entitled to a Secured Claim, and the Debtors dispute the amount of CCT's alleged Secured Claim<br><br>Depending on the amount of CCT's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or will pay CCT on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |

---

[11] The amounts set forth in this chart are estimates of the Claim amount that the Debtors believe each Claimant is entitled to on the Effective Date.  The Debtors reserve their right to object to each of these Claims.

| Description | Amount Owed[11] | Treatment |
|---|---|---|
| City of Newport News ("CNN")<br><br>Mailing Address:<br><br>City of Newport News, Virginia<br>City Attorney's Office<br>2400 Washington Ave.<br>Newport News, VA 23607<br><br>Type of Tax = Secured Real & Personal Property Taxes, Priority Business Taxes, Unsecured Municipal Fees<br><br>Proof of Claim: No. 19-1 and 20-1 (Duplicates)<br><br>Claim Filed Against: Portsmouth | $425 | CNN filed two identical Proofs of Claim in the total amount of $1,568.64. The Debtors paid $818.93 of the Priority Claim listed on the claims on 7/2/2010. The Debtors agree that CNN is entitled to a Priority Tax Claim in the amount of $425 and a General Unsecured Claim of $324.71.<br><br>Depending on the amount of CNN's Allowed Priority Tax Claim, Debtors will either pay the Claim in full on the Effective Date or will pay CNN in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| City of Norfolk, Virginia ("CNV")<br><br>Mailing Address:<br><br>City of Norfolk, Virginia<br>Attn: Authorized Agent<br>P.O. Box 3215<br>Norfolk, VA 23514-3215<br><br>Type of Tax = Business Property Tax<br><br>Proof of Claim: No. 28-1 and 45-1 (Duplicates)<br><br>Claim Filed Against: Portsmouth | $47.30 | CNV filed two duplicate Claims except one asserted a Priority Claim and one asserted a Secured Claim. Debtors will object to the Secured Claim in an omnibus set of objections. The Debtors agree CNV is entitled to one Priority Claim in the amount of $47.30.<br><br>CNV will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter.<br><br>**This Claim is Disputed as a Duplicate.** |
| City of Virginia Beach ("CVB")<br><br>Mailing Address:<br><br>City of Virginia Beach Treasurer<br>Bankruptcy Records<br>2401 Courthouse Drive<br>Virginia Beach, VA 23456<br><br>Type of Tax = Personal Property Tax, Interest and Penalties<br><br>Proof of Claim: No. 141-1<br><br>Claim Filed Against: Enivel but "Name of Debtor" is Portsmouth | $1,247.00 | The Debtors scheduled CVB with a $1,247 Priority Claim. The Debtors dispute the remainder of CVB's $21,168.91 Claim (which was filed in the incorrect Case of Enivel).<br><br>Depending on the amount of CVB's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or will pay CVB on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such Priority Tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| County of San Bernardino ("CSB")<br><br>Mailing Address:<br><br>County of San Bernardino<br>Office of the Tax Collector<br>172 West Third Street<br>San Bernardino, CA 92415<br><br>Type of Tax = Unknown<br><br>Proof of Claim: No. 15-1<br><br>Claim Filed Against: CCI | $215.25 | The Debtors scheduled CSB with a $215.25 Priority Claim.  CSB filed a $3,709.71 Secured Claim against CCI.  The Debtors dispute the remainder of CSB's Claim.  Additionally, there is no backup or evidence to CSB's alleged Claim.<br><br>Depending on the amount of CSB's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or will pay CVB on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such Priority Tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| Employment Development Department (California) ("EDD")<br><br>Mailing Address:<br><br>Employment Development Department<br>Bankruptcy Group MIC 92E<br>P.O. Box 826880<br>Sacramento, CA 9428-0001<br><br>Type of Tax = Payroll<br><br>Proof of Claim: No. 16-1<br><br>Claim Filed Against: CCI | $13,224.67 | USDC scheduled the EDD with a $13,224.67 Priority Claim.  Claim No. 16-1 includes amounts that were paid and asserts a $21,175.94 priority and unsecured Claim against CCI.  The Debtors intend to object to this Claim.  Additionally, there is no backup or evidence to EDD's alleged claim.<br><br>Depending on the amount of EDD's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or will pay EDD on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such Priority Tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |

40

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Franchise Tax Board ("FTB")<br><br>Mailing Address:<br><br>Bankruptcy Section MS A340<br>Franchise Tax Board<br>PO Box 2952<br>Sacramento, CA 95812-2952<br><br>Type of Tax = Unknown<br><br>Proof of Claim: Nos. 35-1 (CCI), 36-1 (Fresno 1), 22-1(Fresno 2), 23-1(Fresno 2), 59-1(Portsmouth), 36-1(Tuchman), 48-1(USDC)<br><br>Claims Filed Against: CCI, Fresno 1, Fresno 2, Portsmouth, Tuchman, USDC | $12,800 | The FTB filed at least seven Proofs of Claim against six Debtors asserting approximately $555,000 in Priority Claims and over $100,000 in general Unsecured Claims. Because the Debtors have not filed tax returns, the FTB apparently estimated taxes owed based on the prior owners' tax returns. Once the Debtors become current on their tax returns, they believe they will be successful in objecting to these Claims due to the Debtors' combined losses. The Debtors' estimate of what is owed to the FTB is approximately $12,800. The Debtors intend to object to these Claims unless they can reach an alternative agreement with the FTB.<br><br>Depending on the amount of FTB's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or upon the Subsequent Public Offering, or will pay FTB on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax Claims following the Effective Date at the rate provided for pursuant to 11 U.S.C. § 511.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| Hamilton County Treasurer ("Hamilton")<br><br>Mailing Address:<br><br>Hamilton County Treasurer Courthouse<br>33 N. 9th Street #112<br>Noblesville IN 46060<br><br>Type of Tax = Property and Payroll<br><br>Proof of Claim: N/A. Scheduled Claim (Tuchman).<br><br>Claim Filed Against: N/A | $3,559.39 | Hamilton will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter. |

41

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Hancock County ("Hancock")<br><br>Mailing Address:<br><br>Hancock County<br>111 South American Legion Place<br>Greenfield, IN 46140<br><br>Type of Tax = Payroll<br><br>Proof of Claim: N/A.  Scheduled Claim (Tuchman).<br><br>Claim Filed Against: N/A | $4.57 | Hancock will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter. |
| Hendricks County Treasurer ("Hendricks")<br><br>Mailing Address:<br><br>Hendricks County Treasurer<br>Attn: Corporate Officer<br>P.O. Box 6037<br>Indianapolis, IN 46206-6037<br><br>Type of Tax = Payroll and Property<br><br>Proof of Claim: N/A.  Scheduled Claim (Tuchman).<br><br>Claim Filed Against: N/A | $2,475.36 | Hendricks will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter. |

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Internal Revenue Service ("IRS")<br><br>Mailing Address:<br><br>Internal Revenue Service<br>Insolvency Group 6<br>300 North Los Angeles St., M/S 5022<br>Los Angeles, CA 90012<br><br>Type of Tax = Withholding, Corporate<br><br>Proof of Claim: Nos. 1-1 (Enivel), 1-2 (Enivel), 9-1 (CCI), 13-1 (Fresno 1), 37-1 (Portsmouth), 13-1 (Tuchman), 25-1 (USDC), 14-1 (USDC Fresno)<br><br>Claims Filed Against the Following Debtors:<br>Enivel<br>CCI<br>Portsmouth<br>Tuchman<br>Fresno 1<br>USDC<br>Steam Press | $499,448 | The IRS filed at least eight Proofs of Claim against various Debtors in a total amount in excess of $1 million.  Many of these Claims were based on estimates of the various Debtors' alleged income as the Debtors did not file federal tax returns for at least the three year period prior to the Petition Date.  The Debtors intend on objecting to the IRS claims.  As part of the compliance that will be necessary for the Subsequent Public Offering, the Debtors will be filing federal tax returns.  The Debtors estimate that they owe approximately $499,448 to the IRS.<br><br>With respect to any Allowed Claim of the IRS, the IRS shall be paid in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such Tax Claims following the Effective Date at the fixed rate equal to the rate set forth in 26 U.S.C. § 6621 existing on the Effective Date, which the Debtors believe will be 3.43%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| Los Angeles County Treasurer and Tax Collector<br><br>Mailing Address:<br><br>Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110<br><br>Type of Tax = Property Taxes | $0 | The Los Angeles County Tax Collector filed a property tax claim based on property purportedly owned by the Debtors in Glendale.  The Debtors do not have any property or store locations in Glendale.  The name on the tax bill is "Kim, Danny DBA.", and not the Debtors' name.  The Debtors do not owe any money to the Los Angeles County Tax Collector.<br><br>**This Claim is Disputed – Debtors to Object to Claim Unless Claim is Withdrawn.** |

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Orange County Treasurer and Tax Collector ("OCT")<br><br>Mailing Address:<br><br>Orange County Treasurer and Tax Collector<br>Attn: Bankruptcy Unit<br>P.O. Box 1438<br>Santa Ana, CA 92702<br><br>Type of Tax = Personal Property Taxes<br><br>Proof of Claim: Nos. 3-1 (USDC), 6-1 (CCI)<br><br>Claim Filed Against: USDC and CCI | $726.30 | The Debtors will agree to OCT's Proof of Claim filed against USDC in the amount of $726.30.  The Debtors dispute Claim No. 6-1, which was filed in CCI's bankruptcy. CCI does not have any stores located in Orange County and does not have any personal property located in Orange County.<br><br>Depending on the amount of OCT's Allowed Priority Tax Claim, the Debtors will either pay the Claim in full on the Effective Date or will pay OCT on its Allowed Claim in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such Tax Claims following the Effective Date at the fixed rate of 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| Riverside County Tax Collector ("RCTC")<br><br>Mailing Address:<br><br>Riverside County Tax Collector<br>Attn: Ismael Vargas<br>4080 Lemon St., 4th Floor<br>Riverside, CA 92501<br><br>Type of Tax = Secured Property Taxes<br><br>Proof of Claim: Nos. 70-1 (Enivel), 71-1 (Enivel)<br><br>Claim Filed Against: Enivel (Wrong Debtor) | $15,587.34 | CCI scheduled RTCT with a $15,587.34 Priority Claim for property taxes.  RCTC filed two proofs of Claim in Enivel's bankruptcy case totaling over $33,000. The Debtors dispute these additional Claims and will object to them.<br><br>With respect to any Allowed Claim of RCTC, RCTC shall be paid in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax Claims following the Effective Date at the rate provided for pursuant to 11 U.S.C. § 511.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Stanislaus County Tax Collector ("Stanislaus")<br><br>Mailing Address:<br><br>Stanislaus County Tax Collector P.O. .Box 859 Modesto, CA 95353<br><br>Type of Tax = Secured Property Taxes<br><br>Proof of Claim: Nos. 19-1 (Fresno 1), 20-1 (Fresno 1), 21-1 (Fresno 1), 9-1 (Fresno 2)<br><br>Claim Filed Against: $458.69 (Fresno 1), $768.39 (Fresno 1), $280.44 (Fresno 1), $117.25 (Fresno 2) | $1,624.77 | Stanislaus filed four proofs of Claim totaling $1,624.77. The Debtors do not dispute these amounts (but do not agree to the 10% penalty and 18% interest alleged in the Claims as owing if not paid in full by October 2010 as the Debtors cannot pay pre-petition claims absent Bankruptcy Court approval).<br><br>Stanislaus will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter. |
| State Board of Equalization ("SBE")<br><br>Mailing Address:<br><br>State Board of Equalization Special Operations Branch, MIC 55 PO Box 942879 Sacramento, CA 94279-005<br><br>Type of Tax = Hazardous Substance Tax<br><br>Proof of Claim: No. 7-1<br><br>Claim Filed Against: CCI | $326.36 | SBE will be paid in full by the Reorganized Debtor upon the Effective Date, or as soon as practicable thereafter. |
| State of Hawaii, Department of Taxation ("Hawaii")<br><br>Mailing Address:<br><br>State Tax Collector Attn: Bankruptcy Unit PO Box 259 Honolulu, HI 96809<br><br>Type of Tax = Payroll and General Excise<br><br>Proof of Claim: No. 16-1<br><br>Claim Filed Against: Enivel | $138,237 | Hawaii filed a $163,032.27 Priority Claim and a $55,785.65 General Unsecured Claim against Enivel. The Debtors believe that Hawaii is entitled to a Priority Claim in the amount of approximately $138,237, and intends to object to Claim No. 16-1.<br><br>With respect to any Allowed Claim of Hawaii, Hawaii shall be paid in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax Claims following the Effective Date at the fixed rate equal to 5%.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |

45

| DESCRIPTION | AMOUNT OWED[11] | TREATMENT |
|---|---|---|
| Virginia Department of Taxation ("VDT")<br><br>Mailing Address:<br><br>Virginia Department of Taxation<br>3600 W Broad St<br>Richmond, VA 23230<br><br>Type of Tax = Payroll Taxes<br><br>Proof of Claim: No filed claim.<br>Scheduled by Portsmouth.<br><br>Claim Filed Against: N/A | $58,703.50 | Portsmouth scheduled a Priority Claim in the amount of $58,703.50, which includes $11,803.30 purportedly owed to VEC pursuant to Claim No. 36-1 (see box below). The Debtors do not dispute they owe this amount – but need clarification as to whom the $11,803.30 is owed. Therefore, the Debtors have provided for the full amount of the claim to VDT and intend on objecting to VEC's claim.<br><br>With respect to any Allowed Claim of VDT, VDT shall be paid in equal quarterly installments made by the 15th day following the end of each quarter following the Effective Date over a period not to exceed five years following the Petition Date, with interest to accrue on such tax claims following the Effective Date at the fixed rate equal to 5%. |
| Virginia Employment Commission ("VEC")<br><br>Mailing Address:<br><br>Virginia Employment Commission<br>P.O. Box 1358 Acct's Rec – Rm 305<br>Richmond, Virginia 23218<br><br>Type of Tax = Unemployment Taxes<br><br>Proof of Claim: No. 36-1<br><br>Claim Filed Against: Portsmouth | $0 | See box above regarding discussion of VDT's Claim. The Debtors' books and records show that the amount allegedly owed to VEC pursuant to Proof of Claim No. 36-1 is actually owed to VDT. The Debtors intend on objecting to this claim.<br><br>**This Claim is Disputed – Debtors to Object to Claim.** |
| TOTAL | $749,000 Est. | Paid in the manner described above |

## C.    Classified Claims and Interests

### 1.    Class of Secured Claims

Secured Claims are Claims secured by liens on property of the Estates.  The following chart sets forth the description and treatment of each of the Debtors' known Secured Claims.  The Debtors have listed the below Creditors based on the priority of their liens.

/ / /

/ / /

/ / /

/ / /

/ / /

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 1 | First Hawaiian Bank<br><br>Collateral Description = Lien on 2007 Ford Truck against Enivel [Car Loan] | No | Yes<br><br>Claim in this Class is entitled to vote on the Plan | Class 1 Claim will be paid in monthly installments of $294.94 per month until paid in full in accordance with the loan documents. Pending satisfaction of the Class 1 Claim, Creditor will continue to retain lien on its collateral.<br><br>Payment Interval – monthly<br><br>Payment start date – July 1, 2011 or the first day of the month following the Effective Date, whichever is later.<br><br>Payment end date – December 1, 2014<br><br>Interest rate – contract<br><br>Pmt amount/interval – $294.94/mo.<br><br>Such treatment shall be in full and complete satisfaction of the Class 1 Claim. |
| 2 | Butler Capital Corporation<br><br>Collateral Description = 1st Priority Lien on Certain Assets of CCI<br><br>Collateral Value = N/A. Equipment Loan.<br><br>Amount of Claim = $10,000 as of 11/30/10. | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 2 Claim will continue to be paid in accordance with the terms of that certain amended agreement L63776. Pending satisfaction of the Class 2 Claim, Creditor will continue to retain lien on its collateral with the same validity, extent and priority as Creditor was entitled to on the Petition Date.<br><br>Payment Interval – monthly<br><br>Payment start date – December 1, 2010<br><br>Payment end date – November 1, 2012<br><br>Interest rate – N/A<br><br>Pmt amount/interval – $416.67<br><br>Such treatment shall be in full and complete satisfaction of the Class 2 Claim. |
| 3 | Butler Capital Corporation<br><br>Collateral Description = 1st Priority Lien on Certain Assets of CCI<br><br>Collateral Value = N/A. Equipment Loan<br><br>Amount of Claim = $10,000 as of 11/30/10 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 3 Claim will continue to be paid in accordance with the terms of that certain amended agreement L63841. Pending satisfaction of the Class 3 Claim, Creditor will continue to retain lien on its collateral with the same validity, extent and priority as Creditor was entitled to on the Petition Date.<br><br>Payment Interval – monthly<br><br>Payment start date – December 1, 2010<br><br>Payment end date – November 1, 2012<br><br>Interest rate – N/A<br><br>Pmt amount/interval – $416.66<br><br>Such treatment shall be in full and complete satisfaction of the Class 3 Claim. |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 4 | Leaf Funding, Inc.<br><br>Collateral Description = 1st Priority Lien on Specific Assets of CCI<br><br>Collateral Value = N/A. Equipment Loan<br><br>Amount of Claim = $10,000 as of 12/31/10 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 4 Claim will be paid in accordance with the terms and conditions set forth in that certain agreement between the parties providing for monthly payments of $833.33 commencing January 1, 2011. Pending satisfaction of Claim, Creditor will continue to retain lien on its collateral with the same validity, extent and priority as Creditor was entitled to on the Petition Date.<br><br>Payment Interval – monthly<br><br>Payment start date – January 14, 2011<br><br>Payment end date – December 14, 2011<br><br>Interest rate –  N/A<br><br>Pmt amount/interval –  $833.33<br><br>Such treatment shall be in full and complete satisfaction of the Class 4 Claim. |
| 5 | GMAC<br><br>Collateral Description = 1st Priority Lien in CCI on Chevrolet Express Van<br><br>Collateral Value = N/A. Car Loan.<br><br>Amount of Claim = $9,000 as of 12/31/10<br><br>*Creditor filed a Proof of Claim in the amount of $9,941.96. The Debtors dispute this amount. | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 5 Claim will be paid in monthly installments of $375.00 per month until paid in full.  Pending satisfaction of the Class 5 Claim, Class 5 Claimant will continue to retain lien on its collateral.<br><br>Payment Interval – monthly<br><br>Payment start date – July 1, 2011 or the first day of the month following the Effective Date, whichever is later.<br><br>Payment end date – June 1, 2013 or 24 months after the payments commence<br><br>Interest rate – N/A<br><br>Pmt amount/interval – $375/mo.<br><br>Such treatment shall be in full and complete satisfaction of the Class 5 Claim. |
| 6 | Murphy Bank<br><br>Collateral Description = 1st Priority Lien on 2005 Ford F250 Truck against Fresno 1<br><br>Collateral Value = N/A. Car Loan.<br><br>Amount of Claim = $500 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 6 Claim will be paid in 2 monthly installments of $250.00 per month until paid in full.  Pending satisfaction of the Class 6 Claim, Creditor will continue to retain lien on its collateral.<br><br>Payment Interval – monthly<br><br>Payment start date – July 1, 2011 or the first day of the month following the Effective Date, whichever is later.<br><br>Payment end date – August 1, 2011<br><br>Interest rate – N/A<br><br>Pmt amount/interval – $250/mo.<br><br>Such treatment shall be in full and complete satisfaction of the Class 6 Claim. |

48

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI- DER | IMPAIRED (YES/NO) | TREATMENT |
|---------|--------------------------------------------------|-----------|-------------------|-----------|
| 7 | Rhoton Family Trust Dated 5/8/00<br><br>Collateral Description = 1st Priority Lien on Assets of Enivel and USDC<br><br>Collateral Value = N/A<br><br>Amount of Claim = $77,675.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | As soon as practicable after the Effective Date, Class 7 shall receive a Cash payment of $38,838.00. In addition, Class 7 shall receive a secured convertible note of the Reorganized Debtor (the "New Note") in the amount of $38,837.00. The New Note shall bear interest from the Effective Date at the rate of 6%, principal and accrued interest shall be payable when the Subsequent Public Offering is funded and shall be convertible at the option of the Class 7 Claimant into New Common Stock at the Discounted Stock Price to be issued in connection with the Subsequent Public Offering. If the Subsequent Public Offering is not effective within twelve (12) months from the Effective Date, the balance of the Class 7 Claim, including accrued interest, shall be amortized over twelve months and paid in equal monthly installments commencing on the first day of the month thirteen (13) months after the Effective Date. The Class 7 Claimant shall retain a lien on its collateral subordinate to the lien granted to the Exit Financing holders.<br><br>Such treatment shall be in full and complete satisfaction of the Class 7 Claim. |
| 8 | Robin Rix<br><br>Collateral Description = 1st Priority Lien on Certain Assets of CCI<br><br>Collateral Value = N/A<br><br>Amount of Claim = $143,058.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | As soon as practicable after the Effective Date, Class 8 shall receive a Cash payment of $71,529.00. In addition, Class 8 shall receive a secured convertible note of the Reorganized Debtor (the "New Note") in the amount of $71,529.00. The New Note shall bear interest from the Effective Date at the rate of 6%, principal and accrued interest shall be payable when the Subsequent Public Offering is funded and shall be convertible at the option of the Class 8 Claimant into New Common Stock at the Discounted Stock Price to be issued in connection with the Subsequent Public Offering. If the Subsequent Public Offering is not effective within twelve (12) months from the Effective Date, the balance of the Class 8 Claim, including accrued interest, shall be amortized over twelve months and paid in equal monthly installments commencing on the first day of the month thirteen (13) months after the Effective Date. The Class 8 Claimant shall retain a lien on his collateral subordinate to the lien granted to the Exit Financing holders.<br><br>Such treatment shall be in full and complete satisfaction of the Class 8 Claim. |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI- DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 9 | Abdul Chauthani<br><br>Collateral Description = 2nd Priority Lien on Certain Assets of CCI<br><br>Collateral Value = N/A<br><br>Amount of Claim = $81,697.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | As soon as practicable after the Effective Date, Class 9 shall receive a Cash payment of $40,849.00. In addition, Class 9 shall receive a secured convertible note of the Reorganized Debtor (the "New Note") in the amount of $40,848.00. The New Note shall bear interest from the Effective Date at the rate of 6%, principal and accrued interest shall be payable when the Subsequent Public Offering is funded and shall be convertible at the option of the Class 9 Claimant into New Common Stock at the Discounted Stock Price to be issued in connection with the Subsequent Public Offering. If the Subsequent Public Offering is not effective within twelve (12) months from the Effective Date, the balance of the Class 9 Claim, including accrued interest, shall be amortized over twelve months and paid in equal monthly installments commencing on the first day of the month thirteen (13) months after the Effective Date. The Class 9 Claimant shall retain a lien on his collateral subordinate to the lien granted to the Exit Financing holders.<br><br>Such treatment shall be in full and complete satisfaction of the Class 9 Claim. |
| 10 | GE Capital<br><br>Collateral Description = 1st Priority Lien on Certain Counters and Equipment at CCI<br><br>Collateral Value = N/A. Equipment Loan.<br><br>Amount of Claim = $5,000.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 10 Claim will be paid in monthly installments of $416.67 per month until paid in full. Pending satisfaction of the Class 10 Claim, Creditor will continue to retain lien on its collateral.<br><br>Payment start date – July 1, 2011 or the first day of the month following the Effective Date, whichever is later.<br><br>Payment end date – August 1, 2012 est.<br><br>Interest rate – N/A<br><br>Such treatment shall be in full and complete satisfaction of the Class 10 Claim. |

50

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 11 | First Hawaiian Bank<br><br>Collateral Description = 2nd Priority Lien on Assets of Enivel<br><br>Collateral Value = N/A.<br><br>Amount of Claim = $450,000.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 11 Claim will be paid in monthly installments of $6,655.05 as provided in the Promissory Note commencing on the 6th day of the month one month following the Effective Date and continuing until November 6, 2014, at which time the balance owing shall be paid in full.  Pending satisfaction of the Class 11 Claim, Creditor will continue to retain lien on its collateral with the same validity, extent and priority as the Class 11 Creditor was entitled to on the Petition Date.<br><br>Payment start date – July 6, 2011 (est.)<br><br>Payment end date – November 6, 2014<br><br>Interest rate – 6.375%<br><br>Pmt amount/interval – $6,655.05/mo.; balloon payment on November 6, 2014 of approximately $263,242.29.<br><br>Such treatment shall be in full and complete satisfaction of Claim.<br><br>At the election of the Reorganized Debtor, the Class 11 Claim may be paid in full upon the receipt by the Reorganized Debtor of the proceeds of the Subsequent Public Offering without incurring any pre-payment penalty. |
| 12 | Alliance Laundry Systems<br><br>Collateral Description = 1st Priority Lien on Certain Assets of Fresno 1<br><br>Collateral Value = N/A. Equipment Loan.<br><br>Amount of Claim = $10,000.00 | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | Class 12 Claim will continue to be paid in accordance with the terms of that certain amended agreement between the parties. Pending satisfaction of the Claim, the Class 12 Creditor will continue to retain lien on its collateral with the same validity, extent and priority as Creditor was entitled to on the Petition Date.<br><br>Payment Interval – monthly<br><br>Payment start date – January 14, 2011<br><br>Payment end date – December 14, 2011<br><br>Interest rate – 10%<br><br>Pmt amount/interval – $833.33/mo.<br><br>Such treatment shall be in full and complete satisfaction of the Class 12 Claim. |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 13 | Diane S. Field, Chapter 7 Trustee of the Estate of Robinson Corp.<br><br>Collateral Description = 3rd Priority Lien on Assets of Enivel<br><br>Amount of Claim = $31,467.95 (Based on Promissory Note arising from asset purchase) | No | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | As soon as practicable after the Effective Date, Class 13 shall receive a Cash payment of $15,733.98. In addition, Class 13 shall receive a secured convertible note of the Reorganized Debtor (the "New Note") in the amount of $15,733.98. The New Note shall bear interest from the Effective Date at the rate of 6%, principal and accrued interest shall be payable when the Subsequent Public Offering is funded and shall be convertible at the option of the Class 13 Claimant into New Common Stock at the Discounted Stock Price to be issued in connection with the Subsequent Public Offering. If the Subsequent Public Offering is not effective within 12 months from the Effective Date, the balance of the Class 13 Claim, including accrued interest, shall be amortized over twelve months and paid in equal monthly installments commencing on the first day of the month thirteen (13) months after the Effective Date. The Class 13 Claimant shall retain a lien on its collateral subordinate to the lien granted to the Exit Financing holders.<br><br>Such treatment shall be in full and complete satisfaction of the Class 13 Claim. |
| 14 | The Setal Entities<br><br>Collateral description =<br><br>·   Senior priority liens on assets of USDC.<br><br>·   4th priority liens on assets of Enivel<br><br>·   3rd priority liens on assets of Steam Press<br><br>·   4th priority liens on assets of CCI<br><br>·   Senior priority liens on assets of Fresno 1<br><br>·   Senior priority liens on assets of Fresno 2 | No[12] | Yes<br><br>Claim in this Class is Entitled to Vote on the Plan. | General: Class 14 Claimants holding in excess of $20 million in Secured Claims, although not similarly situated with respect to priorities, will receive equal treatment under the Plan.  Members of Class 14 will receive the following treatment under the Plan.<br><br>**Compromise of Claim:**<br><br>Although the Setal Entities allege they are entitled to a Secured Claim in the amount of at least $20 million, the Debtors dispute the validity of some of the penalties and other charges.  In order to resolve these differences, the Setal Entities have agreed to Cash and a convertible note totaling approximately $9.1 million, with the balance of their Claims to be satisfied by the issuance of New Common Stock in the Reorganized Debtor. The Setal Entities have also agreed to waive approximately $1.0 million of their claims.  In order to effectuate the Exit Financing and thereby provide the funding for |

[12] Martin Brill, a member of the Debtors' Board of Directors, owns a 36.7% interest in the 2010 TFT Loan, which is owned and managed by the Taylor Family Trust.  In accordance with the assignment pursuant to which he acquired his interest, Mr. Brill agreed to be bound by the terms of the note and authorized Lester E. Taylor, Jr., trustee of the Taylor Family Trust, to take any and all actions necessary for the collection, amendment and enforcement of the note.  The Taylor Family Trust is not an insider of the Debtors.  However, one of the loans that it manages, the 2010 TFT Loan, assigned a 36.7% interest to Mr. Brill, who is an insider of the Debtors.

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI- DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| | · 1st priority liens on assets of Portsmouth<br><br>· 1st priority liens on assets of Tuchman<br><br>Amount of Claims = In excess of $20 million as of 12/31/10 | | | payments to junior Classes of Creditors under the Plan, the Setal Entities would be required to subordinate a portion and convert a portion of their Secured Claims. Based thereon, the Debtors believe that these terms are in the best interests of the Estates and are reasonable under the circumstances. This proposed compromise and treatment under the Plan is subject to Bankruptcy Rule 9019 and Confirmation of the Plan.<br><br>Initial Cash Payment:<br><br>As soon as practicable after the Effective Date, Class 14 shall receive a Cash payment of $5 million.<br><br>Secured Convertible Promissory Note:<br><br>The Reorganized Debtor will issue its secured convertible promissory note (the "Class 14 Note") to Claimant in the principal amount of $4.1 million, which will: (a) be subordinated to the New Secured Debt and other existing senior liens (as described in the Plan); (b) have a maturity date that is twenty-four (24) months after the Effective Date; (c) bear interest at the rate of 8% per annum; (d) have no interest payments due the first six months with interest payments of $27,333 a month due for months 7 through 24; and (e) be convertible, in part or in whole, at Setal's election at a either the Discounted Stock Price or, if the Subsequent Public Offering is not effective within twelve (12) months after the Effective Date, then at a rate of one (1) share for each of $7.50 of Secured Claim.<br><br>Equity:<br><br>On the Effective Date Class 14 Claimants shall receive 262,500 shares of the New Common Stock of the Reorganized Debtor. As soon as practicable after the Subsequent Public Offering, Class 14 Claimants shall receive New Common Stock at the Discounted Stock Price to satisfy the balance of the Class 14 Secured Claim (approximately $8,294,093 million).  If the Subsequent Public Offering is not effective within twelve (12) months after the Effective Date, the Class 14 Claimants will have the right, at their option, to convert the balance of their Secured Claim to New Common Stock of the Reorganized Debtor at a rate of one (1) share for each of $7.50 of Secured Claim.<br><br>Such treatment shall be in full and complete satisfaction of the Class 14 Claim. |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 15 | Bell Hop Cleaners of California, Inc. and Team Equipment, Inc.<br><br>Collateral Description =<br><br>·  Disputed junior liens on assets of USDC<br><br>·  Disputed junior liens on assets of Enivel<br><br>·  Disputed junior liens on assets of Steam Press<br><br>·  Disputed junior liens on assets of CCI<br><br>·  Disputed junior liens on assets of Fresno 1<br><br>·  Disputed junior liens on assets of Fresno 2<br><br>Amount of Claims = $1,976,628.41<br><br>*Debtors have a pending action against Bell Hop and Team for Denial of Claims. | Yes | Yes<br><br>Claims in this Class are Not Entitled to Vote on the Plan as There is a Pending Action Objecting to Their Claims and Seeking to Disallow Their Claims Pursuant to 11 U.S.C. § 502(d). | The Class 15 Claimants have filed Secured Claims in the face amount of $1,976,628.41. The Debtors contend that the Class 15 Claimants' liens on the Debtors' assets are avoidable Insider preferential transfers and fraudulent transfers and that the Class 15 Claims should be subordinated to all Claims of Creditors in these Cases, or otherwise disallowed in their entirety. The Debtors have filed an adversary complaint against the Class 15 Claimants seeking the relief outlined above. Additionally, the alleged liens of the Class 15 Claimants on the assets of the Debtors are junior in priority to the liens of Classes 1 through 14 and the Debtors assert that there is insufficient value in the collateral to provide a security interest to the Class 15 Claimants in any event.  Based on the foregoing, the Class 15 Claimants will receive no distribution on account of their Class 15 Claim.<br><br>**Alternative Treatment/Mutual Settlement Of Claims:**<br><br>As an alternative to the treatment of the Class 15 Claims set forth hereinabove, the Debtors would resolve all claims and disputes by and among the Class 15 Claimants on the following basis:<br><br>Cash Payment:<br><br>As soon as practicable after the Effective Date Class 15 shall receive a Cash payment of $450,000.<br><br>Equity:<br><br>As soon as practicable after the Subsequent Public Offering, the Class 15 Claimants shall receive New Common Stock at the Discounted Stock Price to satisfy the balance of the Class 15 Claim in the amount of $1,526,628. If the Subsequent Public Offering is not effective within twelve (12) months after the Effective Date, the Class 15 Claimants shall receive New Common Stock of the Reorganized Debtor at a rate of one (1) share for each of $15.00 of Class 15 Claim.<br><br>If accepted by the Class 15 Claimants, such treatment shall be in full and complete satisfaction of the Class 15 Claims and all shall compromise and fully resolve and settle all claims by and against the Debtors' and their officers, directors and affiliates, on the one hand, and the Class 15 Claimants and their officers, directors and affiliates, on the other. [Cont'd on Next Page] |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| | | | | The Debtors' reserve the right to withdraw the proposed compromise of claims and disputes with the Class 15 Claimants at any time prior to acceptance in a writing executed by all of the Class 15 Claimants and the Debtors. |
| | | | | This proposed compromise with the Class 15 Claimants and the alternative treatment under the Plan is subject to approval under Bankruptcy Rule 9019 and Confirmation of the Plan. |
| 16 | Richardson Patel<br><br>Collateral description =<br><br>·   Junior priority liens on assets of USDC.<br><br>·   Junior priority lien on assets of Enivel<br><br>·   Junior priority lien on assets of Steam Press<br><br>·   Junior priority lien on assets of CCI<br><br>·   Junior priority lien on assets of Fresno 1<br><br>·   Junior priority lien on assets of Fresno 2<br><br>·   Junior priority lien on assets of Portsmouth<br><br>·   Junior priority lien on assets of Tuchman<br><br>Amount of Claims = $163,068.00.  Based on the fact that there is insufficient collateral to satisfy any portion of this claim, Claimant is deemed to have a Secured Claim in the amount of $0 and an unsecured deficiency claim in the amount of $163,068.00. | No | No<br><br>Claim in this Class is deemed to have rejected the Plan and is therefore not entitled to vote on the Plan as a Class 16 Claimant. However, Claimant is entitled to vote on Plan as a Class 20 Claimant. | Debtors assert that there is insufficient value in the collateral to provide a security interest to the Class 16 Claimant.  The Class 16 Claimant's liens are later in time and thus junior to the liens of Classes 1 through 15. Based on the foregoing, the Class 16 Claimant will receive no distribution on account of its Class 16 Claim, with the treatment for such Claim to be included in Class 20 (General Unsecured Claims). |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI-DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 17 | Caine & Weiner Company, Inc.<br><br>Collateral description =<br><br>· Junior priority liens on assets of USDC – Judgment Lien.<br><br>Amount of Claim = $7,500. Based on the fact that there is insufficient collateral to satisfy any portion of this claim, Claimant is deemed to have a Secured Claim in the amount of $0 and an unsecured deficiency claim in the amount of $7,500. | No | No<br><br>Claim in this Class is deemed to have rejected the Plan and is therefore not entitled to vote on the Plan as a Class 17 Claimant. However, Claimant is entitled to vote on Plan as a Class 20 Claimant. | Debtors assert that there is insufficient value in the collateral to provide a security interest to Claimant. The Class 17 Claimant's liens are later in time and thus junior to the liens of Classes 1 through 15. Moreover, Claimant failed to validly perfect its judgment lien against the assets of USDC. Based on the foregoing, the Class 17 Claimant will receive no distribution on account of its Class 17 Claim, with the treatment for such Claim to be included in Class 20 (General Unsecured Claims). |
| 18 | Prestige Cleaners, Inc.<br><br>Collateral description =<br><br>· Junior priority liens on assets of USDC – Judgment Lien.<br><br>Amount of Claim = $82,379.83. Based on the fact that there is insufficient collateral to satisfy any portion of this claim, Claimant is deemed to have a Secured Claim in the amount of $0 and an unsecured deficiency claim in the amount of $82,379.83. | No | No<br><br>Claim in this Class is deemed to have rejected the Plan and is therefore not entitled to vote on the Plan as a Class 18 Claimant. However, Claimant is entitled to vote on Plan as a Class 20 Claimant. | Debtors assert that there is insufficient value in the collateral to provide a security interest to Claimant. The Class 18 Claimant's liens are later in time and thus junior to the liens of Classes 1 through 15. Moreover, Claimant failed to validly perfect its judgment lien against the assets of USDC. Based on the foregoing, the Class 18 Claimant will receive no distribution on account of its Class 18 Claim, with the treatment for such Claim to be included in Class 20 (General Unsecured Claims). |

| CLASS # | DESCRIPTION OF SECURED CREDITOR & SECURED CLAIM | INSI- DER | IMPAIRED (YES/NO) | TREATMENT |
|---|---|---|---|---|
| 19 | Jonathan Neil & Associates, Inc.<br><br>Collateral description =<br><br>·    Junior priority liens on assets of USDC – Judgment Lien.<br><br>Amount of Claim = $19,035. Based on the fact that there is insufficient collateral to satisfy any portion of this claim, Claimant is deemed to have a Secured Claim in the amount of $0 and an unsecured deficiency claim in the amount of $19,035. | No | No<br><br>Claim in this Class is deemed to have rejected the Plan and is therefore not entitled to vote on the Plan as a Class 19 Claimant. However, Claimant is entitled to vote on Plan as a Class 20 Claimant. | Debtors assert that there is insufficient value in the collateral to provide a security interest to Claimant. The Class 19 Claimant's lien is later in time and thus junior to the liens of Classes 1 through 15.  Moreover, Claimant did not file a notice of its judgment lien with the Secretary of State in Delaware, the state where USDC is incorporated. Based on the foregoing, the Class 19 Claimant will receive no distribution on account of its Class 19 Claim, with the treatment for such Claim to be included in Class 20 (General Unsecured Claims). |

### 2.    Classes of Priority Unsecured Claims

Certain Priority Claims that are referred to in Bankruptcy Code Sections 507(a)(3), (4), (5), (6), and (7) are required to be placed in Classes.  These types of Claims are entitled to priority treatment as follows:  the Bankruptcy Code requires that each holder of such a Claim receive Cash on the Effective Date equal to the allowed amount of such Claim.  However, a class of unsecured Priority Claim holders may vote to accept deferred Cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.  The Debtors do not believe that there are any valid outstanding Section 507(a)(3), (4), (5), (6), or (7) priority unsecured claims.

### 3.    Class of General Unsecured Claims

General Unsecured Claims are unsecured Claims not entitled to priority under Bankruptcy Code Section 507(a).  The following chart identifies the Plan's treatment of the Class containing all of the Debtors' non-priority General Unsecured Claims (See, Exhibit "E" for more detailed information about each Priority Unsecured Claim).

///

///

///

///

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 20 | Except for as otherwise provided in Class 20A below, all General Unsecured Claims, including unsecured deficiency claims of alleged Secured Creditors.<br><br>The Debtor estimates that there are a total of approximately $10 million of Class 20 Claims. | Yes<br><br>Allowed Claims in this Class are entitled to vote on the Plan | Cash Payment:<br><br>In full settlement and satisfaction of their Class 20 Claims, holders of Class 20 Allowed Claims shall have the right to select one of the following two options:<br><br>**Option 1:** If the holder of an Allowed Class 20 Claim elects the treatment described herein for Option 1 or does not make an election, then its Allowed Class 20 Claim will be treated as follows: Option 1 Class 20 Claim holders will receive, in the aggregate after payment of Class 20A Claims, the balance of $1 million to be distributed on a pro rata basis among Class 20 Claimants with Allowed Class 20 Claims. The balance of the Class 20 Allowed Claims in the approximate amount of $9 million, will receive New Common as described below.<br><br>Equity:<br><br>As soon as practicable after the Subsequent Public Offering, holders of Class 20 Allowed Claims shall receive a distribution of New Common Stock in an amount equal to the balance of their Class 20 Allowed Claims after crediting the Cash distribution. The New Common Stock will be issued at the Discounted Stock Price. The Debtors estimate that approximately $9 million worth of New Common Stock will be issued to Class 20 Claimants with Allowed Claims.<br><br>If the Subsequent Public Offering is not effective within one (1) year after the Effective Date, the balance of the Class 20 Claims of approximately $9 million shall receive one share of New Common Stock for every $15.00 of Claim.<br><br>**Option 2:** Alternatively, if the Class 20 Claim holder elects to forego Option 1 and affirmatively selects Option 2 on the Class 20 Ballot, then under Option 2 such Class 20 Claim holder will not receive any Cash distribution and will not receive any New Common Stock. In lieu of Cash and New Common Stock, Option 2 Class 20 Claim holders will retain their rights to pursue their Claims against the D&O Insurance Policy. **Unless a Class 20 Claim holder elects Option 2, they will waive their rights to pursue their claims to the D&O Insurance Policy.** A copy of the D&O Insurance Policy may be obtained by sending a written request via email or fax to the Debtors' bankruptcy counsel at: sseflin@wrslawyers.com or Fax No. (310) 479-1422, Attn: Susan K. Seflin.<br><br>Treatment under Option 1 or under Option 2 shall be in full and complete satisfaction of Class 20 Claims. |

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 20A | General Unsecured Claims of $1,000 or less and those Creditors who elect to reduce their Claims to $1,000. Total amount of Claims = approximately $87,000.<br><br>("Convenience Class") | Yes<br><br>Allowed Claims in this Class are entitled to vote on the Plan | Class 20A Claimants shall receive in full, final and complete satisfaction of their Claims, a distribution as soon as practicable after the Effective Date of an amount equal to twenty percent (20%) of each Allowed Claim. A Creditor with a Claim in excess of $1,000 may elect in writing on the Ballot for voting on the Plan to reduce its Claim to $1,000 and receive a distribution of 20% (i.e., $200) on such Claim. If $87,000 of Class 20A Claimants receive 20%, then that will reduce the $1 million for General Unsecured Creditors by approximately $18,000 (and will reduce the amount of outstanding General Unsecured Claims by $87,000).<br><br>Such treatment shall be in full and complete satisfaction of Class 20A Claims. |

## 4.    Class of Interest Holders

Interest holders are the parties who hold an ownership Interest (i.e., equity interest) in the Debtors. USDC is the owner of 100% of the stock of each of the Subsidiary Debtors, meaning that each of the Subsidiary Debtors is a wholly-owned subsidiary of USDC. Since USDC is a corporation, the owners of the stock in USDC are considered Interest holders. The following chart identifies the Plan's treatment of the Classes of Interest holders:

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| 21 | Holders of Convertible Preferred Stock of USDC | Yes. Impaired.<br><br>Holders of Class 21 interests are entitled to vote on the Plan. | Class 21 Interest holders shall be deemed to have fully exercised their right to convert their preferred stock to common stock at 110% of the applicable conversion rate on the Effective Date. Class 21 Interest holders shall receive the same treatment for their newly converted common stock as Class 22 common stock.<br><br>Such treatment shall be in full and complete satisfaction of Class 21 Interests and all claims for unpaid dividends. |
| 22 | Holders of Common Stock of USDC | Yes. Impaired.<br><br>Holders of class 22 Interests are entitled to vote on the Plan. | On the Effective Date all common stock of USDC shall be canceled. As soon as practicable after the Effective Date, Class 22 Interest holders shall receive one share of New Common Stock for every 40 shares of stock held on the Record Date and surrendered to the transfer agent. As a condition to receiving stock in the Reorganized Debtor, each Class 22 Interest holder must surrender his/hers/its common stock to the Reorganized Debtor's transfer agent. |

| CLASS # | DESCRIPTION | IMPAIRED | TREATMENT |
|---|---|---|---|
| | Stock in the Subsidiary Debtors as follows: | No. Not Impaired.

Interests in this Class are conclusively deemed to have accepted the Plan and are not entitled to vote on the Plan as the Subsidiary Debtors will be substantively consolidated with USDC as of the Effective Date. | On the Effective Date and pursuant to the Substantive Consolidation Order and the Confirmation Order, the Subsidiary Debtors (a) will be merged into USDC pursuant to the Plan and applicable state law, (b) shall cease to exist as separate legal entities, and (c) shall become, with USDC, the Reorganized Debtor. Upon entry of the Confirmation Order, all stock in the Subsidiary Debtors shall be deemed cancelled. |
| 23A | Enivel | | |
| 23B | Steam Press | | |
| 23C | CCI | | |
| 23D | Fresno 1 | | |
| 23E | Fresno 2 | | |
| 23F | Portsmouth | | |
| 23G | Tuchman | | |

**D.    Means of Effectuating the Plan and Implementation of the Plan**

**1.    Funding for the Plan.**

The Plan will be funded by the Exit Financing in the aggregate amount of $20,000,000 to $23,000,000, plus the Debtors' Cash on hand of approximately $500,000. After deducting fees and costs relating to obtaining the Exit Financing (in the amount of approximately $1,500,000 to $2,000,000) and assuming $21 million in Exit Financing, the Reorganized Debtor will net approximately $19 million. Of this amount, the Reorganized Debtor anticipates that it will require $4 million for working capital, regulatory filings and funds to secure new acquisitions in connection with the Subsequent Public Offering, thereby reducing available funds to implement the Plan to $14.3 million to $15.3 million. Such proceeds will be utilized as follows:

| | |
|---|---|
| Administrative | $1,365,000[13] |
| Acquisition | $6,000,000 to $7,000,000 |
| DIP loan | $775,000 |
| Lease cures | $75,000 |
| Secured Claims | $5,150,000 |
| Priority Tax Claims | $10,000 |
| Unsecured Claims | $1,000,000 |
| Total: | $14,375,000 to $15,375,000 |

---

[13] See footnote 10.

Based on the foregoing, the Debtors are confident that sufficient funds will exist to make all required Effective Date payments will be made. The balance of Allowed Claims will be satisfied by the issuance of the New Common Stock and/or payment over time by the Reorganized Debtor.

**2.     Release of Liens.**

Within 30 days of satisfaction of Secured Claims as set forth in the Plan, holders of such Claims shall file releases of their liens with the appropriate government agencies (the "Release Procedures").  In the event that the foregoing Claimants do not complete the Release Procedures, the Reorganized Debtor shall be granted, pursuant to the Confirmation Order, power of attorney authority for the limited purpose of implementing and consummating the Release Procedures.

**3.     Composition of the Reorganized Debtor and Post-Confirmation Management.**

On the Effective Date, all of the Debtors other than USDC, pursuant to applicable state law, will be merged into USDC, and all of the Debtors other than USDC will cease to exist.  The Reorganized Debtor will remain a Delaware corporation.  The Reorganized Debtor's Board of Directors (the "Reorganized Debtor's Board") after the Subsequent Public Offering will have five (5) members.  The initial members of the Reorganized Debtor's Board shall be Robert Y. Lee, Chairman, Michael Drace, Timothy Rand, Martin J. Brill, Michael J. Smith and, subject to agreement on terms, Alex Bond.  *See*, Exhibit "H" to this Disclosure Statement for details on the Reorganized Debtor's Board.

The Debtors currently anticipate that the management of the Reorganized Debtor immediately following the Effective Date will remain the same.  It is contemplated that within one month of the Effective Date, Alex Bond will be appointed Chief Executive Officer and will also serve as a member of the Board of Directors.  Upon Mr. Bond's appointment, Mr. Lee will no longer be Chief Executive Officer but will remain as Chairman of the Reorganized Debtor's Board.  Within one month of the Effective Date, Kevin Lyng will be appointed Chief Operating Officer.  Although not an officer, Riaz Chauthani will continue to serve as director of Mergers and Acquisitions.  *See,* Exhibit "H" to this Disclosure Statement for details on the Reorganized

61

Debtor's management.   The Debtors have also interviewed several candidates for the position of Chief Financial Officer.  It is anticipated that a CFO will accept the position after Confirmation, but prior to the Subsequent Public Offering.

On the Effective Date, the Reorganized Debtor reserves the right and shall be authorized to pay Mr. Lee all salary and expenses deferred during the Chapter 11 Case as a result of that certain *Stipulation to Appoint Brian Weiss as Chief Restructuring Officer* and that certain *Stipulation To Appoint Charles T. Moffitt As Debtors' Chief Restructuring Officer.*

All persons designated pursuant to this section shall be authorized to assume their offices as of the Effective Date and shall be authorized to continue to serve in such capacities thereafter pending further action of the Reorganized Debtor's Board or stockholders of the Reorganized Debtor in accordance with applicable state law and the Reorganized Debtor's then-existing bylaws and charter.

**4.      Disbursing Agent.**

The Reorganized Debtor will act as the Disbursing Agent for purposes of making all Distributions provided for under the Plan.  The Disbursing Agent will serve without bond and will receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan. The Disbursing Agent may employ others, such as its transfer agent, to assist it in making Distributions under the Plan.

**5.      Objections to Claims.**

The Claims bar date in these cases was August 13, 2010.  Attached hereto as Exhibit "E" is a claim chart, which identifies all of the Debtors' scheduled Claims and all Proofs of Claim or Interest which have been filed against the Debtors.  Following Confirmation of the Plan, the Reorganized Debtor shall be the sole entity with the standing and authority to file objections to Claims in these Cases, and shall have the right to file objections to all Claims which are inconsistent with the Debtors' books and records unless the Reorganized Debtor deems the inconsistency to be insignificant.   The Reorganized Debtor will have the authority in the reasonable exercise of its business judgment to settle or compromise any Claim following the Effective Date by submitting a stipulation to the Bankruptcy Court without a notice or hearing

thereon.  As provided by Section 502(c) of the Bankruptcy Code, the Court may estimate any contingent or unliquidated Disputed Claim for purposes of Confirmation of the Plan.  The Bankruptcy Court shall retain jurisdiction over the Debtors, the Reorganized Debtor, these Cases and these Estates to resolve and to adjudicate any and all such objections to Claims which are commenced or continued following the Confirmation of the Plan.  Nothing contained in the Plan shall constitute a waiver or release by the Debtors or the Reorganized Debtor of any rights of setoff or recoupment, or of any defense, the Debtors or the Reorganized Debtor may have with respect to any Claim, or of any bases that the Reorganized Debtor may have to object to any such Claim.

**Any Proof of Claim or Interest that is filed with the Bankruptcy Court and/or served on the Debtors or Reorganized Debtor after the Effective Date will be deemed invalid unless the Claimant files a motion for leave of Court to file such Claim.**

The Debtors specifically reserve the right to file objections to any and all Claims set forth in Exhibit "E" to this Disclosure Statement.  An order confirming the Plan shall not be *res judicata*, collateral estoppel, or other bar to the Reorganized Debtor's or other party in interest's right to object to such Claims after the Effective Date.

**6.    Payment Upon Resolution of Disputed Claims.**

The Reorganized Debtor will not make any payment or distribute any stock to the holder of a Disputed Claim until such Disputed Claim becomes an Allowed Claim.  Pending a resolution of the Disputed Claim, the Reorganized Debtor will create a reserve account (the "Reserve Account") which will contain proposed distributions based on the Disputed Claims. Within sixty (60) days after a Disputed Claim becomes an Allowed Claim, the Reorganized Debtor will make a payment or distribute stock to the holder of such Allowed Claim from the Reserve Account in an amount equal to what the holder of such Allowed Claim would have received if the Claim had been allowed in such amount as of the Effective Date.  In the event that the Disputed Claim is disallowed, that portion of the Reserve Account which was designated for payment of the Disputed Claim will be transferred to Allowed Claims in accordance with the treatment set forth in Class 20 above.

**7.    Investigation and Prosecution of Claims and Causes of Action Including Avoidance Actions.**

Under the Plan, the Debtors' current General Unsecured Creditors will receive some Cash but mainly New Common Stock.  Based on the foregoing, any recoveries from preference litigation would be retained by the Reorganized Debtor and only indirectly benefit the Debtors' current General Unsecured Creditors.  The Debtors believe that such preference litigation would cause substantial ill-will against the Reorganized Debtor in the dry cleaning industry, which the Debtors believe would negatively interfere with the Reorganized Debtors' business operations and reorganization efforts.  As a result, the Debtors have determined that neither the Debtors nor the Reorganized Debtor will pursue any preference litigation based on monetary transfers, except for the preference litigation pending against Bell Hop Cleaners of California, Inc., and Team Equipment, Inc. and their affiliates.  Notwithstanding the foregoing, the Reorganized Debtor, as the representative of the Debtors' Estates and for the benefit of the Estates, shall have the right to pursue any preference actions based on non-monetary transfers, including, without limitations, transfers of security interests to creditors.  Additionally, the Reorganized Debtor, as the representative of the Debtors' Estates and for the benefit of the Estates, shall have the right to pursue any and all other causes of action available to the Debtors' Estates including, but not limited to, cross claims for contribution, indemnity, etc. that the Debtors may have against certain professionals or other parties relating to the Mercer Notes.

The Debtors specifically reserve the right to commence any actions against Creditors set forth in Exhibit "E".  An order confirming the Plan shall not be *res judicata*, collateral estoppel, or other bar to the Reorganized Debtor's right to commence such actions after the Effective Date.

**8.    Payment of Professional Fees and Expenses Incurred Post Effective Date**

The Reorganized Debtor shall be entitled to employ such Professionals that the Reorganized Debtor deems appropriate and to pay the fees and expenses incurred by such Professionals in the ordinary course without any further order of the Bankruptcy Court.

/ / /

**E.    Other Provisions of the Plan.**

      **1.    Executory Contracts and Unexpired Leases.**

          a.    <u>Assumptions.</u>

Attached hereto as Exhibit "B" is a list of all of the Debtors' executory contracts and unexpired leases which the Debtors intend to assume on the Effective Date with the obligations of the Debtors to the other parties to such executory contracts and unexpired leases to become obligations of the Reorganized Debtor.  Also set forth in Exhibit "B" is an itemization of the defaults which the Debtors contend exist and must be cured in connection with the Debtors' assumption of such executory contracts and unexpired leases (the "Cure Amounts"), unless the other parties to such executory contracts and unexpired leases agree to the contrary.  The Debtors estimate that the total Cure Amounts that the Debtors will be required to pay on the Effective Date will be approximately $75,000, based on agreements reached with parties to such contracts, with the balance of the Cure Amounts to be paid over a period of up to 36 months. The Confirmation Order will constitute a Bankruptcy Court order approving the Debtors' assumption of all such executory contracts and unexpired leases and fixing the Cure Amounts for each such executory contract and unexpired lease in the amounts asserted by the Debtors as set forth in Exhibit "B" hereto.

          b.    <u>Rejections.</u>

On the Effective Date, all executory contracts and unexpired leases set forth on Exhibit "C" to this Disclosure Statement and all executory contracts and unexpired leases not previously assumed or set forth on Exhibit "B" hereto will be deemed rejected by the Debtors, and the Court order confirming the Plan will constitute a Court order approving the Debtors' rejection of all such executory contracts and unexpired leases.  Additionally, all executory contracts and unexpired leases to which the Debtors are a party or to which any of the Debtors is a party and which have not been previously assumed or set forth in Exhibit "B" hereto will also be deemed rejected, and the Court order confirming the Plan will constitute a Court order approving the Debtors' rejection of all such executory contracts and unexpired leases.

/ / /

c.     <u>Cures.</u>

The Cure Amounts that the Debtors believe is required is set forth on Exhibit "B" hereto. Any party who wishes to object to the Debtors' assumption of any of the unexpired leases or executory contracts set forth in Exhibit "B" under the Plan and/or to the Cure Amounts of any defaults the Debtors believe exist <u>must file a written objection</u> with the Bankruptcy Court within 14 days prior to the date first set for the Plan Confirmation Hearing, and serve such objection on counsel to the Debtors. The Bankruptcy Court may deem the failure of any party to file such a timely objection to constitute consent to the Debtors' assumption of the unexpired leases and executory contracts set forth on Exhibit "B" and to the Cure Amounts of any defaults the Debtors must cure in connection with the Debtors' assumption of these unexpired leases and executory contracts.

**THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE WHICH IS REJECTED ON THE EFFECTIVE DATE SHALL BE THIRTY (30) DAYS AFTER THE EFFECTIVE DATE.** Any Claim based on the rejection of an unexpired lease or executory contract will be barred if the Proof of Claim is not timely filed, unless the Bankruptcy Court orders otherwise. Any Allowed Claim resulting from the rejection of an unexpired lease or executory contract will be classified and treated as a Class 20 Allowed Claim.

**2.     Changes in Rates Subject to Regulatory Commission Approval.**

The Debtors are not subject to governmental regulatory commission approval of their rates.

**3.     Retention of Jurisdiction.**

After Confirmation of the Plan and occurrence of the Effective Date, in addition to jurisdiction which exists in any other court, the Bankruptcy Court will retain such jurisdiction as is legally permissible including for the following purposes:

a.     To resolve any and all disputes regarding the operation and interpretation of the Plan and the Plan Confirmation Order;

66

b.      To determine the allowability, classification, or priority of Claims and Interests upon objection by the Debtors, the Reorganized Debtor or by any other parties in interest with standing to bring such objection or proceeding and to consider any objection to Claim or Interest whether such objection is filed before or after the Effective Date;

c.      To determine the extent, validity and priority of any lien asserted against property of the Debtors or property of the Debtors' Estates;

d.      To construe and take any action to enforce the Plan, the Confirmation Order, and any other order of the Bankruptcy Court, issue such orders as may be necessary for the implementation, execution, performance, and consummation of the Plan, the Confirmation Order, and all matters referred to in the Plan and the Confirmation Order, and to determine all matters that may be pending before the Bankruptcy Court in these Cases on or before the Effective Date with respect to any person or entity related thereto;

e.      To determine (to the extent necessary) any and all applications for allowance of compensation and reimbursement of expenses of Professionals for the period on or before the Effective Date;

f.      To determine any request for payment of administrative expenses;

g.      To determine motions for the rejection, assumption, or assignment of executory contracts or unexpired leases filed before the Effective Date and the allowance of any Claims resulting therefrom;

h.      To determine all applications, motions, adversary proceedings, contested matters, and any other litigated matters instituted during the pendency of these Cases whether before, on, or after the Effective Date including claims, causes of action, and avoidance actions, and the Reorganized Debtor shall have the right to commence any claims, causes of action and avoidance actions after the Effective Date and to continue with the prosecution of any such claims, causes of action and avoidance actions which were commenced but not completed by the Debtors prior to the Effective Date;

i.      To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

67

j.      To modify the Plan under Section 1127 of the Bankruptcy Code in order to remedy any apparent defect or omission in the Plan or to reconcile any inconsistency in the Plan so as to carry out its intent and purpose;

k.      Except as otherwise provided in the Plan or the Confirmation Order, to issue injunctions, to take such other actions or make such other orders as may be necessary or appropriate to restrain interference with the Plan or the Confirmation Order, or the execution or implementation by any person or entity of the Plan or the Confirmation Order;

l.      To issue such orders in aid of consummation of the Plan and the Confirmation Order, notwithstanding any otherwise applicable nonbankruptcy law, with respect to any person or entity, to the fullest extent authorized by the Bankruptcy Code or Bankruptcy Rules; and

m.      To enter a final decree closing the Debtors' Chapter 11 Cases.

**4.      Dissolution of the Committee.**

On the Effective Date, the Committee, to the extent that it serves as the Official Unsecured Creditors Committee in these Cases, shall be dissolved and its members shall be released and discharged from all rights and duties arising from or related to the Cases.

**5.      Risk Factors.**

The primary risk of implementing the Plan would be the inability of the Reorganized Debtor to generate sufficient cash flow to make the required Plan payments over time if the Subsequent Public Offering in not effectuated. While it is the intention of the Reorganized Debtor to effect a Subsequent Public Offering within one year after the Effective Date, there can be no assurance that the Reorganized Debtor will be able to effect a Subsequent Public Offering. Factors that will impact the Reorganized Debtor's ability to effect a Subsequent Public Offering include but are not limited to the ability of the Reorganized Debtor to obtain audits of prior year financial statements, the ability of the Reorganized Debtor to bring current its filings with the Securities and Exchange Commission and the existence of favorable market conditions.  While the Debtors have an engagement letter with Provident to effect a Subsequent Public Offering,

there is no legally binding obligation to effect such an offering and therefore no assurance can be given that such Subsequent Public Offering will be consummated.

**F.      Amendment to Charter Documents of Debtors and Other Matters.**

**1.      Cancellation of Outstanding Securities of USDC.**

On the Effective Date, without shareholder approval, all outstanding instruments and securities representing Equity Interests and any rights to acquire Equity Interests in USDC, including all warrants, options and similar securities, shall be deemed canceled and of no further force or effect, without any further action on the part of the Bankruptcy Court or any person. The holders of such canceled instruments, securities, and other documents shall have no rights arising from or relating to such instruments, securities or other documents or the cancellation thereof, except the rights provided pursuant to the Plan.

**2.      Amendments to Articles of Incorporation and Other Actions.**

On the Effective Date, the Board of Directors of the Reorganized Debtor shall be authorized to amend the Articles of Incorporation and Bylaws to accomplish the following:

a.      Authorize the issuance of one hundred million shares of New Common Stock and thirty million shares of the Reorganized Debtor's preferred stock.  The Board of Directors shall determine in their discretion the rights, privileges and restrictions granted or imposed on such shares.

b.      Subject to the limitation set forth in Paragraph (c) below, institute an employee/management stock plan with authority to issue up to twenty percent (20%) of the then outstanding New Common Stock pursuant to such plan.

c.      Until Option 1 Class 20 General Unsecured Creditors have received their distribution of New Common Stock, the Reorganized Debtor shall not issue New Common Stock under the employee/management stock plan, except to new officers, directors or management not previously employed by the Debtors.

d.      Effect a quasi-reorganization for accounting purposes.

e.      Issue shares to carry out any transaction contemplated in the Plan without solicitation of or notice to shareholders.

69

f.       Take all action necessary and appropriate to carry out the terms of the Plan.

g.       Amend the Reorganized Debtor's Articles of Incorporation and/or Bylaws to provide the maximum indemnification or other protections to the Reorganized Debtor's officers and directors that is allowed under applicable law.

h.       In accordance with Section 1123(a)(6) of the Bankruptcy Code, include within its charter a provision prohibiting the issuance of nonvoting equity securities.

i.       Change the name of the Reorganized Debtor to such name as the board of directors selects.

**3.       Take Required Actions.**

Without shareholder approval, the Board of Directors of Reorganized Debtor shall be authorized to take any and all action necessary or appropriate to effectuate any amendments to the Reorganized Debtor's Certificate of Incorporation and/or Bylaws called for under the Plan and the Board of Directors and officers of the Reorganized Debtor shall be authorized to execute, verify, acknowledge, file and publish any and all instruments or documents that may be required to accomplish same.

The Reorganized Debtor shall amend its charter in conformance with section 303 of the Delaware General Corporation Law and pursuant to section 1123(a)(5)(I) of the Bankruptcy Code.  The amended charter and bylaws will become effective upon (i) Confirmation of the Plan, (ii) the occurrence of the Effective Date, and (iii) the filing with the Delaware Secretary of State of a certificate of amendment reflecting the amendments.

**G.       Exemption from Registration Under Section 1145 of the Bankruptcy Code.**

In reliance upon an exemption from the registration requirements of the Securities Act of 1933, as amended (the "Securities Act"), and of state and local securities laws afforded by Section 1145 of the Bankruptcy Code, the Reorganized Debtor's new common stock to be issued pursuant to the Plan on and after the Effective Date need not be registered under the Securities Act or any state or local securities laws.  The Reorganized Debtor's common stock will not be subject to any statutory restrictions on transferability and may be resold by any holder without

70

registration under the Securities Act or other federal securities laws pursuant to the exemption

provided by section 4(1) of the Securities Act, unless the holder is an "underwriter" with respect

to such securities, as that term is defined in 11 U.S.C. § 1145(b).  Entities who believe they may

be "underwriters" under the definition contained in 11 U.S.C. § 1145 are advised to consult their

own counsel with respect to the availability of the exemption provided by Section 1145. All

stock in the Reorganized Debtor issued under the Plan shall be subject to standard and customary

underwriter lockup provisions, which may restrict the transferability and resale of such stock.

**H.      Closing of Register for Existing Common Stock.**

At the close of business on the Record Date, the security register for the common stock of

USDC shall be closed, and thereafter there shall be no further registrations of transfer or other

changes in holders on the books of the stock transfer agent, or USDC, and the Reorganized

Debtor shall have no obligation to recognize any transfer of the common stock of USDC

occurring thereafter (but shall be entitled instead to recognize and deal with, for all purposes

under the Plan, except as otherwise provided herein, those holders reflected on the security

register on the Record Date).

**I.      Miscellaneous Issues Regarding Plan Distribution.**

**1.      No Fractional Distributions or Shares Issued.**

No distributions in fractions of hundredths of U.S. Dollars ($0.00's) (i.e. cents) shall be

issued.  If the Distribution amount allocated to an Allowed Claim at the time of a Distribution

hereunder would include fractions of cents, the amount to be distributed to the holder of such

Claim shall be rounded down to the highest integral number of cents in the applicable Claim

amount.  No fractional shares of New Common Stock shall be issued and all fractional shares

shall be rounded down to the nearest whole share.  Holders of Allowed Claims who would be

entitled to fractional shares but for this provision shall receive no consideration therefor because

such amount will be de minimus.

**2.      De Minimus Cash Distributions.**

Notwithstanding anything to the contrary in the Plan, no Cash Distributions shall be

made on account of any Allowed Claim if the Cash Distribution amount is less than $10.00.

Holders of Allowed Claims who would otherwise be entitled to a Distribution in an amount of less than $10.00 shall receive no Distribution on account of such Allowed Claim because the value of such Allowed Claim would be de minimus and the administrative costs associated with processing and mailing the Distribution to the holder of such Allowed Claim would likely exceed the amount of the Distribution.  No Distribution of less than 10 shares of New Common Stock shall be made to any holder of an Allowed Claim or Interest, as such a Distribution would be de minimus.

**3.     Name and Address of Holder of Claim or Interest.**

For purposes of all distributions under the Plan, the Disbursing Agent can rely on the name and address of the holder of each Allowed Claim or Interest as shown on any timely filed proof of claim and, if none, as shown on the Debtors' bankruptcy schedules, as amended from time to time, except to the extent that the Disbursing Agent first receives adequate written notice of a transfer or change of address, properly executed by the holder or its authorized agent.

**4.     Unclaimed Property.**

Any property to be distributed to Creditors or Interest holders under the Plan shall be forfeited to the Reorganized Debtor if it is not claimed by the entity entitled to it before the later of one (1) year after the Effective Date or sixty (60) days after an order allowing the Claim or Interest of that entity becomes a final order.  Any securities returned pursuant to this provision shall be canceled.

**V.     IRS CIRCULAR 230 NOTICE**

To ensure compliance with IRS Circular 230, holders of Claims and Interests are hereby notified that; (i) any discussion of federal tax issues contained or referred to in this Disclosure Statement is not intended or written to be used, and cannot be used, by holders of Claims or Interests for the purpose of avoiding penalties that may be imposed on them under the Internal Revenue Code; (ii) such discussion is written in connection with the promotion or marketing by the Debtors of the transactions or matters addressed herein; and (iii) holders of Claims and Interests should see advice based on their particular circumstances from an independent tax advisor.

72

## VI.    TAX CONSEQUENCES OF THE PLAN

CREDITORS AND INTEREST HOLDERS CONCERNED WITH HOW THE PLAN MAY AFFECT THEIR TAX LIABILITY SHOULD CONSULT WITH THEIR OWN ACCOUNTANTS, ATTORNEYS, AND/OR ADVISORS.  The following disclosure of possible tax consequences is intended solely for the purpose of alerting readers about possible tax issues the Plan may present to the Debtors.  The Debtors CANNOT and DO NOT represent that the tax consequences contained below are the only tax consequences of the Plan because the Tax Code embodies many complicated rules which make it difficult to state completely and accurately all of the tax implications of any action.

The Debtors do not anticipate that Confirmation of the Plan will have a significant or material effect on their tax liability.  The Debtors makes no representations regarding the potential tax consequences to Creditors.

## VII.    CONFIRMATION REQUIREMENTS AND PROCEDURES

PERSONS OR ENTITIES CONCERNED WITH CONFIRMATION OF THE PLAN SHOULD CONSULT WITH THEIR OWN ATTORNEYS BECAUSE THE LAW ON CONFIRMING A PLAN OF REORGANIZATION IS VERY COMPLEX.  The following discussion is intended solely for the purpose of alerting readers about basic confirmation issues, which they may wish to consider, as well as certain deadlines for filing claims.  The Debtors CANNOT and DO NOT represent that the discussion contained below is a complete summary of the law on this topic.

Many requirements must be met before the Bankruptcy Court can confirm a plan.  Some of the requirements include that the plan must be proposed in good faith, acceptance of the plan, whether the plan pays creditors at least as much as creditors would receive in Chapter 7 liquidation, and whether the plan is feasible.  These requirements are not the only requirements for confirmation.

## A.    Who May Vote or Object.

Any party in interest may object to the confirmation of the Plan, but, as explained below, not everyone is entitled to vote to accept or reject the Plan.

**B.**     **Who May Vote to Accept/Reject the Plan**

A Creditor or Interest holder has a right to vote for or against the Plan if that Creditor or Interest holder has a Claim or Interest which is both (1) allowed or allowed for voting purposes and (2) classified in an impaired Class.

**C.**     **What Is an Allowed Claim/Interest**

As noted above, a Creditor or Interest holder must first have an <u>Allowed Claim or Interest</u> to have the right to vote.  Generally, any Proof of Claim or Interest will be allowed, unless a party in interest files an objection to the Claim or Interest.  When an objection to a Claim or Interest is filed, the Creditor or Interest holder holding the Claim or Interest cannot vote unless the Bankruptcy Court, after notice and hearing, either overrules the objection or allows the Claim or Interest for voting purposes.

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THESE CASES ON ACCOUNT OF PRE-PETITION CLAIMS WAS AUGUST 31, 2010.  A Creditor or Interest holder may have an Allowed Claim or Interest even if a Proof of Claim or Interest was not timely filed.  A Claim is deemed allowed if (1) it is scheduled on the Debtors' Schedules and such Claim is not scheduled as disputed, contingent, or unliquidated, and (2) no party in interest has objected to the Claim.  An Interest is deemed allowed if it is scheduled and no party in interest has objected to the Interest.

**D.**     **What Is an Impaired Claim/Interest.**

As noted above, an Allowed Claim or Interest has the right to vote only if it is in a Class that is <u>impaired</u> under the Plan.  *See, e.g., In re Barakat*, 99 F.3d 1520 (9th Cir. 1996), *cert. denied,* 520 U.S. 1143 (1997)(a class that is not impaired is conclusively presumed to have accepted a chapter 11 plan). A Class is impaired if the Plan alters the legal, equitable, or contractual rights of the members of that Class.  For example, a Class comprised of General Unsecured Claims is impaired if the Plan fails to pay the members of that Class 100% of what they are owed on the Effective Date.

In these Cases, the Debtors believe that members of the following Classes are impaired: Classes 1 – 15, 20, 20A, 21 and 22.  Members of Classes 16 – 19 are not impaired because they

are deemed to have rejected the Plan as Secured Creditors but are allowed to vote on the Plan as Class 20 Claimants.  Members of Classes 23A – 23G are not impaired because they will be substantively consolidated with USDC pursuant to the Substantive Consolidation Order and the Confirmation Order.  Parties who dispute the Debtors' characterization of their Claim or Interest as being impaired or unimpaired are required to file an objection to the Plan contending that the Debtors have incorrectly characterized the Class.

**E.**    **Who Is <u>Not</u> Entitled to Vote.**

The following four types of Claims are <u>not</u> entitled to vote:  (1) Claims that have been disallowed; (2) Claims in unimpaired Classes; (3) Claims entitled to priority pursuant to Bankruptcy Code Sections 507(a)(1), (a)(2), and (a)(8); and (4) Claims in Classes that do not receive or retain any value under the Plan.  Claims in unimpaired Classes are not entitled to vote because such Classes are deemed to have accepted the Plan.  Claims entitled to priority pursuant to Bankruptcy Code Sections 507(a)(1), (a)(2), and (a)(8) are not entitled to vote because such Claims are not placed in Classes and they are required to receive certain treatment specified by the Bankruptcy Code.  Claims in Classes that do not receive or retain any value under the Plan do not vote because such Classes are deemed to have rejected the Plan. EVEN IF YOUR CLAIM IS OF THE TYPE DESCRIBED ABOVE, YOU MAY STILL HAVE A RIGHT TO OBJECT TO THE CONFIRMATION OF THE PLAN.

**F.**    **Who Can Vote in More Than One Class.**

A Creditor whose Claim has been allowed in part as a Secured Claim and in part as a General Unsecured Claim is entitled to accept or reject the Plan in both capacities by casting one ballot for the secured part of the Claim and another ballot for the unsecured Claim.

**G.**    **Votes Necessary to Confirm the Plan.**

If impaired Classes exist, the Court cannot confirm the Plan unless (1) at least one impaired Class has accepted the Plan without counting the votes of any insiders within that Class, and (2) all impaired Classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by "cramdown" on non-accepting Classes, as discussed below.

**H.    Votes Necessary for a Class to Accept the Plan.**

A Class of Claims is considered to have accepted a plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Claims which actually voted on the plan, voted in favor of the plan.  A Class of Interests is considered to have "accepted" a plan when at least two-thirds (2/3) in amount of the Interest-holders of such Class which actually voted on the plan, voted to accept the plan.

**I.    Treatment of Non-accepting Classes.**

As noted above, even if <u>all</u> impaired Classes do not accept a Plan, the Court may nonetheless confirm a Plan if the non-accepting Classes are treated in the manner required by the Bankruptcy Code.  The process by which non-accepting Classes are forced to be bound by the terms of a plan is commonly referred to as "cramdown."  The Bankruptcy Code allows a plan to be "crammed down" on non-accepting Classes of Claims or Interests if it meets all consensual requirements except the voting requirements of 1129(a)(8) and if the plan does not "discriminate unfairly" and is "fair and equitable" toward each impaired Class that has not voted to accept the plan as referred to in 11 U.S.C. § 1129(b) and applicable case law.

**J.    Liquidation Analysis.**

Another Confirmation requirement is the "Best Interest Test", which requires a liquidation analysis.  Under the Best Interest Test, if a Claimant or Interest holder is in an impaired Class and that Claimant or Interest holder does not vote to accept the Plan, then that Claimant or Interest holder must receive or retain under the Plan property of a value that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

In a Chapter 7 case, a debtor's assets are usually sold by a Chapter 7 trustee.  Secured creditors are paid first from the sales proceeds of properties on which the secured creditor has a lien.  Administrative Claims are paid next.  Next, unsecured Creditors are paid from any remaining sales proceeds, according to their rights to priority.  Unsecured Creditors with the same priority share in proportion to the amount of their Allowed Claims in relationship to the

76

amount of total allowed unsecured Claims.  Finally, Interest holders receive the balance that remains after all creditors are paid, if any.

For the Bankruptcy Court to be able to confirm the Plan, the Bankruptcy Court must find that all Creditors and Interest holders who do not accept the Plan will receive at least as much under the Plan as such holders would receive under a Chapter 7 liquidation of the Debtors.   The Debtors maintain that this requirement is clearly met.

The Debtors' liabilities, including disputed liabilities, include in excess of $23 million in alleged Secured Claims, in excess of $1.5 million in alleged Priority Tax Claims and in excess of $10 million in alleged General Unsecured Claims.  Thus, the Debtors' liabilities far exceed the value of their assets in any liquidation of their assets or going concern sale of their business.  The Debtors' have based their liquidation analysis on a going concern sale of comparable dry cleaning businesses in Chapter 7 and Chapter 11 bankruptcies (as set forth on Exhibit "D" attached hereto).  Below is a demonstration, in balance sheet format, demonstrating that in a Chapter 7 going concern liquidation, the liquidation proceeds would be substantially less than the outstanding amount of the Debtors' secured debt.  Therefore, in a liquidation, the only Creditors who would recover anything would be the Debtors' Secured Creditors holding first priority liens.  A piece-meal liquidation of the Debtors' assets and a corresponding shut down of the Debtors' business operation would result in even less of a return, and 100% of the proceeds would be paid to senior Secured Creditors.  Junior secured creditors, Priority Tax Claimants, General Unsecured Creditors and Equity Security Holders would not receive anything in either a going concern sale or a piece meal liquidation of the Debtors' business.

///

///

///

///

///

///

| Assets Valued at Projected Liquidation Values (Estimated as of November 30, 2010) | Liquidation Value |
|---|---|
| Cash | $         437,334 |
| Sale of divisions (based on industry comps of going concern sales in chapter 7 and 11 bankruptcies) | 5,942,730 |
| Fixed Assets of corporate headquarters | 15,000 |
| **Total Liquidation Value of Assets** | **$      6,395,064** |
| Less: | |
| Accrued Payroll / Termination Costs (equivalent to one week of payroll) | ($230,000.00) |
| Accounts Payable | ($384,429.00) |
| Environmental Liability (Indiana) | ($300,000.00) |
| Broker Commission / Sales & Marketing Costs (equal to at least 10% of sale of business) | ($59,427.30) |
| **Total Liquidation Costs** | **$       (973,856)** |
| **Net Liquidation Value of Assets** | **$      5,421,208** |
| Less: | |
| Secured Debt (Setal) | (19,100,000) |
| Secured Debt (Note Holders & Car/Equipment Loans) | (843,000) |
| Chapter 7 Fees and Expenses | (200,000) |
| Chapter 11 Administrative Expenses | (1,500,000) |
| Priority Wage Claims | - |
| Priority Tax Claims | (784,000) |
| **Total Claims Before Unsecured Claims** | **$  22,427,000** |
| **Net Liquidation Value of Assets - Total Secured & Priority Claims** | **$ (17,005,792)** |
| **Balance Available for Unsecured Claims** | **$0.00** |
| **Total % Unsecured Claims (est.)** | **0%** |

**% OF THEIR CLAIMS WHICH CLASS 20 GENERAL UNSECURED CREDITORS WOULD RECEIVE OR RETAIN IN A CHAPTER 7 LIQUIDATION: = 0%**

**% OF THEIR CLAIMS WHICH CLASS 20 GENERAL UNSECURED CREDITORS WILL RECEIVE OR RETAIN UNDER THE PLAN: = Approximately 10% (and up to 100% depending on the value of the New Common Stock)**

**K.    Feasibility.**

Another requirement for Confirmation involves the feasibility of the Plan, which means that Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successor to the Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.

There are at least two important aspects of a feasibility analysis.   The first aspect considers whether the Debtors will have enough Cash on hand on the Effective Date to pay all the Claims and expenses which are entitled to be paid on such date.

The Plan will be funded by the Exit Financing in the aggregate amount of $20,000,000 to $23,000,000, plus the Debtors' Cash on hand of approximately $500,000.  After deducting fees and costs relating to obtaining the Exit Financing (in the amount of approximately $1,500,000 to $2,000,000) and assuming $21 million in Exit Financing, the Reorganized Debtor will net approximately $19 million.  Of this amount, the Reorganized Debtor anticipates that it will require $4 million for working capital, regulatory filings and funds to secure new acquisitions in connection with the Subsequent Public Offering, thereby reducing available funds to implement the Plan to $14.3 million to $15.3 million.  Such proceeds will be utilized as follows:

| | |
|---|---|
| Administrative | $1,365,000[14] |
| Acquisition | $6,000,000 to $7,000,000 |
| DIP loan | $775,000 |
| Lease cures | $75,000 |
| Secured Claims | $5,150,000 |
| Priority Tax Claims | $10,000 |
| Unsecured Claims | $1,000,000 |
| Total: | $14,375,000 to $15,375,000 |

Based on the foregoing, the Debtors are confident that sufficient funds will exist to make all required Effective Date payments will be made. The balance of Allowed Claims will be satisfied by the issuance of the New Common Stock and/or payment over time by the Reorganized Debtor.

---

[14] See footnote 10.

The second aspect considers whether the Reorganized Debtor will have enough cash over the life of the Plan to make the required Plan payments. Attached as Exhibit "A" to this Disclosure Statement are cash flow projections prepared on an annual basis for the five-year period following the Effective Date, which demonstrate the ability of the Reorganized Debtor to make all of the Plan payments which are required to be made over time. The Debtors believe that the projections are realistic and based on historical information adjusted for current market conditions.

## VIII.    EFFECT OF CONFIRMATION OF THE PLAN

### A.    Discharge.

On the Plan Effective Date, the Debtors will receive a discharge under the Plan pursuant to and in accordance with the provisions of Section 1141 of the Bankruptcy Code because there has not been a liquidation of all or substantially all of the property of the Debtors' Estates. Pursuant to 11 U.S.C. § 1141(d)(1)(A), Confirmation of the Plan will discharge "the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title, whether or not – (i) a proof of claim based on such debt is filed or deemed filed under section 501 of this title; (ii) such claim is allowed under section 502 of this title; or (iii) the holder of such claim has accepted the plan …". 11 U.S.C. §§ 1141(d)(1)(A)(i), (ii) and (iii). **In other words, Confirmation of the Plan will effectuate a discharge as to all debts or liabilities, whether contingent, unliquidated, disputed, known or unknown, that were incurred or arose before Confirmation of the Plan.** This includes all types of Claims and obligations arising out of and/or including, but not limited to, (i) all causes of action under state and Federal law (e.g., breach of contract, breach of fiduciary duty, securities violations, etc.), (ii) trade payables, (iii) landlord Claims, (iv) tax Claims including interest, (v) environmental claims, and (vi) any other known or unknown Claim from any debt arising prior to Plan Confirmation.

The Plan shall bind the holders of all Claims whether or not they accept the Plan. The rights afforded in the Plan and the treatment of all Claims therein shall be in complete satisfaction, discharge and release of all Claims against the Debtors or any of their assets or

80

properties of any nature whatsoever except as otherwise specifically provided in the Plan. Except as otherwise set forth in the Plan, all Claims shall be forever satisfied, discharged and released in full on the Effective Date, and all holders of Claims shall be forever precluded and enjoined from asserting Claims against the Reorganized Debtor or any of the Debtors.  Any litigation pending pre-petition and/or initiated post-petition in any court other than the Bankruptcy Court where relief from stay was not obtained from the Bankruptcy Court shall be deemed discharged upon Plan Confirmation.

**B.      Continuing Stay/Injunction.**

The automatic stay is lifted upon Confirmation as to property of the Estates.  However, the stay continues to prohibit collection or enforcement of pre-petition Claims against the Reorganized Debtor or the Reorganized Debtor's property until the earlier of the date:  (1) the relevant bankruptcy Case is closed, or (2) the relevant bankruptcy Case is dismissed.  Therefore, all parties bound by the Plan shall take no action with respect to, and are enjoined from, collecting or enforcing their pre-petition Claims against the Reorganized Debtor as set forth herein, and as otherwise provided by operation of law, until the earlier of the date:  (1) the relevant bankruptcy Case is closed, or (2) the relevant bankruptcy case is dismissed.

The Confirmation Order shall enjoin the prosecution, whether directly, derivatively or otherwise, of any Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or Interest released, discharged or terminated pursuant to the Plan.

Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an interest or other right of an Equity Security Holder that is impaired pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the  Estates, the Committee, the Reorganized Debtor or their property on account of any such discharged Claims, debts or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of

81

subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors and (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

**By accepting distribution pursuant to the Plan, each holder of an Allowed Claim receiving a Distribution pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Section.**

**C.    Revesting of Property in the Reorganized Debtor.**

Except as provided elsewhere in the Plan, the Confirmation of the Plan revests all of the property of the Debtors' estates in the Reorganized Debtor, including, but not limited to, any Claims against the Gamet Parties and any party listed on Exhibit "B" hereto. From and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property, including payment of all business expenses and professional fees and expenses, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court, and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Reorganized Debtor shall have, retain, reserve and be entitled to assert all claims, causes of action, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Debtors' bankruptcy Cases had not been commenced; and all of the Reorganized Debtor's legal and equitable rights respecting any such claims which are not specifically waived, extinguished, or relinquished by the Plan may be asserted after the Effective Date by the Reorganized Debtor.

**D.    Modification of the Plan.**

The Debtors may modify the Plan at any time before Confirmation.  However, the Bankruptcy Court may require a new disclosure statement and/or re-voting on the Plan if the Debtors modify the Plan before Confirmation.  The Debtors or the Reorganized Debtor, as the case may be, may also seek to modify the Plan at any time after Confirmation of the Plan so long as (1) the Plan has not been substantially consummated, and (2) the Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

**E.      Post-Confirmation Status Reports.**

Until a final decree closing the Debtors' consolidated Chapter 11 Cases is entered, the Reorganized Debtor shall file a consolidated quarterly status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan and shall serve such status reports upon the OUST and the Post-Effective Date Parties.

**F.      Post-Confirmation Conversion/Dismissal.**

A Creditor or any other party in interest may bring a motion to convert or dismiss the cases under Section 1112(b) of the Bankruptcy Code after the Plan is confirmed if there is a default in performing the Plan.  If the Bankruptcy Court orders the Cases converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 Estates, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 Estates, and the automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during these Cases.  The Confirmation Order may also be revoked under very limited circumstances.  The Bankruptcy Court may revoke the Confirmation Order if it was procured by fraud and if a party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the Confirmation Order.

**G.      Final Decree.**

Once the Estates have been fully administered as referred to in Bankruptcy Rule 3022, the Reorganized Debtor shall file a motion with the Bankruptcy Court to obtain a final decree to close these Cases.  The Reorganized Debtor shall be responsible for the timely payment of all fees incurred pursuant to 28 U.S.C. § 1930(a)(6).

## IX.    REQUEST FOR FINDING OF FAIR AND EQUITABLE

## TREATMENT OF IMPAIRED CLASSES

Pursuant to Section 1129(b) of the Bankruptcy Code, the Debtors, as the proponents of the Plan, hereby request that the Bankruptcy Court find that the provisions of the Plan provide fair and equitable treatment to those Classes which are impaired under the Plan and who elect not to accept the Plan, and that the Bankruptcy Court confirm the Plan notwithstanding the requirement of Section 1129(a)(8) of the Bankruptcy Code as to such Classes.

Dated: April 22, 2011                          Enivel, Inc. et al.


By:____/s/  Robert Y. Lee_____
        Robert Y. Lee, President and
        Chief Executive Officer

Submitted By:

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP


By:____/s/ Susan K. Seflin_____
        Simon Aron
        Susan K. Seflin
Attorneys for Chapter 11 Debtors and Plan Proponents

# DECLARATION OF ROBERT Y. LEE

I, Robert Y. Lee, hereby declare as follows:

1.       Unless indicated otherwise, I have personal knowledge of the facts set forth below, and, if called to testify, would and could competently testify thereto.  I am the President and Chief Executive Officer of Enivel, Inc., Cleaners Club Acquisition Sub, Inc., Steam Press Holdings, Inc., U.S. Dry Cleaning Services Corporation *dba* U. S. Dry Cleaning Corporation, USDC Fresno, Inc., USDC Fresno 2, Inc., USDC Portsmouth, Inc., and USDC Tuchman Indiana, Inc., the jointly administered Chapter 11 debtors and debtors in possession herein (collectively, the "Debtors").  I am responsible for overseeing the operations and financial performance of the Debtors, and am intimately familiar with the Debtors, their operations and their financial affairs.

2.       I have reviewed the First Amended Disclosure Statement[15] to which this Declaration is attached, and believe that all of the contents contained therein are true and correct to the best of my knowledge, information and belief.

3.       Attached hereto as Exhibit "A" are true and correct copies of a pro forma "Consolidated Statement of Cash Flows", a "Consolidated Balance Sheet" and a "Consolidated Income Statement" for a five year period (collectively, the "Financial Statements"), which were prepared in conjunction with the Debtors' investment banker, Provident.  I actively participated with Provident and Riaz Chauthani, the Debtors' Director of Merger and Acquisitions, in the preparation of the Financial Statements.  I actively participated in the preparation of the Financial Statements, along with Riaz Chauthani, the Debtors' Director of Merger and Acquisitions, and Provident.  The Debtors' Financial Advisor, C.T. Moffitt & Company, assisted the Debtors and Provident with earlier versions of the Financial Statements.

4.       Attached hereto as Exhibit "B" are spreadsheets which list all unexpired leases and executory contracts which the Debtors are seeking to assume pursuant to the Plan.  Also

---

[15] Any capitalized term not defined in this Declaration shall have the same meaning as set forth in the Disclosure Statement to which this Declaration is annexed.

85

included in these spreadsheets is the treatment for the "Cure Amount" for each unexpired lease and/or executory contract.

5.    The Debtors will supplement Exhibit "C" to the extent the Debtors determine that they will reject any executory contract or unexpired lease.

6.    Attached hereto as Exhibit "D" is a "going concern" liquidation analysis of the Debtors' business both in bankruptcy and out of bankruptcy.  I assisted in the preparation of this analysis and believe that, as of June 2010, this is a correct, standard and customary liquidation analysis.

7.    Attached hereto as Exhibit "E" is a true and correct copy of the Claim Chart, which lists all Proof of Claims and Interests filed in the Debtors' bankruptcy Cases, as well as all Scheduled Claims.

8.    Attached hereto as Exhibit "F" is a true and correct copy of the Debtors' engagement letter with Provident.

9.    Attached hereto as Exhibit "G" is a true and correct copy of the List of Equity Security Holders filed in USDC's bankruptcy Case.

10.    Attached hereto as Exhibit "H" is a list of the Debtors' board members with background information, as well as information regarding the Reorganized Debtor's proposed board members and management.

11.    Attached hereto as Exhibit "I" is a description of the Exit Financing together with the Reorganized Debtor's proposed capital structure upon Confirmation and in various other hypothetical scenarios.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 22nd day of April, 2011 at Newport Beach, California.


                                        /s/  *Robert Y. Lee*
                                        Robert Y. Lee

# Exhibit A

CONSOLIDATED STATEMENT OF CASH FLOWS

CONSOLIDATED BALANCE SHEET

CONSOLIDATED INCOME STATEMENT

Exhibit "A"

**Consolidated Statement of Cash Flows (Reorganized Debtor After Acquisition)**

| Consolidated Statement of Cash Flows | Estimates | Projections | | | | |
|---|---|---|---|---|---|---|
| Fiscal Year | 2010P | 2011E | 2012E | 2013E | 2014E | 2015E |
| | December 31, 2010 | December 31, 2011 | December 31, 2012 | December 31, 2013 | December 31, 2014 | December 31, 2015 |
| In Thousands of US$ | 43 weeks | 52 weeks | 52 weeks | 52 weeks | 52 weeks | 52 weeks |
| **Operating Activities** | | | | | | |
| Income | | | | | | |
| Ordinary Income | (743.1) | (2,471.4) | 5,649.0 | 10,140.2 | 14,590.8 | 17,791.5 |
| Other Income (Re-Franchising) | - | - | - | - | - | - |
| **Net Income** | $ (743.1) | $ (2,471.4) | $ 5,649.0 | $ 10,140.2 | $ 14,590.8 | $ 17,791.5 |
| **Adjustments** | | | | | | |
| Amortization and Depreciation | $ 1,213.1 | 615.2 | 1,373.8 | 2,052.3 | 2,338.1 | 2,338.1 |
| Changes in Accounts Receivable | $ (637.5) | (1,016.5) | (1,760.4) | (2,048.8) | (532.6) | (583.6) |
| Changes in Other Current Assets | $ - | - | - | - | - | - |
| Changes in Accounts Payable and accrued exp. | $ 355.4 | 13.4 | 25.4 | 28.9 | 28.7 | 33.7 |
| Changes in Capital Leases | $ - | - | - | - | - | - |
| **Net Cash from Operating Activities** | $ 187.9 | $ (2,859.3) | $ 5,287.8 | $ 10,172.6 | $ 16,424.9 | $ 19,579.6 |
| **Investing Activities** | | | | | | |
| Acquisitions | | $ (14,650.0) | | | | |
| Restructuring/Repayment of Debt | | | | | | |
| CAPEX - PP&E and Leasehold Improvements | $ - | $ - | - | - | - | - |
| CAPEX - Goodwill | $ - | $ - | - | - | - | - |
| Re-Franchising | $ - | $ - | - | - | - | - |
| | $ - | | | | | |
| **Net Cash from Investing Activities** | $ - | $ (14,650.0) | $ - | $ - | $ - | $ - |
| | $ - | | | | | |
| **Financing Activities** | $ - | | | | | |
| | $ - | | | | | |
| | $ - | | | | | |
| Changes in Line of Credit | $ - | $ - | - | - | - | - |
| Proceeds from Debt Issuance | $ - | $ 8,000.0 | - | - | - | - |
| Restructuring/Repayment of Secured Debt | | $ (5,829.6) | (428.1) | (742.5) | (1,215.1) | (908.1) |
| Repayment of Post Bankruptcy Debt | | $ - | (453.0) | (728.7) | (1,042.0) | (1,128.5) |
| Repayment of DIP | | $ (786.0) | | | | |
| Repayment of Unsecured | | $ (1,000.0) | | | | |
| Proceeds from Equity Issuance (Preferred) | $ - | $ - | - | - | | |
| Proceeds from Equity Issuance (Common) | $ - | $ 23,750.0 | 6,906.3 | 11,750.0 | - | - |
| | $ - | | | | | |
| **Net Cash from Investing Activities** | $ - | $ 24,134.4 | $ 6,025.1 | $ 10,278.8 | $ (2,257.1) | $ (2,036.6) |
| **Net Changes in Cash During the Period** | $ 187.9 | $ 6,625.1 | $ 11,312.9 | $ 20,451.4 | $ 14,167.8 | $ 17,543.0 |
| **Cash Balance, Beginning of the Period** | $ 500.0 | $ 687.9 | $ 7,313.0 | $ 18,625.8 | $ 39,077.2 | $ 53,245.0 |
| **Cash Balance, Ending of the Period** | $ 687.88 | $ 7,312.95 | $ 18,625.8 | $ 39,077.2 | $ 53,245.0 | $ 70,788.1 |

Exhibit "A"

Consolidated Balance Sheet (Reorganized Debtor After Acquisition)

| Consolidated Balance Sheet | Estimates | Projections | | | | |
|---|---|---|---|---|---|---|
| **Fiscal Year** | **2010P** | **2011E** | **2012E** | **2013E** | **2014E** | **2015E** |
| | December 31, 2010 | December 31, 2011 | December 31, 2012 | December 31, 2013 | December 31, 2014 | December 31, 2015 |
| *In Thousands of US$* | 30 weeks | 52 weeks | 52 weeks | 52 weeks | 52 weeks | 52 weeks |
| **Assets** | | | | | | |
| Cash and cash equivalents | $687.9 | $ 7,312.95 | $ 10,716.4 | $ 21,509.4 | $ 35,677.0 | $ 53,220.0 |
| Restricted Cash - Re-Franchising Proceeds | | $ - | $ - | $ - | $ - | $ - |
| Accounts receivable, net | 637.5 | $ 1,654.1 | $ 3,414.5 | $ 5,463.3 | $ 5,995.9 | $ 6,579.6 |
| Other current assets | 0.0 | $ - | $ - | $ - | $ - | $ - |
| Total Current Assets | $1,325.4 | $ 8,967.0 | $ 14,130.9 | $ 26,972.7 | $ 41,672.9 | $ 59,799.6 |
| | | | | | | |
| Property, Equipment & Leasehold Improvements | 3,340.6 | $ 8,460.6 | $ 11,960.6 | $ 15,960.6 | $ 15,960.6 | $ 15,960.6 |
| Less Accumulated Depreciation | | $ (615.2) | $ (1,989.0) | $ (4,041.3) | $ (6,379.4) | $ (8,717.4) |
| Less Disposition of Assets from Re-Franchising | | $ - | $ - | $ - | $ - | $ - |
| Goodwill | 12,018.9 | $ 29,798.9 | $ 40,736.4 | $ 53,236.4 | $ 53,236.4 | $ 53,236.4 |
| Less Accumulated Amoritization | | $ - | $ - | $ - | $ - | $ - |
| Less Disposition of Goodwill from Re-Franchising | | $ - | $ - | $ - | $ - | $ - |
| Other non-current assets | 0.0 | $ - | $ - | $ - | $ - | $ - |
| **Total Assets** | **$16,684.897** | **$ 46,611.3** | **$ 64,838.9** | **$ 92,128.4** | **$ 104,490.6** | **$ 120,279.2** |
| | | | | | | |
| **Liabilities** | | | | | | |
| Accounts payable and accrued expenses | 355.4 | $ 368.8 | $ 394.2 | $ 423.1 | $ 451.8 | $ 485.5 |
| Line of Credit | 0.0 | $ - | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ - | $ - |
| Current maturities of long-term debt and capital leases | 0.0 | $ - | $ - | $ - | $ - | $ - |
| | | | | | | |
| Total Current Liabilities | $355.4 | $ 368.8 | $ 394.2 | $ 423.1 | $ 451.8 | $ 485.5 |
| | | | | | | |
| Long-term debt and obligation under capital leases | 0.0 | $ 8,325.4 | $ 7,872.3 | $ 6,910.2 | $ 5,868.2 | $ 4,739.8 |
| Long-Term Restructuring Obligiations | 33,395.4 | $ 5,290.5 | $ 4,889.5 | $ 4,152.4 | $ 2,940.1 | $ 2,098.5 |
| | | | | | | |
| Other long-term liabilities (Due to shareholders) | 0.0 | $ - | $ - | $ - | $ - | $ - |
| Total Liabilities | $33,750.8 | $ 13,984.7 | $ 13,156.1 | $ 11,485.7 | $ 9,260.1 | $ 7,323.8 |
| | | | | | | |
| **Shareholder's equity** | | | | | | |
| Preferred Stock | 7,526.6 | $ 7,526.6 | $ 7,526.6 | $ 7,526.6 | $ 7,526.6 | $ 7,526.6 |
| Common Stock | 6,000.0 | $ 58,526.6 | $ 72,651.6 | $ 92,651.6 | $ 92,651.6 | $ 92,651.6 |
| Retained earnings | (743.1) | $ (3,214.5) | $ 1,743.9 | $ 10,709.1 | $ 25,299.7 | $ 43,091.2 |
| Shareholders' Premium | (29,849.4) | $ (30,212.1) | $ (30,239.3) | $ (30,244.7) | $ (30,247.5) | $ (30,314.0) |
| Total Shareholders' Equity | -$17,065.9 | $ 32,626.6 | $ 51,682.8 | $ 80,642.6 | $ 95,230.4 | $ 112,955.5 |
| **Total Liabilities and Shareholders' equity** | **$16,684.877** | **$ 46,611.3** | **$ 64,838.9** | **$ 92,128.3** | **$ 104,490.5** | **$ 120,279.3** |

Exhibit "A"

**Consolidated Income Statement (Reorganized Debtor After Acquisition)**

| Consolidated Income Statemement | Actuals | Projections | | | | |
|---|---|---|---|---|---|---|
| Fiscal Year | 2010P | 2011E | 2012E | 2013E | 2014E | 2015E |
| | December 31, 2010 | December 31, 2011 | December 31, 2012 | December 31, 2013 | December 31, 2014 | December 31, 2015 |
| In Thousands of US$, except per share data | (3/4/2010-12/31/2010) | 52 weeks | 52 weeks | 52 weeks | 52 weeks | 52 weeks |
| Gross sales | 23,753 | 27,304 | 57,507 | 87,246 | 106,678 | 116,483 |
| Sales, Returns and Adjustments | | 117 | 119 | 129 | 141 | 154 |
| Sales (Net) | 23,753 | 27,187 | 57,388 | 87,117 | 106,537 | 116,329 |
| Cost of Services | 22,195 | 22,933 | 47,804 | 72,461 | 87,304 | 94,078 |
| Gross margin | 1,558 | 4,254 | 9,585 | 14,656 | 19,233 | 22,252 |
| Selling, General & Administrative | 1,088 | 1,440 | 1,440 | 1,440 | 1,440 | 1,440 |
| Depreciation and amortization (D&A) | 1,213 | 615 | 1,374 | 2,052 | 2,338 | 2,338 |
| Total operating expenses | 2,301 | 2,055 | 2,814 | 3,492 | 3,778 | 3,778 |
| **Operating profit (EBIT)** | **($743.1)** | **$ 2,199** | **$ 6,771** | **$ 11,164** | **$ 15,455** | **$ 18,474** |
| Interest expense, net | - | 672 | 1,122 | 1,024 | 864 | 682 |
| Other income | 0.0 | | | | | |
| Income from Re-Franchising | | - | - | - | - | - |
| Earnings before income tax provision | (743.1) | 1,528 | 5,649 | 10,140 | 14,591 | 17,791 |
| Nonrecurring Charges | | (3,999) | | | | |
| Income tax provision | 0.0 | - | - | - | - | - |
| **Net earnings** | **$ (743)** | **$ (2,471)** | **$ 5,649** | **$ 10,140** | **$ 14,591** | **$ 17,791** |
| | | | | | | |
| **EBITDA** | **$470.0** | **$ 2,814** | **$ 8,145** | **$ 13,216** | **$ 17,793** | **$ 20,812** |

Exhibit A

# Exhibit B

### LIST OF UNEXPIRED LEASES TO BE ASSUMED

### LIST OF EXECUTORY CONTRACTS TO BE ASSUMED

Exhibit "B" to Disclosure Statement

Schedule of Leases to be Assumed Pursuant to Plan

| Landlord | Landlord Address | Store Address | Store # | Lease Expiration | Current Total Rent | Cure Amount | Cure Terms |
|---|---|---|---|---|---|---|---|
| Brownsburg Management Group, Ltd. | 21 Hillcrest Ct. Ridgefield, CT 06877 | 919 N. Green Street Brownsburg, IN | Indy 48 | 12/31/2011 | $1,984.00 | $5,034.66 | Paid over 12 months in 12 equal monthly installments of $419.56 |
| Cloverdale Marketplace, LLC | 2187 Newcastle Ave #100 Cardiff by the Sea, Ca 92007 | 12672 Limonite Ave. Corona, CA | Riv 8 | 3/31/2015 | $3,120.00 | $9,513.08 | Cure of $9,513.08 plus $6,000 additional security deposit paid on effective date or as soon as practicable thereafter. |
| Cypress Improvements, LLC | 580 White Plains Rd Terrytown, NY 10591 | 928 Diamond Springs Rd Virginia Beach, VA | VA 20 | 3/31/2014 | $1,520.30 | $3,651.99 | Paid over 24 months in 24 equal installments of $152.17 |
| Flynn & Zinkan Holdings, LLC | 5332 N. Temple Ave Indianapolis, IN 46220 | 7829 Sunnyside Road Lawrence, IN | Indy 39 | 12/31/2012 | $4,736.00 | $13,532.00 | Paid over 24 months in 24 equal installments of $563.83 |
| Gerald Klapper | 7045 Emblem Drive, Suite 4 Indianapolis, IN 46234 | 7045 Emblem Drive, Ste 4 Indianapolis, IN | Indy 18 | 9/30/2012 | $3,653.64 | $14,442.44 | Paid over 24 months in 24 equal installments of $601.77 |
| Great Neck Holding, LLC | 1411 Harpers Rd Virginia Beach, VA 23454 | 1416 N. Great Neck Road Virginia Beach, VA | VA 37 | 12/31/2012 | $6,730.00 | $36,669.07 | Agreed to an $18,200 General Unsecured Claim, and an $18,469.07 note to be paid in 24 equal installments of $769.54. |
| Kahala Center Company | 4211 Waialae Ave, Ste 33 Honolulu, HI 96816 | 4211 Waialae Ave. Honolulu, HI | HI 528 | 5/31/2012 | $3,622.00 | $3,424.97 | Paid over 24 months in 24 equal installments of $142.71 |
| Kahala Center Company | 4211 Waialae Ave, Ste 33 Honolulu, HI 96816 | 4211 Waialae Ave. Honolulu, HI | HI 613 | 11/30/2015 | $8,133.34 | $11,582.45 | Paid over 24 months in 24 equal installments of $482.60 |

Exhibit B

Exhibit "B" to Disclosure Statement

| Landlord | Landlord Address | Store Address | Store # | Lease Expiration | Current Total Rent | Cure Amount | Cure Terms |
|---|---|---|---|---|---|---|---|
| Kaimana Ventures Ltd. | 23 South Vineyard #302 Honolulu, HI 96813 | 1365 Nuuanu Ave. Honolulu, HI | HI 509 | 12/31/2011 | $1,751.83 | $3,871.55 | Paid over 24 months in 24 equal installments of $161.31 |
| Mary Duran - 4040 MacArthur LP | 1600 Dove Street, Suite 480, Newport Beach, CA 92660 | 4040 MacArthur Blvd. Newport Beach, CA 92660 | Corporate Head-quarters | 11/30/2012 | $4,500.00 | $13,084.00 | Paid over 24 months in 24 equal installments of $545.17 |
| Merchants 450, LLC | 31500 Northwestern Hwy. Ste. 300 Farmington Hills, MI 48334 | 2284 E. 116th Street, Carmel, IN | Indy 24 | 8/31/2019 | $5,093.54 | $115,179.00 | Paid over 36 months in 36 equal installments of $3,199.42 |
| Oak Center, LLC | 942 Saddlebrook Dr. Zionsville, IN 46077 | 1201 W. Oak Street Zionsville, IN | Indy 17 | 4/30/2012 | $3,856.00 | $12,097.74 | Paid over 12 months in 12 equal monthly installments of $1,008.15 |
| Southport Associates, LLC | 6910 N. Shadeland Ave. Indianapolis, IN 46220 | 378 Western Blvd. Greenwood, IN | Indy 19 | 12/31/2012 | $2,000.00 | $14,547.00 | Paid over 24 months in 24 equal installments of $606.13 |
| WCSC, LLC | 1150 S. King Street, Ste 501 Honolulu, HI 96814 | 45480 Kanehoe Bay Drive Kaneohe, HI | HI 531 | 8/31/2013 | $1,806.00 | $2,229.00 | Paid over 24 months in monthly installments with an interest rate of 6% per annum |

Exhibit B

In re Enivel, Inc. et al.

Contracts - Assume

| Entity | Vendor | Description | Locations | Comm. Date | Exp. Date | Monthly PMT | Cure Amount | Assumed by Reorganized Debtor | Comments |
|--------|--------|-------------|-----------|------------|-----------|-------------|-------------|-------------------------------|----------|
| CCI | Brills - Archibald | Management Agmt | 1 | 10/19/2009 | Annual Renewal | 45% Royalty | None | Assume | "Vendor" is an insider pursuant to 11 U.S.C. § 101(31). |
| CCI | Brills - Limonite | Management Agmt | 1 | 10/19/2009 | Annual Renewal | 45% Royalty | None | Assume | "Vendor" is an insider pursuant to 11 U.S.C. § 101(31). |
| CCI | Canon Financial | Printer | 1 | 4/21/2009 | 4/21/2012 | $ 265.00 | None | Maybe | At USDC office. Debtors attempting to negotiate new terms. Could be moved to Exhibit "C" prior to Confirmation Hearing. |
| CCI | Taylor Security | Security Systems | 4 | 11/1/2010 | 10/31/2015 | $ 186.00 | None | Assume | |
| CCI | PPI | Merchant Credit Card Terminals | 6 | | | $ 210.52 | None | Assume | Minimum 3 year agreement |
| Enivel | Ala Moana Hotel | Hotel Contract | 1 | 3/8/1995 | - | N/A | None | Assume | |
| Enivel | AMEX | Credit Card | 1 | 2001 | 12/1/2012 | N/A | None | Assume | |
| Enivel | FIA Card Services | Credit Card | 1 | 7/7/2009 | - | - | None | Assume | |
| Enivel | FHB | Merchant Credit Card Terminals | 15 | 10/12/2007 | - | $ 285.00 | None | Assume | |
| Enivel | Centure Computers | IT Contract | 1 | - | - | $ 109.94 | None | Assume | |
| Enivel | Hale Koa Hotel | Hotel Contract | 1 | 8/22/2006 | - | N/A | None | Assume | |
| Enivel | Hilton | Hotel Contract | 1 | 11/1/2007 | 10/31/2012 | N/A | None | Assume | |
| Enivel | Kahala Sublease | Sublease | 1 | | | | None | Assume | |
| Enivel | Mercedes Benz | Service Agreement | 1 | 6/1/2005 | - | N/A | None | Assume | |

94

Exhibit B

In re Enivel, Inc. et al.
Contracts - Assume

| Entity | Vendor | Description | Locations | Comm. Date | Exp. Date | Monthly PMT | Cure Amount | Assumed by Reorganized Debtor | Comments |
|--------|--------|-------------|-----------|------------|-----------|-------------|-------------|-------------------------------|----------|
| Enivel | Sears Agency | Agency Store | 1 | 6/5/1985 | - | 50% Royalty | None | Assume | |
| Enivel | Support Agmt | IT Support | 1 | Yr. to Yr. | - | $ 550.00 | None | Assume | Agreement is automatically renewed yearly - for a 1 year term |
| Enivel | Trump Hotel | Hotel Contract | 1 | 10/30/2009 | - | N/A | None | Assume | |
| Enivel | United Airlines | Uniform Service | 1 | 5/1/2006 | - | N/A | None | Assume | |
| Enivel | Kings Disposal | Service Agreement | 1 | 4/1/2010 | 3/31/2012 | $ 466.40 | None | Assume | |
| Fresno | Martinizing | Franchise Agmt | 1 | 3/1/2007 | 12/31/2019 | $ 2,868.00 | None | Assume | From the contract and attached map - only 1 location is included |
| Fresno | Taylor Security | Security Systems | 14 | 11/1/2010 | 10/31/2015 | $ 938.00 | None | Assume | |
| Fresno | PPI | Merchant Credit Card Terminals | 16 | 11/5/2007 | - | $ 428.74 | None | Assume | Minimum 3 year agreement |
| Ports | Navy Exchange 15 | Navy Contract | 1 | 3/1/2011 | 3/1/2014 | 10% of Sales +$150.00/ utilities | None | Assume | |
| Ports | Navy Exchange 41 | Navy Contract | 1 | 3/1/2011 | 3/1/2014 | 10% of Sales +$150.00/ utilities | None | Assume | |
| Ports | Taylor Security | Security Systems | 11 | 11/1/2010 | 10/31/2015 | $ 786.50 | None | Assume | |
| Ports | PPI | Merchant Credit Card Terminals | 12 | 3/13/2008 | 3/12/2011 | $ 547.56 | None | Assume | Minimum 3 year agreement |

95

Exhibit B

In re Envel, Inc. et al.
Contracts - Assume

| Entity | Vendor | Description | Locations | Comm. Date | Exp. Date | Monthly PMT | Cure Amount | Assumed by Reorganized Debtor | Comments |
|--------|--------|-------------|-----------|------------|-----------|-------------|-------------|------------------------------|----------|
| Tuch | Green Earth | Cleaning Contract | 10 | 10/1/2010 | 9/30/2011 | $ 2,000.00 | None | Assume | |
| Tuch | Taylor Security | Security Systems | 25 | 11/1/2010 | 10/31/2015 | $ 1,550.00 | None | Assume | |
| Tuch | PPI | Merchant Credit Card Terminals | 25 | 2/23/10 | | $ 625.00 | None | Assume | |
| USDC | Canon Financial | Printer | 1 | N/A | N/A | N/A | N/A | N/A | New Agreement Entered Into Post-Petition to Purchase Equipment which Supercedes Prior Agreement.. New Agreement Controls Terms. Only listed here since listed on prior exhibit. |
| USDC | Sherweb | Corp. Email | 41 | Mo. to Mo. | - | $ 576.60 | None | Assume | |
| USDC | SPOT | Hosting Service | 52 | 7/1/2008 | 7/1/2010 | $60-$74/ Workstation | None | Assume | See agreement - Minimum 2 year agreement |
| USDC | TelePacific | IT Contract | 1 | 7/1/2009 | 6/30/2012 | Varies on Usage | None | Assume | |

96

Exhibit B

# Exhibit C

TO THE EXTENT THE DEBTORS DETERMINE THAT THEY WILL REJECT ANY

EXECUTORY CONTRACTS OR UNEXPIRED LEASES PURSUANT TO THE PLAN, THE

DEBTORS WILL SUPPLEMENT THIS EXHIBIT "C"

# Exhibit D

GOING CONCERN LIQUIDATION VALUE COMPARABLE ANALYSIS AS OF JUNE 2010

**US Dry Cleaning Corporation**
**Going Concern Liquidation Value Comparable Analysis**

| Summary of Values: | Sales Multiple | EBITDA Multiple | Average | Sales Multiple | EBITDA Multiple |
|---|---|---|---|---|---|
| Liquidation Value based on Projected | $ 5,616,749 | $ 5,057,766 | $ 5,337,258 | 0.22x | 1.93x |
| Liquidation Value based on TTM | $ 5,424,900 | $ 2,738,226 | $ 4,081,563 | 0.22x | 1.93x |
| Liquidation (using NDCI & Zoots average) | $ 7,881,812 | $ 9,122,299 | $ 8,502,055 | 0.31x | 3.48x |
| **Going Concern based on Projected** | **$ 18,828,958** | **$ 15,726,789** | **$ 17,277,873** | **0.75x** | **6.0x** |

| Liquidation Value (As a Going Concern in BK) | | Projected | | TTM | | |
|---|---|---|---|---|---|---|
| Debtor Operating Entities | Average Sales Multiple (Projected) | Average EBITDA Multiple (Projected) | Average Sales Multiple (TTM) | Average EBITDA Multiple TTM | TTM Sales (unaudited) [d] | TTM EBITDA (unaudited) [a] [e] |
| Enivel, Inc. | $ 1,231,924 | $ 805,695 | $ 1,313,002 | 113,561 | $ 5,868,746 | $ 58,851 |
| USDC Fresno (1&2) | 1,164,341 | 1,147,171 | 1,162,886 | 583,329 | 5,197,771 | 302,304 |
| USDC Portmouth, Inc. | 1,061,711 | 1,219,673 | 913,012 | 682,128 | 4,080,904 | 353,505 |
| USDC Tuchman, Inc. | 1,734,714 | 1,755,550 | 1,652,739 | 1,359,209 | 7,387,275 | 704,395 |
| Cleaners Club Acquisition Sub., Inc. | 424,058 | 129,677 | 383,261 | nm | 1,713,069 | (831,056) |
| | $ 5,616,749 | $ 5,057,766 | $ 5,424,900 | $ 2,738,226 | $ 24,247,765 | $ 588,000 |

| Going Concern (Outside of BK) | | | | |
|---|---|---|---|---|
| Debtor Operating Entities | Average Sales Multiple | Average EBITDA Multiple | Projected Sales - Fiscal Q310 to Q311 (unaudited) | Projected Fiscal Q310 to Q311 EBITDA (unaudited) [a] |
| Enivel, Inc. | 4,129,765 | 2,505,256 | $ 5,506,353 | $ 417,543 |
| USDC Fresno (1&2) | 3,903,207 | 3,567,053 | 5,204,276 | 594,509 |
| USDC Portmouth, Inc. | 3,559,162 | 3,792,491 | 4,745,549 | 632,082 |
| USDC Tuchman, Inc. | 5,815,261 | 5,458,766 | 7,753,682 | 909,794 |
| Cleaners Club Acquisition Sub., Inc. | 1,421,563 | 403,223 | 1,895,418 | 67,204 |
| | $ 18,828,958 | $ 15,726,789 | $ 25,105,277 | $ 2,621,131 |

| Guideline Companies | Date of Sale | Sales Price | TTM Sales (unaudited) | TTM EBITDA (unaudited) [a] | Sales Multiple | EBITDA Multiple | Number of Stores | Selling Price per Store |
|---|---|---|---|---|---|---|---|---|
| NDCI Management Group (Ft. Lauderdale) | Sep-08 | $ 1,285,000 | $ 4,415,396 | $ 384,844 | 0.29x | 3.34x | 12 | $ 107,083 |
| Tuchman Cleaners, Inc. [b] | Sep-08 | 1,100,000 | 7,801,000 | 1,014,130 | 0.14x | 1.08x | 25 | 44,000 |
| NDCI Management Group (Miami) | Sep-08 | 1,696,774 | 6,844,742 | 1,867,816 | 0.25x | 0.91x | 20 | 84,839 |
| Al Phillips, The Cleaner (Las Vegas) | Sep-08 | 1,228,864 | 12,067,056 | 1,769,734 | 0.10x | 0.69x | 26 | 47,264 |
| Zoots Corporation [c] | Mar-09 | 1,900,000 | 5,640,096 | 524,635 | 0.34x | 3.62x | 10 | 190,000 |
| *Median* | | $ 1,285,000 | $ 6,844,742 | $ 1,014,130 | 0.25x | 1.08x | 20.0 | 84,839 |
| *Average* | | $ 1,442,128 | $ 7,353,658 | $ 1,112,232 | 0.22x | 1.93x | 18.6 | 94,637 |
| *Average DCI (Ft Lauderdale) + Portsmouth* | | | | | 0.31x | 3.48x | 11.0 | 148,542 |

*Notes:*
[a] Before allocation of management fees.
[b] Business was purchased by US Dry Cleaning Corporation through a Section 363 bankruptcy sale.
[c] Business was purchased by US Dry Cleaning Corporation through a distressed sale.
[d] From January 1, 2009 through December 31, 2009.
[e] Before restructuring initiatives in quarter ended June 30, 2010.

99

Exhibit D

# Exhibit E

**Claim Chart Listing All Filed Claims and Interests and**

**All Scheduled Claims**

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| (808) 394-8447 | | | | $54.37 | | | | | | | | $54.37 | **Mistake on Schedule** | Enivel, Steam Press | Enivel | | |
| 20/20 Communications Inc. | | | | $13,810.15 | | | | | | | | | | | Cleaners Club | | |
| 2000 Gail J. Lohmann SP Trust dated 9/28/2000 c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 49-1 | 08/13/10 | | | unknown | | **DISPUTE.**  Claim was filed under multiple case numbers | | | 10-bk-12735-RK | USDCC; Cleaners Club; USDC Tuchman; USDC Fresno; Enivel |
| 4040 MacArthur LP | | | | $1,143.20 | | | 12-1 | 04/22/10 | | | $13,084 | | **R.E. LEASE.** Corporate office: Extension to Assume or Reject by June 30, 2011. Cure of $13,084.00 tp be paid over 24 months. | | USDCC | 10-bk-12748-RK | USDCC |
| 4040 MacArthur LP | | | | | | | 13-1 | 04/22/10 | | | $47,474 | | **UNDETERMINED.**  Lease Corporate office note for unpaid rent. | | USDCC | 10-bk-12748-RK | USDCC |
| 5405 Indiana River Road, LLC | | | | $18,333.32 | | | | | | | | | | | USDC Portsmouth | | |
| A1 Smog & Auto Repair | | | | $733.80 | | | | | | | | $733.80 | | | Cleaners Club | | |
| Abdul Chauthani | | | | $41,888.00 | | $41,888.00 | | | | | | | **Secured Claim. Paid pursuant to Plan.** | | Cleaners Club | | |
| Abdul Chauthani | | | | $39,809.00 | | $39,809.00 | | | | | | | **Secured Claim. Paid pursuant to Plan.** | | Cleaners Club | | |
| Able Distributors, Inc. | | | | $647.83 | | | 51-1 | 06/29/10 | | | $737 | $737.31 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Absolute Bottled Water Co. | | | | $582.13 | | | | | | | | $582.13 | | | USDC Portsmouth | | |
| Accountemps Division of Robert Half International | | | | $10,736.64 | | | 23-1 | 06/28/10 | | | $9,615 | | | | USDCC | 10-bk-12748-RK | USDCC |
| Ace Machinery Services, Inc. | | | | $4,212.04 | | | 19-1 | 05/03/10 | | | $2,668 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Adco | | | | $187.70 | | | 13-1 | 03/22/10 | | | $52,120 | | **DISPUTE.** | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| ADP | | | | $1,881.65 | | | | | | | | | | | USDC Portsmouth | | |
| ADP | | | | $1,001.37 | | | | | | | | | | | USDC Tuchman | | |
| ADT Security Services | | | | $58.68 | | | | | | | | $58.68 | | | USDC Tuchman | | |
| Advance Mailing Systems | | | | $187.96 | | | | | | | | $187.96 | | Enivel, Steam Press | Enivel | | |
| Advanced Chemical Transp | | | | $893.38 | | | | | | | | $893.38 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Advanced Direct Mail Solutions | | | | $1,545.00 | | | 5-1 | 04/06/10 | | | $1,030 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Aetna - U23S | | | | $632.66 | | | 27-1 | 04/26/10 | | | $316 | $316.33 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |

101

Exhibit E

1/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Affordable Towing Service | | | | $392.67 | | | | | | | | $392.67 | | Enivel, Steam Press | Enivel | | |
| AFLAC | | | | $152.12 | | | | | | | | $152.12 | | Enivel, Steam Press | Enivel | | |
| Air Liquide America L.P. | | | | $1,352.32 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Airline Bus Pk #956 | | | | $3,942.25 | | | | | | | | | | | USDC Portsmouth | | |
| Ajilon Finance | | | | $239.84 | | | | | | | | $239.84 | | | USDCC | | |
| Ajilon Professional Staffing | | | | $17,603.62 | | | 5-1 | 05/23/10 | | | $19,036 | | | | USDCC | 10-bk-12748-RK | USDCC |
| Alex Cvetkovich | | | | $50.00 | | | | | | | | $50.00 | | | USDC Tuchman | | |
| Alii Glass and Metal, Inc | | | | $247.00 | | | | | | | | $247.00 | | Enivel, Steam Press | Enivel | | |
| Alliance Enterprises | | | | $100.00 | | | | | | | | $100.00 | | | USDC Portsmouth | | |
| Alliance Laundry Systems | | | | $12,500.00 | | $12,500.00 | | | | | | | Secured Claim. Paid pursuant to Plan and agreement. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Alliant Systems | | | | $18,444.18 | | | 7-1 | 03/23/10 | | | $19,120 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Allison Powers | | | | $29.78 | | | | | | | | $29.78 | | Enivel, Steam Press | Enivel | | |
| Allstate Fire Protection | | | | $6.21 | | | | | | | | $6.21 | | Enivel, Steam Press | Enivel | | |
| Aloha Petroleum, Ltd | | | | $5,301.57 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Aloha Towing Service | | | | $54.60 | | | | | | | | $54.60 | | Enivel, Steam Press | Enivel | | |
| Amber Sylvester | | | | $317.76 | | | 34-1 | 08/06/10 | | | $318 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Amberwick Corp | | | | $882.19 | | | | | | | | $882.19 | | | Cleaners Club | | |
| Ameet Shah | | | | $139,750.00 | | | | | | | | | | Steam Press, Enivel, Cleaners Club, USDC Portsmouth, USDC Fresno, USDC Fresno 2, USDC Tuchman | USDCC | | |
| American Express Bank, FSB | | | | $16,754.92 | | | 6-1 | 04/12/10 | | | $16,645 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| American Infosource LP, as agent for T Mobile/T-Mobile USA Inc. | | | | $131.71 | | | 22-1 | 05/28/10 | | | $113 | $131.71 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| American International Cos. | | | | $3,569.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| American Mobile Shredding | | | | $31.00 | | | | | | | | $31.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |

102

Exhibit E

2/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| AMPCO System Parking | | | | $3,657.50 | | | 65-1 | 07/12/10 | | | $2,475 | | **Filed against incorrect debtor.** | | USDCC | 10-bk-12735-RK | Enviel |
| Andrew Butler Jones, c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 26-1 | 08/13/10 | | | unknown | | **DISPUTE.** Claim was filed under multiple case numbers. See Plan and Disclosure Statement. | | | 10-bk-12735-RK | USDCC; Cleaners Club; USDC Tuchman; USDC Fresno; Enivel |
| Andrew Surabian | | | | $25,471.86 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Annette Piekusis | | | | $126.96 | | | | | | | | $126.96 | | Enivel, Steam Press | Enivel | | |
| Anthem Blue Cross | | | | $27,482.00 | | | | | | | | | **DISPUTED.** Paid in full post petition. | | USDCC | | |
| Anthem Blue Cross | | | | $36,589.03 | | | | | | | | | **DISPUTED.** Paid in full post petition. | | USDC Tuchman | | |
| Anthem Life | | | | $50.14 | | | | | | | | $50.14 | **DISPUTED.** Paid in full post petition. | | USDC Tuchman | | |
| Anthony J.A. Bryan | | | | $3,000.00 | | | | | | | | | | | USDCC | | |
| Appliance Parts Company | | | | $174.43 | | | 1-1 | 03/18/10 | | | $174 | $174.43 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| Argonaut Insurance Co., c/o Jeffrey Bast, Esq., Bast Amron LLP | | | | $11,052.79 | | | 16-1 | 08/13/10 | | | $11,053 | | **DISPUTE.** Paid per Stipulation. | Enivel, Steam Press | Enivel | 10-bk-12740-RK | Steam Press |
| Argonaut Insurance Co., c/o Jeffrey Bast, Esq., Bast Amron LLP | | | | | | | 31-1 | 08/03/10 | | unknown | $6,902 | | **DISPUTE.** Paid per Stipulation. | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Argonaut Insurance Co., c/o Jeffrey Bast, Esq., Bast Amron LLP | | | | $10,585.00 | | | 56-1 | 08/13/10 | | | $18,051 | | **DISPUTE.** Paid per Stipulation. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Argonaut Insurance Company | | | | $11,052.79 | | | 118-1 | 08/13/10 | | | $11,053 | | **DISPUTE.** Paid per Stipulation (and duplicate) | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Argonaut Insurance Company | | | | | | | 121-1 | 08/13/10 | | | $41,441 | | **DISPUTE.** Paid per Stipulation. This is same as claim# 27-1 filed under Cleaners Club | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Argonaut Insurance Company | | | | | | | 122-1 | 08/13/10 | | | $11,053 | | **DUPLICATE.** Claim is exactly the same as claim# 16-1 filed under Steam Press | | Enivel | 10-bk-12735-RK | Steam Press |
| Argonaut Insurance Company | | | | | | | 123-1 | 08/13/10 | | | $1,689 | | **DISPUTE.** Paid per Stipulation. | | USDCC | 10-bk-12735-RK | Enivel |
| Argonaut Insurance Company | | | | | | | 124-1 | 08/13/10 | | | $21,773 | | **DISPUTE.** Paid per Stipulation. | | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Argonaut Insurance Company | | | | | | | 125-1 | 08/13/10 | | | $18,051 | | **DISPUTE.** Paid. Stipulation. This claim is same as claim# 56-1 filed under USDC Portsmouth | | USDC Portsmouth | 10-bk-12735-RK | Enivel |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Argonaut Insurance Company | | | | | | | 126-1 | 08/13/10 | | | $6,902 | | **DISPUTE.** Paid per Stipulation. Claim is same as claim#31-1 filed under USDC Tuchman | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Argonaut Insurance Company | | | | $26,229.63 | | | 27-1 | 08/13/10 | | | $41,441 | | **DISPUTE.** Paid per Stipulation. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Argonaut Insurance Company | | | | $21,773.12 | | | 32-1 | 08/13/10 | | Unknown | $21,773 | | **DISPUTE.** Claim is duplicate as claim# 124-1 filed under the Enivel case number. Paid. Stipulation | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Argonaut Insurance Company | | | | $15.25 | | | 42-1 | 08/13/10 | | Unknown | $1,689 | | **DISPUTE.** Paid. Stipulation. Claim is same as claim# 123-1 filed under Enivel | | USDCC | 10-bk-12748-RK | USDCC |
| ArtLite Sign Company | | | | $1,426.00 | | | 41-1 | 06/28/10 | | | $2,029 | | | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| ASC Security USA | | | | $5,868.35 | | | | | | | | | | | Cleaners Club | | |
| Assoc Wedding Gown Specialists | | | | $2,100.57 | | | | | | | | | | | Cleaners Club | | |
| Associate Chemical & Supplies | | | | $25,778.42 | | | 23-1 | 05/21/10 | | | $40,574 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Associated Mechanical Cos | | | | $3,701.16 | | | | | | | | | | | USDC Portsmouth | | |
| Assurant Employee Benefits | | | | $1,363.05 | | | | | | | | | | | USDC Portsmouth | | |
| Astro Distribution & Leasing | | | | $140.00 | | | | | | | | $140.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| AT&T | | | | $236.71 | | | | | | | | $236.71 | | Enivel, Steam Press | Enivel | | |
| AT&T | | | | $2,837.64 | Utility | | | | | | | | | | Cleaners Club | | |
| AT&T (Nbeach) | | | | $484.11 | | | | | | | | $484.11 | | | USDCC | | |
| AT&T Advertising & Publishing | | | | $5,977.96 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| AT&T Advertising & Publishing | | | | $809.30 | | | | | | | | $809.30 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| AT&T Long Distance | | | | $82.67 | | | | | | | | $82.67 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |

104

Exhibit E

4/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| AT&T Mobility | | | | $1,119.68 | Utility | | | | | | | | | | Cleaners Club | | |
| Atlanta Gas/Virginia Natural Gas | | | | $632.91 | | | 3-1 | 03/29/10 | | | | $329.63 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlanta Gas/Virginia Natural Gas | | | | | | | 4-1 | 03/29/10 | | | | $293.73 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlanta Gas/Virginia Natural Gas | | | | | | | 5-1 | 03/29/10 | | | | $121.66 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlanta Gas/Virginia Natural Gas | | | | | | | 6-1 | 03/29/10 | | | | $129.60 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlanta Gas/Virginia Natural Gas | | | | | | | 7-1 | 03/29/10 | | | $324 | $324.30 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlanta Gas/Virginia Natural Gas | | | | | | | 8-1 | 03/29/10 | | | | $169.11 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Atlantic Exterminating Co | | | | $450.00 | | | | | | | | $450.00 | | | USDC Portsmouth | | |
| Atlas Insurance Agency | | | | $685.00 | | | | | | | | $685.00 | | Enivel, Steam Press | Enivel | | |
| ATT | | | | $1,793.77 | | | | | | | | | | | USDC Tuchman | | |
| ATT Advertising | | | | $73.20 | | | | | | | | $73.20 | | | USDC Tuchman | | |
| Axis Capital | | | | $4,881.00 | | $4,881.00 | | | | | | | DISPUTE. Paid in full. | Enivel, Steam Press | Enivel | | |
| Aztec Electric | | | | $377.10 | | | | | | | | $377.10 | | | Cleaners Club | | |
| B&G Liberman | | | | $34.60 | | | | | | | | $34.60 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| B&G Lieberman Co | | | | $100.49 | | | | | | | | $100.49 | | | USDC Portsmouth | | |
| Backriver Heating & Air LLC | | | | $79.00 | | | | | | | | $79.00 | | | USDC Portsmouth | | |
| Baker & Daniels LLP | | | | $7,983.50 | | | 10-1 | 04/20/10 | | | $47,438 | | DISPUTE - DUPLICATE. Exactly the same as claim# 4-1 filed under USDC Tuchman. | | USDC Tuchman | 10-bk-12748-RK | USDCC |
| Baker & Daniels LLP | X | X | X | $39,414.40 | Subject of litigation | | 4-1 | 04/20/10 | | | $47,438 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Baker Commodities, Inc. [on Schedules as Island Commodities] | | | | $21,761.95 | | | 45-1 | 06/25/10 | | | $26,339 | | Scheduled under Island Commodities | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Balboa Bay Club | | | | $340.07 | | | | | | | | $340.07 | | | USDCC | | |
| Bargersville Utilities | | | | $17.96 | | | | | | | | $17.96 | | | USDC Tuchman | | |
| Barry Jackson IRA | | | | $31,712.65 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Bay Disposal | | | | $1,849.91 | | | | | | | | | | | USDC Portsmouth | | |
| Be Creative Design Corp | | | | $1,110.00 | | | | | | | | | | | Cleaners Club | | |
| Bell Hop Cleaners of CA, Inc. | | | | $359,557.00 | | $359,557.00 | 25-1 | 08/13/10 | | $1,616,101 | | | DISPUTE. | | | | USDCC; Cleaners Club; USDC |
| Bellhop Cleaners of California, Inc., c/o Christine M. Pajak, Stuttman, | | | | $359,557.00 | | $359,557.00 | 15-1 | 08/13/10 | | $364,527 | | | DISPUTE. | | USDCC | | Enivel |
| Benjamin Wright | | | | $4.25 | | | | | | | | $4.25 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Best Textiles Intl | | | | $292.06 | | | | | | | | $292.06 | | Enivel, Steam Press | Enivel | | |
| Best Way Disposal | | | | $81.91 | | | | | | | | $81.91 | | | USDC Tuchman | | |
| Bestway Laundry | | | | $128.00 | | | | | | | | $128.00 | | | Cleaners Club | | |

105

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Bettencourts Handyman Service | | | | $240.00 | | | | | | | | $240.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| BH Development | | | | $4,303.76 | | | | | | | | | R.E.LEASE (USDC Fresno #12). Assumed. Cure of $4,303.76. Cure paid over 24 months. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Big O Tires | | | | $1,829.35 | | | | | | | | | | | Cleaners Club | | |
| Biltmore Riverside I LLC | | | | $13,848.14 | | | 32-1 | 08/05/10 | | | $32,176 | | R.E. LEASE (Cleaners Club Plant). Assumed. Cure of $32,176.00. Cure paid over 24 months. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Biltmore Riverside I LLC | | | | | | | 33-1 | 08/06/10 | | | $32,176 | | DUPLICATE. Claim is exactly the same as claim# 32-1 filed under Cleaners Club | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Bishop Sq Assoc Pauāhi Twr | | | | $6,638.06 | | | | | | | | | R.E. LEASE (Enivel #511). To be assumed on or about April 29, 2011 pursuant to Third Assumption Motion. Cure is $7,920.49 General Unsecured Claim (see motion for details). | Enivel, Steam Press | Enivel | | |
| Blockbuster Center | | | | $25,195.57 | | | | | | | | | R.E. LEASE (Enivel #662). To be assumed on or about April 29, 2011 pursuant to Third Assumption Motion. Cure is $3,178.00 General Unsecured Claim (see motion for details). | Enivel, Steam Press | Enivel | | |
| Board of Water Supply | | | | $7,819.82 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Bob Borland | | | | $1,461.65 | | | | | | | | | | | Cleaners Club | | |
| Bob Sakamoto Welding Inc | | | | $177.71 | | | | | | | | $177.71 | | Enivel, Steam Press | Enivel | | |
| Bobby Unten | | | | $30.00 | | | | | | | | $30.00 | | Enivel, Steam Press | Enivel | | |
| Boone County | | | | $10.86 | Payroll Taxes | $10.86 | | | | | | $10.86 | | | USDC Tuchman | | |
| Boyett Family Rayne Water Cond | | | | $96.72 | | | | | | | | $96.72 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Brian Walker | | | | | | | 14-1 | 05/05/10 | | | $40,000 | | | | USDCC | 10-bk-12748-RK | USDCC |
| Brian Walker | | | | | | | 50-1 | 09/15/10 | | | $40,000 | | DUPLICATE. Exactly the same as claim# 14-1 filed under USDCC | | USDCC | 10-bk-12748-RK | USDCC |
| Broadridge | | | | $3,453.61 | | | | | | | | | | | USDCC | | |
| Brookschool Plaza, LLP | | | | | | | | | | | | | R.E. LEASE (USDC Tuchman # 50) To be Assumed pursuant to Third Assumption Motion. Cure is $7,608.65 General Unsecured Claim (see motion for details) | | USDC Tuchman | | |
| Brown County | | | | $182.88 | Payroll Taxes | $182.88 | | | | | | $182.88 | | | USDC Tuchman | | |
| Bruce M. Rosen - IRA rollover | | | | $64,815.00 | | | 4-1 | 04/09/10 | | $55,556 | | | OBJECT to Secured. | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12740-RK | Steam Press |
| Bryan Cave LLP | | | | $137,540.79 | | | 46-1 | 08/13/10 | | | $138,581 | | | | USDCC | 10-bk-12735-RK | USDCC |
| Business Wire, Inc. Dept 34182 | | | | $1,275.00 | | | | | | | | | | | USDCC | | |
| Butler Capital Corporation | | | | $10,000.00 | | $10,000.00 | 28-1 | 08/03/10 | | $45,920 | | | Paid pursuant to Plan. Agreement reached (see Plan for details). | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Caine & Weiner Company Inc | | | | $7,500.00 | Judgment Lien 12/15/08 | $7,500.00 | | | | | | | | | USDCC | | |
| Cal Valley Printing | | | | $0.00 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Candido Gomez | | | | $300.00 | | | | | | | | $300.00 | | | Cleaners Club | | |
| Cannel Utilities | | | | $386.71 | | | | | | | | $386.71 | | | USDC Tuchman | | |

106

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Canon Business Solutions | | | | $813.48 | | | 16-1 | 05/27/10 | | | $453 | | **DISPUTE.** Entered into new agreement. | | USDCC | 10-bk-12748-RK | USDCC |
| Canon Business Solutions, Inc | | | | $360.04 | | | | | | | | | **DISPUTE.** Entered into new agreement. | | Cleaners Club | | |
| Canon Business Solutions-2 | | | | $106.56 | | | | | | | | | **DISPUTE.** Entered into new agreement. | | Cleaners Club | | |
| Canon Financial Services | | | | $4,500.00 | | $4,500.00 | 27-1 | 07/09/10 | $3,340 | | $7,346 | | **UNDETERMINED.** | | USDCC | 10-bk-12748-RK | USDCC |
| Canon Financial Services | | | | $5,000.00 | | $5,000.00 | 5-1 | 04/26/10 | $265 | $4,023 | $11,789 | | **DISPUTE.** Entered into new agreement. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Canon financial Services Inc. | | | | $360.59 | | | | | | | | | **DISPUTE.** Entered into new agreement. | | USDCC | | |
| Canon financial Services-2 | | | | $618.68 | | | | | | | | | **DISPUTE.** Entered into new agreement. | | USDCC | | |
| Cape Construction, LLC | | | | $1.53 | | | | | | | | $1.53 | | | USDC Portsmouth | | |
| Cardinal Contracting LLC | | | | $12,875.00 | | | | | | | | | | | USDC Tuchman | | |
| Carmen Campbell | | | | $334.11 | | | 33-1 | 08/05/10 | | | $332 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Carolina Door Controls, Inc | | | | $182.00 | | | | | | | | $182.00 | | | USDC Portsmouth | | |
| Caster Master | | | | $302.62 | | | | | | | | $302.62 | | Enivel, Steam Press | Enivel | | |
| Cavalier Business Comm | | | | $245.60 | | | | | | | | $245.60 | | | USDC Portsmouth | | |
| CBS Collegiate Sports Properties | | | | $4,000.00 | | | 31-1 | 05/17/10 | | | $8,197 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Century Computers Inc. | | | | $685.86 | | | 4-1 | 03/22/10 | | | $774 | $774.33 | | | Enivel | 10-bk-12735-RK | Enivel |
| Century Martinizing | | | | $1,914.00 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Century Place, Inc | | | | $131.87 | | | | | | | | $131.87 | | Enivel, Steam Press | Enivel | | |
| Chamber of Commerce-HI 47792 | | | | $250.00 | | | | | | | | $250.00 | | Enivel, Steam Press | Enivel | | |
| CHC Co, Inc. Discount Tire | | | | $8,818.09 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Chemsearch | | | | $3,269.37 | | | 9-1 | 04/01/10 | | | $3,269 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Child Enfrcmnt Agy-10 St Zdisbr Brch | | | | $83.04 | | | | | | | | $83.04 | | Enivel, Steam Press | Enivel | | |
| Chrysler Financial | | | | $5,344.00 | | $5,344.00 | | | | | | | **DISPUTE.** Entered into new agreement. | | Cleaners Club | | |
| Cinta Corporation #018 | | | | $251.61 | | | | | | | | $251.61 | | | USDC Tuchman | | |
| Cinta Corporation #G65 | | | | $353.40 | | | | | | | | $353.40 | | | USDC Tuchman | | |
| Citi Electric | | | | $1,300.00 | Utility | | | | | | | | | | Cleaners Club | | |
| Citibank South Dakota NA (1) | | | | | | | 2-1 2-2 | 03/29/10 | | | $2,156 | | | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Citibank South Dakota NA (1) | | | | | | | 8-1 8-2 | 04/22/10 | | | $495 | $494.91 | | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Citizen Gas | | | | $5,431.23 | | | | | | | | | | | USDC Tuchman | | |
| City of Carmel | | | | | | | 33-1 | 08/03/10 | | | $2,263 | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |

107

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| City of Chesapeake | | | | $3,513.36 | Property Taxes | | 46-1 | 07/16/10 | $8,253 | | $248 | | ACCEPT | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| City of Clovis | | | | $2,045.41 | Property Taxes | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Corona Utility Billing Div | | | | $629.14 | Utility | | 37-1 | 09/10/10 | | | $844 | $844.13 | | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| City of Fresno | | | | $1,186.02 | Property Taxes | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Fresno Fire Dept | | | | $39.00 | Fire Inspection | | | | | | | $39.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Madera | | | | $222.41 | | | | | | | | $222.41 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Merced | | | | $47.81 | | | | | | | | $47.81 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Modesto | | | | $1,192.79 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| City of Murrieta | | | | $732.75 | Property Taxes | | | | | | | $732.75 | | | Cleaners Club | | |
| City of Newport News | | | | | Property Taxes & Business License | | 19-1 | 04/09/10 | $819 | $425 | $325 | | DISPUTE.  DUPLICATE. Exact same information as in USDC Portsmouth Claim 20-1 | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| City of Newport News | | | | $827.66 | Property Taxes & Business License | | 20-1 | 04/12/10 | $819 | $425 | $325 | | DISPUTE. The $818.93 was paid 7/2/10 as required when this location was relocated.  The remaining balances remain unpaid (approx $750) | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| City of Norco Business License | | | | $144.00 | Property Tax | | | | | | | $144.00 | | | Cleaners Club | | |
| City of Norfolk, Virginia | | | | $34.00 | Property Tax | | 28-1 | 05/11/10 | | $47 | | | DISPUTE. Same as USDC Portsmouth claim 45-1 | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| City of Norfolk, Virginia | | | | $54.00 | Property Tax | | 45-1 | 07/15/10 | | $47 | | | ACCEPT. Case# is different than the USDC Portsmouth case number.  Claim same as claim# 28-1 | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| City of Riverside | | | | | | | 11-1 | 06/18/10 | | | $3,607 | | | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| City of Riverside | | | | | | | 33-1 | 06/18/10 | | | $3,607 | | DISPUTE. Claim made under Enivel for Cleaners Club (claim# 11-1 under Cleaners Club) | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| City of Riverside Fin Dept City | | | | $1,009.00 | | | | | | | | | | | Cleaners Club | | |
| City of Virginia Beach | | | | | | | 141-1 | 08/16/10 | $20,905 | | $264 | | DISPUTE.  Majority for business license ($17,000) balance for DMV fees | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| City of Virginia Beach, Atn Auth Agt | | | | $50.40 | Property Tax | $50.40 | | | | | | $50.40 | | | USDC Portsmouth | | |
| City of Virginia Beach, City Treas Muni Ctr Bldg 1 | | | | $410.21 | Property Tax | $410.21 | | | | | | $410.21 | | | USDC Portsmouth | | |
| City of Virginia Beach, City Treas Muni Ctr Bldg 1 | | | | $234.06 | Property Tax | $234.06 | | | | | | $234.06 | | | USDC Portsmouth | | |
| City of Virginia Beach, Treasurer Svcs Div-FARU | | | | $510.00 | Property Tax | $510.00 | | | | | | $510.00 | | | USDC Portsmouth | | |
| Claudia M. Heu | | | | $19,444.45 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Cleaner's Supply- Fresno | | | | $937.58 | | | | | | | | $937.58 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Clear Channel Broadcasting, Inc | | | | $2,400.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |

108

Exhibit E

8/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Clinton C.C. Lee | | | | $32,407.41 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Cloverdale Marketplace, LLC | | | | $4,096.53 | | | 17-1 | 08/10/10 | | | $23,513 | | R.E. LEASE (Cleaners Club #8). Extended date to Assume or Reject to June 30, 2011. Cure of $9,513.08 plus $6,000 additional security deposit. The balance of the claim is unsecured debt for note. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Cloverdale Marketplace, LLC | | | | | | | 31-1 | 08/11/10 | | | $23,513 | | DUPLICATE CLAIM. SEE ABOVE. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Clovis Janitorial Supply | | | | $185.04 | | | | | | | | $185.04 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Clyde Elrod | | | | $1,341.45 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| CNM, LLP | | | | $6,000.00 | | | | | | | | | | | USDCC | | |
| Collin R. Dang, MD Inc. Defined Benefit Plan | | | | $32,407.41 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Columbia Gas of Virginia | | | | $11,321.70 | | | 25-1 | 04/26/10 | | | $25,735 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Commerce & Industry Ins. Co. | | | | | | | 21-1 | 08/12/10 | | | Unliquidated | | DISPUTE. New Hampshire Insurance Company (policy periods pre acquisition) | | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| Commerce & Industry Insurance | | | | | | | 35-1 | 08/12/10 | | | Unliquidated | | DISPUTE. New Hampshire Insurance Company (policy periods pre acquisition) | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Commerce and Industry Insurance Company and certain other entities related to Chartis Inc. | | | | | | | 140-1 | 08/12/10 | | | $3,375 | | DISPUTE. Part of claim is pre acquisition | | Enivel | 10-bk-12735-RK | Enivel |
| Commerce and Industry Insurance et al | | | | | | | 34-1 | 08/12/10 | | | $14,517 | | DISPUTE. | | Cleaners Club | 10-12742-RK | Cleaners Club |
| Commercial Building Assoc, LLC | | | | $17,550.00 | | | | | | | | | R.E. LEASE (USDC Portsmouth Plant)  Assumed.  Cure of $58,107.61.  Cure of $22,189.68 paid over 4 months and $35,917.93 paid over 24 months. | | USDC Portsmouth | | |
| Commercial Construction Corp | | | | $5,915.30 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Computer Resource Hawaii, Inc, Attn: Keith | | | | $1,219.88 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Concectta Cafici IRA | | | | $27,291.39 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Concentra Medical Centers | | | | $461.79 | | | 17-1 | 04/21/10 | | | $132 | $131.94 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Connecticut General Life Ins. Co. | | | | $8,626.00 | | | 17-1 | 07/22/10 | $9,605 | | | | UNDETERMINED. Debtor scheduled under CIGNA insurance | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Conrad Enterprises, Inc | | | | $372.06 | | | | | | | | $372.06 | | Enivel, Steam Press | Enivel | | |
| Consolidated International Corp | | | | $876.84 | | | | | | | | $876.84 | | Enivel, Steam Press | Enivel | | |
| Continental Western Corp | | | | $134.16 | | | | | | | | $134.16 | | Enivel, Steam Press | Enivel | | |
| Core 3 | | | | $21,433.00 | | | 1-1 | 03/18/10 | | | $11,136 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |

109

Exhibit E

9/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Core 3 (amended) | | | | | | | 1-2 | 06/24/10 | | | $11,136 | | **DISPUTE. DUPLICATE.** Amends claim above, but has exact information | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Corp2000 | | | | $438.00 | | | | | | | | $438.00 | | | USDCC | | |
| County of San Bernardino | | | | $215.25 | Property Tax | $215.25 | | | | | | | **DUPLICATE of San Bernardino County Treas-Tax Collection (claim # 15-1)** | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Court Square Leasing AP | | | | $130.24 | | | | | | | | $130.24 | | | Cleaners Club | | |
| COX Communications | | | | $1,910.46 | | | | | | | | | | | USDC Portsmouth | | |
| COX Communications | | | | $129.53 | | | | | | | | $129.53 | | | USDCC | | |
| Cox Communications | | | | $59.00 | | | | | | | | $59.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Cox Walker Merced A | | | | $3,307.69 | | | | | | | | | **R.E LEASE** (USDC Fresno #11). Assumed. Cure of $3,366.69 paid. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| CP Shepherd Ranch Fr | | | | $0.00 | | | | | | | | | **R.E. LEASE CLOSED** (USDC Fresno # 27). Closed May 2010. For Notice Purposes Only. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| CSC | | | | $356.00 | | | | | | | | $356.00 | | | Enivel, Steam Press | Enivel | |
| CSS Trading Co After Six/Chaplin | | | | $16.20 | | | | | | | | $16.20 | | | Enivel, Steam Press | Enivel | |
| CT Corporation | | | | $1,112.24 | | | | | | | | | | | USDCC | | |
| Cucamonga Valley Water District | | | | $234.12 | | | | | | | | $234.12 | | | Cleaners Club | | |
| Culligan | | | | $1,695.75 | | | | | | | | | | | Cleaners Club | | |
| Culligan Water of Modesto | | | | $6.66 | | | | | | | | $6.66 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Cypress Improv | | | | $3,261.60 | | | | | | | | | **R.E. LEASE** (USDC Portsmouth #20). Extended date to Assume or Reject to June 30, 2011. Cure of $3,651.99 to be paid over 24 months. | | USDC Portsmouth | | |
| Dail's Home Center | | | | $127.67 | | | | | | | | $127.67 | | | USDC Portsmouth | | |
| Darleene T. Usi IRA | | | | $32,407.41 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| David Golubchik | | | | $116,667.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| David Moore | | | | $4,633.67 | | | 28-1 | 07/14/10 | | | $143,107 | | | | USDCC | 10-bk-12748-RK | USDCC |
| David P. Clements | | | | $32,406.50 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Davis Professional Services | | | | $609.25 | | | 38-1 | 06/28/10 | | | $827 | $826.58 | | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| De Lage Landen Ref No 24623921 | | | | $303.48 | | | | | | | | | **DISPUTE.** Paid | Enivel, Steam Press | Enivel | | |

Exhibit E

110

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| De Lage Landen Ref No 625673 | | | | $276.72 | | | | | | | | | **DISPUTE.** Paid | Enivel, Steam Press | Enivel | | |
| Deborah Rechnitz | | | | $10,442.42 | | | 4-1 | 05/22/10 | | | $70,998 | | **UNDETERMINED.** | | USDCC | 10-bk-12748-RK | USDCC |
| Dekruyf Family Trust | | | | $111,667.00 | | $111,667.00 | 4-1 | 04/12/01 | | | $108,882 | | | Steam Press, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12742-RK | Cleaners Club |
| Dekruyf Family Trust | | | | $111,666.67 | | | 6-1 | 04/12/10 | | | $108,882 | | **DISPUTE.** Claim is the same as claim # 4-1 under Cleaners Club | Steam Press, USDC Fresno 2, Cleaners Club, USDCC | USDCC | 10-bk-12745-RK | USDC Fresno |
| Dekruyf Family Trust | | | | $111,666.67 | | | 7-1 | 04/12/10 | | | $108,882 | | **DISPUTE.** Claim is the same as claim # 4-1 under Cleaners Club | Steam Press, USDC Fresno, Cleaners Club, USDCC | USDCC | 10-bk-12746-RK | USDC Fresno 2 |
| Dekruyf Family Trust | X | X | X | $116,667.00 | Subject of Litigation | | 9-1 | 04/12/10 | | | $108,882 | | **DISPUTE.** Claim is the same as claim # 4-1 under Cleaners Club | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | 10-bk-12748-RK | USDCC |
| Dekruyf Family Trust, 8919 Merrill Avenue, Chino, CA 91710-8511 | | | | $111,666.67 | | | 5-1 | 04/12/10 | | | $108,882 | | **DISPUTE.** Claim is the same as claim # 4-1 under Cleaners Club | Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12740-RK | Steam Press |
| Delaware County | | | | $4.06 | Payroll Taxes | $4.06 | | | | | | $4.06 | | | USDC Tuchman | | |
| Deluxe Business Forms | | | | $186.76 | | | | | | | | $186.76 | | | USDC Tuchman | | |
| Dennis E. Cornelius IRA | | X | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Department of Motor Vehicles | | | | $85.50 | | | | | | | | $85.50 | | | USDC Portsmouth | | |
| Department of Public Health | | | | $3,828.80 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Department of the Navy, Naval Exchange Service Command | | | | $2,085.00 | | | 60-1 | 09/07/10 | | | $8,200 | | **DISPUTE. R.E. LEASE** (USDC Portsmouth # 15 and #41). Assumed. Cure paid. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Department of the Treasury - Internal Revenue Service | | | | | Payroll Taxes & Income Tax | | 1-2 | 05/11/10 | $47,692 | | $5,420 | | **UNDETERMINED.** | | Enivel | 10-bk-12735-RK | Enivel |
| Department of the Treasury - Internal Revenue Service | | | | | Payroll Tax | | 14-1 | 07/06/10 | $200 | | $200 | | **DUPLICATE** Exact same information as claim# 13-1 filed under USDC Fresno | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Desert Arc | | | | $357.08 | | | | | | | | $357.08 | | | Cleaners Club | | |
| Dex Media West LLC | | | | $20.65 | | | | | | | | $20.65 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| DH Realty LLC | | | | | | | 18-1 | 08/05/10 | | | $129,242 | | **DISPUTE UNLESS RESOLVED THROUGH STIPULATION. R.E. LEASE** (USDC Tuchman #15). | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| DH Realty LLC | | | | | | | 29-1 | 08/05/10 | | | $129,242 | | **DUPLICATE. DISPUTE.** Claim made under USDCC for USDC Tuchman  Claim is amendment for claim# 18-1 under USDC Tuchman. | | USDC Tuchman | 10-bk-12735-RK | USDCC |

111

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Dick Larsen Tax Collector | | | | $497.65 | Property Tax | $497.65 | | | | | | $497.65 | | | Cleaners Club | | |
| Dida Hernandez | | | | $19.00 | | | | | | | | $19.00 | | Enivel, Steam Press | Enivel | | |
| Diligent Door & Glass | | | | $265.00 | | | | | | | | $265.00 | | | Cleaners Club | | |
| Disposable Products, Inc | | | | $134.17 | | | | | | | | $134.17 | | Enivel, Steam Press | Enivel | | |
| District of First Circuit | | | | $50.00 | | | | | | | | $50.00 | | Enivel, Steam Press | Enivel | | |
| DMV Renewal | | | | $0.00 | | | | | | | | $0.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Doerksen Taylor LLP | | | | $18.00 | | | | | | | | $18.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Dominion Virginia Power | | | | $39,823.17 | | | 18-1 | 03/29/10 | | | $6,880 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Don Hutter | | | | $3,297.46 | | | | | | | | | | | Cleaners Club | | |
| Donald & Marsha J. Tharp | | | | $11,680.00 | | | | | | | | | R.E. LEASE ( USDC Tuchman #43) To be Assumed. Cure is $11,680.00 General Unsecured Claim. | | USDC Tuchman | | |
| Dr. Kenneth A. Barton | | | | $54,583.33 | | | 7-1 | 07/20/10 | | $62,500 | | | OBJECT to Secured. | Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12735-RK | Steam Press |
| Dry Cleaning Computer Sys | | | | $106.29 | | | | | | | | $106.29 | | Enivel, Steam Press | Enivel | | |
| Duane Gilmore | | | | $600.00 | | | | | | | | $600.00 | | | USDCC | | |
| Duesenberg Inv Co/Topa Mgmt Co | | | | $7,273.67 | | | | | | | | | R.E. LEASE (Enivel# 512). Assumed.  Cure $0.00. | Enivel, Steam Press | Enivel | | |
| Duke Energy Indiana | | | | $12,220.01 | | | 35-1 | 09/07/10 | | | $9,420 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Duncan Supply Company | | | | $0.60 | | | | | | | | $0.60 | | | USDC Tuchman | | |
| E.J. Thomas Company | | | | $12,363.13 | | | | | | | | | | | USDC Tuchman | | |
| Ecolab, Inc. | | | | $2,903.48 | | | 21-1 | 06/21/10 | | | $2,903 | | DISPUTE.  Claim made under USDCC for USDC Portsmouth | | USDC Portsmouth | 10-bk-12748-RK | USDCC |
| Edwards Garment Company | | | | $193.43 | | | 49-1 | 06/28/10 | | | $600 | $599.93 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Edwards Garment Dept 771263 | | | | | | | 15-1 | 04/19/10 | | | $600 | | DISPUTE.  Claim is the same as claim# 49-1 filed under Enivel | | Enivel | 10-bk-12735-RK | Enivel |
| Elite Mechanical, Inc. | | | | | | | 40-1 | 06/22/10 | | | $1,283 | | DISPUTE.  Claim is the same as claim# 4-1 filed  under Enivel | | Enivel | 10-bk-12735-RK | Enivel |
| Elite Mechanical, Inc. | | | | $1,284.51 | | | 4-1 | 03/22/10 | | | $1,283 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Employment Development Dept | | | | $9,704.67 | Payroll Taxes | $9,704.67 | | | | | | | POSSIBLE DISPUTE. | | USDCC | | |
| Employment Development Dept | | | | $3,520.00 | State Tax Lien 10/2/09 | $3,520.00 | | | | | | | ACCEPT. | | USDCC | | |

Exhibit E

12/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Employment Development Dept. | | | | $2,234.41 | Payroll Tax | $2,234.41 | 16-1 | 08/02/10 | $17,517 | | $3,659 | | **POSSIBLE DISPUTE.** | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Employment Weekly | | | | $1,086.00 | | | | | | | | | | | USDC Portsmouth | | |
| Estate of Anthony J.A. Bryan | | | | | | | 47-1 | 08/13/10 | No amount stated | | $440,000 | | **DISPUTE** Paid $135,000 of alleged claim. Should be $305,000. | | USDCC | 10-bk-12735-RK | USDCC |
| Euclid Plaza, LLC | X | X | X | $0.00 | Subject of litigation | | | | | | | | **DUPLICATE** - See Evans Company | | Cleaners Club | | |
| Extra Space Storage of Tempe | | | | $169.19 | | | | | | | | $169.19 | | | USDCC | | |
| F. Kim Cox | | | | $20,391.37 | | | | | | | | | | | USDCC | | |
| Fabritec International Corp | | | | $10,526.27 | | | | | | | | | **DISPUTE.** Claim made under USDC Portsmouth claim# 57-1 (see below) | | Cleaners Club | | |
| Fabritec International Corp. | | | | $7,766.62 | | | 57-1 | 08/13/10 | | | $16,858 | | **UNDETERMINED.** Claim is for both USDC Portsmouth ($7,751.62) and Cleaners Club ($9,091.50) | USDC Portsmouth, Cleaners Club | USDC Portsmouth, USDCC | 10-bk-12735-RK | USDC Portsmouth, USDCC |
| Fairfax Sixplex Great Bridge | | | | $14,618.78 | | | 16-1 | 03/22/10 | $13,305 | | $44,837 | | **R.E. LEASE** (USDC Portsmouth #19). Assumed. Cure of $14,619.00 to be paid over 24 months. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Fairfax Sixplex LLC | | | | $9,250.00 | | | 10-1 | 03/16/10 | | | $47,317 | | **R.E. LEASE** (USDC Portsmouth #17). Assumed. Cure is $4,177.00 General Unsecured Claim. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Fashion Seal Uniforms | | | | $612.06 | | | | | | | | $612.06 | | Enivel, Steam Press | Enivel | | |
| FBO: Susan R. Chamberlain, IRA | | X | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Federal Express Corporation | | | | $40.56 | | | | | | | | $40.56 | | Enivel, Steam Press | Enivel | | |
| Federal Express-NewportB | | | | $6,710.46 | | | | | | | | | | | USDCC | | |
| Federal Express-Psprings | | | | $225.53 | | | | | | | | $225.53 | | | USDCC | | |
| Ferrellgas | | | | | | | 8-1 | 04/26/10 | | | $105 | $104.86 | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| FIA Card Services (MED) | | | | $1,792.00 | | | | | | | | | | | USDCC | | |
| FIA Card Services (KD) | | | | $650.00 | | | | | | | | $650.00 | | | USDCC | | |
| Fia Card Services, N.A. as Successor in Interest to Bank of America NA and MBNA America Bank | | | | | | | 20-1 | 06/17/10 | | | $4,830 | | **DISPUTE** | | USDCC | 10-bk-12748-RK | USDCC |
| Fia Card Services, N.A., as Successor in Interest to Bank of America NA and Mbna America Bank | | | | | | | 19-1 | 06/17/10 | | | $28,792 | | **DISPUTE** | | USDCC | 10-bk-12748-RK | USDCC |

113

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Fia Card Services, NA As Successor In Interest to Bank of America NA and MBNA America Bank | | | | $2,364.79 | | | 1-1 | 03/17/10 | | | $2,434 | | **DISPUTE** | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Fire Systems Inspections | | | | $327.93 | | | | | | | | $327.93 | | | Cleaners Club | | |
| First Hawaiian Bank | | | | $400,000.00 | | $400,000.00 | | | | | | | **SECURED.** See treatment in Plan. | Enivel, Steam Press | Enivel | | |
| First Hawaiian Bank | | | | $4,487.80 | | $4,487.80 | | | | | | | **DISPUTE.** Included in claim filed above | Enivel, Steam Press | Enivel | | |
| First Point Collection Resources | | | | $5,359.84 | | | 42-1 | 06/29/10 | | | $5,643 | | **DISPUTE** | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Fish Window Cleaning | | | | $880.00 | | | 3-1 | 03/18/10 | | | $1,784 | | **DISPUTE.** Richard Ross duplicate. Claim #34-1 USDC Tuchman | | USDC Tuchman | 10-12736-RK | USDC Tuchman |
| FleetStreet Integrated Branding | | | | $2,189.53 | | | | | | | | | | | USDCC | | |
| Flynn & Zinkan Holdings LLC | | | | $919.71 | | | 32-1 | 08/13/10 | | | $13,532 | | **R.E. LEASE** (USDC Tuchman #39). Extended date to Assume or Reject to June 30, 2011. To be assumed under Plan. Cure of $13,532.00 to be paid over 24 months. | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Focused Cheasapeake | | | | $7,788.72 | | | | | | | | | | | USDC Portsmouth | | |
| Fort Street Investment Corp. | | | | $20,059.93 | | | 129-1 | 08/13/10 | | | $26,318 | | **R.E. LEASE** (Enivel # 545). Assumed. Cure of $49,137.86 paid over 33 months. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Fortune | | | | $10.00 | | | | | | | | | | | USDCC | | |
| Foundation Logic Sys Atn Dawn Tulman | | | | $1,000.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Franchise Tax Board | | | | $413.00 | Income Tax | | 22-1 | 08/12/10 | $109,855 | | $26,335 | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $2,400. | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-1012746-RK | USDC Fresno 2 |
| Franchise Tax Board | | | | | Income Tax | | 23-1 | 08/12/10 | $92,420 | $0 | $22,224 | | **DISPUTE.** Duplicate of Claim 36-1 filed under USDC Tuchman | | USDC Tuchman | 10-bk-12746-RK | USDC Tuchman |
| Franchise Tax Board | | | | | Income Tax | | 35-1 | 08/12/10 | $65,882 | | $16,348 | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $3,200. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Franchise Tax Board | | | | $413.00 | Income Tax | | 36-1 | 08/12/10 | $109,597 | $26,335 | | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $2,400. | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-1012745-RK | USDC Fresno |
| Franchise Tax Board | | | | | Income Tax | | 36-1 | 08/12/10 | $92,420 | | $22,224 | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $2,400. | | USDC Tuchman | 10-bk-12746-RK | USDC Tuchman |
| Franchise Tax Board | | | | | Income Tax | | 48-1 | 08/12/10 | $829 | | | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $3,200. | | USDCC | 10-bk-12748-RK | USDCC |
| Franchise Tax Board | | | | | Income Tax | | 59-1 | 08/12/10 | $84,919 | | $20,701 | | **DISPUTE** - Need to file tax returns. Estimated tax amount is $2,400. | | USDC Portsmouth | 10-bk-1012743-RK | USDC Portsmouth |
| Francisco Carrasquillo | | | | $183.90 | | | | | | | | $183.90 | | Enivel, Steam Press | Enivel | | |

114

Exhibit E

14/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Frederick Page Jones, Jr. c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 25-1 | 08/13/10 | | | unknown | | DISPUTE.  Claim was filed under multiple case numbers | | | 10-bk-12735-RK | USDCC; Cleaners Club; USDC Tuchman; USDC |
| Fuelman, Inc. | | | | $6,155.18 | | | 30-1 | 08/02/10 | | | $7,586 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | USDCC |
| Fulbright & Jaworski | | | | $42,018.83 | | | 8-1 | 04/08/10 | | | $42,083 | | Claim waived pursuant to employment order. | | USDCC | 10-bk-12748-RK | USDCC |
| Fulton Thermal Corp | | | | $516.42 | | | | | | | | $516.42 | | | USDC Tuchman | | |
| Gary Asche, IRA | | | | $15,855.47 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| GBC Boxes & Packaging | | | | $906.91 | | | | | | | | $906.91 | | Enivel, Steam Press | Enivel | | |
| GE Capital | | | | $9,000.00 | | $9,000.00 | | | | | | | SECURED. See treatment in Plan. | | Cleaners Club | | |
| Gebco of Hawaii Inc | | | | $130.79 | | | | | | | | $130.79 | | Enivel, Steam Press | Enivel | | |
| Gem City Tire | | | | $490.05 | | | 2-1 | 03/18/10 | | | $1,074 | | | | USDC Tuchman | 10-12736-RK | USDC Tuchman |
| Gene Zimmerman | | | | $16,375.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| George A. Tebbe | | | | $27,916.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| German Granados | | | | $63,425.29 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Gex Pro | | | | $248.80 | | | | | | | | $248.80 | | Enivel, Steam Press | Enivel | | |
| Glacier Refrigeration & Air | | | | $3,250.48 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Glenn M.L. Pang, MD Inc. Defined Benefit Pension Plan | | | | $97,222.22 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Glenn Yoshimori | | | | $36.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Glenn Yoshimori | | | | $36.00 | | | | | | | | $36.00 | | Enivel, Steam Press | Enivel | | |
| GMAC (1) | | | | $9,000.00 | | $9,000.00 | 13-1 | 07/15/10 | | $9,942 | | | SECURED. Treatment in plan. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Grainger- Fresno | | | | $1,081.96 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Graphic Memory Internet | | | | $112.50 | | | | | | | | $112.50 | | | USDC Portsmouth | | |
| Grassco Inc., Kirts Acquisition Company LLC, and CRDN of North Indiana LLC | X | X | X | $0.00 | Subject of Litigation | | 17-1 | 05/28/10 | | | $80,000 | | DISPUTE unless amended claim filed in the amount of $80,000 (claim originally filed in the amount of $200,000). | | USDCC | 10-bk-12748-RK | USDCC |
| Great Neck Holding LLC | | | | $28,030.00 | | | 21-1 | 04/19/10 | | | $35,480 | | R.E. LEASE (USDC Portsmouth #37).  Extended date to Assume or Reject to June 30, 2011. Cure of $36,669.07 to be paid over 24 months. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Green Earth Cleaning - Fresno | | | | $7,000.00 | | | 16-1 | 07/13/10 | | | $21,475 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno, USDC Fresno 2 |
| Greenberg Traurig, LLP | | | | $397,781.35 | | | | | | | | | DISPUTE | | USDCC | | |

115

Exhibit E

15/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Greenberg Traurig, LLP | | | | $127,541.13 | | | | | | | | | | | USDCC | | |
| Greenwood | | | | $8.86 | | | | | | | | $8.86 | | | USDC Tuchman | | |
| Greg A. Raffaele dba Crosscor Valuations | | | | $16,950.00 | | | 29-1 | 06/17/10 | | | $5,500 | | UNDETERMINED. Claim made under Enivel for USDCC. Debtor filed claim under Crosscor Valuations | | USDCC | 10-bk-12735-RK | Enivel, USDC Portsmouth, Steam Press, Cleaners Club, UDC Tuchman, USDC Fresno, USDC Fresno 2, USDCC |
| Greg A. Raffaele dba Crosscor Valuations | | | | | | | 31-1 | 06/17/10 | | | $6,800 | | DISPUTE. Claim made under Enivel for USDCC. Debtor filed claim under Crosscor Valuations. Claim is the same as claim# 29-1 filed under Enivel | | USDCC | 10-bk-12735-RK | Enivel, USDC Portsmouth, Steam Press, Cleaners Club, UDC Tuchman, USDC Fresno, USDC Fresno 2, USDCC |
| Grubb Printing & Stamp Co | | | | $930.19 | | | | | | | | $930.19 | | | USDC Portsmouth | | |
| GT6122 | | | | $198.85 | | | | | | | | $198.85 | | Enivel, Steam Press | Enivel | | |
| GT6123 | | | | $350.38 | | | | | | | | $350.38 | | Enivel, Steam Press | Enivel | | |
| GT6221 | | | | $198.85 | | | | | | | | $198.85 | | Enivel, Steam Press | Enivel | | |
| GT6222 | | | | $380.50 | | | | | | | | $380.50 | | Enivel, Steam Press | Enivel | | |
| GT6611 | | | | $174.97 | | | | | | | | $174.97 | | Enivel, Steam Press | Enivel | | |
| GT6612 | | | | $383.41 | | | | | | | | $383.41 | | Enivel, Steam Press | Enivel | | |
| GT6721 | | | | $501.55 | | | | | | | | $501.55 | | Enivel, Steam Press | Enivel | | |
| GTE01 | | | | $375.91 | | | | | | | | $375.91 | | Enivel, Steam Press | Enivel | | |
| GTE02 | | | | $280.09 | | | | | | | | $280.09 | | Enivel, Steam Press | Enivel | | |
| GTE03 | | | | $2,464.46 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| GTE04 | | | | $3,673.49 | | | | | | | | | | Enivel, Steam Press | Enivel | | |

116

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| GTE05 | | | | $325.23 | | | | | | | | $325.23 | | Enivel, Steam Press | Enivel | | |
| GTS-WELCO | | | | $27.79 | | | | | | | | $27.79 | | | USDC Portsmouth | | |
| Guardian Capital Mgmt HI LLC | | | | $257.83 | | | | | | | | $257.83 | | Enivel, Steam Press | Enivel | | |
| Guest Distribution | | | | $6.15 | | | | | | | | $6.15 | | Enivel, Steam Press | Enivel | | |
| Guzov Ofsink, LLC | | | | $1,962.10 | | | | | | | | | | | USDCC | | |
| Haiges Machinery Inc | | | | $2,334.45 | | | | | | | | | | | USDC Tuchman | | |
| Haley Maiden | | | | $12.00 | | | | | | | | $12.00 | | Enivel, Steam Press | Enivel | | |
| Hamilton County Treasurer | | | | $3,549.20 | Property Tax | $3,549.20 | | | | | | | | | USDC Tuchman | | |
| Hamilton County Treasurer | | | | $10.19 | Payroll Taxes | $10.19 | | | | | | | | | USDC Tuchman | | |
| Hampton Roads Employ Weekly | | | | $2,171.00 | | | | | | | | | | | USDC Portsmouth | | |
| Hampton Roads Sanitation Dist | | | | $137.92 | | | | | | | | $137.92 | | | USDC Portsmouth | | |
| Hampton Roads Utility Billing Svc | | | | $218.00 | | | | | | | | $218.00 | | | USDC Portsmouth | | |
| Hancock County | | | | $4.57 | Payroll Taxes | $4.57 | | | | | | | | | USDC Tuchman | | |
| Harry Carranza | | | | $94,340.00 | | | | | | | | | | | | | |
| Hartford Life Ins Cos Ret Pln Sol | | | | $3,071.11 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hartford Life Ins Cos Ret Pln Sol | | | | $1,142.50 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hartford Life Ins Cos Ret Pln Sol | | | | $1,227.50 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hartford Steam Boiler Insp & Ins | | | | $160.00 | | | | | | | | $160.00 | | Enivel, Steam Press | Enivel | | |
| Harvey Lindsay Comml Real Estate | | | | $1,786.88 | | | | | | | | | DISPUTE.  DUPLICATE.  R.E. LEASE. (USDC Portsmouth #35) Kemp River Croner Associates, LLP. | | USDC Portsmouth | | |
| Hawaii Bicycling League | | | | $1,000.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hawaii Business Equipment Inc | | | | $60.73 | | | | | | | | $60.73 | | Enivel, Steam Press | Enivel | | |
| Hawaii Prince Hotel Waikiki | | | | $1,987.86 | | | | | | | | | | | USDCC | | |

117

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Hawaiian Electric Company, Inc. | | | | $0.00 | | | 13-1 | 04/13/10 | | | $25,223 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Islands Freight Association | | | | $155.29 | | | 43-1 | 08/10/10 | | | $539 | $538.65 | | | Enivel | 10-bk-12735-RK | USDCC |
| Hawaiian Lift Truck/Yale Dealer | | | | $6,262.07 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hawaiian Pa'akai Inc. | | | | $424.08 | | | 14-1 | 04/16/10 | | | $424 | $424.08 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | $12,314.80 | | | 28-1 | 06/15/10 | | | $392 | $392.12 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 54-1 | 06/30/10 | | | $584 | $584.14 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 55-1 | 06/30/10 | | | $862 | $862.11 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 56-1 | 06/30/10 | | | $332 | $331.59 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 57-1 | 06/30/10 | | | $295 | $294.79 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 58-1 | 06/30/10 | | | $374 | $374.40 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 59-1 | 06/30/10 | | | $634 | $634.34 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 60-1 | 06/30/10 | | | $332 | $331.59 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Hawaiian Telcom | | | | | | | 61-1 | 06/30/10 | | | $639 | $639.19 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Heco | | | | $6,692.25 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Hendricks County Treasurer | | | | $2,385.00 | Property Tax | $2,385.00 | | | | | | | | | USDC Tuchman | | |
| Hendricks County Treasurer | | | | $90.36 | Payroll Taxes | $90.36 | | | | | | | | | USDC Tuchman | | |
| Hercules Press | | | | $337.66 | | | | | | | | $337.66 | | | USDC Portsmouth | | |
| Heritage Marketplace Murrieta, L.P. | | | | | | | 127-1 | 08/13/10 | | | $87,094 | | DISPUTE. R.E. LEASE (Cleaners Club #9) Claim made under Enivel for Cleaners Club. | | Cleaners Club | 10-bk-12735-RK | Enivel |
| Heritage Marketplace Murrieta, L.P. | | | | | | | 31-1 | 08/13/10 | | | $87,094 | | DISPUTE. DUPLICATE. R.E. LEASE CLOSED. (Cleaners Club #9) Location Murrieta: Litigation is settled.  Claim is the same as claim# 127-1 filed under Enivel | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Hi Tech | | | | $34,500.00 | | | 7-1 | 03/31/10 | | | $24,000 | | DISPUTE. The amount of this claim is included in Claim# 24-1 filed under USDCC | | USDCC | 10-bk-12748-RK | USDCC |
| Hi Tech (Amended) | | | | | | | 7-2 | 09/23/10 | | | $24,000 | | DISPUTE. This claim amends claim# 7-1 filed  under USDCC. | | USDCC | 10-bk-12748-RK | USDCC |
| Hi Tech Investor Relations | | | | | | | 24-1 | 06/28/10 | | | $27,000 | | | | USDCC | 10-bk-12735-RK | USDCC |
| Hidden Valley Plaza | | | | $230.00 | | | | | | | | | | | Cleaners Club | | |

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Home Depot Credit Services | | | | $443.99 | | | | | | | | $443.99 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Honolulu Advertiser | | | | $3,926.04 | | | 27-1 | 06/15/10 | | | $8,801 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Honolulu Advertiser-C | | | | $3,926.04 | | | | | | | | | DUPLICATE. 27-1 | Enivel, Steam Press | Enivel | | |
| HRSD Wastewater | | | | $175.71 | | | | | | | | $175.71 | | | USDC Portsmouth | | |
| Hubert Van Der Heijden | | | | $28,541.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Hudson Equipment | | | | $447.45 | | | | | | | | $447.45 | | | USDC Portsmouth | | |
| Huff, Poole & Mahoney | | | | $9,399.06 | | | 14-1 | 03/22/10 | | | $9,495 | | UNDETERMINED. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| IKON Financial Services | | | | $1,152.52 | | | 2-1 | 04/07/10 | | | $7,227 | | UNDETERMINED. Claim made under Enivel for USDC Tuchman | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Ilikai Hotel | | | | $3,075.30 | | | | | | | | | | | USDCC | | |
| Imparts | | | | $0.00 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Ind Water Payment Processing | | | | $2,422.85 | | | 5-1 | 04/19/10 | | | $3,286 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Indiana American Water | | | | $662.52 | | | | | | | | $662.52 | | | USDC Tuchman | | |
| Indiana Oxygen Co | | | | $87.02 | | | | | | | | $87.02 | | | USDC Tuchman | | |
| Indiana Paging Network | | | | $49.64 | | | | | | | | $49.64 | | | USDC Tuchman | | |
| Indianapolis Power & Light | | | | $10,663.62 | | | 7-1 | 04/23/10 | | | $13,400 | | DISPUTE | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Indianapolis Sewing Machine Co. | | | | $91.31 | | | | | | | | $91.31 | | | USDC Tuchman | | |
| Indianapolis Star | | | | $3,129.00 | | | | | | | | | | | USDC Tuchman | | |
| Inland Towing Inc. | | | | $125.00 | | | | | | | | $125.00 | | | Cleaners Club | | |
| Inland Western Newport News Jefferson LLC | | | | $8,836.34 | | | 32-1 | 05/25/10 | | | $7883.58 + attorney fees | | DISPUTE. R.E. LEASE CLOSED. (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Inland Western Newport News Jefferson LLC | | | | | | | 33-1 | 05/27/10 | | | Unliquidated + attorney fees | | DISPUTE. R.E. LEASE CLOSED. (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Inland Western Newport News Jefferson LLC | | | | | | | 34-1 | 06/01/10 | | | $11,782 | | DISPUTE. R.E. LEASE CLOSED. (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Inland Western Newport News Jefferson LLC | | | | | | | 44-1 | 07/14/10 | Unliquidated | | | | DISPUTE. R.E. LEASE CLOSED. (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |

119

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Inland Western Newport News Jefferson LLC (amended) | | | | | | | 33-2 | 07/15/10 | | | $37,151.56 + attorney fees | | **DISPUTE. R.E. LEASE CLOSED.** (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Inland Western Newport News Jefferson LLC (amended) | | | | | | | 34-2 | 08/03/10 | $16,031 | | | | **DISPUTE. R.E. LEASE CLOSED.** (USDC Portsmouth #old55). Closed May 2010. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Insight | | | | $703.44 | | | | | | | | $703.44 | | | USDC Portsmouth | | |
| Internal Revenue Service | | | | $38,516.15 | Payroll Taxes | $38,516.15 | 1-1 | 03/23/10 | $1,088 | | $760 | | **DUPLICATE** Amended by Claim No. 1-2 filed under Enivel. Listed as Department of the Treasury - Internal Revenue Service. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Internal Revenue Service | | | | | | | 13-1 | | $200 | | | | **ACCEPT** | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Internal Revenue Service | | | | $12,169.57 | Payroll Taxes | $12,169.57 | 13-1 | 07/06/10 | $34,680 | | | | **DISPUTE -** Filed new returns for 2010. Actual tax amount is $12,547.34 | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Internal Revenue Service | | | | $90,349.90 | Payroll Taxes | $90,349.90 | 25-1 | 07/06/10 | $343,054 | $4,355 | | | **DISPUTE -** Filed new returns for 2009 and 2010. Actual tax amount is $201,763.81 | | USDCC | 10-bk-12748-RK | USDCC |
| Internal Revenue Service | | | | $274,236.41 | Payroll Taxes | $274,236.41 | 37-1 | 06/28/10 | $670,564 | | | | **DISPUTE -** Filed new returns for 2008, 2009 and 2010. Actual tax amount is $307.666.89. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Internal Revenue Service | | | | $0.00 | Federal Tax Lien 4/24/2009 | | 9-1 | 06/04/10 | $6,563 | $4,852 | | | **DISPUTE -** Filed new returns for 2010. Actual tax amount is $4,671.72 | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114 | | | | $38,516.15 | Payroll Taxes | $38,516.15 | 1-1 | 03/11/10 | $400 | | $600 | | **ACCEPT** | | Enivel | 10-bk-12740-RK | Steam Press |
| Interwest Transfer Co Inc | | | | $1,959.00 | | | | | | | | | | | USDCC | | |
| Island Pacific Distributors | | | | $196.84 | | | | | | | | $196.84 | | Enivel, Steam Press | Enivel | | |
| Jaime Velez SEP IRA | | | | $10,500.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Jamal Ogbe | | | | $4,080.00 | | | 11-1 | 04/15/10 | $244,200 | | | | **DISPUTE. OBJECT TO PRIORITY AND AMOUNT.** | | USDCC | 10-bk-12748-RK | USDCC |
| JCZ Training & Consulting | | | | $5,671.58 | | | | | | | | | | | USDC Portsmouth | | |
| Jean Remigio | | | | $99.75 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Jeff Tekip | | | | $139.00 | | | | | | | | $139.00 | | Enivel, Steam Press | Enivel | | |
| Jennifer Scott | | | | $50.00 | | | | | | | | | | | USDC Tuchman | | |
| JLP Chesapeake LLC | | | | $19,190.00 | | | 58-1 | 08/03/10 | | | $7,205 | | **R.E. LEASE** (USDC Portsmouth #46). Assumed. Cure of $10,000.00 to be paid over 10 months. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |

120

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | C | U | D | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | | |
| Name | | | | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joan Kushner (aka Joan F. Kushner Mayo) | | | | $116,666.67 | | | 74-1 | 07/20/10 | | $117,500 | | | **OBJECT to Secured.** | Steam Press, Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12735 | Enivel, USDC Portsmouth, Steam Press, Cleaners Club, USDC Tuchman, USDC Fresno |
| John Boynazian dba Busy B's Lock & Safe | | | | $984.91 | | $984.91 | 10-1 | 06/17/10 | | | $985 | $984.91 | **UNDETERMINED.** | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| John Boyrazian dba Busy B's Lock & Safe | | | | | | | 30-1 | 06/14/10 | | | $985 | | **DISPUTE.** Claim made under Enivel for Cleaners Club.  Claim is same as claim# 30-1 filed under Cleaners Club | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| John T. Wesolak, Segregated Rollover, IRA | | | | $27,291.67 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| John Wesolak | | | | $27,291.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Johnson County Remc | | | | $2,585.34 | | | | | | | | | | | USDC Tuchman | | |
| Johnson County Treasurer | | | | $2,006.98 | Payroll Taxes | $2,006.98 | | | | | | | | | USDC Tuchman | | |
| Johnson County Treasurer | | | | $54.71 | Payroll Taxes | $54.71 | | | | | | $54.71 | | | USDC Tuchman | | |
| Jonathan Neil & Associates, Inc | | | | $19,035.58 | Judgment Lien11/12/09 | $19,035.58 | | | | | | | **Object** to Priority.  **ACCEPT** Unsecured. | | USDCC | | |
| Jones Family Trust as Amended 02/24/04, c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 53-1 | 08/13/10 | | | unknown | | **DISPUTE.**  Claim was filed under multiple case numbers | | | 10-bk-12735-RK | USDCC, Cleaners Club; USDC Tuchman; USDC |
| Jorgesen & Co. | | | | $1,527.63 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Jose Macias | | | | $96.00 | | | | | | | | $96.00 | | | Cleaners Club | | |
| Joven's Sales & Services, Inc. | | | | $440.18 | | | 3-1 | 03/17/10 | | | $440 | $440.18 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Joven's Sales Inc. | | | | $611.89 | | | | | | | | $611.89 | | | Cleaners Club | | |
| JST, LLC | | | | $0.00 | | | | | | | | $0.00 | **R.E. LEASE** (USDC Fresno #1).  Assumed.  Cure $0.00. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Kahala Center Company, LLP | | | | | | | 128-1 | 08/13/10 | | | $15,065 | | **R.E. LEASE** (Enivel #528 and #613).  Extended date to Assume or Reject to June 30, 2011. Cure of $3,424.97 and $11,582.45 to be paid over 24 months. | | Enivel | 10-bk-12735-RK | Enivel |
| Kalico Services | | | | $100.00 | | | 6-1 | 03/24/10 | | | $100 | $100.00 | | | USDCC | 10-bk-12748-RK | USDCC |
| Kaman Industrial Technologies | | | | $0.00 | | | | | | | | $0.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Kamoi Auto Repair, Inc | | | | $826.18 | | | | | | | | $826.18 | | Enivel, Steam Press | Enivel | | |

121

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| KBKG | | | | $2,621.25 | | | | | | | | | | | USDCC | | |
| Kelly Paffel, PSE Inc SEP IRA | | | | $31,712.65 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Kenjo, Inc. | | | | $1,104.88 | | | 41-1 | 06/23/10 | | | $1,175 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Kevin Taylor | | | | $418.17 | | | | | | | | | DISPUTE. Paid. | | USDCC | | |
| Key Equipment Finance Inc. | | | | $1,477.96 | | | 43-1 | 07/08/10 | | | $2,064 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Key West Lock & Safe | | | | $69.93 | | | | | | | | $69.93 | | | USDC Portsmouth | | |
| Kimberly A. Lawson Trust | | | | $109,166.67 | | | 20-1 | 05/05/10 | | $122,775 | | | OBJECT to Secured. | Steam Press, Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12735-RK | Enivel |
| Kirk Durante | | | | $60.00 | | | | | | | | $60.00 | | Enivel, Steam Press | Enivel | | |
| KlausPeter Eichner | | | | $54,582.79 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Konikoff Dental Associates, Inc | | | | $849.00 | | | | | | | | $849.00 | | | USDC Portsmouth | | |
| Kotin, Crabtree, & Strong | | | | $420.00 | | | | | | | | $420.00 | | | USDCC | | |
| KRG Hamilton Crossing LLC | | | | $15,382.00 | | | 21-1 | 08/11/10 | | | $18,312 | | R.E. LEASE. CLOSED. (USDC Tuchman old #44). Stipulation approving administrative claim of $15,000 to be paid over 10 months beginning 10-1-10. Balance as of 6-1-11 $3,000 | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| KRG Hamilton Crossing LLC | | | | | | | 21-2 | 10/18/10 | | | $53,857 | | AMENDS. This claim amends claim# 21-1 filed under USDC Tuchman. See above | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| KRG Management | | | | $132.96 | | | | | | | | | **DISUTE.** Claim# 21-1 filed under USDC Tuchman | | USDC Tuchman | | |
| Kuliouou Enterprises, LLC | | | | $13,913.94 | | | 131-1 | 08/13/10 | | | $13,516 | | **R.E. LEASE** (Enivel # 509). Extended date to Assume or Reject by June 30, 2011. Cure of $3,871.55 to be paid over 24 months. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| La Sierra Fire Equipment Inc. | | | | $35.00 | | | | | | | | $35.00 | | | Cleaners Club | | |
| Larry & Robin Schmalz | X | | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Larry Rhoton | | | | $13.80 | | | | | | | | $13.80 | | | Cleaners Club | | |
| Larry Watts | | | | $1,100.00 | | | | | | | | | | | Cleaners Club | | |
| Laundry & Cleaners Supply | | | | $0.00 | | | 12-1 | 06/22/10 | | | $1,358 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno, USDC Fresno 2 |
| Laura Clark | | | | $229.98 | | | | | | | | $229.98 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Leaf | | | | $10,000.00 | | $10,000.00 | 14-1 | 07/09/10 | | $20,494 | | | **SECURED.** See Plan for treatment. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Legend FX, Inc. | | | | $300.00 | | | 50-1 | 06/25/10 | | | $300 | $300.00 | Claim made under Enivel for Cleaners Club | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Leonard Automatics | | | | $189.26 | | | | | | | | $189.26 | | | Cleaners Club | | |
| Lester & Diane Taylor | | | | $545,000.00 | | $545,000.00 | | | | | | | **SECURED - PART OF THE SETAL ENTITIES.** See treatment in Plan. | | USDCC | | |
| Levene, Neale, Bender et al LLP | | | | $335,462.04 | | | | | | | | | | | USDCC | | |
| Lewis Retail | | | | $53,358.33 | | | | | | | | | **DISPUTE. R.E LEASES (Cleaners Club #6, 7 and 10).** Part of this was paid as the lease for Store #7 was assumed, and cure of $17,076.61 was paid. | | Cleaners Club | | |
| Lex Brodie's Tire | | | | $46.75 | | | | | | | | $46.75 | | Enivel, Steam Press | Enivel | | |
| Lieb & Alderman | | | | $2,751.00 | | | | | | | | | | | USDCC | | |
| Loeb & Loeb | | | | $144,756.00 | | | | | | | | | **UNDETERMINED.** | | USDCC | | |
| Lori Yarick | | | | $8,682.08 | | | | | | | | | | | USDCC | | |
| Los Angeles County Treasurer - Tax Collector | | | | | Property Taxes | | 18-1 | 08/02/10 | $496 | | | | **DISPUTE.** The Debtor has no property located in Glendale, CA | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Lowe's | | | | $499.38 | | | | | | | | $499.38 | | Enivel, Steam Press | Enivel | | |
| LT Automotive Services | | | | $153.93 | | | | | | | | $153.93 | | Enivel, Steam Press | Enivel | | |
| Lucy Nazarian | | | | $539.29 | | | 17-1 | 07/15/10 | $538 | | $538 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno, USDC Fresno 2 |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Lynn Ching | | | | $75.00 | | | 3-1 | 03/30/10 | | | $80 | | **DISPUTE.** Same as Enivel claim# 47-1 and should be paid by Enivel. | Enivel, Steam Press | Enivel | 10-bk-12740-RK | Steam Press |
| Lynn Ching | | | | $75.00 | | | 47-1 | 06/28/10 | | | $80 | $80.00 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| M&M Stone | | | | $5,494.78 | | | | | | | | | **R.E. LEASE CLOSED.** (USDC Fresno # 27). Closed May 2010. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Macro Network Support | | | | $1,915.99 | | | 17-1 | 03/30/10 | | | $3,664 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Madison County | | | | $12.67 | Payroll Taxes | $12.67 | | | | | | $12.67 | | | USDC Tuchman | | |
| Maguire Bearing Co. Ltd. | | | | $461.36 | | | 2-1 | 03/23/10 | | | $463 | $462.91 | | Enivel, Steam Press | Enivel | 10-12740-RK | Steam Press |
| Mail & More | | | | $39.15 | | | | | | | | $39.15 | | | USDC Fresno | | |
| Makai Sales, Ltd. | | | | $3,596.93 | | | 12-1 | 04/06/10 | | | $2,897 | | | Enivel, Steam Press | Enivel | 10-bk-12753-RK | Enivel |
| Makai Sales, Ltd. | | | | | | | 53-1 | 06/30/10 | | | $2,967 | | **DISPUTE.** Claim same as claim# 12-1 filed under Enivel | | Enivel | 10-bk-12753-RK | Enivel |
| Makai Sales, Ltd. | | | | | | | 63-1 | 07/07/10 | | | $2,967 | | **DISPUTE.** Claim same as claim# 12-1 filed under Enivel | | Enivel | 10-bk-12753-RK | N/A |
| Manoa Marketplace LLC | | | | $16,982.70 | | | | | | | | | **R.E. LEASE** (Enivel #523). Assumed. Cure of $22,217.13 to be paid over 12 months. | Enivel, Steam Press | Enivel | | |
| Marc A. Rotter | x | | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Marguerite B. Tracy | x | | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| Marion County Treasurer | | | | $9,615.82 | Payroll Taxes | $9,615.82 | | | | | | | | | USDC Tuchman | | |
| Marion County Treasurer | | | | $481.61 | Payroll Taxes | $481.61 | | | | | | $481.61 | | | USDC Tuchman | | |
| Mark V Ruh | | | | $37.50 | | | | | | | | $37.50 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Marketwire | | | | $5,000.00 | | | | | | | | | | | USDCC | | |
| Marlene Hertz | | | | $100.00 | | | | | | | | $100.00 | | Enivel, Steam Press | Enivel | | |
| Marr Hipp Jones & Wang | | | | $345.55 | | | | | | | | $345.55 | | | USDCC | | |
| Marriott Ihalani Resort | | | | $58.00 | | | | | | | | $58.00 | | Enivel, Steam Press | Enivel | | |
| Martin Franchises, Inc. | | | | $8,208.00 | | | 3-1 | 03/23/10 | | | $8,208 | | **DISPUTE.** Invoices also filed under claim # 4-1 for USDC Fresno | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |

124

Exhibit E

24/44

CLAIM CHART

Exhibit "E" to Disclosure Statement

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Martin Franchises, Inc. | | | | | | | 4-1 | 03/23/10 | | | $21,531 | | **DISPUTE.** Some invoices of 3-1 | | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Martin J Brill | | | | $0.00 | | | | | | | | | | Steam Press, Cleaners Club, USDCC | USDCC | | |
| Martin J. Brill | | | | $0.00 | | | 91-1 | 08/12/10 | | | Unknown | | | | USDCC | 10-bk-12735-RK | Enivel |
| Martin J. Brill | | | | | | | 92-1 | 08/12/10 | | | $3,600 | | | | USDCC | 10-bk-12735-RK | Enivel |
| Marvin Dang-Client Trust Acct | | | | $244.05 | | | | | | | | $244.05 | | Enivel, Steam Press | Enivel | | |
| Marvins Cleaners | | | | $4,000.00 | | | | | | | | | | | Cleaners Club | | |
| Mary Beauregard | | | | $5,455.00 | | | | | | | | | | | USDC Portsmouth | | |
| Mary Beauregard- Fresno | | | | $487.50 | | | | | | | | $487.50 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Mary Clendenin | | | | $60.00 | | | | | | | | $60.00 | | Enivel, Steam Press | Enivel | | |
| Math Mechanical Inc | | | | $600.00 | | | | | | | | $600.00 | | | USDC Portsmouth | | |
| Matrix Telecom Inc | | | | $145.63 | | | | | | | | $145.63 | | | USDC Portsmouth | | |
| May Idolor-Callangan | | | | $75.00 | | | | | | | | $75.00 | | Enivel, Steam Press | Enivel | | |
| MCF Systems Atlanta, Inc | | | | $1,446.00 | | | | | | | | | | | USDC Portsmouth | | |
| MCF Systems Atlanta, Inc | | | | $1,810.00 | | | | | | | | | | | USDC Tuchman | | |
| McMaster-CARR Supply Co | | | | $238.81 | | | | | | | | $238.81 | | | USDC Portsmouth | | |
| MDH Company Inc | | | | $1,615.70 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Melinda J. Hayes Revocable Trust Dtd 3/19/1991, c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 24-1 | 08/13/10 | | | unknown | | **DISPUTE.** Claim was filed under multiple case numbers | | | 10-bk-12735-RK | Enivel; USDC Fresno; USDCC |
| Mercer Capital Ltd | X | X | X | $559,869.00 | Subject of Litigation | | | | | | | | | | USDCC | | |

125

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Merchants Automotive Group | | | | $9,385.42 | | | | | | | | | **DISPUTE.** Claim# 62-1 was filed. See below | | Cleaners Club | | |
| Merchants Automotive Group | | | | $462.48 | | | | | | | | | **DISPUTE.** Claim# 62-1 was filed. See below | | USDC Fresno | | |
| Merchants Automotive Group, Inc. | | | | | | | 62-1 | 06/30/10 | | $80,629 | | | **DISPUTE.** Claim made under Enivel. For USDC Fresno ($1,397.06), USDC Portsmouth ($36,214.35), USDC Tuchman ($21,859.60), Cleaners Club ($11,158.24) | USDC Fresno, USDC Portsmouth, USDC Tuchman, Cleaners Club | 10-bk-12735-RK | USDC Portsmouth |
| Metalprogetti USA | | | | $6,130.99 | | | | | | | | | | | USDC Portsmouth | | |
| Metropolitan Life Insurance Company | | | | | | | 139-1 | 08/12/10 | | | $3,920 | | **DISPUTE.** Claim made under Enivel for USDC Tuchman, and claim filed as an administrative expense. | | USDC Tuchman | 10-bk-12735-RK | Enivel |
| Michael & Elizabeth Eggiman Living Trust | | | | $116,667.00 | | | 26-1 | 07/29/10 | | | $116,667 | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | 10-bk-12735-RK | USDCC |
| Michael Drace | | | | $4,371.91 | | | | | | | | | **ACCEPT. Insider.** | Enivel, Steam Press | Enivel | | |
| Michael E. Drace | | | | $3,703.37 | | | 49-1 | 08/16/10 | | | Unknown | | **UNDETERMINED.** | | USDCC | 10-bk-12735-RK | USDCC |
| Michele Kauinui | | | | $75.00 | | | | | | | | $75.00 | | Enivel, Steam Press | Enivel | | |
| Midweek Printing | | | | $10,850.78 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Mike Murray | | | | $29,166.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Mildred Flores | | | | $13.20 | | | | | | | | $13.20 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Mills Equipment | | | | $7,436.97 | | | | | | | | | | | Cleaners Club | | |
| Minda Supply Company | | | | $930.29 | | | | | | | | $930.29 | | | USDC Portsmouth | | |
| Modesto Irrigation District | | | | $1,395.65 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Money Mailer of San Gabriel Valley, Inc. | | | | $6,658.53 | | | 36-1 | 08/16/10 | | | $12,152 | | | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |

126

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Moore Marketing and Motivation | | | | $2,034.90 | | | | | | | | | | | USDCC | | |
| Mountain Gate-Corona LP | | | | $4,057.90 | | | 26-1 | 08/13/10 | | | $4,649 | | R.E. LEASE (Cleaners Club #1).  Assumed.  Cure of $6,775.55 to be paid over 24 months . | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Mountain Ventures Newport News | | | | | | | 22-1 | 04/23/10 | | | $7,730 | | FILED A WITHDRAWAL OF CLAIM. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Mountain Ventures Virginia Beach, LLC | | | | | | | 142-1 | 08/16/10 | | | $50,062 | | DISPUTE. R.E. LEASE CLOSED (USDC Portsmouth #3). Closed April 2009. | | USDC Portsmouth | 10-bk-12735-RK | Enivel |
| Mountville Mills, Inc. | | | | | | | 37-1 | 06/22/10 | | | $1,912 | | DISPUTE. Claim same as above | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Mountville Mills, Inc. | | | | $1,430.50 | | | 5-1 | 03/22/10 | | | $1,912 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Murphy Bank | | | | $8,000.00 | | $8,000.00 | | | | | | | SECURED.  See Plan for treatment. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Name Finders | | | | $2,625.00 | | | | | | | | | | | Cleaners Club | | |
| Natasha Severson | | | | $100.00 | | | | | | | | $100.00 | | Enivel, Steam Press | Enivel | | |
| National Hardware | | | | $1.50 | | | | | | | | $1.50 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| NDCI | | | | $1,048.18 | | | | | | | | | | | USDC Tuchman | | |
| Neal Witherow | | | | $27,916.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Neese Industries | | | | $236.32 | | | | | | | | $236.32 | | Enivel, Steam Press | Enivel | | |
| Neon Sign Co. | | | | $1,759.95 | | | | | | | | | | | Cleaners Club | | |
| Neopost | | | | $15.00 | | | | | | | | $15.00 | | Enivel, Steam Press | Enivel | | |
| New Creations | | | | $3,203.52 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Newstar (Now Taylor Family Trust) | | | | $1,170,304.00 | | $1,170,304.00 | | | | | | | SECURED.  See Plan for treatment. | | USDCC | | |
| NewStar Agency | | | | $10,183.33 | | | | | | | | | | | USDCC | | |
| Nishihama & Kishida, CPAs | | | | $8,606.59 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| North Mall dba AMS Mail Hawaii | | | | | | | 72-1 | 07/26/10 | | | $188 | $187.96 | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Northwestern Mutual-01 | | | | $17,197.59 | | | | | | | | | **DISPUTE.** Paid pre-petition. Erroneously listed on Schedules. | | USDCC | | |
| Northwestern Mutual-03 | | | | $15,111.93 | | | | | | | | | **DISPUTE.** Paid pre-petition. Erroneously listed on Schedules. | | USDCC | | |
| Northwestern Mutual-04 | | | | $6,557.75 | | | | | | | | | **DISPUTE.** Paid pre-petition. Erroneously listed on Schedules. | | USDCC | | |
| Oak Center, LLC | | | | $6,962.00 | | | | | | | | | **R.E. LEASE** (USDC Tuchman # 17). Extended date to Assume or Reject to June 30, 2011. Cure of $12,097 to be paid over 12 months | | USDC Tuchman | | |
| Oceanic Time Warner Cable | | | | $4,823.40 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Office Depot | | | | $416.41 | | | | | | | | $416.41 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Office Depot Crdt Pln 56-6156717195 | | | | $6,109.02 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Oil Equipment Supply Corp. | | | | $67.15 | | | 15-1 | 06/29/10 | | | $67 | $67.15 | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Orange County Treasurer Tax Collector | | | | $229.48 | Property Taxes | $229.48 | 3-1 | 04/09/10 | $726 | | | | **DISPUTE** The Debtor has no personal property in Orange County | | USDCC | 10-bk-12748-RK | USDCC |
| Orange County Treasurer-Tax Collector | | | | | Property Tax | | 6-1 | 05/06/10 | $1,659 | Unknown | | | **DISPUTE** The Debtor has no personal property in Orange County | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Orange Crest Partners LLC | | | | $3,713.33 | | | | | | | | | **DISPUTE. R.E. LEASE CLOSED.** (Cleaners Club #4) Closed September 2010: Settled $0.00 due | | Cleaners Club | | |
| Orkin Exterminating Co Inc. | | | | $120.65 | | | | | | | | $120.65 | | | USDC Tuchman | | |
| Pacific Business News | | | | $3,369.70 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Pacific Commercial Services | | | | $3,712.04 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Pacific Corporate Filing | | | | $149.00 | | | | | | | | $149.00 | | | USDCC | | |
| Pacific Gas and Electric Company | | | | $18,370.82 | | | 21-1 | 05/17/10 | | | $14,552 | | **DISPUTE.** Wrong debtor. Claim made under Enivel for USDC Fresno. Debtor scheduled under PG&E | | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Pacific Guardian Center | | | | $3,656.10 | | | 18-1 | 04/28/10 | | | $4,005 | | **DISPUTE. R.E. LEASE** (Enivel #518). Assumed. Cure $0.00. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Pacific Hawaii FCU | | | | $2,815.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Pacific Hawaii FCU | | | | $2,640.00 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Paetec | | | | $4,596.55 | | | | | | | | | | | USDC Tuchman | | |
| Palladin, Inc | | | | $5,591.62 | | | | | | | | | | | USDCC | | |
| Palmieri, Tyler, Weiner et al. Llp | | | | $13,473.14 | | | | | | | | | | | USDCC | | |
| Paper Source Hawaii | | | | $357.73 | | | | | | | | $357.73 | | Enivel, Steam Press | Enivel | | |

128

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Parker Broiler Co | | | | $1,204.01 | | | | | | | | | | | Cleaners Club | | |
| Parker Fuel Freedom | | | | $6,523.81 | | | 40-1 | 06/21/10 | | $8,881 | | | | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| Patricia M. Sousa IRA | | | | $27,916.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Pelligrini | X | X | X | $100,000.00 | Subject of Litigation | | | | | | | | **DISPUTE.** Dismissed. | | USDCC | | |
| Penn Companies | | | | $1,688.05 | | | | | | | | | | | Enivel, Steam Press | Enivel | |
| Penske Truck Leasing Co. | | | | $22,594.46 | | | | | | | | | | | USDC Portsmouth | | |
| Penske Truck Rental | | | | $1,549.00 | | | | | | | | | | | Cleaners Club | | |
| PFF Bank & Trust | | | | $965.24 | | | | | | | | $965.24 | | | Cleaners Club | | |
| PFSI FBO Robert Kopecky IRA | | | | $11,666.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| PHSC Holdings LLC | | | | $52,350.00 | | | 136-1 | 08/10/10 | | | $72,868 | | **DISPUTE. R.E. LEASE CLOSED** (Enivel #old664).  Closed March 2010 | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Pink Magazine | | | | $15.00 | | | | | | | | $15.00 | | | USDCC | | |
| Pitluck Kido Stone & Aipa | | | | $904.19 | | | | | | | | $904.19 | | Enivel, Steam Press | Enivel | | |
| Pitluck Kido Stone & Aipa, LLP | | | | $473.56 | | | | | | | | $473.56 | | | USDCC | | |
| Pitney Bowes Inc | | | | $97.88 | | | | | | | | $97.88 | | | Cleaners Club | | |
| Pitney Bowes Purchase Power | | | | $464.92 | | | | | | | | $464.92 | | | Cleaners Club | | |
| Pitney Bowes, Inc. | | | | $2,426.50 | | | 26-1 | 04/26/10 | | | $1,680 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Pitney Bowes-Corp | | | | $82.33 | | | | | | | | $82.33 | | | USDCC | | |
| Portsmouth City Treasurer | | | | $9,616.00 | Property Taxes | $9,616.00 | | | | | | | | | USDC Portsmouth | | |
| Portsmouth City Treasurer | | | | $6,463.84 | Property Taxes | $6,463.84 | | | | | | | | | USDC Portsmouth | | |
| Positek Inc | | | | $32.70 | | | | | | | | $32.70 | | Enivel, Steam Press | Enivel | | |
| Power Mechanical, Inc | | | | $2,103.96 | | | | | | | | | | | USDC Portsmouth | | |
| Precision Fire & Safety Inc | | | | $79.55 | | | | | | | | $79.55 | | | USDC Tuchman | | |

129

Exhibit E

29/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Premium Financing Spec | | | | $0.00 | For notice only. Credit Balance of $1,591.73 | | 2-1 | 03/18/10 | | $36,052 | | | DISPUTE | | USDCC | 10-bk-12748-RK | USDCC |
| Prestige Cleaners Inc. | | | | $76,918.29 | Judgment Lien 1/22/10 | $76,918.29 | 1-1 | 03/18/10 | | $82,380 | | | DISPUTE. Duplicate. Claim amount is the same as claim# 1-1 filed under USDCC | | USDCC | 10-bk-12748-RK | USDCC |
| Prestige Cleaners Inc. | | | | $53,181.36 | | | 22-1 | 06/24/10 | | | $82,380 | | DISPUTE. | | USDCC | 10-bk-12748-RK | USDCC |
| Prestige Cleaners Inc. | X | X | X | $0.00 | Subject of Litigation | | | | | | | | DISPUTE. Claim the same as claim# 1-1 filed under USDCC | | USDCC | | |
| Prestige Cleaners Inc. | | | | $33,180.94 | | | | | | | | | DISPUTE. Claim the same as claim# 1-1 filed under USDCC | | USDCC | | |
| Prints Charming | | | | $490.24 | | | | | | | | $490.24 | | | Cleaners Club | | |
| Pro Clean | | | | $287.50 | | | | | | | | $287.50 | | | USDC Portsmouth | | |
| Pro Forma Albrech & Co | | | | $730.09 | | | | | | | | $730.09 | | | USDC Portsmouth | | |
| Project Prof Search Group | | | | $1,164.50 | | | | | | | | | | | USDCC | | |
| PROS Parts | | | | $990.82 | | | 12-1 | 03/18/10 | | | $991 | $990.82 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Protection One | | | | | | | 47-1 | 08/09/10 | | | $3,355 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Prudential Decker Realty | | | | $13,858.02 | | | | | | | | | ACCEPT. R.E. LEASE CLOSED (USDC Portsmouth #old20)  Closed January 2009 | | USDC Portsmouth | | |
| Prudential Group Insurance | | | | $382.39 | | | | | | | | $382.39 | | | USDC Portsmouth | | |
| Psitek Inc | | | | $32.70 | | | | | | | | $32.70 | | Enivel, Steam Press | Enivel | | |
| PublicEase | | | | $425.00 | | | | | | | | $425.00 | | | USDCC | | |
| QPM | | | | $471.20 | | | | | | | | $471.20 | | Enivel, Steam Press | Enivel | | |
| Qwest Corporation | | | | $268.41 | | | 9-1 | 04/28/10 | | | $89 | $89.47 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Rainbow Printers, Inc. | | | | $2,020.68 | | | 67-1 | 07/19/10 | | | $2,021 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Ralphs Muffler Shops | | | | $59.90 | | | | | | | | $59.90 | | | USDC Tuchman | | |
| Ram Leather & Fur Care | | | | $38.00 | | | | | | | | $38.00 | | | USDC Portsmouth | | |
| Ramco 450 Venture LLC | | | | | | | 30-1 | 08/03/10 | | | $15,180 | | | R.E. LEASE (Tuchman #24).  Extended date to Assume or Reject to June 30, 2011. Cure of $115,179.00 to be paid over 36 months. | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Randy Harwood IRA | | X | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |

130

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Raptor Industries Inc., Attn: Dirk Olsen | | | | $29,166.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Rayne Water | | | | $1,440.00 | | | | | | | | | | | Cleaners Club | | |
| RE Monks Construction Co. | | | | $116,666.67 | | | 44-1 | 08/11/10 | | | $118,210 | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | 10-bk-12735-RK | USDCC |
| Red Zebra Broadcasting, LLC | | | | $1,000.00 | | | | | | | | | | | USDC Portsmouth | | |
| Refrigeration Byrun Mech | | | | $397.50 | | | | | | | | $397.50 | | | USDC Portsmouth | | |
| Register Tape Network | | | | $7,965.00 | | | | | | | | | | | Cleaners Club | | |
| Register Tapes Unld Dept 3310 | | | | $1,650.00 | | | | | | | | | | | Cleaners Club | | |
| Renee Kaawaloa | | | | $40.00 | | | | | | | | $40.00 | | Enivel, Steam Press | Enivel | | |
| Reproductive Lab, Inc. Money Purchase Plan | | | | $32,407.41 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Republic Waste | | | | $474.12 | | | | | | | | $474.12 | | | USDC Tuchman | | |
| Retail Alliance | | | | $670.00 | | | | | | | | $670.00 | | | USDC Portsmouth | | |
| Rex Tire & Supply | | | | $1.28 | | | | | | | | $1.28 | | Enivel, Steam Press | Enivel | | |
| Rhoton Family Trust | | | | $77,675.00 | | $77,675.00 | | | | | | | SECURED. See Plan for treatment. | Steam Press, Enivel | USDCC | | |
| Riaz A. Chauthani | | | | | | | 80-1 | 08/12/10 | | | $2,000,000 | | UNDETERMINED | | USDC Fresno | 10-bk-12735-RK | Enivel, Steam Press, USDC Fresno 2, USDCC |
| Riaz A. Chauthani | | | | | | | 81-1 | 08/12/10 | | | $60,000 | | UNDETERMINED | | USDCC | 10-bk-12735-RK | USDCC |
| Riaz A. Chauthani | | | | | | | 82-1 | 08/12/10 | | | $120,000 | | UNDETERMINED | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 83-1 | 08/12/10 | | | $60,000 | | UNDETERMINED. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 84-1 | 08/12/10 | | | $100,000 | | UNDETERMINED | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 85-1 | 08/12/10 | | | $500,000 | | UNDETERMINED | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 86-1 | 08/12/10 | | | $11,500 | | UNDETERMINED | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 87-1 | 08/12/10 | | | $9,000 | | UNDETERMINED | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |

131

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Riaz A. Chauthani | | | | | | | 88-1 | 08/12/10 | | | $144,000 | | **UNDETERMINED** | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 89-1 | 08/12/10 | | | $51,000 | | **UNDETERMINED** | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz A. Chauthani | | | | | | | 90-1 | 08/12/10 | | | $9,000 | | **UNDETERMINED** | | Cleaners Club | 10-bk-12735-RK | Cleaners Club, USDCC |
| Riaz Chauthani | | | | $237,358.00 | | | | | | | | | **UNDETERMINED.** | | USDCC | | |
| Riaz Chauthani | | | | $204,035.00 | | | | | | | | | **UNDETERMINED.** | | USDCC | | |
| Riaz Chauthani | | | | $192,436.00 | | | | | | | | | **UNDETERMINED.** | | USDCC | | |
| Riaz Chauthani | | | | $13,169.00 | | | | | | | | | **UNDETERMINED.** | | USDCC | | |
| Richard Dickey & Kim Dickey JT/WROS | | | | $51,851.33 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Richard Lacar, Jr | | | | $75.00 | | | | | | | | $75.00 | | Enivel, Steam Press | Enivel | | |
| Richard Ross Inc., dba Fish Window Cleaning | | | | $880.00 | | | 34-1 | 08/12/10 | | | $1,784 | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Richardson & Patel | | | | $163,068.00 | | $163,068.00 | | | | | | | **DISPUTE.** See Plan for treatment. | | USDCC | | |
| Rio Fine | | | | $794.12 | | | | | | | | $794.12 | | | Cleaners Club | | |
| Riverside County Tax Collector | | | | $15,587.34 | Property Tax | $15,587.34 | 70-1 | 07/01/10 | | $20,696 | | | **DISPUTE** Correct returns filed. Estimated tax due is $4,890 | | Cleaners Club | 10-bk-12735-RK | Enivel |
| Riverside County Treasurer - Tax Collector | | | | | Property Tax | | 71-1 | 07/20/10 | | $13,296 | | | **DISPUTE** Correct returns filed. Estimated tax due is $3,890 | | Cleaners Club | 10-bk-12735-RK | Enivel |
| Riverside Fire Equipment | | | | $66.72 | | | | | | | | $66.72 | | | Cleaners Club | | |
| Riverside Public Utilities | | | | $2,712.25 | | | | | | | | | | | Cleaners Club | | |
| Robert Half Intl | X | X | X | $0.00 | Subject of Litigation | | | | | | | | | | USDCC | | |
| Robert Smith-Joyce Smith | | | | $20,740.53 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Robert Y. Lee | X | | | $0.00 | | | 137-1 | 08/13/10 | | | $2,000,000 | | **UNDETERMINED** | | USDC Fresno | 10-bk-12735-RK | Enivel, Steam Press, Cleaners Club, USDCC, |
| Robert Y. Lee | | | | $562,608.00 | | | 138-1 | 08/13/10 | | | $562,608 | | **UNDETERMINED** | | USDCC | 10-bk-12735-RK | USDC, Steam Press, Cleaners Club, USDCC, USDC Fresno |
| Robert Y. Lee | | | | $371,901.37 | | | 45-1 | 08/13/10 | | | Unknown | | **UNDETERMINED** | | USDCC | 10-bk-12735-RK | USDCC |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Robin Rix dba Rix Business Sales | | | | | | | 77-1 | 08/12/10 | | $143,058 | | | SECURED.  See Plan for treatment. | | Cleaners Club | 10-bk-12735-RK | Enivel, Cleaners Club, Steam Press |
| Robin Rix dba Rix Business Sales | | | | | | | 78-1 | 08/12/10 | | | $58,333 | | DISPUTE. Claim made under Enivel for Cleaners Club and USDCC.  Accept 2nd note. | | USDCC | 10-bk-12735-RK | Enivel |
| Rollofs Hawaii | | | | $5,749.54 | | | 9-1 | 04/05/10 | | | $5,821 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Ronald Chelsvig | | | | $29,166.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Ronald J. Pang IRA | | | | $64,814.35 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Rossland Ten Corp. | X | X | X | $58,000.00 | Subject of litigation | | 3-1 | 04/06/10 | | | $98,600 | | | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Rossland Ten Corp. | | | | $0.00 | For Notice purposes only | | | | | | | | DISPUTE.  See above | | Cleaners Club | | Cleaners Club |
| Rufus Lawn Service | | | | $1,200.00 | | | 39-1 | 06/28/10 | | | $2,400 | | | | USDC Portsmouth | 10-bk-12735-RK | USDC Portsmouth |
| Rug Doctor | | | | $315.43 | | | | | | | | $315.43 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Ruth Ann Newby | | | | $17,552.32 | | | 8-1 | 03/24/10 | | | | | DISPUTE.  Claim was amended by claim# 8-2 filed under Enivel | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Ruth Ann Newby | | | | | | | 8-2 | 06/23/10 | $10,950 | | $7,924 | | DIPSUTE. | | Enivel | 10-bk-12735-RK | Enivel |
| Ryder Transportation | | | | $475.40 | | | | | | | | $475.40 | | Enivel, Steam Press | Enivel | | |
| S&N Realty LLC | | | | | | | 11-1 | 06/11/10 | | $2,556 | | | R.E. LEASE (USDC Tuchman # 32).  Assumed.  Cure of $4,876.84 to be paid over 4 months. | USDC Tuchman | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| S&N Realty LLC (amended) | | | | | | | 11-2 | 09/20/10 | | $1,377 | $3,500 | | DISPUTE. Amends claim 11-1 | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Sadd Laundry & Dry Cleaning | | | | $6,821.06 | | | 10-1 | 03/30/10 | | | $6,821 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Safeco Business Insurance | | | | $417.54 | | | | | | | | $417.54 | | | Cleaners Club | | |
| Safety-Kleen | | | | $1,986.15 | | | | | | | | | | | USDC Portsmouth | | |
| Safety-Kleen | | | | $7,950.06 | | | | | | | | | | | Cleaners Club | | |
| San Bernardino County Treas-Tax Collection | | | | $975.02 | Property Tax | $975.02 | 15-1 | 07/16/10 | $3,710 | | | | DISPUTED Correct returns filed.  Estimated tax amount is $1,217. | | Cleaners Club | | |
| Sanmar Corp | | | | $1,580.07 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| SDA Security | | | | $935.00 | | | | | | | | $935.00 | | | Cleaners Club | | |

133

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Security Public Storage | | | | $0.00 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Select Programs Ins Svc Inc | | | | $6,600.00 | | | | | | | | | | | USDCC | | |
| Sentinel Silent Alarm Co Inc | | | | $215.46 | | | | | | | | $215.46 | | Enivel, Steam Press | Enivel | | |
| Sero Properties Atn Mng Mbr (1) | | | | $4,373.00 | | | 30-1 | 08/04/10 | | | $40,083 | | R.E. LEASE CLOSED.  (Cleaners Club #2) Closed August 2009. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Sesco | | | | $17,760.00 | | | | | | | | | | | USDC Tuchman | | |
| Setal 1 | | | | $1,383,260.00 | | $1,383,260.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 1 (Equip Lease) | | | | $1,050,014.00 | | $1,050,014.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 1-6 and Taylor Family Trust | | | | | | | 143-1 | 08/26/10 | | | | | SECURED. Treatment provided for in Plan. | | USDCC | 10-bk-12735-RK | Enivel |
| Setal 1-6 and Taylor Family Trust | | | | | | | 79-1 | 08/12/10 | | | | | SECURED. Treatment provided for in Plan. | | USDCC | 10-bk-12735-RK | Enivel |
| Setal 2 | | | | $1,185,461.00 | | $1,185,461.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 3 | | | | $2,571,427.00 | | $2,571,427.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 4 | | | | $2,023,846.00 | | $2,023,846.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 5 | | | | $1,183,453.00 | | $1,183,453.00 | | | | | | | SECURED. Treatment provided for in Plan. | Cleaners Club, USDC Fresno, USDC Fresno 2, Enivel, USDC | USDCC | | |
| Setal 6 | | | | $3,012,833.00 | | $3,012,833.00 | | | | | | | SECURED. Treatment provided for in Plan. | USDC Tuchman, USDC Portsmouth | USDCC | | |
| Sharon Kaneshiro | | | | $166.58 | | | | | | | | | DISPUTE. | Enivel, Steam Press | Enivel | | |
| Sharon Kaneshiro | | | | $166.58 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Sharon R. Keers | | | | $280.80 | | $280.80 | 12-1 | 06/22/10 | | | unknown | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Shell Oil | | | | $3,272.35 | | | | | | | | | | | Cleaners Club | | |
| Sheriff Court Services | | | | $1,587.82 | | | | | | | | | | | Cleaners Club | | |
| Siamani's Mobile Maint & Towing | | | | $300.00 | | | | | | | | $300.00 | | Enivel, Steam Press | Enivel | | |
| Simplex Grinnell | | | | $122.95 | | | 6-1 | 05/05/10 | | | $123 | $122.95 | | Enivel, Steam Press | Enivel | 10-bk-12740-RK | Steam Press |
| Sink Supply Company | | | | $13,670.00 | | | 20-1 | 08/02/10 | | | $10,612 | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Smartgraphics | | | | $3,040.58 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Snow Cleaners Inc-Fresno | | | | $1,488.92 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |

134

Exhibit E

34/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| South Coast A.Q.M.D | | | | $1,281.84 | | | | | | | | | | | Cleaners Club | | |
| Southeastern Supply Co. Inc | | | | $510.57 | | | | | | | | $510.57 | | | USDC Tuchman | | |
| Southern California Edison | | | | $688.11 | | $688.11 | 8-1 | 05/11/10 | | | $708 | $707.57 | | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Southern California Edison | | | | $63.24 | | | | | | | | $63.24 | | | USDCC | | |
| Southport Associates, LLC | | | | $14,547.00 | | | | | | | | | R.E. LEASE (USDC Tuchman #19) Extended date to Assume or Reject to June 30, 2011. Cure of $14,547.00 to be paid over 24 months. Assumed pursuant to Plan. | | USDC Tuchman | | |
| Southwest Gas Corporation | | | | $877.03 | | | | | | | | $877.03 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Sparkletts | | | | $93.76 | | | | | | | | $93.76 | | | USDCC | | |
| Spot Business Systems | | | | $30,027.00 | | | 16-1 | 07/07/10 | | | $22,527 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Spot Business Systems | | | | $7,801.15 | | | 64-1 | 07/07/10 | | | $2,938 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Sprint/Nextel | | | | $2,405.12 | | | 2-1 | 03/25/10 | | | $4,232 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Squar, Milner, Peterson, LLP | | | | $249,210.00 | | | | | | | | | | | USDCC | | |
| SRP | | | | $1,443.82 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Staley Signs Co | | | | $711.15 | | | | | | | | $711.15 | | | USDC Tuchman | | |
| Standiford Square | | | | | | | 6-1 | 03/29/10 | | | $25,383 | | R.E. LEASE CLOSED. (USDC Fresno#7) Closed Location April 2009. | | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| Stanislaus County Tax Collector | | | | $757.53 | Property Tax | | 19-1 | 08/02/10 | $768 | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Stanislaus County Tax Collector | | | | | Property Tax | | 20-1 | 08/02/10 | $459 | | | | | | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Stanislaus County Tax Collector | | | | | Property Tax | | 21-1 | 08/02/10 | $280 | | | | | | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Stanislaus County Tax Collector | | | | | Property Tax | | 9-1 | 08/02/10 | $117 | | | | | | USDC Fresno | 10-bk-12735-RK | USDC Fresno 2 |
| Stanley Nizen | | | | $27,291.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Staples Dept DC | | | | $2,982.47 | | | | | | | | | | | USDC Portsmouth | | |
| Starr and Company, Inc. | | | | $4,410.20 | | | 132-1 | 08/13/10 | | | $4,456 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| State Board of Equalization | | | | $337.08 | Hazardous Substance Tax | $337.08 | 7-1 | 05/10/10 | $326 | | $326 | | ACCEPT | | Cleaners Club | 10-12742-RK | Cleaners Club |

135

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| State of California | | | | $3,234.00 | State Tax Lien 9/255/2005 | $3,234.00 | | | | | | | | | Cleaners Club | | |
| State of Hawaii, Department of Taxation | | | | $20,512.41 | Payroll and General Excise | | 16-1 | 04/20/10 | $163,032 | | $55,786 | | **DISPUTE** - Estimated tax due is $152,000. (General Excise Tax and State Withholding). Balance of claim is interest and penalties. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| State of Indiana | | | | $1,879.73 | Payroll Taxes | $1,879.73 | | | | | | | | | USDC Tuchman | | |
| Stephen Investments Inc | | | | $4,529.07 | | | | | | | | | **R.E. LEASE** (USDC Fresno#7). Assumed. Cure of $4,529.07 paid over 15 months. | | USDC Fresno | | |
| Stephen Kina IRA Rollover | | | | $16,203.54 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Stolpe Family LTD Partnership, Duane Stolpe | | | | $30,497.25 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Stryker Weiner & Yokota | | | | $382.43 | | | | | | | | $382.43 | | Enivel, Steam Press | Enivel | | |
| Stryker Weiner & Yokota PR | | | | $449.72 | | | | | | | | $449.72 | | | USDCC | | |
| Summit Heights Center, LP | | | | $7,917.00 | | | 103-1 | 08/13/10 | | | $8,557 | | **R.E. LEASE** (Cleaners Club #5). Assumed. Cure of $6,391.42 to be paid over 15 months. | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Sunbeam Development | | | | $7,767.00 | | | | | | | | | **R.E. LEASE** (USDC Tuchman #46). Assumed. Cure of $11,385.00 to be paid over 24 months. | | USDC Tuchman | | |
| Sunset Square | | | | $5,140.80 | | | | | | | | | **R.E. LEASE** (USDC Fresno#21). Assumed. Cure of $5,140.80 was paid. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Sunshine Cleaners | | | | $5,000.00 | | | 14-1 | 06/25/10 | | | $9,940 | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |
| Superior Distribution | | | | $0.04 | | | | | | | | $0.04 | | | USDC Tuchman | | |
| Superior Tech & Supplies Corp | | | | $309.61 | | | | | | | | $309.61 | | Enivel, Steam Press | Enivel | | |
| Sure Save Self Storage | | | | $81.00 | | | | | | | | $81.00 | | | USDCC | | |
| Susan Chun | | | | $45.00 | | | | | | | | $45.00 | | Enivel, Steam Press | Enivel | | |
| Susan M. Thornett Revocable Living Trust | | | | $25,925.92 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | LISTED ON SCHEDULES D, E OR F | | | | | FILED PROOF OF CLAIMS | | | | Info Re Claims | | | |
| TA Appliance Parts Company | | | | | | | 10-1 | 6/24/2010 | | | $174 | $174.43 | | | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Taco Bell Corp-Hot 'N Now | | | | $6,133.98 | | | | | | | | | R.E. LEASE (USDC Portsmouth #18). Assumed. Cure of $6,134.00 was paid. | | USDC Portsmouth | | |
| Tagami Auto Service Ltd | | | | $15,750.95 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Tanaka Properties LLC | | | | $148,558.25 | | | 69-1 | 08/02/10 | | $18,500 | $126,885 | | DISPUTE. R.E LEASE (Enivel #519). Paid pursuant to assumption. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Tasi Malepeai | | | | $75.00 | | | | | | | | $75.00 | | Enivel, Steam Press | Enivel | | |
| Taylor Security Systems | | | | $4,650.00 | | | 6-1 | 04/19/10 | | | $1,672 | | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Taylor Security Systems | | | | $87.83 | | | 7-1 | 04/19/10 | | | $6,155 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Team Enterprises, LLC as successor in interest to Team Enterprises, Inc. dba Gamet Enterprises, LLC | | | | | | | 93-1 | 08/13/10 | | | $13,435 | | DISPUTE. Claim relates to the Alliance Laundry System Note (already included in USDC Fresno Schedule D) | | | | |
| Team Equipment Inc. | | | | $1,492,907.44 | | $1,492,907.44 | 17-1 | 08/13/10 | Unknown | | $1,612,101 | | DISPUTE. Claim same as claim# 29-1 | | | | |
| Team Equipment Inc. | | | | $1,483,912.00 | | $1,483,912.00 | 24-1 | 08/13/10 | | | $1,612,101 | | DISPUTE. | | | 10-bk-12742-RK | Cleaners Club |
| Team Equipment Inc. | | | | $1,492,907.44 | | $1,492,907.44 | 29-1 | 08/13/10 | Unknown | | $1,616,101 | | DISPUTE. | | | | USDCC; Cleaners Club; USDC Tuchman; USDC Fresno; Enivel |
| Team Equipment Inc. | | | | $1,492,907.44 | | $1,492,907.44 | 39-1 | 08/13/10 | Unknown | | $1,616,101 | | DISPUTE. Claim same as claim# 29-1 | | | | Enivel |
| Team Equipment, Inc. | X | | | $0.00 | | $0.00 | 100-1 | 08/13/10 | | | $1,612,101 | | DISPUTE. Claim was filed under multiple case numbers | | | | |
| Team Equipment, Inc. , c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | $1,483,912.00 | | $1,483,912.00 | 14-1 | 08/13/10 | | $1,612,101 | | | DISPUTE. Claim same as claim# 29-1 | | | | USDC Portsmouth |
| Team Equipment, Inc. , c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | $1,483,912.00 | | $1,483,912.00 | 14-1 | 08/13/10 | | $1,612,101 | | | DISPUTE same as claim# 29-1 | | | | USDC Fresno |

137

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Team Equipment, Inc. , c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 28-1 | 08/13/10 | | | unknown | | **DISPUTE.**  Claim was filed under multiple case numbers | | | | USDCC; Cleaners Club; USDC Tuchman; USDC Fresno; Enivel |
| Team Equipment, Inc. , c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 29-1 | 08/13/10 | | | unknown | | **DISPUTE.** Claim same as claim# 29-1 | | | | Enivel |
| Team Equipment, Inc. , c/o Christine M. Pajak, Stuttman, Triester & Glatt | | | | | | | 55-1 | 08/13/10 | | | unknown | | **DISPUTE.** | | | | |
| Ted A. Hickman & Mary E. Hickman JTWOS | | | | $13,161.75 | | | | | | | | | | Enivel, Cleaners Club, USDC Fresno, USDC | USDCC | | |
| Tele Pacific | | | | $1,239.43 | | | | | | | | | | | USDCC | | |
| Tele Pacific Communications | | | | $1,389.43 | | | | | | | | | | | USDCC | | |
| Telecomcepts | | | | $1,055.69 | | | | | | | | | | | Cleaners Club | | |
| Tell-Us Call Center | | | | $1,447.24 | | | | | | | | | | | USDCC | | |
| Temecurich, LLC | X | X | X | $0.00 | Subject of litigation | | | | | | | | | | Cleaners Club | | |
| Tempe Square | | | | $757.36 | | | | | | | | | **R.E. LEASE** (USDC Fresno #22).  Assumed.  Cure of $673.71 paid over 24 months. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Teri Yamashige | | | | $40.00 | | | | | | | | $40.00 | | Enivel, Steam Press | Enivel | | |
| Terminix | | | | $180.00 | | | | | | | | $180.00 | | | USDC Portsmouth | | |
| Terry Kramer | X | | | $0.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2 | USDCC | | |
| The Doyle W. Powell & Suzanne L. Powell Co-ttees UTD 06/01/91 FBO The Powell Rev Trust | | | | $116,667.00 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| The Economist | | | | $59.76 | | | | | | | | $59.76 | | | USDCC | | |
| The Evans Company | | | | $25,242.67 | | | | | | | | | **DISPUTE.** Same as Euclid Plaza. | | Cleaners Club | | |
| The Faure Law Firm, Profit Sharing Plan | | | | $28,541.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| The Gas Co | | | | $3,801.16 | Utility | | | | | | | | | | Cleaners Club | | |
| The Gas Co | | | | $146.18 | | | | | | | | $146.18 | | | USDCC | | |
| The Goodman Company | | | | $8.23 | | | | | | | | $8.23 | | | USDC Portsmouth | | |
| The Hartford Steam Broiler | | | | $20.00 | | | | | | | | $20.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| The Joseph Krow Company | | | | | | | 23-1 | 04/20/10 | | | $4,727 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| The PC Doctor | | | | $375.00 | | | | | | | | $375.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| The Prepared Office | | | | $2,292.31 | | | 24-1 | 04/26/10 | | | $2,467 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |

138

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| The Press Enterprise | | | | $719.99 | | | | | | | | $719.99 | | | Cleaners Club | | |
| Theresa P. Winn | | | | $112.75 | | | | | | | | | | Enivel, Steam Press | Enivel | | |
| Thermopatch | | | | $499.90 | | | 11-1 | 03/18/10 | | | $515 | $515.20 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Thomas Dougher | | | | $45.00 | | | | | | | | $45.00 | | Enivel, Steam Press | Enivel | | |
| Thomas Financial | | | | $1,086.02 | | | | | | | | | | | USDCC | | |
| Thomas H. Jones as Trustee of the Thomas H. Jones and Shirley C. Jones Family Trust/Survivors Trust Dated 6/22/87 | | | | | | | 94-1 | 08/13/10 | | | Unknown | | DISPUTE. Claim was filed under multiple case numbers | | | | USDC Fresno; USDCC; Enivel |
| Thomas Lane | | | | $29,166.67 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Thomas P. Lane IRA | | | | $27,291.39 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Thomas W. Wilder | | | | $54,583.33 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Thompson McMullan | | | | $170.84 | | | | | | | | $170.84 | | | USDCC | | |
| Three Golden Inv. | | | | $7,753.19 | | | 20-1 | 08/13/10 | | | $20,370 | | R.E. LEASE (USDC Fresno #8). Assumed. Cure is $7,753.19 to be paid over 24 months. | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| Tiaa Realty Inc | | | | $5,677.18 | | | | | | | | | R.E LEASE (Enivel #540). Assumed. Cure of $2,282.00 paid over 12 months. | Enivel, Steam Press | Enivel | | |
| Tinders Locksmith Service | | | | $238.40 | | | | | | | | $238.40 | | | USDC Tuchman | | |
| Tire Country USA | | | | $555.18 | | | 11-1 | 06/21/10 | | | $555 | $555.18 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno, USDC Fresno 2 |
| TKC Properties, LLC | | | | $8,292.00 | | | | | | | | | R.E. LEASE (USDC Tuchman #34). To be Assumed pursuant to Third Assumption Motion. Cure is $8,292.00 General Unsecured Claim. | | USDC Tuchman | | |
| Tom Anderson | | | | $0.00 | | | | | | | | | R.E. LEASE (USDC Fresno #28) Assumed. Cure $0.00 | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Tom Jones (amended) | | | | | | | 40-2 | 08/13/10 | $10,950 | Unknown | $1,501,133 | | DISPUTE. Claim was filed under multiple case numbers | | | | |

139

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Total Marketing Partners | | | | $28,723.14 | | | 15-1 | 05/27/10 | | | $37,699 | | | | USDCC | 10-bk-12748-RK | USDCC |
| Town of Fishers | | | | $58.01 | | | | | | | | $58.01 | | | USDC Tuchman | | |
| Town of Plainfield | | | | $234.51 | | | | | | | | $234.51 | | | USDC Tuchman | | |
| Town of Speedway | | | | $18.78 | | | | | | | | $18.78 | | | USDC Tuchman | | |
| Trade Publishing Co Ltd | | | | $643.46 | | | | | | | | $643.46 | | Enivel, Steam Press | Enivel | | |
| Trading Post | | | | $3,280.00 | | | | | | | | | R.E. LEASE (USDC Fresno #18). Assumed. Cure of $14,800.00 paid over 6 months. | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Trimark/Hughes Corona Valley,LLC | X | X | X | $15,351.52 | Subject of litigation | | 29-1 | 08/13/10 | | | $17,153 | | R.E. LEASE (Cleaners Club #11). Assumed. Cure of $27,714.80 paid over 24 months. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Trustee Dane S. Field, Bankruptcy Trustee of the Estate of Robinson Corp. | | | | | | | 75-1 | 08/10/10 | | $31,468 | | | SECURED. Treatment provided for in Plan. | | USDCC | 10-bk-12735-RK | Enivel, USDCC |
| TSB, Inc | | | | $25,000.00 | | | | | | | | | UNDETERMINED. Sent proof of claim to USDC in the name of RRE Services, Inc. And in the amount of $37,500. Claim not filed with Court. | | USDCC | | |
| Turlock Irrigation District | | | | $176.26 | | | 8-1 | 06/10/10 | | | $177 | $176.96 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| Turner Riverwalk 5, LLC | X | X | X | $4,865.50 | Subject of litigation | | 1-1 | 03/24/10 | | | $39,255 | | DISPUTE. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Turner Riverwalk 5, LLC | | | | | | | 1-2 | 03/24/10 | | | $39,255 | | DUPLICATE. Amended claim# 1-1. Has exactly the same information. | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| Turnkey Mechanical & Electrical | | | | $2,194.50 | | | | | | | | | | | USDC Tuchman | | |
| Twenty First St Dev | | | | $3,583.34 | | | | | | | | | R.E. LEASE CLOSED (USDC Portsmouth #2). | | USDC Portsmouth | | |
| Tyson Moore | | | | $1,381.25 | | | | | | | | | | | USDCC | | |
| Uline Shipping Supplies | | | | $2,248.37 | $2,248.37 | | 12-1 | 06/29/10 | | | $2,335 | | | | Cleaners Club | 10-bk-12735-RK | Cleaners Club |
| Union Drycleaning Products | | | | $1,324.47 | | | | | | | | | | | USDC Tuchman | | |
| Unipress | | | | $261.76 | | | | | | | | $261.76 | | | Cleaners Club | | |
| United Cleaner's Supply LLC | | | | $88.08 | | | | | | | | $88.08 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| United Fabricare Supply | | | | $37,311.36 | | | 3-1 | 03/22/10 | | | $67,027 | | | | Cleaners Club | 10-bk-12742-RK | Cleaners Club |
| United Fabricare Supply - Fresno | | | | $17,563.12 | | | 1-1 | 03/22/10 | | | $42,676 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |

140

Exhibit E

40/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| United Fabricare Supply - Fresno | | | | $17,563.12 | | | 5-1 | 03/24/10 | | | $32,242 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| United Telephone Co. of Indiana | | | | $127.14 | | | 9-1 | 04/27/10 | | | $137 | $137.44 | **ACCEPT.**  Debtor scheduled claim as Century Link | | | 10-bk-12736-RK | USDC Tuchman |
| Universal Office Supplies | | | | $349.85 | | | | | | | | $349.85 | | Enivel, Steam Press | Enivel | | |
| UNUM Provident | | | | $339.12 | | | | | | | | $339.12 | | Enivel, Steam Press | Enivel | | |
| UPS | | | | $27.40 | | | | | | | | $27.40 | | Enivel, Steam Press | Enivel | | |
| UPS-Fresno | | | | $20.00 | | | | | | | | $20.00 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| US Machineries Engineering | | | | $3,981.27 | | | | | | | | | | | USDC Portsmouth | | |
| Usable Life Insurance | | | | $501.60 | | | | | | | | $501.60 | | Enivel, Steam Press | Enivel | | |
| Usaprons, Inc | | | | $598.70 | | | | | | | | $598.70 | | Enivel, Steam Press | Enivel | | |
| VA Bch Aff, c/o Time Equities | | | | $43,192.00 | | | | | | | | | **R.E. LEASE** (USDC Portsmouth #23).  Assumed. Cure is $31,135.56 paid over 10 months. | | USDC Portsmouth | | |
| Valley Ace Hardware- Tempe | | | | $1,231.04 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Valley Yellow Pages | | | | $43.00 | | | 15-1 | 07/13/10 | | | $3,329 | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12735-RK | USDC Fresno |
| Valve Service and Supply, Inc. | | | | $1,043.89 | | | 52-1 | 06/29/10 | | | $1,044 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Vectren | | | | $4,922.33 | | | | | | | | | | | USDC Tuchman | | |
| Velley Maintenance | | | | $0.00 | | | | | | | | | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Verizon | | | | | | | 26-1 | 06/17/10 | | | $8,745 | | **DISPUTE.** Claim made under Enivel.  Owed by USDC Portsmouth ($8,053.92)and USDC Fresno ($686.65) | | USDC Portsmouth, USDC Fresno | 10-bk-12735-RK | Enivel |
| Verizon Online | | | | | | | 24-1 | 06/14/10 | | | $1,729 | | **DISPUTE.** Claim made under Enivel for USDC Portsmouth ($616.46) and Cleaners Club ($1,112.67) | | USDC Portsmouth, Cleaners Club | 10-bk-12735-RK | Enivel |
| Verizon Wireless | | | | | | | 25-1 | | | | $6,793 | | **DISPUTE.** Claim made under Enivel for USDC Tuchman ($342.94), USDCC ($5,619.95), **DISPUTE**  First Virtual Communication ($830.06) | | USDC Tuchman, USDCC | 10-bk-12735-RK | Enivel |
| Victoria Ward Ltd | | | | $26,050.12 | | | | | | | | | **R.E. LEASE** (Enivel #673).  Assumed. Cure is $28,600.92 paid over 3 months. | Enivel, Steam Press | Enivel | | |
| Vincent Cafici & Concetta Cafici, JTWROS | | | | $54,583.33 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |

141

Exhibit E

41/44

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Vincent Cafici IRA | | | | $27,291.39 | | | | | | | | | | Cleaners Club, USDC Fresno, USDC Fresno 2, Steam Press | USDCC | | |
| Vintage Filings | | | | $6,011.44 | | | | | | | | | | | USDCC | | |
| Virginia Department of Taxation | | | | $58,703.50 | Payroll Taxes | $58,703.50 | | | | | | | DISPUTE.  Original claim includes taxes due to Virginia Employment Commission.  Virginia Employment Commission filed Claim #36-1 below.  Virginia Department of Taxation estimated tax amount should be $49,600. | | USDC Portsmouth | | |
| Virginia Employment Commission | | | | | Payroll Tax | | 36-1 | 06/18/10 | $11,803 | | $11,803 | | ACCEPT.  See above. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Vision Windward I, LLC | | | | $6,435.35 | | | 130-1 | 08/13/10 | | | $6,961 | | DISPUTE. Amended claim# 38-1 (Windward Vision I, LLC) Closed May 2010. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| W.W. Grainger Inc. | | | | $691.19 | | | 10-1 | 05/17/10 | | | $882 | $881.74 | | | USDC Tuchman | 10-bk-12736-RK | USDC Tuchman |
| Wagner Financial Services | | | | $167,567.61 | | | | | | | | | DISPUTE. | | USDCC | | |
| Waimalu Plaza Co., LLP | | | | $2,385.10 | | | 68-1 | 08/02/10 | | | $2,605 | | R.E. LEASE CLOSED (Enive #542)  Closed May 2010. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Waste Industries | | | | $913.71 | | | 30-1 | 05/20/10 | | | $225 | $225.26 | ACCEPT.  USDC Portsmouth Claim# 29-1 is a duplicate of this claim | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Watley Group, LLC | | | | $16,176.51 | | | | | | | | | | | USDCC | | |
| Wayne Haraga | | | | $60.00 | | | | | | | | $60.00 | | Enivel, Steam Press | Enivel | | |
| WCSC, LLC | | | | $65.97 | | | 11-1 | 03/29/10 | | | $2,229 | | R.E. LEASE (Enivel #531).  Extended date to Assume or Reject by June 30, 2011.  Cure of $2,229.00 to be paid over 24 months. Lease to be assumed under Plan. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Wells Fargo Bank - Wachovia Bank | X | X | X | $0.00 | | | 35-1 | 06/04/10 | | | $276,060 | | DISPUTE. | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Wells Fargo Bank, successor in interest to Wachovia Bank | | | | | | | 18-1 | 06/07/10 | | | $276,060 | | DISPUTE. Claim is the same as Claim# 35-1 filed under USDC Portsmouth.VA#20 | | USDC Portsmouth | 10-bk-12748-RK | USDCC |
| WFCB- OSH Commercial Svcs | | | | $259.73 | | | | | | | | $259.73 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | | |
| Wheel Alignment Corp | | | | $171.72 | | | | | | | | $171.72 | | Enivel, Steam Press | Enivel | | |
| Whites Ace Hardware | | | | $49.99 | | | | | | | | $49.99 | | | USDC Tuchman | | |
| Whites Heating and Cooling | | | | $2,188.94 | | | 19-1 | 07/30/10 | | | $3,484 | | | | USDC Tuchman | 10-bk-12735-RK | USDC Tuchman |

142

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| WHRO | | | | $7,260.00 | | | 15-1 | 03/22/10 | | | $7,260 | | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| William H. McCartney | | | | $84,906.56 | | | 73-1 | 07/29/10 | | $89,460 | | | | Steam Press, Cleaners Club, USDC Fresno, USDC Fresno 2, USDCC | USDCC | 10-bk-12735-RK | Enivel, USDC Portsmouth, Steam Press, Cleaners Club, |
| Williamson-Dickie Mfg Co | | | | $353.81 | | | | | | | | $353.81 | | Enivel, Steam Press | Enivel | | |
| Willow Station | | | | $0.00 | | | | | | | | | R.E. LEASE (USDC Fresno#23).  Assumed.  Cure is $0.00. | USDC Fresno, Fresno 2 | USDC Fresno | | |
| Wills Enterprises | | | | $1,740.00 | | | | | | | | | R.E. LEASE (USDC Fresno #16).  Assumed.  Cure of $1,740.00 was paid. | USDC Fresno, Fresno 2 | USDC Fresno | | |
| Windward City Merchants Assoc | | | | $3.13 | | | | | | | | $3.13 | | Enivel, Steam Press | Enivel | | |
| Windward Vision I, LLC | | | | $6,435.35 | | | 38-1 | 06/23/10 | | | $20,905 | | DISPUTE. R.E. LEASE CLOSED (Enivel #538).  Claim amended 130-1 (Vision Windward I, LLC) for $6,960.99. Debtor scheduled under Vision & Safeway Windward 1-Bld B. Closed May 2010. | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| Winston Water Services | | | | $402.84 | | | 2-1 | 03/22/10 | | | $398 | $398.47 | | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12745-RK | USDC Fresno |
| Winston Water Services | | | | $402.84 | | | 2-1 | 03/22/10 | | | $398 | | DISPUTE.  Same as claim# 2-1 filed under USDC Fresno | USDC Fresno, USDC Fresno 2 | USDC Fresno | 10-bk-12746-RK | USDC Fresno 2 |
| WLSN Pacific LLC | | | | $103.05 | | | | | | | | $103.05 | | Enivel, Steam Press | Enivel | | |
| Worldwide Property Mgmt | | | | $92.98 | | | | | | | | $92.98 | | | USDC Tuchman | | |
| WPYA 93.7 BOBFM | | | | $2,400.00 | | | | | | | | | | | USDC Portsmouth | | |
| WUSH-FIM US-106 | | | | $1,700.00 | | | | | | | | | | | USDC Portsmouth | | |
| WW Grainger Inc. | | | | | | | 133-1 | 08/13/10 | | | $1,140 | | DISPUTE. Claim made under Enivel for USDC Fresno | | USDC Fresno | 10-bk-12735-RK | Enivel, USDC Fresno, USDCC |
| Wyatt-Bennett Equipment Co., Inc. | | | | $1,278.44 | | | 32-1 | 06/18/10 | | | $2,943 | | DISPUTE. Claim made under Enivel for Cleaners Club. Debtor made claim under Wyatt Bennet | | Cleaners Club | 10-bk-12735-RK | N/A |
| Yellow Book Sales & Distribution (Notice of Withdrawal of Claim) | | | | | | | 29-1 | 05/20/10 | | | $225 | $225.26 | | | USDC Portsmouth | 10-bk-12743-RK | USDC Portsmouth |
| Young Ideas-Creative Consultants | | | | $391.88 | | | | | | | | $391.88 | | Enivel, Steam Press | Enivel | | |
| Young Scale Co., LLC | | | | $2,113.43 | | | 66-1 | 07/13/10 | | | $2,113 | | | Enivel, Steam Press | Enivel | 10-bk-12735-RK | Enivel |
| ZAP Printing, Inc. | | | | $511.81 | | | | | | | | $511.81 | | | Cleaners Club | | |
| Zep Mfg Co | | | | $562.08 | | | | | | | | $562.08 | | Enivel, Steam Press | Enivel | | |

Exhibit E

Exhibit "E" to Disclosure Statement

CLAIM CHART

| Claimant's Name | | | | LISTED ON SCHEDULES D, E OR F | | | FILED PROOF OF CLAIMS | | | | | Info Re Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Name | C | U | D | Scheduled Claim Amount | Consideration | Scheduled Priority/Sec Amount | Claim No. | Date Filed | Priority | Secured | Unsecured | Conven. Class | Comments / DISPUTE / UNDETERMINED | Multiple Debtors that Scheduled Claims | Correct Debtor | Case No. on Filed Claim | Debtor Listed on Claim |
| Alan L. Sochacki & Gisele Sochacki, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #12). To be Assumed pursuant to Third Lease Motion. Cure is $12,240.00 general unsecured claim. | | | | |
| Gerald Klapper | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #18). Extended date to Assume or Reject to June 30, 2011. Cure of $14,442.44 to be paid over 24 months. | | | | |
| G & J | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #27). To be Assumed pursuant to Third Lease Motion. Cure is $5,380.43 General Unsecured Claim. | | | | |
| Cranfill Development Company | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #30). To be Assumed pursuant to Third Lease Motion. Cure is $10,435.26 General Unsecured Claim. | | | | |
| Glendale Partners of Shadeland Crossing, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #31). To be Assumed pursuant to Third Lease Motion. Cure is $2,044.86 General Unsecured Claim. | | | | |
| Glendale Partners at Lantern Crossing, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #41). To be Assumed pursuant to Third Lease Motion. Cure is $5,112.48 General Unsecured Claim | | | | |
| Daum Investment Corp | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #42). To be Assumed pursuant to Third Lease Motion. Cure is $4,250.00 General Unsecured Claim. | | | | |
| Brownsburg Management Group | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #48). Extended date to Assume or Reject to June 30, 2011. Cure of $5,034.66 to be paid over 12 months. Lease to be assumed under Plan. | | | | |
| T-L Shadeland Station, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #21). Assumed. Cure of $5,340.82 paid over 24 months. | | | | |
| Valtesi I, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman # 23). Assumed. Cure is $3,582 General Unsecured Claim. | | | | |
| Franklin Shopping Plaza, LP | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #33). Assumed. Cure is $13,489 General Unsecured Claim. | | | | |
| 86th & Ditch Road Realty | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman # 36). Assumed. Cure is $9,749.91 paid over 24 months. | | | | |
| Harris FLP | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #38). Assumed. Cure of $9,734.66 was paid. | | | | |
| Nora Improvements, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman # 40). Assumed. Cure of $12,953.00 was paid. | | | | |
| First Industrial LP | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Tuchman #99). Assumed. Cure is $4,733 General Unsecured Claim. | | | | |
| Kemp River Corner Associates, LLP | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Portsmouth #35). Assumed. Cure is $1,605.00 General Unsecured Claim. | | | | |
| 732 W. Bullard Palm, LLC | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Fresno #2). Assumed. Cure $0.00. | | | | |
| E. Phillip Soderstrom | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Fresno #4). Assumed. Cure $0.00. | | | | |
| Kimco Realty | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Fresno #5). Assumed. Cure $0.00. | | | | |
| Donahue Schriber, LP | | | | Not Scheduled | Listed for Notice Purposes Only | | | | | | | | **R.E. LEASE** (USDC Fresno #25). Assumed. Cure $0.00 . | | | | |

144

Exhibit E

44/44

# Exhibit F

ENGAGEMENT LETTER BETWEEN DEBTORS AND INTL PROVIDENT GROUP



**INTL Provident Group**

November 9, 2010

Robert Y. Lee
Chief Executive Officer
U.S. Dry Cleaning Corp.,
4040 MacArthur Blvd,
Suite 305
Newport Beach, CA 92660

Dear Mr. Lee:

    **INTL Provident Group ("INTL Provident"),** a division of INTL Trading, Inc. (member FINRA and SIPC), a wholly owned subsidiary of International Assets Holding Corporation, is pleased to act as exclusive financial advisor and investment banker to U.S. Dry Cleaning Corp. and its related debtor entities (collectively, the "Company") with respect to (i) advising the Company regarding its strategy and financial alternatives, (ii) providing investment banking services to the Company, which will include engaging with the Company for a firm commitment underwritten equity offering of up to $25 million as well as representing the Company on a "best efforts" basis to obtain financing in the form of equity, debt, convertible securities or any other securities (a "Capital Raising Transaction") (iii) advising the Company in the review of a potential acquisition of various targeted companies (the "Targeted Companies") (in one or a series of transactions), by purchase, merger, consolidation and other business combination involving all, or a substantial amount of, the business, securities, or assets of the Targeted Companies (an "Acquisition Transaction") (iv) assisting the Company in identifying acquirers (the "Acquirer") and evaluating, prioritizing and negotiating proposals to sell the Company, in whole or parts by sale, merger, consolidation and other business combinations involving all or substantial amount of the business, securities, or assets of the Company (a "Sale Transaction"). It is understood that during the term of this engagement, the Company or INTL Provident may add additional companies to the list of Targeted Companies or Acquirers. THE COMPANY IS FREE, AT ITS SOLE DISCRETION, TO ACCEPT OR REJECT THE TERMS OF ANY PROPOSED CAPITAL RAISING, ACQUISITION OR SALE TRANSACTION, AND MAY MODIFY, POSTPONE OR ABANDON THE TRANSACTION(S) AT ITS SOLE DISCRETION FOR ANY REASON OR NO REASON AT ALL.

    1.    Services. In connection with this engagement, INTL Provident will perform the following services:

        a.    Advisory Services. INTL Provident will advise the Company with respect to a restructuring plan, a reorganization plan, its strategy and financial options regarding its emergence from bankruptcy, Acquisition Transaction(s) or Sale Transaction(s). We will

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

146                                                                                    Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 2

participate in presentations to the Company's Board of Directors relating to our advisory work, participate in court hearings as necessary, assess the proposed structures for a reorganization plan and offer the Company guidance in negotiating the terms of the transaction and will assist the Company in the closing of the transaction, including formulating and presenting responses and counteroffers, conducting due diligence, and documenting the transaction.

      b.     <u>Capital Raising Services</u>.  INTL Provident will assist the Company in a Capital Raising Transaction(s).  INTL Provident will introduce the Company to potential investors who may have an interest in financing the Company and will advise the Company with respect to the proposed structure and terms and conditions of the Capital Raising Transaction. INTL Provident will help the Company prepare for investor meetings, management presentations, responses to requests for data, negotiating and closing the Capital Raising Transaction.  This includes reviewing proposals from potential financing sources, analyzing the terms of such proposals and participating in presentations to the Company's Board of Directors regarding any proposals, as well as reviewing the transaction documentation and other customary closing activities.

      2.     <u>Information Provided to INTL Provident</u>.  In connection with our engagement, the Company has agreed to furnish to INTL Provident, on a timely basis, all relevant information needed by INTL Provident to perform our obligations under the terms of this agreement.  During our engagement, it may be necessary for us to interview the management of, the auditors for, and the consultants and advisors to, the Company and/or the Targeted Companies or Acquirers; to rely (without independent verification) upon data furnished to us by you and by them; and to review any financial and other reports relating to the business and financial condition of the Company and/or Targeted Companies or Acquirers as we may determine to be relevant under the circumstances.  In this connection, the Company will make available to us such information as we may request, including information with respect to the assets, liabilities, earnings, earning power, financial condition, historical performance, future prospects and financial projections and the assumptions used in the development of such projections of the Company.  We agree that all non-public information obtained by us in connection with our engagement will be held by us in strict confidence and will be used by us solely for the purpose of performing our obligations relating to our engagement. Notwithstanding anything to the contrary in this letter agreement, the failure of the Company to furnish any information to INTL Provident on a timely basis shall not be deemed (1) a breach or other default of this letter agreement by the Company; or (2) a claim against the Company's bankruptcy estates; provided, however, INTL Provident shall have the right to withdrawal and this letter agreement shall be terminated upon 10 day written notice to the Company for the Company's non-timely submission of information to INTL Provident.

      We do not assume any responsibility for, or with respect to, the accuracy, completeness or fairness of the information and data supplied to us by the Company and/or Targeted Companies or Acquirers or their representatives.  In addition, the Company acknowledges that we will assume, without independent verification, that all information supplied to us with respect to the Company and/or Targeted Companies or Acquirers will be true, correct and complete in all material respects and will not contain any untrue statements of material fact or omit to state a

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

               Exhibit F

material fact necessary to make the information supplied to us not misleading. If at any time during the course of our engagement the Company becomes aware of any material change in any of the information previously furnished to us, it will promptly advise us of the change. Notwithstanding the foregoing, in its dealings and communications with third parties on behalf of the Company, and subject to its right to rely on the veracity and completeness of all information provided to it by or on behalf of the Company, INTL Provident shall not make any untrue statements of material fact or fail to state a material fact necessary to make the statements and information contained therein, in light of the circumstances under which they are made, not false or misleading.

3. Scope of Engagement. The Company acknowledges that we will not make, or arrange for others to make, an appraisal of any physical assets of the Targeted Companies, or the Company. Nonetheless, if we determine that any such appraisal is necessary or desirable, we will so advise the Company and, if approved by the Company in writing, the costs incurred in connection with such appraisal(s) will be borne by the Company.

No additional persons or entities, including co-underwriters, co-placement agents, co-initial purchasers or co-arrangers shall participate in any transaction in any capacity without the prior written consent of INTL Provident and the Company.

INTL Provident is being engaged by the Company only in connection with the matters described in this letter agreement and for no other purpose. We have not made, and will assume no responsibility to make any representation in connection with our engagement as to any legal matter. INTL Provident shall not be required to render any advice or reports in writing or to perform any other services.

4. Term of Engagement. Our representation will continue for a period of twelve (12) months from the date first set forth above; however INTL Provident's engagement hereunder may be terminated at any time by either INTL Provident or the Company upon written notice thereof to the other party, with or without cause, without liability or continuing obligation on the part of the Company or INTL Provident, provided, however, that no termination or expiration of this letter agreement shall affect the matters set forth in Sections 2, 6, 9 and 14 and the indemnification provisions of this Agreement. Notwithstanding the foregoing, in the event of termination or expiration of this agreement, other than as a result of INTL Provident's willful misconduct or gross negligence, INTL Provident will be entitled to a Financing Completion Fee and/or Advisory Completion Fee (as defined under Section 5) if a transaction is Consummated (as defined below) by the Company during the twelve (12) month period following expiration or termination of this letter agreement with any Targeted Companies, Acquirers and/or investors contacted during the term of this letter agreement as set forth on the Definitive List ("Tail Period"). Notwithstanding anything herein to the contrary, the Tail Period set forth herein shall be deemed ineffective and excluded from this letter agreement unless and until INTL Provident has completed its due diligence and informed the Company in writing that it will proceed with the Capital Raising Transaction. On a monthly basis, INTL Provident and the Company will compile a list which upon termination or expiration of this letter agreement shall serve as the

U.S. Dry Cleaning Corp.
November 9, 2010
Page 4

final definitive list of investors, Targeted Companies and identified Acquirers which shall include any and all companies that were introduced to the Company directly or indirectly by INTL Provident or contacted directly by the Company or approached INTL Provident or the Company directly or indirectly during the term of this letter agreement ("Definitive List"). A transaction shall be deemed "Consummated" by the Company upon funding, in the event of a financing or the execution of the definitive agreements in connection with an Acquisition Transaction, and confirmation of a Plan of Reorganization, if applicable. Notwithstanding the foregoing, INTL Provident agrees and understands that the entities, Targeted Companies, Acquirers, investors, and/or otherwise listed on the attached Exhibit A are those which the Company has had prior discussions and shall not be part of the Definitive List and shall not trigger any fee including the Financing Completion Fee and/or Advisory Completion Fee described herein;provided, however, to the extent that an entity or otherwise listed on Exhibit A invests in the Company and displaces investor(s) listed on the Definitive List, then any amounts invested by such entity or otherwise listed on Exhibit A in excess of 25% of the financing shall be included in the calculation of the Financing Completion Fee described herein related to the Tail Period[1].

  5.  <u>Fees and Expenses</u>. As compensation for our professional services, INTL Provident will receive compensation payable under clause 5(a) through 5(c) below. The Company also agrees to reimburse any reasonable out-of-pocket expenses actually incurred by INTL Provident during the term of its engagement hereunder. The Company also agrees to reimburse INTL Provident for all reasonably necessary legal expenses actually incurred by INTL Provident for services provided by outside counsel, whether or not a Capital Raising, Acquisition, or Sale Transaction occurs.

---

[1] If, during the Tail Period, there is a sale of assets in an Acquisition or Sale Transaction including pursuant to 11 U.S.C. § 363 to any of the Company's creditors or insiders (as those terms are defined pursuant to 11 U.S.C. §§ 101(10) and (31)), then the Advisory Completion Fee shall be 2% of the Transaction Value in the event the sale displaces an entity on the Definitive List.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065   tel.:212.742.4900   www.intlassets.com

U.S. Dry Cleaning Corp.
November 9, 2010
Page 5

Compensation for our services will be as follows:

a.    Strategic Advisory.

The Company shall pay INTL Provident a non-refundable, cash advisory fee of $40,000 (forty thousand dollars) per quarter (the "Strategic Advisory Fee"), in advance, beginning on the date hereof and every 90 days thereafter for the duration of this letter agreement. The Company shall also pay INTL Provident $500,000 (five hundred thousand US dollars) upon securing of exit financing and the confirmation of a reorganization or restructuring plan by the Bankruptcy Court, which payment shall take place as part of the distribution requested to be made on the effective date of the Plan.

b.    Capital Raising.

(i)    *Financing Completion Fee.* During the term of this agreement and the Tail Period, at the time the Capital Raising Transaction closes and the Bankruptcy Court confirms the Company's Plan, INTL Provident will be paid a cash fee (the "Financing Completion Fee") equal to 7.0% of the total amount of cash received by the Company in an equity or equity-linked transaction and 3.0% of the total amount of debt received by the Company, upon the sale of its securities to investors and upon the exercise of any option or warrant, whether introduced to the Company by INTL Provident or from any other investors, during the term of this agreement. The Financing Completion Fee calculated from the amount of cash received by the Company in an equity transaction is subject to a minimum fee of $250,000 (two hundred and fifty US dollars).

(ii)    *Warrants.* As part of the Financing Completion Fee and in addition to the cash fee, INTL Provident will receive warrants to purchase common stock in an amount equal to 5.0% of the number of shares of common stock (or common stock equivalents) purchased by investors in a Capital Raising Transaction and that the investors obtain a right to acquire through purchase, conversion, or exercise of convertible securities issued by the Company in a Capital Raising Transaction that closes during the term of this agreement and the Tail Period. The warrants will include piggyback registration rights, a net exercise provision, as well as other customary conditions, and will have a term of five years from the closing date of the Capital Raising Transaction. The warrants will be immediately exercisable at the price per share at which the investor can acquire the common stock, adjusted for conversion, stock splits or other dilutive events. In the event there is no public market for the Company's common stock and investors do not receive warrants in a Capital Raising Transaction, the exercise price of the warrants due INTL Provident will be equal to the price per share that investors in the Capital Raising Transaction are able to purchase securities from the Company.

Notwithstanding the foregoing, INTL Provident's Capital Raising fees shall be capped at 15% of the gross amount of any financing facilities raised or arranged by INTL Provident, irrespective of the amounts actually drawn by the Company.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

150                                                        Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 6

      c.     <u>Merger & Acquisition Advisory Services</u>.

      (i)    *Advisory Completion Fee.* During the term of this agreement (and thereafter as provided in Section 4 above) at the time an Acquisition or Sale Transaction closes, the Company will pay INTL Provident a cash fee (the "Advisory Completion Fee") equal to the greater of (i) 2.5% (two and a half percent) times the Transaction Value (as defined in Appendix A) and (ii) $75,000 (seventy-five thousand US dollars), at the closing of the Acquisition or Sale Transaction.

      (ii)    If an Acquisition or Sale Transaction is Consummated whereby, directly or indirectly, less than a 50% interest in the Company or the targeted companies, as the case may be, or any of their securities, businesses or assets are transferred for consideration, or if a transaction is consummated consisting of a minority investment, the formation of a joint venture, partnership or other business entity or entry into a strategic alliance (such as an agreement, relationship or arrangement involving supply, distribution or sales representation of products or services, research and development, technology, product licensing or similar arrangement), the Company will pay INTL Provident a cash fee equal to the greater of (i) 3.0% times the Transaction Value (as defined in Appendix A) and (ii) $35,000 (thirty-five thousand US dollars), upon the occurrence of such event.

      (iii)    If an Acquisition or Sale Transaction is not Consummated and the Company is entitled to receive a termination or break-up or topping fee (the "Break-up Fee") or any other form of compensation, then the Company shall pay INTL Provident, upon receipt of the Break-up Fee an amount equal to 30% of the Break-up Fee in the same form of compensation as received by the Company.

      6.    <u>Indemnity and Contribution</u>. The parties agree to the terms of INTL Provident's indemnification agreement, which is attached hereto as Appendix B and incorporated herein by reference. The provisions of this paragraph 6 shall survive any termination of this agreement.

      7.    <u>Other Business</u>. Except in the event this letter agreement is terminated by the Company due to cause for termination or INTL Provident's breach or non-performance of this agreement, the Company grants INTL Provident a right of first refusal to provide investment banking services to the Company on an exclusive basis in all matters for which investment banking services are sought by the Company during the term of this letter agreement and for a period of twelve (12) months from the expiration or termination of this letter agreement in the case that a Capital Raising, Acquisition or Sale Transaction is consummated as contemplated by this letter agreement (such right, the "Right of First Refusal"). For these purposes, investment banking services shall include, without limitation, (i) acting as sole bookrunner and lead manager for any underwritten public offering of securities, including equity, equity-linked or senior, senior subordinated or junior debt securities with a minimum of 60% economics; (ii) acting as exclusive placement agent and/or financial advisor in connection with any private offering of securities, including equity, equity-linked or debt securities of the Company; (iii) acting as exclusive financial advisor in connection with any acquisition, merger, consolidation and other

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

151                                                                                    Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 7

business combination involving all or substantial amount of the business, securities, assets of another entity; and (iv) acting as exclusive financial advisor in connection with any sale or other transfer by the Company, directly or indirectly, of a majority or controlling portion of its capital stock or assets to another entity, any purchase or other transfer by another entity, directly or indirectly, of a majority or controlling portion of the capital stock or assets of the Company, and any merger or consolidation of the Company with another entity.  INTL Provident shall notify the Company of its intention to exercise the Right of First Refusal within 10 business days following notice in writing by the Company of its intention to retain a financial advisor/agent/underwriter.  Any decision by INTL Provident to act in any such capacity shall be contained in separate agreements, which agreements would contain, among other matters, provisions for customary fees for transactions of similar size and nature, as may be mutually agreed upon, and indemnification of INTL Provident and its affiliates and shall be subject to general market conditions.  If INTL Provident declines to exercise the Right of First Refusal, the Company shall have the right to retain any other person or persons to provide such services on terms and conditions which are not materially more favorable to such other person or persons than the terms declined by INTL Provident.  As compensation for any of the foregoing services, INTL Provident will be paid customary fees to be mutually agreed upon at the appropriate time.

8.     Other INTL Provident Activities. INTL Provident is a full service securities firm engaged in securities trading and brokerage activities as well as investment banking and financial advisory services.  In the ordinary course of our trading and brokerage activities, INTL Provident or its affiliates may hold positions, for its own account or the accounts of customers, in equity, debt or other securities of the Company or any other company that may be involved in an Acquisition or Sale Transaction.  The Company also acknowledges that INTL Provident and its affiliates are in the business of providing financial services and consulting advice to others.  Nothing herein contained shall be construed to limit or restrict INTL Provident in conducting such business with respect to others, or in rendering such advice to others, except as such advice may relate to matters relating to the Company's business and properties and that might compromise confidential information delivered by the Company to INTL Provident.

9.     Confidentiality of Advice. Except as otherwise provided in this paragraph, any written or other advice rendered by INTL Provident pursuant to its engagement hereunder is solely for the use and benefit of the Board of Directors of the Company and shall not be publicly disclosed in whole or in part, in any manner or summarized, excerpted from or otherwise publicly referred to or made available to third parties, other than representatives and agents of the Board of Directors, without INTL Provident's prior written approval, unless such disclosure is required by law.  In addition, INTL Provident may not be otherwise publicly referred to without its prior written consent.

10.     Compliance with Applicable Law. In connection with this engagement, the Company will comply with all applicable federal, state and foreign securities laws and rules promulgated thereunder, and other applicable laws, rules and regulations.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065     tel.:212.742.4900     www.intlassets.com

152                                        Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 8

11.    <u>Independent Contractor</u>. INTL Provident is and at all times during the term hereof will remain an independent contractor, and nothing contained in this letter agreement will create the relationship of employer and employee or principal and agent as between the Company and INTL Provident or any of its employees.  Without limiting the generality of the foregoing, all final decisions with respect to matters about which INTL Provident has provided services hereunder shall be solely those of the Company, and INTL Provident shall have no liability relating thereto or arising therefrom.  INTL Provident shall have no authority to bind or act for the Company in any respect.  It is understood that INTL Provident responsibility to the Company is solely contractual in nature and that INTL Provident does not owe the Company, or any other party, any fiduciary duty as a result of its engagement.

12.    <u>Successors and Assigns</u>.  This letter agreement and all obligations and benefits of the parties hereto shall bind and shall inure to their benefit and that of their respective successors and assigns.  The indemnity and contribution provisions incorporated into this letter agreement are for the express benefit of the officers, directors, employees, consultants, agents and controlling persons of INTL Provident and their respective successors, assigns and parent companies.

13.    <u>Announcements</u>. Upon completion of a Capital Raising, Acquisition or Sale Transaction, the Company grants to INTL Provident the right to place customary announcement(s) of this engagement in certain newspapers and to mail announcement(s) to persons and firms selected by INTL Provident, the whole subject to the Company's prior approval and all costs of such announcement(s) will be borne by INTL Provident.

14.    <u>Governing Law, Bankruptcy Court Jurisdiction and Arbitration</u>. This agreement shall be governed by and construed under the laws of the State of New York applicable to contracts made and to be performed entirely within the State of New York.  Any dispute, claim or controversy arising out of or relating to this agreement or the breach, termination, enforcement, interpretation or validity thereof, shall be determined by the Bankruptcy Court if the Company's Chapter 11 case is still pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and thereafter shall be determined by binding arbitration in the City and County of New York, before one arbitrator.  The arbitration shall be administered by JAMS.  Judgment on the award may be entered in any court having jurisdiction. This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.  Each party will bear its own costs for arbitration.  The prevailing party in arbitration shall be entitled to reasonable attorneys' fees. The provisions of this paragraph 14 shall survive any termination of this agreement.

EACH OF INTL PROVIDENT AND THE COMPANY (ON ITS OWN BEHALF AND, TO THE EXTENT PERMITTED BY LAW, ON BEHALF OF ITS RESPECTIVE EQUITY HOLDERS AND CREDITORS) HEREBY WAIVES ANY RIGHT IT MAY HAVE TO TRIAL BY JURY IN RESPECT OF ANY CLAIM BASED UPON, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

153                                                                    Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 9

15.    <u>General Provisions</u>.  No purported waiver or modification of any of the terms of this letter agreement will be valid unless made in writing and signed by the parties hereto. Section headings used in this letter agreement are for convenience only, are not a part of this letter agreement and will not be used in construing any of the terms hereof.  This letter agreement constitutes and embodies the entire understanding and agreement of the parties hereto relating to the subject matter hereof, and there are no other agreements or understandings, written or oral, in effect between the parties relating to the subject matter hereof.  No representation, promise, inducement or statement of intention has been made by either of the parties hereto which is to be embodied in this letter agreement, and none of the parties hereto shall be bound by or liable for any alleged representation, promise, inducement or statement of intention, not so set forth herein.  No provision of this letter agreement shall be construed in favor of or against either of the parties hereto by reason of the extent to which either of the parties or its counsel participated in the drafting hereof.  If any provision of this letter agreement is held by a court of competent jurisdiction to be invalid, illegal or unenforceable, the remaining provisions hereof shall in no way be affected and shall remain in full force and effect.  This letter agreement may be executed in any number of counterparts and by facsimile signature.

16.    Notwithstanding anything herein to the contrary, the Tail Period described in Paragraph 4 of this agreement shall be null and void and unenforceable and INTL Provident shall have no right to receive compensation relating to the Tail Period in the event that Sagiv Shiv is no longer employed by INTL Provident.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

154                                                    **Exhibit F**

U.S. Dry Cleaning Corp.
November 9, 2010
Page 10

If the foregoing correctly sets forth your understanding of our agreement, please sign the enclosed copy of this letter and return it to INTL Provident.

Very truly yours,

**INTL PROVIDENT GROUP**

By: _____

The undersigned hereby accepts, agrees to and becomes party to the foregoing letter agreement, effective as of the date first written above, subject to Bankruptcy Court approval.

**US DRY CLEANING CORPORATION**

By: _____

Chief Executive Officer

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

Exhibit F

U.S. Dry Cleaning Corp.
November 9, 2010
Page 11

## EXHIBIT A

All creditors as that term is defined pursuant to 11 U.S.C. § 101(10) of Enivel, Inc., Cleaners Club Acquisition Sub, Inc., Steam Press Holdings, Inc., U.S. Dry Cleaning Services Corporation *dba* U.S. Dry Cleaning Corporation, USDC Fresno, Inc., USDC Fresno 2, Inc., USDC Portsmouth, Inc. and USDC Tuchman Indiana, Inc. (collectively, the "Debtors").

All officers and directors of the Debtors.

INTL Provident Group is a Division of INTL Trading, Inc.
Securities offered or facilitated through INTL Trading, Inc. Member FINRA/SIPC.
654 Madison Avenue, Suite 1009 New York, NY 10065    tel.:212.742.4900    www.intlassets.com

156                                                                Exhibit F

## APPENDIX A —DEFINITION OF TRANSACTION VALUE

In the context of this Agreement, "Transaction Value" means the aggregate value of all cash, cash equivalents, securities, and any other forms of payment paid to  and actually received, directly or indirectly, by the Company or the Targeted Companies, as the case may be, and its share, option, warrant and debt holders including, without limitation payments for stock or assets sold, funds loaned to the Company or the Targeted Companies, prepaid royalties, advances against sales, licensing agreements, reimbursed NRE (non-recurring engineering) and any and all other payments that may be construed as advanced payments for products or services to be delivered in the future.  In addition, the Transaction Value shall include (A) the aggregate amount of any dividends or other distributions to the shareholders of the Company or the Targeted Companies following the date of this Agreement, other than normal recurring cash dividends in amounts not materially greater than currently paid; and (B) the fair market value at the time of payment of the fees of (i) any of the Company's or the Targeted Companies' consolidated debt (both long-term and short-term, including capitalized leases and excluding trade liabilities or obligations, which is repaid, retired, extinguished (other than by the Company or its affiliates and/or control persons) assumed or refinanced at the closing or in anticipation of an Acquisition or Sale Transaction, as the case may be; (ii) all options, warrants, stock purchase rights or stock appreciation rights, whether or not vested, purchased or assumed by an acquirer in connection with a transaction.

If part or all of the Transaction Value in an Acquisition or Sale Transaction is represented by securities, the value thereof for the purpose of computing the fees shall be determined as follows:

(i)    For securities which are publicly traded prior to the consummation of such transaction, the average last sale price for such securities for the ten trading days prior to the consummation of such transaction;

(ii)    For newly-issued, publicly-traded securities, the average last sale price for such securities for ten trading days subsequent to the consummation of such transaction, with such portion of the fees being payable the eleventh trading day subsequent to the consummation of such transaction; and

(iii)    For securities for which no market exists, the mutual agreement of the Company and INTL Provident as determined prior to the closing of such transaction.

If part or all of the Transaction Value is fixed amounts of cash or other consideration payable in the future, including any non-competition, but excluding employment contracts, consulting agreements, employee benefit plans or similar arrangements, then the calculation of the fees will be based on the present value of those payments discounted using Bank of America's reference rate as the discount rate.

## APPENDIX B — INDEMNIFICATION AGREEMENT

The Company agrees to indemnify and hold harmless INTL Provident and its officers, directors, employees, consultants, attorneys, agents, affiliates, parent company and controlling persons (within the meaning of Section 15 of the Securities Act of 1933, as amended, or Section 20 of the Securities Exchange Act of 1934, as amended) (INTL Provident and each such other persons are collectively and individually referred to below as an "Indemnified Party") from and against any and all loss, claim, damage, liability and expense whatsoever, as incurred, including, without limitation, reasonable costs of any investigation, legal and other fees and expenses incurred in connection with, and any amounts paid in settlement of, any action, suit or proceeding or any claim asserted, to which the Indemnified Party may become subject under any applicable federal or state law (whether in tort, contract or on any other basis) or otherwise, (i) arising out of or based upon any untrue statement or alleged untrue statement of a material fact contained in the private placement memorandum, registration statement (including documents, incorporated by reference) (the "Registration Statement") or in any other written or oral communication provided by or on behalf of the Company to any actual or prospective purchaser of the securities or arising out of or based upon the omission or alleged omission to state therein a material fact required to be stated therein or necessary in order to make the statements therein, in light of the circumstances under which they were made, not misleading or (ii) related to the performance by the Indemnified Party of the services contemplated by this letter agreement (including, without limitation, the offer and sale of the securities) and will reimburse the Indemnified Party for all expenses (including legal fees and expenses) in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom, whether or not the Indemnified Party is a party.  The Company will not be liable under clause (ii) of the foregoing indemnification provision to the extent that any loss, claim, damage, liability or expense is found in a final judgment by a court or arbitrator, not subject to appeal or further appeal, to have resulted directly from the Indemnified Party's willful misconduct or gross negligence.  The Company also agrees that the Indemnified Party shall have no liability (whether direct or indirect, in contract, tort or otherwise) to the Company related to, or arising out of, the engagement of the Indemnified Party pursuant to, or the performance by the Indemnified Party of the services contemplated by, this letter agreement except to the extent that any loss, claim, damage, liability or expense is found in a final judgment by a court or arbitrator, not subject to appeal or further appeal, to have resulted directly from the Indemnified Party's willful misconduct or gross negligence.

If the indemnity provided above shall be unenforceable or unavailable for any reason whatsoever, the Company, its successors and assigns, and the Indemnified Party shall contribute to all such losses, claims, damages, liabilities and expenses (including, without limitation, all costs of any investigation, legal or other fees and expenses incurred in connection with, and any amounts paid in settlement of, any action, suit or proceeding or any claim asserted) (i) in such proportion as is appropriate to reflect the relative benefits received by the Company and INTL Provident under the terms of this letter agreement or (ii) if the allocation provided for by clause (i) of this sentence is not permitted by applicable law, in such proportion as is appropriate to reflect not only the relative benefits referred to in clause (i), but also the relative fault of the Company and INTL

Provident in connection with the matter(s) as to which contribution is to be made. The relative benefits received by the Company and INTL Provident shall be deemed to be in the same proportion as the fee the Company actually pays to INTL Provident bears to the total value of the consideration paid or to be paid by the Company and/or the Company's shareholders in the Capital Raising, Acquisition or Sale Transaction. The relative fault of the Company and INTL Provident shall be determined by reference to, among other things, whether any untrue or alleged untrue statement of material fact or omission or alleged omission to state a material fact relates to information supplied by the Company or by INTL Provident and the Company's and INTL Provident's relative intent, knowledge, access to information and opportunity to correct. The Company and INTL Provident agree that it would not be just or equitable if contribution pursuant to this paragraph were determined by pro rata allocation or by any other method of allocation which does not take into account these equitable considerations. Notwithstanding the foregoing, to the extent permitted by law, in no event shall the Indemnified Party's share of such losses, claims, damages, liabilities and expenses exceed, in the aggregate, the fee actually paid to the Indemnified Party by the Company. The Company further agrees that, without INTL Provident's prior written consent, which consent will not be unreasonably withheld, it will not enter into any settlement of a lawsuit, claim or other proceeding arising out of the transactions contemplated by this agreement unless such settlement includes an explicit and unconditional release from the party bringing such lawsuit, claim or other proceeding of all such lawsuits, claims, or other proceedings against the Indemnified Parties.

The Indemnified Party will give prompt written notice to the Company of any claim for which it seeks indemnification hereunder, but the omission to so notify the Company will not relieve the Company from any liability which it may otherwise have hereunder except to the extent that the Company is damaged or prejudiced by such omission or from any liability it may have other than under this Appendix B. The Company shall have the right to assume the defense of any claim, lawsuit or action (collectively an "action") for which the Indemnified Party seeks indemnification hereunder, subject to the provisions stated herein with counsel reasonably satisfactory to the Indemnified Party. After notice from the Company to the Indemnified Party of its election to assume the defense thereof, and so long as the Company performs its obligations pursuant to such election, the Company will not be liable to the Indemnified Party for any legal or other expenses subsequently incurred by the Indemnified Party in connection with the defense thereof other than reasonable costs of investigation. The Indemnified Party shall have the right to employ separate counsel in any such action and to participate in the defense thereof at its own expense; provided, however, that the reasonable fees and expenses of such counsel shall be at the expense of the Company if (i) the employment thereof has been specifically authorized by the Company in writing, (ii) the Company has failed after a reasonable period of time to assume such defense and to employ counsel or (iii) the named parties to any such action (including any impleaded parties) include both the Indemnified Party and the Company and the Indemnified Party shall have reasonably concluded, based on advice of counsel, that there may be legal defenses available to the Indemnified Party which are different from, or in conflict with, any legal defenses which may be available to the Company (in which event the Company shall not have the right to assume the defense of such action on behalf of the Indemnified Party, it being understood, however, that the Company shall not be liable for the reasonable fees and expenses of more than one separate firm of attorneys for all Indemnified Parties in each jurisdiction in which counsel is needed). Despite the foregoing, the Indemnified

Exhibit F

Party shall not settle any claim without the prior written approval of the Company, which approval shall not be unreasonably withheld, so long as the Company is not in material breach of this Appendix B. Also, each Indemnified Party shall make reasonable efforts to mitigate its losses and liabilities. In addition to the Company's other obligations hereunder and without limitation, the Company agrees to pay monthly, upon receipt of itemized statements therefore, all reasonable fees and expenses of counsel incurred by an Indemnified Party in defending any claim of the type set forth in the preceding paragraphs or in producing documents, assisting in answering any interrogatories, giving any deposition testimony or otherwise becoming involved in any action or response to any claim relating to the engagement referred to herein, or any of the matters enumerated in the preceding paragraphs, whether or not any claim is made against an Indemnified Party or an Indemnified Party is named as a party to any such action.

**Exhibit F**

# Exhibit G

**LIST OF EQUITY SECURITY HOLDERS FILED IN USDC'S BANKRUPTCY CASE**

| Name | Marc J. Winthrop    State Bar No. 63218 |
|---|---|
| | mwinthrop@winthropcouchot.com |
| | Winthrop Couchot Professional Corporation |
| Address | 660 Newport Center Drive, Fourth Floor |
| | Newport Beach, CA 92660 |
| Telephone | (949) 720-4100 |

(CLERK'S STAMP)

Attorneys For Debtor(S)

# UNITED STATES BANKRUPTCY COURT

## CENTRAL    DISTRICT OF    CALIFORNIA

In re

**U.S. DRY CLEANING SERVICES CORPORATION,**

Debtor(s)

Case No.  **8:10-BK-12748 RK**

### LIST OF EQUITY SECURITY HOLDERS

(Set forth here all names, including trade names used by debtors(s) within last 6 years.)

Social Security No. _____

Social Security No. _____

Debtor's Employer's Tax Identification No. _____

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| @Work Services Attn:  Corporate Officer 15466 Los Gatos Blvd., #109 Los Gatos, CA 95032 | Common | 75 | |
| Agere Systems Attn:  Corporate Officer 1110 American Pkwy NE Allentown, PA 18109 | Common | 497 | |
| Alamitos Associates in Ob/Gyn Inc. Profit Sharing Plan fbo Timothy Rand 5152 Katella Ave., #106 Los Alamitos, CA 90720 | Common | 13000 | |
| Alan Baral, Ttee Baral Family Trust 2459 Park Oak Dr. Los Angeles, CA 90068 | Common | 78413 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Ameet Shah<br>1580 Eastcliff Road<br>Burnsville, MN 55337 | Common | 35499 | |
| Ameet Shah<br>17145 Jasper Trail<br>Lakeville, MN 55044 | Common | 16666 | |
| Ameet Shah<br>1600 East Cliff Rd.<br>Burnsville, MN 55337 | Common | 4000 | |
| American Express Travel<br>Related Services Co., Inc.<br>Attn: Corporate Officer<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | Common | 646 | |
| American Inform Technology Corp<br>Attn: Corporate Officer<br>222 Third Street SE, #233<br>Cedar Rapids, IA 52401 | Common | 1734 | |
| Andrew B. Jones<br>1479 W. Robinwood<br>Fresno, CA 93711 | Common | 306700 | |
| Andrew Mortimer-Lamb<br>128 Clearwater Way<br>Rancho Mirage, CA 92270 | Common | 4000 | |
| Andrew P. & Laurie Plotkin, Ttees<br>Plotkin Family Trust<br>4302 Saint Clair Ave.<br>Studio City, CA 91604-1611 | Common | 64206 | |
| Anthony Bryan<br>2525 N. Ocean Blvd.<br>Gulfstream, FL 33483 | Common | 10000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Anthony D. & Frankie L. Freitas<br>94482 Honowai St.<br>Waipahu, HI 96797 | Common | 200 | |
| Anthony J.A. Bryan, Sr.<br>2525 N. Ocean Blvd.<br>Gulfstream, FL 33483 | Common | 200000 | |
| Antonio T. Fabia<br>91-1081 Kuali St.<br>Ewa Beach, HI 96706 | Common | 1000 | |
| Ari & Ann Rosenblatt, Jt. Ten.<br>9400 Brighton Way, #311<br>Beverly Hill, CA 90210-4710 | Common | 25000 | |
| Arrowhead Mountain Spring Water<br>Attn: Corporate Officer<br>2767 E. Imperial Hwy<br>Brea, CA 92821 | Common | 48 | |
| Arthur J. Morris<br>9210 Stamps Ave.<br>Downey, CA 90240 | Common | 16000 | |
| Aspen Publishers<br>Attn: Corporate Officer<br>5301 Byckeystown Pike, #400<br>Frederick, MD 21704 | Common | 18 | |
| Atlas Watersystems, Inc.<br>Attn: Corporate Officer<br>75 Los Angeles Street<br>Newton, MA 2458 | Common | 17 | |
| Baral Enterprises, LP<br>Attn: Managing Partner<br>2459 Park Oak Dr.<br>Los Angeles, CA 90068-2539 | Common | 156826 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Benita M. Ramones 1725 Ema Place Honolulu, HI 96819 | Common | 1000 | |
| Best Best & Krieger LLP Profit Sharing Plan Attn: Managing Partner 74051 Kokopelli Circle Palm Desert, CA 92260 | Common | 10000 | |
| Bill Feis 48 White Water Dr. Corona del Mar, CA 92625 | Common | 10000 | |
| Bill Nicley 233 North Garsden Ave. Covina, CA 91724 | Common | 10000 | |
| Bing Chuck 1450 Aala St., #1703 Honolulu, HI 96817 | Common | 1500 | |
| **Bird & Bird Attn: Corporate Officer 90 Fetter Lane London EC4A 1JP UK** | Common | 297 | |
| Bob Bihr 8033 California Ave. Whittier, CA 90602 | Common | 37500 | |
| Boris & Mela Golubchik, Jt. Ten. 842 19th St. Santa Monica, CA 90403-1906 | Common | 108826 | |
| Bowne of Los Angeles, Inc. 18050 Central Ave. Carson, CA 90746-4006 | Common | 583 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Brad & Sharon Drace<br>4847 Lindstrom Ave.<br>Irvine, CA 92604 | Common | 1500 | |
| Brad Davies<br>48622 Pear Street<br>Indio, CA 92201 | Common | 8333 | |
| Brian & Carolyn Banks<br>247 W. El Pintado<br>Danville, CA 94526 | Common | 1000 | |
| Brian A. Williams<br>401K Profit Sharing Plan<br>365 Camino Norte<br>Palm Springs, CA 92262 | Common | 25000 | |
| Brinckmann & Associates<br>Attn: Corporate Officer<br>3170 Reps Miller Rd., #110<br>Norcross, GA 30071 | Common | 64 | |
| Broad PR, Inc.<br>Attn: Corporate Officer<br>1770 Massachusettes Ave., #267<br>Cambridge, MA 02140-2808 | Common | 2340 | |
| Business Wire<br>Attn: Corporate Officer<br>44 Montgomery St., 39th Fl.<br>San Francisco, CA 94104 | Common | 287 | |
| Byron A. Riddle<br>207a Maluniu Ave.<br>Kailua, HI 96734 | Common | 1600 | |
| Byron R. Graper<br>3760 A Old Pali Rd.<br>Honolulu, HI 96817 | Common | 1000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| CA Retail Inv Inc.<br>Profit Sharing Plan & Trust<br>Attn:  Corporate Officer<br>260 Newport Center Drive<br>Newport Beach, CA 92660 | Common | 50000 | |
| Carlos Barbosa<br>7250 Franklin Ave.<br>Los Angeles, CA 90046-3049 | Common | 111413 | |
| Caroline Newby<br>463 Iana St.<br>Kailua, HI 96734 | Common | 100 | |
| Carson Mellon Bank<br>Thomson Financial<br>Attn:  Corporate Officer<br>P.O. Box 3603515<br>Pittsburgh, PA 15251 | Common | 50 | |
| Catherine A. Dela Cruz<br>91-1036 Kuhina St.<br>Ewa Beach, HI 96706 | Common | 1000 | |
| CDW Computer Centers, Inc.<br>Attn:  Corporate Officer<br>P.O. Box 5126<br>Timonium, MD 21094 | Common | 790 | |
| Cedric Chun<br>2721 Kolonahe Place<br>Honolulu, HI 96813 | Common | 57900 | |
| Chantelle G. Pintor<br>1325 North School St., #312B<br>Honolulu, HI 96817 | Common | 500 | |
| Charisse Eugenio<br>1804 Kaumualii St.<br>Honolulu, HI 96817 | Common | 500 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Charlene A. Ganiban<br>94-738 Kalae St.<br>Waipahu, HI 96797 | Common | 500 | |
| Chestnut Realty<br>Attn: Corporate Officer<br>6609 N. La Mai Ave.<br>Lincolnwood, IL 60712-3101 | Common | 10000 | |
| Cingular Interactive<br>Attn: Corporate Officer<br>5565 Glenridge Connector, #510<br>Atlanta, GA 30324 | Common | 22 | |
| Clinton R. & Suzanne S. Churchill<br>634 Kaimalino St.<br>Kailua, HI 96734 | Common | 4000 | |
| Comcast<br>Attn: Corporate Officer<br>P.O. Box 196<br>Newark, NJ 07101 | Common | 23 | |
| Connielyn Pablo<br>1928 Eluwene St.<br>Honolulu, HI 96817 | Common | 1000 | |
| Corporation Service Company<br>Attn: Corporate Officer<br>2711 Centerville Rd., #400<br>Wilmington, DE 19808 | Common | 20 | |
| Covad Communications<br>Attn: Corporate Officer<br>110 Rio Robles Dr.<br>San Jose, CA 95134-1813 | Common | 49 | |
| Craig M. Rankin<br>10250 Constellation Blvd.<br>Los Angeles, CA 90067-6200 | Common | 128826 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Craig Rankin<br>10250 Constellation Blvd., #1700<br>Los Angeles, CA 90067-6200 | Common | 136127 | |
| Cristy M. Madariaga<br>94-1036 Kahuailani St.<br>Waipahu, HI 96797 | Common | 500 | |
| Dan Moses<br>1251 Dodge City Pl.<br>Norco , CA 92860-3831 | Common | 7000 | |
| Danie Wright<br>922 West Regal Rd.<br>Palm Springs, CA 92262 | Common | 10000 | |
| Daniel & Lisa Higgins<br>8609 Vivd Violet Ave.<br>Las Vegas, NV 89143 | Common | 1000 | |
| Darryl & Diana Bennett<br>23941 Stillwater Lane<br>Laguna Niguel, CA 92677 | Common | 2000 | |
| David Baron<br>4 Canyon Creek<br>Rancho Mirage, CA 92270 | Common | 256250 | |
| David Bundy<br>142 Powder Hill Rd.<br>Bedford, NH 03110 | Common | 1497 | |
| David Golubchik<br>10250 Constellation, #1700<br>Los Angeles, CA 90067-6200 | Common | 138826 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| David Golubchik<br>1663 Amherst Ave.<br>Los Angeles, CA 90025 | Common | 16666 | |
| David Lee Applebaum, Ttee<br>fbo Applebaum Revoc Trust uad 10/31/94<br>2340 Green Mountain Court<br>Las Vegas, NV 89135-1535 | Common | 521687 | |
| David Lind<br>12540 Cavalier Dr.<br>Woodbridge, VA 22192 | Common | 1810 | |
| David Moore<br>47-525 Via Montana<br>La Quinta, CA 92253 | Common | 609271 | |
| David T. Moore IRA<br>47525 Via Montana<br>La Quinta, CA 92253 | Common | 16666 | |
| David W. Levene<br>10250 Constellation Blvd., #1700<br>Los Angeles, CA 90067-6200 | Common | 31364 | |
| Dawn K. Kaohe<br>52-260 Kamehameha Highway<br>Kaaawa, HI 96730 | Common | 1000 | |
| Deborah Lynn Davis<br>23 Poipu Dr.<br>Honolulu, HI 96825-2134 | Common | 10000 | |
| Deidra M. Gietz<br>943 A Kainui Dr.<br>Kailua, HI 96734 | Common | 100 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Diversified Branding & Marketing<br>Attn:  Corporate Officer<br>11379 Notte Calma St.<br>Las Vegas, NV 89141 | Common | 385000 | |
| Donna & La Verne Lamprecht<br>78022 Red Hawk Lane<br>La Quinta, CA 92253 | Common | 2500 | |
| Donna Chauthani<br>11358 Lakeport Dr.<br>Riverside, CA 92505 | Common | 33332 | |
| Dorthy A. Robinson, Ttee<br>fbo Harold Robinson Family<br>Trust uad 5/9/07<br>28441 SW Meadow Loop<br>Wilsonville, OR 97070 | Common | 5357 | |
| DSP Group, Inc.<br>Attn:  Corporate Officer<br>3120 Scott Blvd.<br>Santa Clara, CA 95054 | Common | 365 | |
| Duncan Campbell<br>1430 Topar Ave.<br>Los Altos, CA 94024 | Common | 3463 | |
| Dwyer Schraff Meyer Grant & Green<br>Attn:  Corporate Officer<br>1800 Pioneer Plaza<br>Honolulu, HI 96813 | Common | 46800 | |
| E*Trade<br>Attn:  Corporate Officer<br>10951 White Rock Rd.<br>Rancho Cordova, CA 95670 | Common | 555 | |
| Earl Greenberg, Ttee<br>Trans Mktg Ptnrs, Inc.<br>Ret. Trust dtd 1/1/2001<br>125 E. Tahquitz Canyon, #203<br>Palm Springs, CA 92262 | Common | 156826 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Earl Greenburg<br>125 E. Tahquitz Canyon, #203<br>Palm Springs, CA 92262 | Common | 230000 | |
| Elizabeth O'Neill<br>200 Bentree Lane<br>Florence, SC 29501 | Common | 38 | |
| Ellen Jane Brill<br>4108 Parva Ave.<br>Los Angeles, CA 90027 | Common | 88913 | |
| Employment Screening Resources<br>Attn: Corporate Officer<br>7110 Redwood Blvd., #C<br>Novato, CA 94945 | Common | 11 | |
| Energy North Natural Gas, Inc. dba<br>Keyspan Energy Delivery New England<br>Attn: Corporate Officer<br>175 E. Old Country Rd.<br>Hicksville, NY 11801 | Common | 287 | |
| Estrelita E. Manibog<br>3467 Likini St.<br>Honolulu, HI 96818 | Common | 2000 | |
| F. Kim & Susan R. Cox<br>125 E. Tahquitz Canyon<br>Palm Springs, CA 92262 | Common | 6000 | |
| Fast Balance - Cede & Co<br>Attn: Corporate Officer<br>P.O. Box 222<br>Bowling Green Station<br>New York, NY 10274 | Common | 12227839 | |
| Federal Express Corp<br>Attn: Corporate Officer<br>2005 Corporate Ave., 2nd Fl.<br>Memphis, TN 38132 | Common | 395 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Feme A. Alvarado<br>921234 Hunekai St.<br>Kaploai, HI 96707 | Common | 400 | |
| First Clearing, LLC<br>Attn: Managing Member<br>10700 Wheat First Dr.<br>Glen Allen, VA 23060 | Common | 200000 | |
| Flora D. Lagmay<br>921234 Hunekeri St.<br>Kapolei, HI 96707 | Common | 200 | |
| Florentina E. Asuncion<br>1914 Ahuula St.<br>Honolulu, HI 96819 | Common | 1000 | |
| Foxtrot Financial, Inc.<br>Attn: Corporate Officer<br>2660 West Olive Ave.<br>Burbank, CA 91505 | Common | 50000 | |
| Francis E. Burke<br>138 E. Chestnut Ave.<br>Monrovia, CA 91016 | Common | 25833 | |
| Francisco C. Legaspi<br>94-245 Leowahne St., Apt. A114<br>Waipahy, HI 96797 | Common | 1000 | |
| Francisco Carrasquillo<br>92-1291 Panana St., No. 21<br>Kapolei, HI 96707 | Common | 1000 | |
| Frank Lubrano, Jr.<br>2903 Castlerock Court<br>Pearland, TX 77584 | Common | 10000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Fred L. McGilvrey<br>83474 Firecliff Ct.<br>Indio, CA 92203 | Common | 1200 | |
| Frederic P. Jones, Jr.<br>1024 Pacific Grove Lane, #2<br>Pac Grove, CA 93950 | Common | 165000 | |
| Frontier Pictures, Inc.<br>Attn: Corporate Officer<br>5855 Topanga Cyn, #410<br>Woodland Hills, CA 91367 | Common | 80000 | |
| Garrett S. & Mary E. Allison<br>20892 Glencairn Lane<br>Huntington Beach, CA 92646 | Common | 3000 | |
| Gary Dietz<br>17 Parker Rd.<br>Brookline, NH 03033 | Common | 447 | |
| Gary L. Whitaker<br>40713 Desert Creek Lane<br>Rancho Mirage, CA 92270 | Common | 8000 | |
| Gary W. McGuire<br>5 Westgate Rd.<br>Mt. Vernon, NH 03057 | Common | 2695 | |
| Gay T. & Wendell T. Inouye<br>7248 Alakoko St.<br>Honolulu, HI 96825 | Common | 400 | |
| George Ross<br>1601 N. Sepuiveda, #152<br>Manhattan Beach, CA 90266 | Common | 113119 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Gerald Collins<br>19427 Amhurt Ct.<br>Cerritos, CA 90703 | Common | 10000 | |
| Gerald H. & Dorene M. Takeuchi<br>3515 Woodlawn Dr.<br>Honolulu, HI 96822 | Common | 4000 | |
| Glenn M.L. Pang MD, Inc.<br>Defined Benefit Plan<br>Attn: Corporate Officer<br>1428 Alewa Dr.<br>Honolulu, HI 96817 | Common | 57900 | |
| Global Media Group, LLC<br>Attn: Managing Member<br>8281 E. Gelding Dr.<br>Scottsdale, AZ 85260 | Common | 216 | |
| Gloria Lata<br>91-1354 Kamahoi St.<br>Ewa Beach, HI 96706 | Common | 1500 | |
| Gloria Lifschutz<br>4151 Via Mattina<br>Palm Desert, CA 92260-1834 | Common | 12500 | |
| Good Technology Inc.<br>Attn: Corporate Officer<br>4250 Burton Dr.<br>Santa Clara, CA 95054 | Common | 31 | |
| Greg Woodruff<br>345 Wagar Rd.<br>Rocky River, OH 44116-1559 | Common | 40 | |
| Hannah Kilakalua<br>89-336 Pua Ave.<br>Waianae, HI 96792 | Common | 2000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Hasler, Inc.<br>Attn: Corporate Officer<br>Forest Parkway<br>Shelton, CT 06484 | Common | 14 | |
| Henry G. Young<br>13841 Tamworth Ave.<br>Saratoga, CA 95070 | Common | 22567 | |
| Ian & Angelina Anderson<br>3926 Rancho Reina Ct<br>Riverside, CA 92505 | Common | 1000 | |
| Ikon Financial Services<br>Attn: Corporate Officer<br>Bankr. Admin<br>P.O. Box 13708<br>Macon, GA 31208 | Common | 2050 | |
| Imelda D. Amodo<br>94-486 Niulii St.<br>Waipahu, HI 96797 | Common | 1000 | |
| Industrial Solutions<br>Attn: Corporate Officer<br>P.O. Box 3808<br>Nashua, NH 03061-3808 | Common | 92 | |
| Input<br>Attn: Corporate Officer<br>11951 Freedom Dr., #1000<br>Reston, VA 20190-5658 | Common | 1215 | |
| Insight<br>Attn: Corporate Officer<br>6820 South Harl Ave.<br>Tempe, AZ 85283 | Common | 68 | |
| Integrated Voice Resources IV<br>Attn: Corporate Officer<br>9725 Beaverton Hillside Hwy, #230<br>Beaverton, OR 97005-4755 | Common | 105 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Iron Mountain Records Mgmt. Attn: Corporate Officer P.O. Box 5126 Timonium, MD 21094 | Common | 92 | |
| J. Lawrence Hall 10 Cotton Rd. Nashua, NH 03061 | Common | 148 | |
| James & Karlene Taylor 10450 Trabuco St. Bellflower, CA 90706 | Common | 10000 | |
| James N. Turner Family Trust 695 Milokai St. Kailua, HI 96734 | Common | 400 | |
| Jane & David Walleyn 4030 Greatwood Ptch Aplharetta, GA 30005 | Common | 20000 | |
| Jane Hagen 4718 E. Rancho Dr. Phoenix, AZ 85018 | Common | 6000 | |
| Janis Marketing Attn: Corporate Officer 3355 Keswick Road Batimore, MD 21211 | Common | 550000 | |
| Java Tree Gourmet Coffees, Inc. Attn: Corporate Officer 250 Commercial Street Manchester, NH 03101 | Common | 24 | |
| Jayson A. Macadangdang 94-738 Kalae St. Waipahu, HI 96797 | Common | 1000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Jeanne Thomason<br>907 20th St., No. B<br>Santa Monica, CA 90403 | Common | 4000 | |
| Jeff Cranford<br>53-055 Avenida Juarez<br>La Quinta, CA 92253 | Common | 50000 | |
| Jeffrey L. Philpott<br>250 Ohua Ave., 12th Fl.<br>Honolulu, HI 96815 | Common | 300 | |
| Jeffrey S. Gandin<br>10515 Wellworth Ave.<br>Los Angeles, CA 90024 | Common | 16666 | |
| Jeffrey S. Gandin<br>450 N. Bedford Dr. #307<br>Beverly Hills, CA 90210 | Common | 12500 | |
| Jeffrie Jones<br>224 Kuuhale Street<br>Kailua, HI 96734 | Common | 156826 | |
| Jenna Brill<br>10250 Constellation Blvd., #1700<br>Los Angeles, CA 90067-6200 | Common | 27206 | |
| Jenna G. Brill<br>4620 Rubio Ave.<br>Encino, CA 91436-3204 | Common | 12000 | |
| Jennifer Basile<br>40 Gleneagle Dr.<br>Nashua, NH 03063 | Common | 2643 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Jesse S. Whittemore<br>1533 Liholiho St.<br>Honolulu, HI 96822 | Common | 6000 | |
| Jim O'Brien<br>939 Amarillo Ave.<br>Palo Alto, CA 94303 | Common | 273 | |
| Jocelyn C. Rabago<br>545 North School St.<br>Honolulu, HI 96817 | Common | 1500 | |
| Joey English<br>100 S Sunrise, No. 234<br>Palm Springs, CA 92262 | Common | 10000 | |
| John & Cynthia Curts<br>7889 January Dr.<br>Hemet, CA 92545 | Common | 1000 | |
| John & Juleann Kavanagh<br>463 Iana St.<br>Kailua, HI 96734 | Common | 4000 | |
| John Curtis<br>802 Hiller St.<br>Belmont, CA 94002 | Common | 5167 | |
| Jon M. Kumasaka<br>94-1205 Hiapo St.<br>Waipahu, HI 96797 | Common | 2000 | |
| Jones Family Trust as Amd 2/24/04<br>Attn: Authorized Agent<br>1054 W. San Bruno<br>Fresno, CA 93711 | Common | 511167 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERLD | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Joseph Fumosa<br>24 A Commerce Road<br>Fairfield, NJ 07004 | Common | 4000 | |
| Joy Balon<br>1743 Gulick Ave.<br>Honolulu, HI 96819 | Common | 1000 | |
| Juana C. Queja<br>943 Paaaina St.<br>Pearl City, HI 96782 | Common | 1000 | |
| Judith A. Collison<br>9100 Nesbit Lakes Dr.<br>Alpharetta, GA 30022 | Common | 2000 | |
| Juliana Perreira<br>91-1642 Auwaha St.<br>Ewa Beach, HI 96706 | Common | 1000 | |
| Justin Brill<br>10250 Constellation Blvd., #1700<br>Los Angeles, CA 90067-6200 | Common | 53413 | |
| Katherine M. Galbraith<br>1546 Golden Gate Ave., Apt. 103<br>Los Angeles, CA 90026-1035 | Common | 3275 | |
| Kavanaugh Coffee Roasting Co.<br>Attn: Corporate Officer<br>2807 10th St.<br>Berkeley, CA 94710 | Common | 95 | |
| Keisuke Suga<br>707 Continental Circle, No. 1711<br>Mountain View, CA 94040 | Common | 10000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Kelly Quan Bennett<br>215 N. Belmont St., No. 202<br>Glendale, CA 91206 | Common | 400 | |
| Kendall Promotions Inc.<br>Attn: Corporate Officer<br>56 Main Street<br>Salem, NH 03079 | Common | 138 | |
| Kenneth D. & Andrea R. Lee Jt. Ten.<br>16501 Academia Dr.<br>Encino, CA 91436-4105 | Common | 156826 | |
| Kevin & Amy Lemmers<br>78022 Red Hawk Lane<br>La Quinta, CA 92253 | Common | 4400 | |
| Kim F. Scoggins<br>220 S King St., No. 1800<br>Honolulu, HI 96813 | Common | 4000 | |
| Kimberly J. Nichols<br>1901 N. Nogales Way<br>Palm Springs, CA 92262 | Common | 1000 | |
| Kleenco Corporation<br>Attn: Corporate Officer<br>3015 Koapaka St.<br>Honolulu, HI 96819 | Common | 8500 | |
| Kompass Integrated Solutions<br>Attn: Corporate Officer<br>100 Chetwood Dr.<br>Mountain View, CA 94043-5251 | Common | 1501 | |
| Kristi Schulenberg<br>2957 Kalakaua Ave., Apt. 415<br>Honolulu, HI 96815-4614 | Common | 200 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Krystyna Jachowski<br>16833 Covello St.<br>Van Nuys, CA 91406 | Common | 8000 | |
| Lawrence D. & Judith Warner Piro<br>157 N. Canyon View Dr.<br>Los Angeles, CA 90049 | Common | 10000 | |
| Leinaala Botelho<br>1137 16th Ave.<br>Honolulu, HI 96816 | Common | 2000 | |
| Leonard & Lisa Levine<br>4470 Gayle Drive<br>Tarzana, CA 91356 | Common | 10000 | |
| Leonard & Nancy Jacoby, Ttees<br>fbo Jacoby Living Trust<br>11611 San Vicente Blvd.<br>Los Angeles, CA 90049-5106 | Common | 178909 | |
| Leonard D. & Nancy P. Jacoby, Ttees<br>Jacoby Living Trust dtd 10/10/1996<br>11611 San Vicente Blvd., #660<br>Los Angeles, CA 90049 | Common | 791536 | |
| Levene Neale Bender Rankin & Brill LLP<br>Attn: Managing Partner<br>10250 Constellation Blvd.<br>Los Angeles, CA 90067-6200 | Common | 277020 | |
| Ligaya & Marcelo Ganotisi<br>1566 Laulani St.<br>Honolulu, HI 96819 | Common | 400 | |
| Lighthouse Holdings, LLC<br>Attn: Managing Member<br>9844 Alburtis Ave.<br>Santa Fe Springs, CA 90670 | Common | 55800 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| LJPJ Lai Family LP<br>Attn: Managing Partner<br>29047 Wagon Rd.<br>Agoura Hills, CA 91301 | Common | 53571 | |
| Lolita M. Avecilla<br>94-039 Waipahu St., #102<br>Waipahu, HI 96797 | Common | 2000 | |
| Lolita Macadangdang<br>94-738 Kalae St.<br>Waipahu, HI 96797 | Common | 1000 | |
| Lorraine Brubaker-Rennick<br>42605 Moonridge Rd.<br>Big Bear Lake, CA 92315 | Common | 2500 | |
| Lydia A. Ganiban<br>94-738 Kalae St.<br>Waipahu, HI 96797 | Common | 1000 | |
| **Malvi Holding**<br>**Attn: Corporate Officer**<br>**223 Val #Croix**<br>**Luxembourg L-1371** | Common | 60000 | |
| Maria A. Sayson<br>412 N. Bererania St., No. 107<br>Honolulu, HI 96817 | Common | 2000 | |
| Marichu Q. Ganac<br>1325 North School St., No. 312B<br>Honolulu, HI 96817 | Common | 1500 | |
| Marie Claire G. Eugenio<br>1804 Kaumaualii St.<br>Honolulu, HI 96819 | Common | 500 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Marilyn L. Rasay<br>1244 Kapalama Ave.<br>Honolulu, HI 96817 | Common | 1000 | |
| Marino Capital Partners, Inc.<br>Attn: Corporate Officer<br>4600 Campus Drive, #105<br>Newport Beach, CA 92660 | Common | 50000 | |
| Marites N. Fernando<br>812 Kalihi St.<br>Honolulu, HI 96819 | Common | 1500 | |
| Mark Laita Photography<br>Attn: Corporate Officer<br>3815 Main Street<br>Culver City, CA 90232 | Common | 1067 | |
| Mark Yasuhara<br>98-288 Kaonohi St., #3902<br>Aiea, HI 96701 | Common | 10000 | |
| Martin & Bonnie C. Brill, Ttees<br>Brill Family Trust uad 10/17/90<br>4620 Rubio Ave.<br>Encino, CA 91436-3204 | Common | 719112 | |
| Martin J. Brill<br>4620 Rubio Ave.<br>Encino, CA 91436 | Common | 283332 | |
| Mary A. Morris<br>115 Alabama St.<br>San Gabriel, CA 91775 | Common | 800 | |
| Mary Jossem<br>85 Dowsett Ave.<br>Honolulu, HI 96817 | Common | 46800 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Masako T. Sakima<br>1539 Meyers Street<br>Honolulu, HI 96819 | Common | 2000 | |
| Master Recording Supply<br>Attn:  Corporate Officer<br>510 E. Goetz Ave.<br>Santa Ana, CA 92707 | Common | 21 | |
| Mazher Jaffar<br>4600 Campus Dr., #105<br>Newport Beach, CA 92660 | Common | 15000 | |
| McVey Defense Initiatives Group<br>Attn:  Corporate Officer<br>5205 Leesburg Pike, #1300<br>Falls Church, VA 22041 | Common | 1546 | |
| Mei Cheng Asato<br>4396 Hakupapa St.<br>Honolulu, HI 96818 | Common | 1500 | |
| Michael Drace<br>224 Kuuhale Street<br>Kailua, HI 96734 | Common | 506400 | |
| Michael E. Drace<br>224 Kuuhale Street<br>Kailua, HI 96734 | Common | 375000 | |
| Michael W. & Victoria L. Perry<br>622 Kaimalino St.<br>Kailua, HI 96734 | Common | 10000 | |
| Michael-James E. Cortez<br>94-833 Kalaiaha Place<br>Waipahu, HI 96797 | Common | 1000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Michelle Shanahan 2912 Ala Puawa Place Honolulu, HI 96818 | Common | 500 | |
| Microsoft Corporation Attn: Corporate Officer One Microsoft Way Redmond, WA 98052 | Common | 36 | |
| Midnight Run Attn: Corporate Officer 98 Battery St., #250 San Francisco, CA 94111 | Common | 355 | |
| Mitchell W. Kitayama 2120 Morningside Dr. Upland, CA 91784 | Common | 120750 | |
| Mitchell W. Kitayama IRA 2120 Morningside Drive Upland, CA 91784 | Common | 147000 | |
| Monica L. Acosta P.O. Box 19255 Honolulu, HI 96817 | Common | 1000 | |
| Nashua Waste Water System Attn: Corporate Officer 229 Main Street Nashua, NH 03062 | Common | 49 | |
| Nida B. Flores P.O. Box 37785 Honolulu, HI 96837 | Common | 1000 | |
| Niksefat Family Trust Attn: Authorized Agent 10669 Wellworth Ave. Los Angeles, CA 90024 | Common | 25444 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| **Nortel Networks Limited**<br>**Attn: Managing Partner**<br>**8200 Dixie Rd., #100**<br>**Brampton L6T 5P6 UK** | Common | 73 | |
| Northwest Mini-Storage<br>Attn: Corporate Officer<br>15 Northwest Blvd.<br>Nashua, NH 03063 | Common | 26 | |
| Omega Management Group<br>Attn: Corporate Officer<br>139 Billerica Rd.<br>Chelmsford, CA 1824 | Common | 97 | |
| Oscar B. Canteros, Jr.<br>2918 Nihi St.<br>Honolulu, HI 96819 | Common | 500 | |
| Pamela A. Baisley<br>1515 Nuuanu Ave., No. 119<br>Honolulu, HI 96817 | Common | 200 | |
| **Paolo Porelli**<br>**Via P Bottoni N. 10**<br>**Milano 20141 Italy** | Common | 1316 | |
| Patrick McCarthy<br>8 Deep Wood Rd.<br>Simsbury, CT 06070 | Common | 933 | |
| Paul & Pamela Apel, Ttees<br>The 1993 Apel Family Trust<br>685 Walther Way<br>Los Angeles, CA 90049 | Common | 78413 | |
| Paul Orman<br>4513 Hargrave Ct.<br>Glen Allen, VA 23060 | Common | 407 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Pearl Family Trust<br>Attn: Authorized Agent<br>2502 S Camino Real<br>Palm Springs, CA 92264 | Common | 51042 | |
| Pennichuck Water Works, Inc.<br>Attn: Corporate Officer<br>25 Manchester St.<br>Merrimack, NH 03054-1947 | Common | 30 | |
| Peter & Susan Koenig, Ttees<br>Koenig Family Trust uad 06/09/93<br>18601 Caballero Ct.<br>Tarzana, CA 91356-5324 | Common | 310000 | |
| Pitney Bowes Credit Corp<br>Attn: Corporate Officer<br>27 Waterview Dr.<br>Shelton, CT 06484-4361 | Common | 58 | |
| Productivity Card Services<br>Attn: Corporate Officer<br>P.O. Box 410426<br>Salt Lake City, UT 84141 | Common | 714 | |
| Progressive Business Publications<br>Attn: Corporate Officer<br>370 Technology Dr.<br>Malvern, PA 19355 | Common | 29 | |
| Rackspace Ltd.<br>Attn: Managing Partner<br>9725 Datapoint Dr., #100<br>San Antonio, TX 78229 | Common | 471 | |
| Randall R. Spohn<br>1633 E. 4th St., No. 228<br>Santa Ana, CA 92701 | Common | 20000 | |
| Raymond James & Assoc., Inc.<br>Attn: Corporate Officer<br>880 Carillon Parkway<br>P.O. Box 12749<br>St Petersburg, FL 33716 | Common | 200000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Regina Sibulao<br>1804 Kaumualii St.<br>Honolulu, HI 96819 | Common | 500 | |
| Registrar & Transfer Co.<br>Attn:  Corporate Officer<br>10 Commerce Dr.<br>Cranford, NJ 07016 | Common | 65 | |
| Renker Family Trust<br>Attn:  Authorized Agent<br>5959 Topanga Canyon Blvd., #180<br>Woodland Hills, CA 91367 | Common | 77500 | |
| Rhoton Family Trust<br>Attn:  Authorized Agent<br>1355 E. Northern Ave., #1<br>Phoenix, AZ 85020 | Common | 421053 | |
| Riaz Chauthani<br>11711 Collett Ave., No. 1722<br>Riverside, CA 92505 | Common | 36665 | |
| Riaz Chauthani<br>14600 Campus Drive<br>Newport Beach, CA 92660 | Common | 766000 | |
| Richard A. Oshins<br>1995 Irrevocable Trust<br>1645 Village Ctr. Cir., #170<br>Las Vegas, NV 89134 | Common | 50000 | |
| Richard B. Unebasami<br>719 Kaaloa St.<br>Honolulu, HI 96826 | Common | 1500 | |
| Richard Sanchez<br>7132 Aztec Way<br>Bakersfield, CA 93308 | Common | 21429 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Robert & Julie Mayer<br>45854 E. Via Villaggio<br>Indian Wells, CA 92210 | Common | 25000 | |
| Robert E. & Melinda Gandin, Ttees<br>Revocable Trust uad 09/22/99<br>4424 Libbit Ave.<br>Encino, CA 91436-3254 | Common | 234187 | |
| Robert Lee Foundation<br>Attn: Authorized Agent<br>125 E. Tahquitz Canyon Way, #203<br>Palm Springs, CA 92262 | Common | 130000 | |
| Robert M. Breech Trust<br>Attn: Authorized Agent<br>1100 Georgina Ave.<br>Santa Monica, CA 90402 | Common | 10000 | |
| Robert Maxa<br>27066 Pillsbury Ave.<br>Laeville, MN 55044 | Common | 24000 | |
| Robert McKay Morrison<br>6565 Old Mohapo Road<br>Kailua, HI 96734 | Common | 400 | |
| **Robert Neil Stewart**<br>**15 Woodford St.**<br>**Longueville NSW 2066 AUSTRALIA** | Common | 1000 | |
| Robert Nelson Wiviott<br>10601 Wilshire Blvd.<br>Los Angeles, CA 90024 | Common | 58313 | |
| Robert Y. Lee<br>82 Magdalena Dr.<br>Rancho Mirage, CA 92270 | Common | 180000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Robert Y. Lee<br>125 E. Tahquitz Cyn Way #203<br>Palm Springs, CA 92262 | Common | 530000 | |
| Robinson Corp<br>Attn: Corporate Officer<br>1860 Alal Moana Blvd., #1802<br>Honolulu, HI 96815 | Common | 466667 | |
| Rochic Mamalias<br>87-217 Kahau St.<br>Waianae, HI 96792 | Common | 500 | |
| Ronald J. Pang<br>Defined Benefit Plan<br>2226 Liliha, #413<br>Honolulu, HI 96734 | Common | 57900 | |
| Ronald J. Pang IRA<br>2226 Liliha St., #413<br>Honolulu, HI 96817 | Common | 57900 | |
| Ronald M. & Deborah Rechmitz Ellis<br>1212 Raintee Dr. 1 No. 185<br>Fort Collins, CO 80526 | Common | 5000 | |
| Rowena R. Paito<br>94-441 Hiahia Loop<br>Waipahu, HI 96797 | Common | 1000 | |
| Ruth Ann Newby<br>463 Iana St.<br>Kailua, HI 96734 | Common | 1400 | |
| Ruth R. Elder<br>20892 Glencairn Lane<br>Huntington Beach, CA 92646 | Common | 1000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY<br>LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF<br>SECURITY | NUMBER<br>REGISTERED | KIND OF INTEREST<br>REGISTERED |
|---|---|---|---|
| S & P Promotions, Inc.<br>Attn: Corporate Officer<br>17624 Candlewood Terrace<br>Boca Raton, FL 33487 | Common | 80000 | |
| S. Joy Heiman, Trustee<br>21 Estrella St.<br>Rancho Mirage, CA 92270 | Common | 300 | |
| Sally Testa<br>Revocable Trust<br>333 E. Las Flores<br>Santa Maria, CA 93454 | Common | 10000 | |
| Sara Brooks<br>250 Linwood Ave.<br>Cedarhurst, NY 11516 | Common | 2000 | |
| SBC<br>Attn: Corporate Officer<br>175 E. Houston St., Rm. 8-P60<br>San Antonio, TX 78205 | Common | 17 | |
| SBC fka Snet<br>Attn: Corporate Officer<br>175 E. Houston St., Rm. 8-P60<br>San Antonio, TX 78205 | Common | 28 | |
| Scott D. & Susanne H.<br>Kitayama, Jt. Ten.<br>4203 Champions Dr.<br>Lufkin, TX 75901 | Common | 18083 | |
| Scott Kaplan<br>4130 Blackhawk Meadow Court<br>Danville, CA 94506 | Common | 101875 | |
| Scott R. Wilson<br>45989 Vista Dorado<br>Indian Wells, CA 92210 | Common | 10000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Setal 1, LLC<br>Attn: Managing Member<br>10450 Trabuco St.<br>Bellflower, CA 92660 | Common | 500000 | |
| Seyed Jalal Sadr<br>42 Herringbone<br>Irvine, CA 92620-3449 | Common | 10000 | |
| **Shah Family, LLC**<br>**Attn: Managing Member**<br>**38 Hertford St.**<br>**London W1J 7SG ENGLAND** | Common | 15000 | |
| Shah Properties, LLC<br>Attn: Managing Member<br>1580 Cliff Rd., E<br>Burnsville, MN 55337-1415 | Common | 163008 | |
| Sharon H. Kaneshiro<br>3488 Keahi Place<br>Honlulu, HI 96822-1202 | Common | 1500 | |
| Sharon Lee Kuhlmann<br>1547-A Liholiho St.<br>Honlulu, HI 96822 | Common | 1000 | |
| Sharre Jacoby<br>2459 Park Oak Dr.<br>Los Angeles, CA 90068 | Common | 12500 | |
| Sheryl Mae Sibulao<br>1804 Kaumualii St.<br>Honolulu, HI 96819 | Common | 500 | |
| Simplex Grinnell<br>Attn: Corporate Officer<br>50 Technology Dr.<br>Westminster, MA 1441 | Common | 48 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| **Sipro Lab Telecom Attn: Corporate Officer 750 Lucerne, #200 Montreal BC H3R2H6 Canada** | Common | 51 | |
| Sittikasem Saengswang P.O. Box 1182 Pearl City, HI 96782 | Common | 1000 | |
| Skip Taylor 10450 Trabuco St. Bellflower, CA 90706 | Common | 480000 | |
| Sovrana Trading Corp Attn: Corporate Officer 14928 S. Figueroa St. Gardina, CA 90248 | Common | 17 | |
| Spherion Corporation Attn: Corporate Officer 2050 Spectrum Blvd. Ft. Lauderdale, FL 33304 | Common | 477 | |
| **SSI Micro, Ltd Attn: Managing Partner 14905 48th Yellowknife NT XIA 354 CANADA** | Common | 1232 | |
| Stephanie Hafker 13449 Mashona Ave. Chino, CA 91710 | Common | 20000 | |
| Stephen & Susan Szabo 137 Kuuala St. Kailua, HI 96734 | Common | 1000 | |
| Stephen D. Shoultz Rev Trust 47592 Nukupuu St. Kaneohe, HI 96744 | Common | 4000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Stephen W. Knox<br>692 Kalimalino St.<br>Kailua, HI 96734 | Common | 500 | |
| Sterling Trust Co.<br>fbo Celestino A Sousa<br>Attn: Authorized Agent<br>520 Vista Vallejo<br>Santa Barbara, CA 93105 | Common | 44860 | |
| Steve Cantrill<br>463 Tana Street<br>Kailua, HI 96734 | Common | 100 | |
| Steve Hong<br>1237 W. Walnut St.<br>Compton, CA 90220 | Common | 50000 | |
| Steven Gundry<br>201 Camino del Sur<br>Palm Springs, CA 92262 | Common | 10000 | |
| Suerte Editha A. Lagmay<br>1243 Ala Alii St., No. 127<br>Honolulu, HI 96818 | Common | 1000 | |
| Suerte L. Micua<br>1346 Ala Hoku Place<br>Honolulu, HI 96819 | Common | 1000 | |
| Susan Reily<br>17 Oakmont Dr.<br>Rancho Mirage, CA 92270 | Common | 40000 | |
| Suzita F. Inosanto<br>268 Hamakua Dr.<br>Kailua, HI 96734 | Common | 1000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Taylor Family Trust<br>Attn: Authorized Agent<br>10450 Trabuco St.<br>Bellflower, CA 90706 | Common | 340000 | |
| TD Ameritrade Clearing<br>C/F Kevin M Taylor Roth IRA<br>Attn: Authorized Agent<br>10450 Trabuco St.<br>Bellflower, CA 90706 | Common | 5600 | |
| TD Ameritrade Clearing<br>C/F Kristen M Taylor Roth IRA<br>Attn: Authorized Agent<br>10450 Trabuco St.<br>Bellflower, CA 90706 | Common | 5600 | |
| TD Ameritrade Clearing<br>C/F Lester E. Taylor, Jr. IRA Sep<br>10450 Trabuco St.<br>Bellflower, CA 90706 | Common | 30000 | |
| Thad & Marylo Marks<br>308 Iliana St.<br>Kailua, HI 96734 | Common | 2000 | |
| The 2000 Gail J Lohmann<br>Sp. Trust dtd 9/28/00<br>Attn: Authorized Agent<br>3526 Montero Rd.<br>Cameron Park, CA 95682 | Common | 306700 | |
| The Fruit Guys<br>Attn: Corporate Officer<br>405 Victory Rd., Unit D<br>S. San Francisco, CA 94080-6317 | Common | 35 | |
| The K-J Family Trust<br>Attn: Authorized Agent<br>351 N. Crescent Heights Blvd.<br>Los Angeles, CA 90048 | Common | 12500 | |
| The Melinda J. Hayes<br>Revocable Trust dtd 3/19/1991<br>P.O. Box 705<br>Buckeye, AZ 85326-0051 | Common | 165000 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Theodore T. Miyamoto<br>3379 Alohea Ave.<br>Honolulu, HI 96816 | Common | 10000 | |
| Theresa J. Quiocho<br>98-117 Kaluamoi Place<br>Pearl City, HI 96782 | Common | 2000 | |
| Therma Corp<br>Attn: Corporate Officer<br>1601 Las Plumas<br>San Jose, CA 95136 | Common | 88 | |
| Thomas & Suzanne Drace Frutchey, Ttees<br>The Drace Frutchey Family Trust dtd 8/04<br>1361 Calle Aurora<br>Camarillo, CA 93010 | Common | 20000 | |
| Thomas C. King<br>2115 Maha Pl.<br>Honolulu, HI 96819-1657 | Common | 100 | |
| Thomas H. Jones, Ttee<br>fbo Thomas H. & Shirley C. Jones Family<br>Trust/Survivor's Trust dtd 9/28/93<br>1259 W. Moraga Rd.<br>Fresno, CA 93711 | Common | 306700 | |
| Thomas Neubert<br>1148 Mallard Ridge Loop<br>San Jose, CA 95120 | Common | 195 | |
| Thomas Wettlaufer<br>459 Federal City Road<br>Pennington, NJ 08534 | Common | 4400 | |
| Tim Clark<br>922 West Regal Rd.<br>Palm Springs, CA 92262 | Common | 10000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Timothy B. Crane, Ttee Eyecare Pension Plan 3691 Papalina Rd. Kalaheo, HI 96741 | Common | 10000 | |
| Timothy Rand 5901 Warner Ave., #108 Huntington Beach, CA 92649 | Common | 26000 | |
| Tod Deveny 4900 Tassajara Rd., Apt. 1118 Dublin, CA 94568-4550 | Common | 1000 | |
| Tony Anderson 1686 Buena Vista Street Ventura, CA 93001 | Common | 20000 | |
| United Parcel Services Attn: Corporate Officer P.O. Box 4396 Timonium, MD 21094 | Common | 198 | |
| Valentin Marquez 816 Westmont Dr. Alhambra, CA 91803 | Common | 78750 | |
| Verizon Attn: Corporate Officer P.O. Box 15150 Worcester, MA 1615 | Common | 432 | |
| Verizon Wireless Attn: Corporate Officer P.O. Box 489 Newark, NJ 07101 | Common | 102 | |
| Verizon Wireless Attn: Corporate Officer P.O. Box 660108 Dallas, TX 75266 | Common | 58 | |

BK-1A
M:\DOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Victoriana G. Redoble<br>1126-A Halona St.<br>Honolulu, HI 96817 | Common | 1000 | |
| Vilma S. Eugenio<br>1922 Ula St.<br>Honolulu, HI 96819 | Common | 2000 | |
| Vincent Chavy<br>31 Ledgewood Hills Dr.<br>Nashua, NH 03062 | Common | 751 | |
| Waste Management<br>Attn: Corporate Officer<br>2421 W. Peoria Ave., #110<br>Phoenix, AZ 85029 | Common | 136 | |
| Wendell Lew<br>1517 Makim St., No. 1203<br>Honolulu, HI 96822 | Common | 579000 | |
| Westport Joint Venture<br>Attn: Corporate Officer<br>c/o 2560 Mission College, #101<br>Sata Clara, CA 95054 | Common | 100358 | |
| William C. Fredrick<br>2021 Port Bristol Circle<br>Newport Beach, CA 92660 | Common | 25000 | |
| William E. Benson, Jr.<br>219 Sitka St.<br>Duluth, MN 55811 | Common | 4000 | |
| Wilson Family Trust<br>Attn: Authorized Agent<br>10450 Trabuco St.<br>Bellflower, CA 90706 | Common | 190000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Yellow GPS, LLC<br>Attn: Managing Member<br>10990 Roe Ave., MS E101<br>Overland Park, KS 66211 | Common | 192 | |
| Young C. & Kay L. Lee, JTWROS<br>18 Nebraska<br>Irvine, CA 92606 | Common | 200000 | |
| Yu Huei Lue Chang<br>7157 Makahuena Place<br>Honolulu, HI 96825 | Common | 1000 | |
| Alamitos Associates in Ob/Gyn, Inc.<br>PSP fbo Timothy Rand<br>Attn: Corporate Officer<br>5901 Warner Ave., #108<br>Huntington Beach, CA 92649 | A | 380 | |
| Allison Family Trust<br>Attn: Authorized Agent<br>241 Las Ondas<br>Santa Barbara, CA 93109 | A | 1500 | |
| Carlos Barbosa<br>7250 Franklin Ave., #1007<br>Los Angeles, CA 90046 | A | 350 | |
| Ellen Jane Brill<br>4108 Parva Ave.<br>Los Angeles, CA 90027 | A | 315 | |
| Martin J. Brill<br>4620 Rubio Ave.<br>Encino, CA 91436 | A | 2100 | |
| Brill Family Trust<br>Attn: Authorized Agent<br>10250 Constellation Blvd.<br>Los Angeles, CA 90067 | A | 3350 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Trent D. Bryson<br>100 Oceangate, No. 401<br>Long Beach, CA 90802 | A | 200 | |
| Trent Bryson & Summer Bryson<br>100 Oceangate, No. 401<br>Long Beach, CA 90802 | A | 100 | |
| Harold and Michelle Carranza<br>Living Trust dtd 2/25/05<br>2057 Carfax Ave.<br>Long Beach, CA 90815 | A | 150 | |
| Susan R. Chamberlin IRA<br>79341 Montego Dr.<br>Bermuda Dunes, CA 92203 | | | |
| Jonathan S. Chambers &<br>Kristen M. Chambers<br>16210-1/2 Chicago Ave.<br>Bellflower, CA 90706 | A | 60 | |
| Robert Chaput<br>1150 Via Mavis<br>Santa Maria, CA | A | 900 | |
| Donna K. Chauthani<br>11358 Lakeport Dr.<br>Riverside, CA 92505 | A | 3033 | |
| Riaz Chauthani<br>4040 MacArthur Blvd., #305<br>Newport Beach, CA 92660 | A | 6067 | |
| Lawrence Cochran<br>5007 Caire Circle<br>Santa Barbara, CA 93111 | A | 550 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Gerald James Collins<br>19427 Amhurst Court<br>Cerritos, CA 90703 | A | 480 | |
| Dennis E. Cornelius IRA<br>144 American Legion Rd.<br>Latrobe, PA 15650 | A | 523 | |
| Paul Norman Dailey Ttee<br>Survivors Trust<br>1043 Foxenwood Drive<br>Santa Maria, CA 93455 | A | 100 | |
| Michael E. Drace<br>224 Kauuhale St.<br>Kailua, HI 96734 | A | 250 | |
| Lori Jean Ebeling<br>2 Cielo Vista Court<br>Rancho Mirage, CA 92270 | A | 89 | |
| PFSI<br>fbo Lori Jean Ebeling SEP IRA<br>Attn: Authorized Agent<br>2 Cielo Vista Court<br>Rancho Mirage, CA 92270 | A | 216 | |
| Eckenfels Family Trust<br>Attn: Authorized Agent<br>1043 Foxenwood Drive<br>Santa Maria, CA 93455 | A | 360 | |
| Edna Buck<br>Revocable Trust<br>3500 Bullock, #30<br>San Luis Obispo, CA 93401 | A | 1000 | |
| Edna H. Buck<br>Revocable Trust<br>3500 Bullock, #30<br>San Luis Obispo, CA 93401 | A | 900 | |

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Glaze Exemption Trust<br>Attn: Authorized Agent<br>509 Melville Way<br>Lompoc, CA 93436 | A | 500 | |
| Glaze Living Trust<br>Attn: Authorized Agent<br>509 Melville Way<br>Lompoc, CA 93436 | A | 750 | |
| Randy Hardwood<br>1925 Clifford St., #1103<br>Fort Myers, FL 33901 | A | 581 | |
| Ted A. Hickman<br>6568 Delisle-Fourman Rd.<br>Arcanum, OH 45304 | A | 125 | |
| Leonard D. & Nancy P. Jacoby, Ttees<br>Jacoby Living Trust dtd 10/10/96<br>13486 First Dr.<br>Beverly Hills, CA 90210 | A | 2275 | |
| Mazher Jaffar<br>4040 MacArthur Blvd., #305<br>Newport Beach, CA 92660 | A | 1517 | |
| Linda L. Kelly, Ttee<br>Linda L. Kelly Revocable Trust<br>77-519 Avenida Madrugada<br>La Quinta, CA 92253 | A | 420 | |
| Lori L. Kirshner<br>905 Azalea Circle East<br>Palm Springs, CA 92264 | A | 1985 | |
| Koenig Family Trust<br>Attn: Authorized Agent<br>13486 Firsth Drive<br>Beverly Hills, CA 90210 | A | 1050 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Terry Kramer 2486 Marquette Muskegon, MI 49442 | A | 596 | |
| Jacquelyn R. Lemen Family Trust 16210 Chicago Ave. Bellflower, CA 90706 | A | 100 | |
| McGowan Guntermann 401k fbo Chrisley N. Reed Santa Barbara, CA 93105 | A | 270 | |
| David Moore 47-525 Via Montana La Quinta, CA 92253 | A | 1820 | |
| Bonnie Parker-Hill 439 E Ventura St. Santa Maria, CA 93455 | A | 490 | |
| Gregory T. & Patricia L. Pieper 14625 Oak Orchard Court Chesterfield, MO 63017 | A | 120 | |
| John A Prentice 935 Francis Lane Santa Maria, CA 93455 | A | 500 | |
| Craig Rankin 10250 Canstellation Blvd. Los Angeles, CA 90067 | A | 1650 | |
| Marc A. Rotter 9623 Wendover Drive Beverly Hills, CA 901210 | A | 268 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Josephine Ruben<br>5450 Paramount Blvd., Spc 140<br>Long Beach, CA 90805 | A | 198 | |
| Russi Family Trust<br>Attn: Authorized Agent<br>340 Old Mill Rd., No. 18<br>Santa Barbara, CA 93110 | A | 1700 | |
| S/G Testing Corporation<br>Attn: Corporate Officer<br>509 Melville Way<br>Lompoc, CA 93436 | A | 1000 | |
| Deborah L. Schabel<br>345 Wager Rd.<br>Rockey River, OH 44116 | A | 210 | |
| Larry & Robin Schmalz<br>733 N. Carbon City Rd.<br>Perris, AK 72855 | A | 596 | |
| Linda J. Schmidt<br>188 Via San Nicolo<br>Palm Desert, CA 92260 | A | 60 | |
| Linda J. Schmidt<br>Trust PTO 2/20/2001<br>188 Via San Nicolo<br>Palm Desert, CA 92260 | A | 315 | |
| Denny Daniel Seybert IRA<br>277 Liberation Dr.<br>Henderson, NV 89044 | A | 105 | |
| Ameet Shah<br>17145 Jasper Trail<br>Lakeville, MN 55044 | A | 1517 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Shah Family, LLC<br>Attn: Managing Member<br>1580 E. Cliff Rd.<br>Burnsville, MN 55337 | A | 1517 | |
| Sousa Family Trust<br>Attn: Authorized Agent<br>520 Vista Vallejo<br>Santa Barbara, CA 93105 | A | 190 | |
| Sterling Trust<br>c/f Patricia J. Russi - Acct. 129058<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 246 | |
| Sterling Trust<br>c/f Bonnie Parker-Hill - Acct. 122534<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 258 | |
| Sterling Trust<br>c/f Celestino Sousa - Acct. 092844<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 314 | |
| Sterling Trust<br>c/f Michael J. Russi - Acct. 128753<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 880 | |
| Sterling Trust<br>c/f Rosely Eckenfels - Acct. 125057<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 360 | |
| Sterling Trust<br>c/f Sandra Devine - Acct. 122533<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 486 | |
| Sterling Trust<br>c/f David T. Moore - Acct. 130173<br>Attn: Authorized Agent<br>7901 Fish Pond Rd.<br>Waco, TX 76710 | A | 300 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| James J. & Karlene A. Taylor<br>16213 Chicago Ave.<br>Bellflower, CA 90706 | A | 100 | |
| Taylor Family Trust<br>Attn: Authorized Agent<br>16220 Chicago Ave.<br>Bellflower, CA 90706 | A | 1000 | |
| TD Ameritrade Clearing, Inc.<br>Attn: Authorized Agent<br>fbo James J. Taylor<br>Resp Indv fbo Chloe J. Taylor ESQ<br>16213 Chicago Ave.<br>Bellflower, CA 90706 | A | 60 | |
| Marguerite B. Tracy<br>76 Bainbridge Rd.<br>West Hartford, CT 06119 | A | 523 | |
| Wesley L. Vosburg<br>1280 Talmadge Rd.<br>Santa Maria, CA 93455 | A | 1000 | |
| Mark L. Webb, Ttee<br>Law Ofcs of Mark L. Webb DBP & Trust<br>214 Grant Ave., #301<br>San Francisco, CA 94108 | A | 840 | |
| Wilson Family Trust<br>Attn: Authorized Agent<br>10450 Trabuco<br>Bellflower, CA 90706 | A | 1000 | |
| 15609 Trust<br>Attn: Authorized Agent<br>5901 Warner Ave., #108<br>Huntington Beach, CA 92649 | B | 25 | |
| 9961 Trust<br>Attn: Authorized Agent<br>5901 Warner Ave., #108<br>Huntington Beach, CA 92649 | B | 25 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC
**Exhibit G**

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Alamitos Assoc. in OB/Gyn, Inc. PSP fbo Timothy Randy Attn: Authorized Agent 5901 Warner Ave., #108 Huntington Beach, CA 92649 | B | 50 | |
| Kristen & Jonathan Chambers 16210 Chicago Ave. Bellflower, CA 90706 | B | 42 | |
| Fred & Gina Hayes 531 Via Codo Fullerton, CA 92835 | B | 37 | |
| The Lemen Family Trust Attn: Authorized Agent 16210 Chicago Ave. Bellflower, CA 90706 | B | 21 | |
| Park Place Services Attn: Corporate Officer P.O. Box 1687 Bellflower, CA 90707 | B | 1050 | |
| Setal 1, LLC Attn: Managing Member P.O. Box 1687 Bellflower, CA 90707 | B | 8421 | |
| Setal 2, LLC Attn: Managing Member P.O. Box 1687 Bellflower, CA 90707 | B | 6316 | |
| Setal 3, LLC Attn: Managing Member P.O. Box 1687 Bellflower, CA 90707 | B | 10526 | |
| Setal 4, LLC Attn: Managing Member P.O. Box 1687 Bellflower, CA 90707 | B | 8421 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Setal 5, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | B | 6316 | |
| Kevin Taylor<br>16220 Chicago Ave.<br>Bellflower, CA 90706 | B | 28 | |
| James & Karlene Taylor<br>16213 Chicago Ave.<br>Bellflower, CA 90706 | B | 104 | |
| Taylor Family Trust<br>Attn: Authorized Agent<br>16220 Chicago Ave.<br>Bellflower, CA 90706 | B | 1302 | |
| Setal 1, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 4210 | |
| Setal 2, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 3158 | |
| Setal 3, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 5264 | |
| Setal 4, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 4210 | |
| Setal 5, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 3158 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

| REGISTERED NAME OF HOLDER OF SECURITY LAST KNOW ADDRESS OR PLACE OF BUSINESS | CLASS OF SECURITY | NUMBER REGISTERED | KIND OF INTEREST REGISTERED |
|---|---|---|---|
| Setal 6, LLC<br>Attn: Managing Member<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 16120 | |
| Taylor Family Trust<br>Attn: Authorized Agent<br>P.O. Box 1687<br>Bellflower, CA 90707 | C | 7000 | |

BK-1A
MAINDOCS-#144937-v1-USDC_Equity_Security_Holders.DOC

Exhibit G

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Robert Y. Lee, the President of U.S. Dry Cleaning Services Corporation, the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: May 6, 2010

_____

Robert Y. Lee, President
Debtor's Signature and Title

# **Exhibit H**

**BACKGROUND OF DEBTORS' CURRENT BOARD OF DIRECTORS**

**BACKGROUND OF REORGANIZED DEBTOR'S PROPOSED BOARD OF DIRECTORS**

**BACKGROUND OF REORGANIZED DEBTOR'S PROPOSED MANAGEMENT**

### THE DEBTORS' CURRENT BOARD OF DIRECTORS

#### Robert Y. Lee

Mr. Robert Y. Lee is the founder of the Company and acting Chairman of the Board of Directors. Mr. Lee is currently the President and Chief Executive Officer.   Mr. Lee's career spans thirty years of retail store experience. He has opened, acquired, managed, and operated over five hundred video retail stores from 1981 through 2001. He led the growth of Video City, Inc., a formerly California- based operator of video retail stores, from an eighteen-store regional chain to more than one hundred thirty video rental stores located in twelve states. As of March 2000 (following the sale of forty-nine stores located in Oregon and Washington to Blockbuster, Inc.), in conjunction with management of the operations of West Coast Entertainment Corporation, Video City owned or managed 307 corporate stores and an additional eighty franchised locations.

#### Martin Brill

Mr. Martin Brill is a member of the Board of Directors. Mr. Brill has been a senior partner at Levene, Neale, Bender, Yoo & Brill LLP, a law firm specializing in bankruptcy and insolvency matters, since 2000. Mr. Brill has special expertise in complex reorganizations of publicly held companies influenced by securities law. He has represented debtors, creditors' committees, trustees in bankruptcy, and buyers of assets in numerous bankruptcy cases. Mr. Brill graduated from the University of California, Los Angeles and the UCLA School of Law, and he is a member of the State Bar of California and the American, Los Angeles County, Beverly Hills, and Century City Bar Associations.

#### Michael E. Drace

Mr. Michael E. Drace is a member of the Board of Directors.  Mr. Drace served as President and principal shareholder of Young Laundry and Dry Cleaners since 1995, and was President of USDC from July 2005 to December, 2006. Mr. Drace began his career in 1969 as a Maintenance Engineer for a large, commercial laundry company. Mr. Drace has successfully overseen all phases of operations in an executive capacity for some of the nation's largest laundry and dry cleaning companies. Mr. Drace has meaningful experience in assimilation of purchased companies subsequent to acquisition, divestiture of operating divisions, and corporate restructuring.

#### Timothy Rand

Dr. Tim Rand has been a member of the Board of Directors since 2009.  Dr. Rand specializes in Gynecological Surgery and his practice is located in Los Alamitos, California.  He has been in medical practice since 1988.  Dr. Rand is also on the Board of Directors of the Memorial HealthCare IPA. Dr. Rand graduated from the University of California, San Diego and completed his internship/residency in Obstetrics & Gynecology at Harbor/UCLA Medical Center.

**ADDITIONAL MEMBERS EXPECTED TO JOIN THE REORGANIZED DEBTOR'S BOARD OF DIRECTORS AFTER CONFIRMATION**

### *Michael J. Smith*

Mr. Smith will become a member of the Board of Directors upon Confirmation of the Plan.  Mr. Smith has over 25 years of executive managerial experience ranging from small retail startups to large billion dollar multi-national corporations.  Mr. Smith was the CEO of Lands' End, the COO of Nordstrom.com, and the CEO of Classmates.  Mr. Smith currently serves on the board of directors for REI.

### *Alex M. Bond*

Subject to agreement on terms, it is expected that within one month of the Effective Date, Mr. Bond will be appointed Chief Executive Officer and will also serve as a member of the Reorganized Debtor's Board of Directors.   Mr. Bond's prior experience includes, among other things, the SVP of Finance, Business & Strategic Development for Hollywood Entertainment Group, Chief Financial Officer at Reel.com, and President of Specialty Stores for Just for Feet, Inc.

Exhibit H

## THE REORGANIZED DEBTOR'S PROPOSED MANAGEMENT

### (SEE ATTACHED SLIDES FOR BACKGROUND)

*Alex M. Bond ~ Chief Executive Officer*

*Kevin Lyng ~ Chief Operating Officer*

*Riaz Chauthani ~ Director of M&A*

**Exhibit H**

# Management Team

**Robert Y. Lee – Founder, Chairman, Interim CEO**
- Experienced Consolidation and Retail Entrepreneur
- 30 Years of Retail Store Operational, Consolidation, and Financing Experience

**\*Alex M. Bond – Chief Executive Officer & Director**
- SVP Finance, Business & Strategic Development – Hollywood Entertainment Corp
- Principal & Head of Semiconductor Group – Thomas Weisel Partners LLC
- Chief Financial Officer – Reel.com
- President of Specialty Stores – Just For Feet, Inc.
- Retail & restaurant investment banker at Montgomery Securities

**\*Will Join Upon Completion of Financing**

216

Exhibit H

**US Dry Cleaning**
CORPORATION

*Ticker Symbol* **UDRY**

# Management Team (contd.)

**\*Kevin Lyng – Chief Operating Officer**
- CEO – NDCI, 300 store Dry Cleaning company
- COO – Jiffy Lube

**\*Mike Smith – Director**
- President – Nordstrom.com
- CEO –Lands' End

**Riaz Chauthani – Director of M&A**
- Successfully Completed Hundreds of Transactions in the Dry Cleaning Industry

**\*Will Join Upon Completion of Financing**

217

Exhibit H

**US DRY CLEANING**
CORPORATION

*Ticker Symbol* **UDRY**

# Exhibit I

DESCRIPTION OF EXIT FINANCING AND

CAPITAL STRUCTURES UNDER VARIOUS SCENARIOS

**Description of Exit Financing Being Raised Concurrently With Confirmation of Plan**

Exit Financing under the Plan is a combination of new equity and a new conventional loan.

**Sources of Funds:**

Amount Raised Through Equity: $15 million.
Amount Raised Through Conventional Loan and/or Line of Credit: $5 mm to $8 mm (available on Effective Date).
Total Amount Raised: Between $20 million to $23 million.

**Uses of Funds:**

*$12.5 mm for Plan funding.

*$6 - $7 mm for acquisition (which will provide stronger balance sheet, increase revenues to $30 mm a year, and EBITDA to $3.5 mm a year).

*Approximately $1.5 to $2mm in fees related to Exit Financing.

**The following tables reflect the capital structure based**
**upon Plan going effective on or around June 1, 2011:**

**On Effective Date**

| Party | Shares | Percentage |
|---|---|---|
| New Equity (PIPE Investors) (Purchased at $15/share) | 1,000,000 | 33% |
| Setal (shares allocated through Plan) | 262,500 | 9% |
| Old Equity (after 40-1 conversion and including preferred) | 1,737,500 | 58% |
|  | 3,000,000 | 100% |

** The stock issued to Old Equity (1,737,500) and Setal under the Plan will be subject to underwriter lockup and will be restricted stock for a minimum of six months after the registration of the stock received by the New Equity PIPE Investors becomes effective.   This footnote applies to both hypotheticals below as well.

**Hypothetical #1**
Estimated Share Allocation if shares issued through Subsequent Public Offering are offered at $30 a share

| Party | Shares | Percentage |
|---|---|---|
| New Equity (PIPE Investors) (Purchased at $15/share) | 1,000,000 | 20% |
| SPO Investors ($30 a share) | 1,000,000 | 20% |
| Setal ($8.3 million note)(Shares allocated at 20% discount to $30) | 345,833 | 7% |
| Unsecured Creditors ($9 million in claims, 20% discount to $30) | 375,000 | 8% |
| Setal (262,500 from Plan) | 262,500 | 5% |
| Gamet Parties (If Plan Settlement Offer Accepted) | 63,610 | 1% |
| Acquisitions (Potential Acquisitions b/w Effective Date and SPO Would Likely Receive Stock). This assumes $9 mm in acquisitions, $4.5 mm paid in stock. | 150,000 | 3% |
| Old Equity (after 40-1 conversion and including preferred) | 1,737,500 | 35% |
|  | 4,934,443 | 100% |

**Hypothetical #2**

Estimated Share Allocation If No Subsequent Public Offering  Within 12 Months of Effective Date

| Party | # of Shares | Percentage |
|---|---|---|
| New Equity (PIPE Investors) (Purchased at $15/share) | 1,000,000 | 21% |
| Old Equity (after 40-1 conversion and including preferred) | 1,737,500 | 36% |
| Setal ($8.3 million note) | 1,106,667 | 23% |
| Setal (shares issued on Effective Date) | 262,500 | 5.5% |
| Gamet Parties (If Plan Settlement Offer Accepted) | 101,775 | 2.1% |
| Unsecured Creditors ($9 million in unsecured claims) | 600,000 | 12% |
|  | 4,808,442 | 100% |

**If there is no SPO within 12 months of the effective date, then unsecured creditors will receive stock issued at $15.00 a share, and Setal will receive stock issued at $7.50 a share.

Exhibit I

| In re:<br>Enivel, Inc. et al.,<br><div align="right">Debtors.</div> | CHAPTER 11<br><br>CASE NUMBER  8:10-bk-12735-RK and related jointly administered entities |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11400 West Olympic Boulevard, Ninth Floor
Los Angeles, California 90064-1565

A true and correct copy of the foregoing document described **DEBTORS' FIRST AMENDED DISCLOSURE STATEMENT DESCRIBING FIRST AMENDED JOINT AND CONSOLIDATED CHAPTER 11 PLAN OF REORGANIZATION DATED APRIL 22, 2011, AS MODIFIED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>April 28, 2011</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Simon Aron               saron@wrslawyers.com
- Martin J Brill            mjb@lnbrb.com
- Ronald K. Brown          rkbgwhw@aol.com
- Frank Cadigan            frank.cadigan@usdoj.gov
- Kathryn M.S. Catherwood        kmcatherwood@duanemorris.com
- Christopher Celentino   ccelentino@duanemorris.com
- Susan S Davis            sdavis@coxcastle.com
- Denise Diaz              Denise.Diaz@rmsna.com
- Emery F El Habiby        eelhabiby@counsel.lacounty.gov
- Don Fisher              dfisher@ptwww.com
- Roger F Friedman        rfriedman@rutan.com
- Eric J Fromme            efromme@rutan.com
- Matthew Grimshaw        mgrimshaw@rutan.com
- Heather U Guerena        huguerena@duanemorris.com
- Victor B Harris          vhlaw@prodigy.net
- Justin D Harris          jdh@mmwlawfirm.com, clr@mmwlawfirm.com
- Garrick A Hollander      sconnor@winthropcouchot.com
- Mark S Horoupian        mhoroupian@sulmeyerlaw.com
- John J Immordino        john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com
- Edward S Kim            ekim@hemar-rousso.com
- Simon Klevansky        sklevansky@kplawhawaii.com
- Steven B Lever          sblever@leverlaw.com
- Albert T. Liou          aliou@richardsonpatel.com
- Charles Liu            cliu@marshackhays.com
- David W. Meadows        david@davidwmeadowslaw.com
- Dawn A Messick          dmessick@duanemorris.com
- Dennis D Miller        dmiller@steinlubin.com
- Jeffrey D Mills          jmills@boselaw.com
- Christopher Minier      becky@ringstadlaw.com
- Randall P Mroczynski            randym@cookseylaw.com
- Kevin M Newman          knewman@menterlaw.com
- Christine M Pajak        cpajak@stutman.com
- Ernie Zachary Park      ernie.park@bewleylaw.com
- Penelope Parmes        pparmes@rutan.com
- Todd C. Ringstad        becky@ringstadlaw.com
- Martha E Romero        Romero@mromerolawfirm.com
- Susan K. Seflin          sseflin@wrslawyers.com
- Travis R Stokes          stokes@flgz.net
- Wayne R Terry          wterry@hemar-rousso.com
- United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop        mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

☐  Service information continued on attached page

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

| In re:<br>Enivel, Inc. et al.,<br><br>                                              Debtors. | CHAPTER 11<br><br>CASE NUMBER  8:10-bk-12735-RK and related<br>jointly administered entities |
|---|---|

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*The Debtors will file a supplemental proof of service which lists all the parties that were served with the Disclosure Statement on April 28, 2011.

☐  Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 28, 2011  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

*Served Via Personal Service*
The Honorable Robert Kwan
U.S. Bankruptcy Court
Central District of California
411 W. Fourth Street, Suite 5165
Santa Ana, CA 92701-4593

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 28, 2011 | Susan K. Seflin | /s/ Susan K. Seflin |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                          **F 9013-3.1.PROOF.SERVICE**